# EXHIBIT C

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

HOUSTON MUNICIPAL EMPLOYEES PENSION SYSTEM, on behalf of itself and all others similarly situated,

Plaintiff,

v.

MATTEL, INC. AND JOSEPH J. EUTENEUER,

Defendants.

Case No. 2:19-cv-10860-AB-PLA

CLASS ACTION

**JOINT DECLARATION OF EDMUND J. WALL AND JESSE EVANS, JR. ON BEHALF OF DEKALB COUNTY EMPLOYEES RETIREMENT SYSTEM AND NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF COUNSEL AND CONSOLIDATION OF RELATED ACTIONS**

*Caption continued on next page.*

JOINT DECLARATION OF EDMUND J. WALL AND JESSE EVANS, JR.
Case No. 2:19-CV-10860-AB

NEW ORLEANS EMPLOYEES'
RETIREMENT SYSTEM, on behalf of
itself and all others similarly situated,

Plaintiff,

v.

MATTEL, INC., MARGARET H.
GEORGIADIS, YNON KREIZ,
JOSEPH J. EUTENEUER, and
PRICEWATERHOUSECOOPERS LLP,

Defendants.

Case No. 2:20-cv-01056-AB-PLA

CLASS ACTION

We, Edmund J. Wall and Jesse Evans, Jr., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      We respectfully submit this joint declaration in support of the motion of DeKalb County Employees Retirement System ("DeKalb") and New Orleans Employees' Retirement System ("New Orleans") for appointment as Lead Plaintiff and the approval of DeKalb and New Orleans' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the proposed Class. We are informed of and understand the requirements and duties of the Lead Plaintiff imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the action. With regard to the information in this joint declaration, each of us has personal knowledge relating to the entity with which we are respectively associated.

2.      I, Edmund J. Wall, am the Chairman of the Pension Board of DeKalb and am authorized to make this joint declaration on behalf of DeKalb. DeKalb is a benefit pension fund with approximately $1.5 billion in assets under management as of December 31, 2019. Created in 1949 and headquartered in Decatur, Georgia, DeKalb serves all permanent officers, full and part-time employees, elected officials, and deputies of DeKalb County. As reflected in its certification, DeKalb suffered substantial losses as a result of its investments in Mattel, Inc. ("Mattel") common stock during the alleged class period ("Class Period").

3.      DeKalb is an institutional investor with significant experience supervising counsel and acting as a fiduciary. DeKalb understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. DeKalb's understanding of the PSLRA's requirements is informed by its experience serving as a lead plaintiff in other securities class actions, including serving as a member of small, cohesive lead plaintiff groups. Specifically, DeKalb previously served as lead plaintiff, along with two other institutional investors, in *In re Maxim Integrated Products, Inc. Securities Litigation*, No. 08-cv-832 (N.D. Cal)—with

Bernstein Litowitz as lead counsel—and recovered $173 million for investors. DeKalb also served as the sole lead plaintiff in *In re AthroCare Corp. Securities Litigation*, No. 08-cv-574 (W.D. Tex.), and recovered $74 million for the class.

4.     I, Jesse Evans, Jr., am the Director of New Orleans and am authorized to make this joint declaration on behalf of New Orleans. New Orleans is a benefit pension fund with approximately $375 million in assets under management as of March 31, 2019. Created in 1947 and headquartered in New Orleans, Louisiana, New Orleans serves the officers and employees of the City of New Orleans and the parochial and judicial officers and employees of Orleans Parish. As reflected in its certification, New Orleans suffered substantial losses as a result of its investments in Mattel common stock during the Class Period.

