JOHN W. SPIEGEL (SBN 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
LAUREN C. BARNETT (SBN 304301)
lauren.barnett@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for MATTEL, INC.,
MARGARET H. GEORGIADIS,
JOSEPH J. EUTENEUER,
and KEVIN FARR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| IN RE MATTEL, INC. SECURITIES LITIGATION | Case No. 19-CV-10860-AB (PLAx) |
|---|---|
| | **REQUEST FOR JUDICIAL NOTICE, AND TO CONSIDER INCORPORATED DOCUMENTS, IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** |
| | Filed Concurrently: |
| | - Notice of Motion & Motion to Dismiss<br>- Memorandum of Points & Authorities<br>- Declaration of Lauren C. Barnett<br>- [Proposed] Order |
| | Date:   December 4, 2020<br>Time:   10:00 a.m.<br>Ctrm:   7B<br>Judge:  Hon. André Birotte Jr. |

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

Under the PSLRA, courts "must consider the complaint in its entirety, as well as … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) ("In reviewing the sufficiency of a complaint, we limit ourselves to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice.") (citing *Tellabs*, 551 U.S. at 322-23); *Diaz v. N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) ("The Supreme Court has explicitly noted the importance of considering such materials in evaluating a securities complaint.").

In support of their Motion to Dismiss the Amended Class Action Complaint ("AC"), Defendants Mattel, Inc., Margaret H. Georgiadis, Joseph J. Euteneuer, and Kevin Farr respectfully request that the Court take judicial notice of, and/or consider as incorporated by reference, the exhibits to the Declaration of Lauren C. Barnett:

| Ex. | Description | Page |
|---|---|---|
| 1 | **2017 SEC Form 10-K** (filed Feb. 27, 2018) (exhibits omitted) | 1 |
| 2 | **2018 SEC Form 10-K** (filed Feb. 22, 2019) (exhibits omitted) | 122 |
| 3 | **SEC Form 4** (filed Feb. 25, 2019) | 250 |
| 4 | **SEC Form 8-K** (filed Aug. 8, 2019) | 253 |
| 5 | **SEC Form 8-K** (filed Oct. 29, 2019) | 257 |
| 6 | **SEC Form 10-K/A** (filed Nov. 12, 2019) (exhibits omitted) | 283 |
| 7 | **News Article**, "Mattel shares sink on whistleblower letter" (AP, Aug. 9, 2019) | 423 |
| 8 | **News Article**, "Mattel stock craters after pulling bond sale over anonymous whistleblower letter" (CNBC, Aug. 9, 2019) | 425 |
| 9 | **News Article**, "Mattel Sinks After Yanking Bond Sale on Whistleblower Letter" (Bloomberg, Aug. 9, 2019) | 428 |
| 10 | **Analyst Report**, "Thesis Update: Debt Deal Terminated Due to Whistleblower Letter" (Jefferies, Aug. 8, 2019) | 431 |
| 11 | **Analyst Report**, "Thoughts on Bond Termination" (UBS, Aug. 9, 2019) | 439 |

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

| 12 | **Analyst Report**, "MAT: Pulls Bond Deal Amid Revealed Whistleblower Letter" (Wells Fargo, Aug. 9, 2019) | 449 |
|---|---|---|
| 13 | **Analyst Report**, "We Wait…" (Barclays, Aug. 14, 2019) | 455 |
| 14 | **Analyst Report**, "Mattel 3Q19 Quick Take" (BMO, Oct. 29, 2019) | 470 |
| 15 | **Analyst Report**, "3Q Defies Tariff Concerns/W'blower saga Resolved. PT to $13" (SunTrust, Oct. 29, 2019) | 475 |
| 16 | **Analyst Report**, "Too Soon to Declare Victory" (Barclays, Oct. 30, 2019) | 484 |
| 17 | **Analyst Report**, "Lowering 4Q19E EBITDA by 19%; Maintaining $11.50 PT" (DA Davidson, Oct. 30, 2019) | 501 |
| 18 | **Analyst Report**, "Model Update: Whistleblower Resolved; Progress on Sales & Costs But Q4 Giveback" (Jefferies, Oct. 30, 2019) | 509 |
| 19 | **Analyst Report**, "Making Progress Towards Profit Restoration; Whistleblower Resolution Removes Big Overhang" (MKM, Oct. 30, 2019) | 520 |
| 20 | **Analyst Report**, "MAT: 3Q19 Recap; Reiterate SW Rating" (KeyBanc, Nov. 12, 2019) | 527 |
| 21 | **Stock Price Data**, Mattel, Inc. (MAT), from Yahoo! Finance | 537 |

