**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
John Rizio-Hamilton
johnr@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

| | |
|---|---|
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>Jonathan D. Uslaner (Bar No. 256898)<br>jonathanu@blbglaw.com<br>2121 Avenue of the Stars, Suite 2575<br>Los Angeles, CA 90067<br>Telephone: (310) 819-3472<br><br>*Lead Counsel for Lead Plaintiffs and the Class* | **BLOCK & LEVITON LLP**<br>Jacob A. Walker (Bar No. 271217)<br>260 Franklin Street<br>Suite 1860<br>Boston, MA 02110<br>Telephone: (617) 398-5600<br><br>*Additional Counsel for Additional Named Plaintiff Houston Municipal Employees Pension System* |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 19-CV-10860-AB (PLAx)<br><br>**RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, AND TO CONSIDER INCORPORATED DOCUMENTS, IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Date: December 4, 2020<br>Time 10:00 a.m.<br>Ctrm: 7B<br>Judge: Hon. André Birotte Jr. |

Court-appointed Lead Plaintiffs, DeKalb County Employees Retirement System and New Orleans Employees' Retirement System, and additional named plaintiff Houston Municipal Employees Pension System ("Plaintiffs") respectfully submit this opposition to Defendants' Request for Judicial Notice, and to Consider Incorporated Documents, in Support of the Motion to Dismiss Amended Class Action Complaint (ECF No. 42, "RJN") by Defendants Mattel, Inc. ("Mattel"), Joseph J. Euteneuer, Margaret Georgiadis, and Kevin Farr (together, "Defendants").

## I.    INTRODUCTION

Defendants ask this Court to take judicial notice of: (1) several documents that Plaintiffs do not mention in the Complaint, and (2) documents on which Defendants rely for their truth in asking this Court to draw inferences adverse to Plaintiffs. As explained below, this is inappropriate under Ninth Circuit law. The Court should deny Defendants' request.

## II.    ARGUMENT

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("*Orexigen*"). However, under Federal Rule of Evidence 201, courts may take judicial notice of facts "not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, while a court may take judicial notice of the <u>existence</u> of public records, it cannot take judicial notice of disputed facts stated in the public records or use those records to draw inferences adverse to the plaintiff on contested issues. *Orexigen*, 899 F.3d at 1001; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (reversible error to take judicial notice of court opinion for truth of facts asserted therein); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) (taking judicial notice of SEC filings, but not for the truth of the matter asserted therein). Any other rule would enable defendants to cite their own self-

serving denials in another forum or cherry-picked "evidence" from third parties at the pleading stage to defeat a complaint before any discovery on the contested issues has occurred.

Significantly, the Ninth Circuit has recently noted "a concerning pattern" in securities cases like this one: "exploiting [judicial notice] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Orexigen*, 899 F.3d at 998. The court explained this pattern:

> The overuse and improper application of judicial notice . . . can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

*Id.*; *see also Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281-82 (C.D. Cal. 2016) (inappropriate use of judicial notice "particularly troubling in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing"). The Ninth Circuit concluded that "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently plausible claim for relief." *Orexigen*, 899 F.3d at 999; *accord In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019).

Thus, the Court cannot take judicial notice of documents for the truth of their contents on disputed issues. The Court also cannot use the documents as a basis from which to draw inferences adverse to Plaintiffs at the pleading stage; such inferences depend, in the first place, on accepting the documents for their truth on disputed issues. *See Orexigen*, 899 F.3d at 1001.

As a threshold matter, Defendants' request is defective and should be denied because Defendants fail to state the facts within the exhibits they ask the Court to judicially notice. *See* RJN. If a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *See In re Nektar Therapeutics*, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020). Defendants inappropriately request that this Court take notice of the documents in their entirety. Because Defendants "do not identify which facts within the exhibits they ask the court to judicially notice nor do they explain why the court can judicially notice those facts," this Court should decline to take judicial notice of the documents at issue. *DalPoggetto v. Wirecard AG*, 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020).

Instead, Defendants ask the Court to judicially notice whole categories of documents, and present these categories as general and benign: "SEC Filings," "News Articles," "Analyst Reports," and "Stock Price Data." As explained below, the purpose for which Defendants seek to use these documents is far from benign and contradicts *Orexigen*. It is thus more helpful to organize the documents according to the arguments Defendants use them to support, in violation of controlling law in the Ninth Circuit on the proper exercise of judicial notice.