5.     Like DeKalb, New Orleans is an institutional investor with significant experience supervising counsel and acting as a fiduciary. New Orleans understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. New Orleans' understanding of the PSLRA's requirements is informed by its experience serving as a lead plaintiff in other securities class actions, including serving as a member of small, cohesive lead plaintiff groups. Specifically, New Orleans served as lead plaintiff, along with three other institutional investors, in *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376 (N.D. Cal.)—with Bernstein Litowitz as lead counsel—and recovered $125 million for investors. New Orleans also served as lead plaintiff along with two other institutional investors in *Sands Point Partners, L.P. v. Pediatrix Medical Group, Inc.*, No. 99-cv-6181 (S.D. Fla.)—also with Bernstein Litowitz as lead counsel—and recovered $12 million for investors. New Orleans has also served as lead plaintiff in other successful securities class actions, having served as lead plaintiff with three other institutional investors in *In re Celestica Inc. Securities Litigation*, No. 07-cv-312 (S.D.N.Y.), in which $30 million was recovered for investors, and as lead plaintiff in

*In re NovoGold Resources, Inc. Securities Litigation*, No. 07-cv-312 (S.D.N.Y.), in which $30 million was recovered for the class.

6.      New Orleans has already taken steps to protect Class members' rights in this action by, among other things, working with its counsel, Bernstein Litowitz, to engage in an extensive investigation of the claims against Mattel and to file a complaint that includes additional allegations compared to those asserted in the first-filed complaint in this matter, including claims against Mattel's auditor, PricewaterhouseCoopers LLP ("PwC").

7.      DeKalb and New Orleans each independently followed careful and deliberative processes in connection with their decisions to participate in this action and seek joint appointment as Lead Plaintiff. Specifically, in connection with its decision to file a complaint against Mattel and seek a leadership role in this action, New Orleans followed its established protocol for considering securities litigation matters, including careful consideration and review by a committee of the Board of Trustees of New Orleans and approval by the full Board. Similarly, DeKalb followed its established procedures for considering securities litigation matters, and its decision to seek Lead Plaintiff appointment was undertaken following full consideration of the merits of DeKalb's and other Mattel investors' claims and approval by the DeKalb Pension Board.

8.      The decision to seek appointment together as Lead Plaintiff was also informed by DeKalb's and New Orleans' prior successes in prosecuting securities class actions with other institutional investors. In this case, New Orleans and DeKalb learned of their common interest in prosecuting the claims against Mattel and determined that their joint leadership of this action would benefit the Class because they are like-minded institutional investors that share a commitment to protecting the interests of the Class and seeking accountability from all culpable parties.

9.      DeKalb and New Orleans are each motivated to recover the significant losses they incurred as a result of Defendants' violations of the federal securities

laws, and believe the alleged misconduct at the heart of this case raises significant public policy concerns for the integrity of the public markets and the interests of the institutional investor community more broadly. For this reason, among others, DeKalb and New Orleans believe that this case should be prosecuted by sophisticated institutional investors with significant resources and a financial interest substantial enough to ensure that the claims are litigated vigorously, efficiently, and in the best interests of the Class. DeKalb and New Orleans' primary goal in this litigation is to maximize the recovery for Mattel investors from all potentially culpable parties.

10. The decision to jointly move together as Lead Plaintiff was informed by DeKalb's and New Orleans' prior experience serving in lead plaintiff groups in securities class actions under the PSLRA. Through DeKalb's and New Orleans' roles serving together with other institutional investors as lead plaintiff in other actions, DeKalb and New Orleans understand that the PSLRA not only permits lead plaintiff groups that function separate and apart from their lawyers and that are able to oversee and direct the litigation in the best interests of the Class, but that such partnerships can provide significant benefits to the Class. For example, based on this experience, DeKalb and New Orleans believe that such partnerships can benefit the leadership of securities class actions by allowing institutions to work collaboratively to oversee the prosecution of an action, share resources, and provide input on case strategy and prosecution. DeKalb and New Orleans intend to prosecute this action in such a manner.