## **Exhibits 1-21 Are Subject to Judicial Notice**

As described below, each exhibit is subject to judicial notice under Federal Rule of Evidence 201(b) and Ninth Circuit law. *See, e.g.*, *Young v. Ault*, 2019 WL 1718676, at *2-3 (C.D. Cal. Feb. 25, 2019) (judicial notice of "SEC filings and the undisputed facts contained therein, as well as all matters of public record") (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).

### **A.  Exhibits 1-6:  SEC Filings**

**Exhibits 1-6** are public filings with the Securities and Exchange Commission that appear on the SEC's website.  The Court should take judicial notice of them not for their truth, but to show what information was provided to the market.

Courts in securities actions routinely take judicial notice of SEC filings.  *See, e.g.*, *Veal v. Lendingclub Corp.*, 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020) (judicial notice of 23 documents, including SEC filings); *In re YogaWorks, Inc. Sec.*

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

*Litig.*, 2020 WL 2549290, at *1 n.1 (C.D. Cal. Apr. 23, 2020) (judicial notice of SEC filings); *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *5-6 (N.D. Cal. Sept. 3, 2019) (judicial notice of 19 SEC filings); *Olagues v. Musk*, 2019 WL 3457831, at *3-4 (N.D. Cal. July 31, 2019) (judicial notice of five SEC filings); *In re Edward D. Jones & Co., L.P. Sec. Litig.*, 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019) (judicial notice of 14 "SEC filings and public comments and reports"); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice"); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (SEC filings are "appropriate subjects of judicial notice" because "[g]iven that Tesla publicly filed these documents, their accuracy cannot reasonably be questioned") (quotation marks omitted); *Young*, 2019 WL 1718676, at *3 (judicial notice of 24 "SEC filings … as well as all matters of public record"); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (judicial notice of guidance figures in SEC filing and considering incorporated by reference "several SEC filings … placed at issue in the complaint"); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015) ("Courts can take judicial notice of securities offerings and corporate disclosure documents that are publicly available.") (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008)).

### B. Exhibits 7-9:  News Articles

**Exhibits 7-9** are news articles quoted by Plaintiffs in the AC.  The Court should take judicial notice of them not for their truth, but to show what information was provided to the market.

Courts in securities actions routinely take judicial notice of news articles.  *See Ferris v. Wynn Resorts Ltd.*, 2020 WL 2748309, at *9-11 (D. Nev. May 27, 2020) (judicial notice of 66 documents, including SEC Forms 4, 8-K, 10-K, and "several news articles") (citing *Khoja*, 899 F.3d at 999); *Ardolino v. Mannkind Corp.*, 2016 WL 4505172, at *4 (C.D. Cal. Aug. 23, 2016) ("Federal courts routinely take

-3-

judicial notice of press releases, news articles, SEC filings, and conference call transcripts cited in securities complaints."); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (judicial notice of "analyst reports, and news articles"); *see also Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010) (judicial notice of news articles to "indicate what was in the public realm at the time"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants."); *Trujillo v. Ametek, Inc.*, 2015 WL 7313408, at *4 (S.D. Cal. Nov. 18, 2015) ("Press coverage and news articles are also judicially noticeable under Rule 201."); *Tarantino v. Gawker Media, LLC*, 2014 WL 2434647, at *1 n.1 (C.D. Cal. Apr. 22, 2014) ("Courts have found website and newspaper articles to be proper subject for judicial notice when those materials are relied on by a plaintiff or concern facts at issue in the complaint.").

### C.  Exhibits 10-20:  Analyst Reports

**Exhibits 10-20** are market analyst reports regarding Mattel.  The Court should take judicial notice of them not for their truth, but to show what information was provided to the market—that is, for the "limited purpose of determining what information was disclosed to the public during the class period."  *Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017); *see id.* (judicial notice of "multiple public analyst reports").