**The Court cannot judicially notice Defendants' Exhibits 14-21.** Defendants rely on Exhibits 14 through 21 to support two related fact arguments that Plaintiffs dispute: (1) that the announcement of the results of Mattel's Audit Committee investigation caused Mattel's stock price to rise on October 30, 2019, and (2) that the market viewed the misconduct and accounting misstatements resulting in a restatement as "inconsequential." MB 1, 7-8, 24.[1] Defendants <u>are not</u> seeking

---

[1] "MB" refers to the brief by Defendants Mattel, Inc., Margaret H. Georgiadis, Joseph J. Euteneuer, and Kevin Farr at ECF No. 41-1. "Opp." refers to Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss, filed simultaneously herewith. Emphasis is added, and internal citations and quotations omitted, unless otherwise noted. Cites to "¶__" are to the Amended Class Action Complaint at ECF No. 34.

RESPONSE IN OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
CASE NO. 19-CV-10860-AB

judicial notice of these documents merely "to show what information was provided to the market." RJN 4. Instead, Defendants are asking the Court to (1) notice documents, none (save for Exhibit 14) of which are cited in the Complaint; (2) then accept the substance of those documents as true; and (3) then, draw inferences on two hotly-contested fact issues—namely, what caused Mattel's stock price increase on October 30, 2019, and whether investors believed Defendants' misconduct was material—that entirely contradict the Complaint and are adverse to Plaintiffs. *See* ¶¶161-96; Opp. at 47-49. That is precisely the type of maneuver that *Orexigen* precludes. *See* 899 F.3d at 1002; *Silver Wheaton*, 2019 WL 1512269, at *8 (denying request for judicial notice "to the extent the defendants seek leave to have this Court rely on these documents to adopt defendants' version of facts at the pleading stage").

The issues of exactly what caused Mattel's stock price to rise on October 30, 2019 and whether investors found Defendants' misconduct "inconsequential" are complex and disputed factual issues that will require fact and expert evidence to resolve. *See, e.g.*, *Mulligan v. Impax Labs., Inc.*, 36 F. Supp. 3d 942, 966 (N.D. Cal. 2014) (materiality involves "fact-intensive assessments that are more properly left to the jury"); *Robb v. Fitbit Inc.*, 216 F. Supp. 3d 1017, 1033 (N.D. Cal. 2016) ("Whether the stock drop was due to other factors is a factual inquiry better suited for determination on summary judgment or trial, rather than at the pleading stage."). Defendants cannot short-circuit that process by cherry-picking documents at the pleading stage under the veil of judicial notice.

The authorities on which Defendants rely in support of their request for judicial notice of "analyst reports" that contradict the Complaint are inapposite. In Defendants' cases (RJN 5), the courts took judicial notice of analyst reports to "understand the total mix of information available to investors," i.e., merely to understand what public information existed. *E.g.*, *Zamir v. Bridgepoint Educ., Inc.*, 2016 WL 3971400, at *4-5 (S.D. Cal. July 25, 2016). That is a far cry from how Defendants are using these proffered exhibits here. In addition, all of the cases

Defendants rely on for this argument pre-date the Ninth Circuit's decision in *Orexigen*.[2]

If the Court wishes to resolve these disputed fact issues now, the motions to dismiss must be converted to motions for summary judgment, and before they can be decided, Plaintiffs must receive an opportunity for full discovery and briefing. *See Orexigen*, 899 F.3d at 1003 (holding that "unless the . . . court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts"); *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *2 (C.D. Cal. Mar. 11, 2020) ("Given the number of documents defendants seek to have considered in connection with their Motion, the court is persuaded that such documents and the arguments raised in the pending Motion would more appropriately be considered at summary judgment.").

**The Court cannot judicially notice Defendants' Exhibits 7-13.** Exhibits 7 through 13 are news and analyst reports addressing Mattel's receipt of the whistleblower letter. The majority of these exhibits are not cited in the Complaint. Defendants rely on these exhibits to support their argument that the Complaint fails to plead loss causation because Mattel's disclosure about its receipt of the letter was vague. *See* MB 6-7, 22. Once again, Defendants are asking this Court to draw an inference concerning a contested fact issue—loss causation—that contradicts the Complaint and is adverse to Plaintiffs. *See Silver Wheaton*, 2019 WL 1512269, at *8; *Orexigen*, 899 F.3d at 1000 (judicial notice of conference call transcript "for the purpose for which was offered"—what investors knew—improper where the substance of the transcript was "subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes"); *OSI Sys.*, 2020 WL

---

[2] Plaintiffs do not dispute that the Court can take judicial notice of what Mattel's stock price was on a given day, but that is not how Defendants seek to use that information. Under *Orexigen*, it would be inappropriate to use stock price data in service of resolving the hotly-contested fact issues noted above.

3124221, at *2 (rejecting request for judicial notice of documents where "plaintiffs dispute the assertions defendants make based on those documents").

Mattel's disclosure is set forth in the Complaint (¶¶161-68, 434-39), and the governing law is set forth in Plaintiffs' brief in opposition to the motions to dismiss. That is what controls here.