11. The decision to jointly move together as Lead Plaintiff also follows from DeKalb's and New Orleans' roles as fiduciaries and their shared goals and interests in protecting and maximizing pension-fund assets and providing retirement benefits for a variety of government employees and their beneficiaries. Indeed, DeKalb and New Orleans share a common commitment to protecting the rights and interests of pension funds and their members, advancing shareholder rights, and improving corporate governance by participating in securities class action litigation—and

believe the misconduct alleged in the Mattel action raises significant corporate governance issues and public policy concerns that have important implications for the institutional investor community.

12.    Prior to seeking joint appointment as Lead Plaintiff, representatives of DeKalb and New Orleans convened a conference call to discuss the funds' leadership of this litigation and commitment to jointly prosecuting this action. During the conference call, representatives of DeKalb and New Orleans discussed, among other things: the facts and the merits of the claims against Mattel and PwC, including the investigation and allegations set forth in the complaint filed by New Orleans; the strategy for the prosecution of this litigation; DeKalb and New Orleans' proposed Lead Counsel's ongoing investigation and work with accounting experts to develop investors' claims; the respective experience of the funds in prosecuting securities litigation; and their interest in serving together as Lead Plaintiff. DeKalb and New Orleans believe that by working together here, they will, among other things, ensure that all of the Class's claims are efficiently and zealously prosecuted through their oversight of their proposed Lead Counsel, Bernstein Litowitz.

13.    Moreover, DeKalb and New Orleans each intend to share their perspectives, experiences, and resources to direct this litigation. To this end, representatives of the funds have discussed with each other the importance of joint decision-making and maintaining communication that will enable each of them to confer, with or without counsel, via telephone and/or e-mail on short notice to ensure that they are able to make timely decisions.

14.    DeKalb and New Orleans also understand that it is the Lead Plaintiff's obligation under the PSLRA to select qualified Lead Counsel and to supervise Lead Counsel's prosecution of the case to ensure that the action is prosecuted without unreasonable cost or duplication of effort. DeKalb and New Orleans decided to seek joint appointment as Lead Plaintiff, in part, because of their shared desire to ensure that this action is prosecuted in an economical matter. As Lead Plaintiff, they will

ensure that Lead Counsel shall only act pursuant to their mandate. Through their oversight of counsel, DeKalb and New Orleans believe that Bernstein Litowitz will prosecute this action in a cost-effective manner and in the best interests of all Class members.

15. DeKalb and New Orleans are familiar with the experience, resources, and qualifications of Bernstein Litowitz, and they are aware that it is an accomplished law firm with a history of obtaining significant recoveries from defendants in securities fraud class actions such as this. They believe that Bernstein Litowitz is well-qualified to represent the Class. That belief is based on the firm's track record and history of effectively litigating complex securities class actions—including cases in which the firm served as lead counsel and New Orleans or DeKalb served as lead plaintiff. Bernstein Litowitz has been directed to vigorously prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the Class. Indeed, Bernstein Litowitz has already demonstrated its ability to do so through its investigation of the claims against Mattel and PwC and filing of the complaint in this case on behalf of New Orleans.

16. DeKalb and New Orleans are committed to satisfying the fiduciary obligations that they will assume if appointed Lead Plaintiff, including conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, DeKalb and New Orleans will ensure and hereby reaffirm that the securities class action against Mattel and PwC will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class.

*[remainder of page intentionally blank]*

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements relating to DeKalb County Employees Retirement System are true and correct.

Executed this 21st day of February, 2020.


DeKalb County Employees Retirement System
By: Edmund J. Wall, Chairman of the Pension Board

JOINT DECLARATION OF EDMUND J. WALL AND JESSE EVANS, JR.
Case No. 2:19-CV-10860-AB

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements relating to New Orleans Employees' Retirement System are true and correct.

Executed this 24th day of February, 2020.

New Orleans Employees' Retirement System
By: Jesse Evans, Jr., Director

JOINT DECLARATION OF EDMUND J. WALL AND JESSE EVANS, JR.
Case No. 2:19-CV-10860-AB