"[C]ourts routinely take judicial notice of analyst reports."  *In re Century Aluminum Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 704 F.3d 1119 (9th Cir. 2013) *and aff'd*, 729 F.3d 1104 (9th Cir. 2013); *see Wyatt v. Mattel, Inc.*, 2020 WL 364324, at *3 (C.D. Cal. Jan. 21, 2020) (judicial notice of analyst reports); *In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019) (judicial notice of nine analyst reports); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *12 (C.D. Cal. Jan. 12, 2012) (judicial notice of

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

"numerous analyst reports concerning CVB"); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008) (judicial notice of analyst report); *see also In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *6-7 (N.D. Cal. Apr. 28, 2020) (judicial notice of analyst reports).  In addition, the Court should take judicial notice of these analyst reports because the AC relies on comparable analyst reports. AC ¶¶ 45-46, 52, 171; *see Zamir v. Bridgepoint Educ., Inc.*, 2016 WL 3971400, at *4-5 (S.D. Cal. July 25, 2016) (judicial notice of analyst reports where complaint quoted other analyst reports); *Reinschmidt v. Zillow, Inc.*, 2014 WL 5343668, at *3 (W.D. Wash. Oct. 20, 2014) (judicial notice of "competing analyst reports" not cited in complaint); *Patel v. Parnes*, 253 F.R.D. 531, 548-49 (C.D. Cal. 2008) (judicial notice of analyst reports not cited in complaint "for the purpose for which defendants offer them—i.e., to show 'whether and when information was provided to the market'"); *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003) (judicial notice of analyst reports "comparable in form and content to the numerous reports" cited in complaint).

### D.  Exhibit 21:  Stock Price Data

**Exhibit 21** is a table of daily stock price data for Mattel, Inc. (MAT), from July 3, 2017 to December 30, 2019, as retrieved from http://finance.yahoo.com. Courts in securities actions routinely take judicial notice of stock prices of publicly-traded companies.  *See Metzler*, 540 F.3d at 1064 n.7 (judicial notice of company's "reported stock price history"); *Young*, 2019 WL 1718767, at *3 ("[t]he Court may also take judicial notice of a company's reported stock price history"); *Patel*, 253 F.R.D. at 547-48 (judicial notice of "historical stock prices"); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816 (C.D. Cal. 2004) ("court may take judicial notice of a company's published stock prices").

### Exhibits 1, 2, 4-9, and 14 Are Incorporated by Reference

The Court should consider **Exhibits 1, 2, 4-9, and 14** for the independent reason that the AC incorporates them by reference.  *See Knievel v. ESPN*, 393 F.3d

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

1068, 1076-77 (9th Cir. 2005) (court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'") (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)).[1]

Courts routinely consider documents incorporated by reference in securities complaints as "part of the pleading." *Ardolino*, 2016 WL 4505172, at *4; *see, e.g.*, *Eventbrite*, 2020 WL 2042078, at *7 ("alleged false statements 'must be analyzed in context'"); *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.") (citation omitted); *Edward D. Jones*, 2019 WL 2994486, at *3 (26 documents incorporated by reference); *Intel*, 2019 WL 1427660, at *11 (considering incorporated documents in holding that "relevant context undermines plaintiff's allegations of falsity"); *IXIA*, 2015 WL 1775221, at *14 (considering 32 documents incorporated by reference in holding that "[w]here a document has been incorporated by reference in a complaint, a court 'may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)'" and "can consider the entire document, not simply the portion on which plaintiffs rely") (citation omitted); *see also, e.g.*, *In re Arrowhead Res. Corp. Sec. Litig.*, 2016 WL 6562066, at *1 (C.D. Cal. Mar. 29, 2016) (similar); *Schechter v. Smith*, 2011 WL 13174954, at *5 (C.D. Cal. Dec. 6, 2011) (similar).

---

[1] *E.g.*, ¶¶ 21, 157-158, 204-205, 256, 298, 301, 351-362, 365, 369-372 (Ex. 1); ¶¶ 405-408, 411, 415 (Ex. 2); ¶¶ 161-162, 436 (Ex. 4); ¶¶ 23-24, 172-179 (Ex. 5); ¶¶ 25, 187, 438 (Ex. 6); ¶¶ 22, 163 (Ex. 7); ¶ 164 (Ex. 8); ¶ 164 (Ex. 9); ¶ 171 (Ex. 14).

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

Dated:  July 28, 2020

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:     */s/ John W. Spiegel*
        JOHN W. SPIEGEL

Attorneys for MATTEL, INC.,
MARGARET H. GEORGIADIS,
JOSEPH J. EUTENEUER,
and KEVIN FARR

-7-