**The Court cannot judicially notice Defendants' Exhibit 3.** Defendants' Exhibit 3 is a Form 4 filed on February 25, 2019 showing Defendant Euteneuer's purchases of Mattel stock. RJN 2-3. Defendants improperly rely on this document to support their argument that Defendant Euteneuer did not possess the requisite scienter during the Class Period. MB 16. First, Plaintiffs do not cite or otherwise rely on or incorporate this document into the Complaint. Second, Defendants are, again, asking this Court to draw an inference concerning a contested fact issue— Defendant Euteneuer's scienter—that contradicts the Complaint and is adverse to Plaintiffs. This is an abuse of judicial notice and is inappropriate under *Orexigen*. *See* 899 F.3d at 999.

Contrary to their suggestion (RJN 2), and despite their attempt to categorize the Form 4 as an innocuous "SEC Filing," Defendants are not relying on Exhibit 3 "to show what information was provided to the market." *See* MB 16; *Silver Wheaton*, 2019 WL 1512269, at *8 (rejecting defendants' request for judicial notice where "it appears from their briefing that defendants are relying on these exhibits to present their own version of the facts to defeat plaintiffs' claims at the pleading stage.").

**The Court cannot judicially notice Exhibits 1-6—Mattel's Class Period SEC filings—for anything other than their existence.** Defendants ask this Court to judicially notice six of Mattel's Class Period SEC filings. RJN 2-3. While courts may take judicial notice of the existence of SEC filings to determine what representations Mattel made to the market, they may not take judicial notice of the filings for the truth of disputed facts asserted in the filings. *See In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020). "Just because a document

itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Orexigen*, 899 F.3d at 999. To the extent Defendants rely on Mattel's SEC filings cited in the Complaint to rebut Plaintiffs' position on contested issues, those documents should not be judicially noticed.

**That the Complaint cites documents is insufficient to incorporate them by reference.** Defendants argue that the mere fact that the Complaint cites a document entitles it to incorporation by reference, and thus that Defendants' Exhibits 1, 2, 4-9, and 14 are incorporated by reference into the Complaint. RJN 5-6. Not so.

The incorporation-by-reference doctrine is a "judicially-created doctrine that allows a court to consider certain documents as though they were part of the complaint itself." However, while a "defendant may seek to incorporate a document into the complaint if the plaintiff refers <u>extensively</u> to the document or the document forms the basis of the plaintiff's claim . . . the mere mention of the existence of a document is insufficient to incorporate the contents of a document[.]" *Orexigen*, 899 F.3d at 988.

Moreover, even under this doctrine, "it is improper to consider documents only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Nektar Therapeutics*, 2020 WL 3962004, at *7. Thus, where exhibits—despite their use in a complaint—are used "to rebut one of plaintiffs' arguments . . . incorporation by reference . . . is inappropriate." *Riley v. Chopra*, 2020 WL 5217154, at *2 (C.D. Cal. June 19, 2020).

Defendants seek to use the documents in this category—consisting generally of SEC filings and news articles—to rebut the allegations in the Complaint. Based on the principles set forth above, however, courts routinely reject nearly identical requests. "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Wirecard AG*, 2020 WL 2374948, at *1 (rejecting incorporation by

reference of SEC filings where the plaintiff cited each report "a handful of times" in the complaint and "did not attach the Annual Reports as exhibits" to the complaint, and were used to support "a defense to the well-pled allegations in the complaint"); *Chopra*, 2020 WL 5217154, at *2 (rejecting request for judicial notice and incorporation by reference of documents cited in the complaint and noting that "[g]iven defendants' use of Exhibit 3 to rebut one of plaintiffs' arguments . . . incorporation by reference of Exhibit 3 is inappropriate"); *OSI Sys.*, 2020 WL 3124221, at *1 (declining to incorporate documents by reference where documents were "being used to support a defense to the well-pled allegations in the complaint" and were only briefly referenced in the complaint).

## III.   CONCLUSION

For the foregoing reasons, the Court should not take judicial notice of Defendants' exhibits.

RESPONSE IN OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
CASE NO. 19-CV-10860-AB

Dated: September 25, 2020

/s/ *John Rizio-Hamilton*
John Rizio-Hamilton (admitted *pro hac vice*)
Brenna D. Nelinson (admitted *pro hac vice*)
Matthew Traylor (admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas, 44th Floor
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
johnr@blbglaw.com

Jonathan D. Uslaner (Bar No. 256898)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
2121 Avenue of the Stars
Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
jonathanu@blbglaw.com

*Lead Counsel for Lead Plaintiffs and the Class*

Jacob A. Walker (Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
jake@blockesq.com

*Additional Counsel for Additional Named Plaintiff Houston Municipal Employees Pension System*

-9-

RESPONSE IN OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
CASE NO. 19-CV-10860-AB