THOMAS A. ZACCARO (SB# 183241)
thomaszaccaro@paulhastings.com
D. SCOTT CARLTON (SB# 239151)
scottcarlton@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendant
JOSHUA ABRAHAMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Mattel, Inc. Securities Litigation | Case No. 2:19-CV-10860-MCS (PLA) |
| | **DEFENDANT JOSHUA ABRAHAMS'S JOINDER AND REPLY IN SUPPORT OF MOTION TO DISMISS LEAD PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)** |
| | Judge:     Mark C. Scarsi |
| | Hearing Date:    December 4, 2020<br>Hearing Time:    10:00 a.m.<br>Courtroom:       7C |
| | Trial Date:  None Set |
| | **ORAL ARGUMENT REQUESTED** |

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 105203832.4

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ...................................................................................................... 2

    A.    Allegations Regarding Mr. Abrahams's Title at PwC are Insufficient to Establish that He was a "Control Person"...................... 2

    B.    Mr. Abrahams Did Not Exercise Control over PwC ........................... 3

    C.    Mr. Abrahams Did Not Exercise Control over PwC's Statements ...... 4

III.  CONCLUSION .................................................................................................. 6

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

DEFENDANT JOSHUA ABRAHAMS'S JOINDER AND REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 2:19-CV-10860-MCS-PLA

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adaptive Broadband Sec. Litig.*,
 No. C 01-1092 SC, 2002 WL 989478 (N.D. Cal. Apr. 2, 2002) .......................... 2

*In re AOL Time Warner Inc. Sec. Litig.*,
 503 F. Supp. 2d 666 (S.D.N.Y. 2007) .................................................................. 5

*In re Downey Sec. Litig.*,
 No. CV 08-3261-JFW, 2009 WL 736802 (C.D. Cal. Mar. 18, 2009) ................. 2

*In re GlenFed, Inc. Sec. Litig.*,
 60 F.3d 591 (9th Cir. 1995) ............................................................................. 2, 5

*In re Homestore.com, Inc. Sec. Litig.*,
 347 F. Supp. 2d 790 (C.D. Cal.), *order clarified*,
 347 F. Supp. 2d 811 (C.D. Cal. 2004) ................................................................. 5

*Howard v. Everex Sys., Inc.*,
 228 F.3d 1057 (9th Cir. 2000) ....................................................................... 1, 3, 5

*In re Immune Response Sec. Litig.*,
 375 F. Supp. 2d 983 (S.D. Cal. 2005) .................................................................. 4

*Kaplan v. Rose*,
 49 F.3d 1363 (9th Cir. 1994), *overruled on other grounds by*
 *City of Dearborn Heights Act 345 Police & Fir Ret. Sys. v.*
 *Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017) .................................................. 2

*Kyung Cho v. UCBH Holdings, Inc.*,
 890 F. Supp. 2d 1190 (N.D. Cal. 2012) ............................................................... 2

*Luna v. Marvell Tech. Grp.*,
 No. C 15-05447 WHA, 2017 WL 2171273
 (N.D. Cal. May 17, 2017) ..................................................................................... 2

*In re McKesson HBOC, Inc. Sec. Litig.*,
 126 F. Supp. 2d 1248 (N.D. Cal. 2000) ............................................................... 3

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT JOSHUA ABRAHAMS'S JOINDER AND REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 2:19-CV-10860-MCS-PLA

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Middlesex Ret. Sys. v. Quest Software, Inc.*,
   No. CV 06-6863 DOC (RNBx), 2008 WL 7084629
   (C.D. Cal. July 10, 2008) .................................................................................... 2, 5

*New York City Emps.' Ret. Sys. v. Berry*,
   616 F. Supp. 2d 987 (N.D. Cal. 2009) ................................................................ 3

*Paracor Fin., Inc. v. General Elec. Capital Corp.*,
   96 F.3d 1151 (9th Cir. 1996) .............................................................................. 3

*SEC v. Todd*,
   642 F.3d 1207 (9th Cir. 2011) ...................................................................... 1, 2, 3

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
   258 F. Supp. 3d 1037 (N.D. Cal. 2017) .............................................................. 3

**Statutes**

Securities Exchange Act of 1934
   § 10(b) ................................................................................................................. 1, 3
   § 20(a) ............................................................................................................ *passim*

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

DEFENDANT JOSHUA ABRAHAMS'S JOINDER AND REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 2:19-CV-10860-MCS-PLA

## I.     Introduction

The Opposition provides scant support justifying the Section 20(a) claim brought against Mr. Abrahams.  Relying on bare-bones factual allegations, Lead Plaintiffs seek to convince the Court that alleging that Mr. Abrahams was an audit partner with PwC alone is sufficient to establish control liability in this litigation.  It is not.  The Ninth Circuit requires that Lead Plaintiffs plead more than Mr. Abrahams's title and generic responsibilities to establish control person liability under Section 20(a).  *See SEC v. Todd*, 642 F.3d 1207, 1223 (9th Cir. 2011) ("The fact that a person is a CEO or other high-ranking officer within a company does not create a presumption that he or she is a 'controlling person.'") (citation omitted).

Lead Plaintiffs also erroneously contend that—although PwC is purportedly the primary violator—Lead Plaintiffs do not need to plead that Mr. Abrahams actually exercised control over PwC's day-to-day activities.  Rather, Lead Plaintiffs argue that they only need to plead that Mr. Abrahams exercised control over PwC's allegedly false and misleading audit opinion.  Lead Plaintiffs again ignore controlling Ninth Circuit precedent regarding this proper pleading standard.  *See Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000); *Todd*, 642 F.3d at 1223.  Nonetheless, even under Lead Plaintiffs' unsupported pleading standard, they fail to plead facts that establish that Mr. Abrahams exercised sufficient control over PwC's audit opinion.

Accordingly, the Section 20(a) claim against Mr. Abrahams should be dismissed without further leave to amend.[1]

---

[1] Mr. Abrahams also fully joins in defendant PricewaterhouseCoopers's ("PwC") motion to dismiss and reply brief, which establishes that Lead Plaintiffs have not alleged a primary violation under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act").

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

DEFENDANT JOSHUA ABRAHAMS'S JOINDER AND REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 2:19-CV-10860-MCS-PLA

## II.   Argument

### A.   Allegations Regarding Mr. Abrahams's Title at PwC are Insufficient to Establish that He was a "Control Person"

Ninth Circuit precedent firmly holds that mere allegations of an individual defendant's job title are insufficient to establish control over a primary violator. *See Todd*, 642 F.3d at 1223; *see also Kaplan v. Rose*, 49 F.3d 1363, 1382 (9th Cir. 1994) (defendant's position did not "*per se* establish that he controlled the other defendants"), *overruled on other grounds by City of Dearborn Heights Act 345 Police & Fir Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017); *In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591, 593 (9th Cir. 1995).[2]  Lead Plaintiffs nevertheless assert that courts in this Circuit "regularly" find allegations of a defendant's title and responsibilities sufficient to establish control for a Section 20(a) claim.  (Opp'n at 50.)  That is not correct.[3]

*First*, district courts in the Ninth Circuit routinely hold that allegations regarding a defendant's job title are insufficient to establish control person liability. *See*, *e.g.*, *Luna v. Marvell Tech. Grp.*, No. C 15-05447 WHA, 2017 WL 2171273, at *6 (N.D. Cal. May 17, 2017) ("Those defendants' roles as CFO and as signing the public disclosures at issue herein are simply insufficient to establish their liability as control persons under the law."); *In re Downey Sec. Litig.*, No. CV 08-

---

[2] Indeed, *Middlesex Ret. Sys. v. Quest Software, Inc.*, a case upon which Lead Plaintiffs rely on in the Opposition, states that "the Court cannot presume control based on [defendant's] position."  No. CV 06-6863 DOC (RNBx), 2008 WL 7084629, at *13 (C.D. Cal. July 10, 2008).

[3] Lead Plaintiffs rely on *Kyung Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1205 (N.D. Cal. 2012) in support of this proposition.  (Opp'n at 50.)  *Kyung Cho*, however, relies on district court cases that pre-date the Ninth Circuit's decision in *SEC v. Todd*. *Kyung Cho*, 890 F. Supp. 2d at 1205.  Moreover, contrary to Lead Plaintiffs' contention, the court in fact held "Plaintiffs' mere allegations regarding [defendant's] positions within the Bank are insufficient" to plead control person liability.  *Id.* at 1208.  Likewise, Lead Plaintiffs cite *In re Adaptive Broadband Sec. Litig.*, No. C 01-1092 SC, 2002 WL 989478, at *19 (N.D. Cal. Apr. 2, 2002), but *In re Adaptive* pre-dates *SEC v. Todd*.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DEFENDANT JOSHUA ABRAHAMS'S JOINDER AND REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 2:19-CV-10860-MCS-PLA

3261-JFW (RZx), 2009 WL 736802, at *9 (C.D. Cal. Mar. 18, 2009) (granting defendants' motion to dismiss control person claims because plaintiff merely alleged control via defendants' position and stock ownership); *New York City Emps.' Ret. Sys. v. Berry*, 616 F. Supp. 2d 987, 1002 (N.D. Cal. 2009) ("[a] plaintiff must allege more than the defendant's position and committee membership" to state a claim for control person liability) (citation omitted). **Second**, to the extent that district courts have relied exclusively on a defendant's high-ranking status at a company to allege control person liability, those decisions are clearly out of line with controlling Ninth Circuit precedent. *See Todd*, 642 F.3d at 1223.

### B. Mr. Abrahams Did Not Exercise Control over PwC

Instead of alleging a defendant's job title and generic responsibilities, the Ninth Circuit requires that Lead Plaintiffs show that Mr. Abrahams "exercised actual power or control over the primary violator (here, [PwC])." *Howard*, 228 F.3d at 1065 (alteration added). To do so, Lead Plaintiffs must show that "the person managed the company [*i.e.*, PwC] on a day-to-day basis **and** was involved in the formulation of financial statements." *Todd*, 642 F.3d at 1223 (emphasis added); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1277 (N.D. Cal. 2000) (demonstrating insufficient pleading "because [the pleadings] do not identify how the Section 20(a) defendants controlled specific Section 10(b) defendants," and requiring the amended complaint to allege "with particularity the manner in which the defendants exercised day-to-day control over defendants properly alleged to have committed violations of Section 10(b)"). Lead Plaintiffs do not dispute that they have failed to meet this pleading standard. (*See* Opp'n at 50.)[4]

---

[4] *See also see also Paracor Fin., Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1162 (9th Cir. 1996) (control inquiry revolves around the "management and policies of the corporation. . . ."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 258 F. Supp. 3d 1037, 1048 (N.D. Cal. 2017) (conclusory allegations of involvement in day-to-day operations and power to exercise control insufficient to state a Section 20(a) cause of action).

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

DEFENDANT JOSHUA ABRAHAMS'S JOINDER AND REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 2:19-CV-10860-MCS-PLA

Without addressing any of Mr. Abrahams's controlling authority, Lead Plaintiffs contend "the Complaint need allege only that [Mr. Abrahams] exercised <u>control over PwC's false and misleading audit opinions</u>." (*Id.* at 50 (emphasis in original).)  In doing so, Lead Plaintiffs rely exclusively on a single, unpublished district court case, *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 1031 (S.D. Cal. 2005).  However, in *Immune*, the court inexplicably cites to *the complaint itself* for the appropriate pleading standard.  *Id.*  *Immune* does not rely on Ninth Circuit authority.  Moreover, the plaintiffs in *Immune* pleaded that the defendant exercised control over all statements, not merely those at issue—and thereby exercised control over the primary violator.  *Id.* at 996, 1031-32.  Therefore, Lead Plaintiffs' allegations here do not even satisfy the standard under *Immune*.

**C.    Mr. Abrahams Did Not Exercise Control over PwC's Statements**

Although the Section 20(a) claim fails because Lead Plaintiffs have not pleaded Mr. Abrahams's control over PwC, they nonetheless still fail to plead that Mr. Abrahams exercised control over the primary violator's statements at issue.  Lead Plaintiffs rely on four allegations to purportedly establish Mr. Abrahams's control over PwC's audit opinions:  (1) due to his position as lead audit partner, Mr. Abrahams "reviewed and approved PwC's false unqualified audit opinions"; (2) Mr. Abrahams "directed Mattel's senior executives and PwC personnel" to reclassify the HiT asset; (3) Mr. Abrahams allegedly "did so as a contrivance to avoid the required restatement and disclosure of material weaknesses"; and (4) the "advice" of Mr. Abrahams was referenced in Mattel's disclosures as part of the cause of the accounting error.  (Opp'n at 50-51.)  These facts, individually and collectively, are insufficient to establish Mr. Abrahams's control.

***First***, the Complaint contains no allegations that Mr. Abrahams actually reviewed or approved any audit opinion issued by PwC.  Instead, Lead Plaintiffs demand that the Court infer these unpleaded facts; based solely on Mr. Abrahams'

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

DEFENDANT JOSHUA ABRAHAMS'S JOINDER AND REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 2:19-CV-10860-MCS-PLA

position with PwC.  (*See id.*)  However, for the reasons set forth above, any inference drawn from allegations regarding Mr. Abrahams's position as lead audit partner is insufficient to establish control.  *See* Section II.A., *supra*; *see also GlenFed*, 60 F.3d at 593.  Moreover, even if Lead Plaintiffs allege that Mr. Abrahams actually reviewed and approved the PwC audit opinion, it is still insufficient to establish control.  *See Howard*, 228 F.3d at 1067 n.13 (concluding that alleging a defendant "reviewed and approved" first quarter financial statements does not "rise to a level of supervision or participation sufficient for a § 20(a) violation").[5]

**Second**, Lead Plaintiffs rely on the allegation that "Abrahams […] instructed *Mattel* that they would need to find a technical argument . . ." to show Mr. Abrahams's control over *PwC's* alleged misstatements.  (Opp'n at 50 (citing Compl. ¶ 202 (emphasis added)).)[6]  Lead Plaintiffs' conclusory allegation that Mr. Abrahams instructed *Mattel* personnel regarding certain accounting treatment does nothing to establish Mr. Abrahams's control over PwC or over any statement made by PwC.

---

[5] Lead Plaintiffs' reliance on *Middlesex*, 2008 WL 7084629, at *13, for the proposition that, because Mr. Abrahams's was "involved" in the alleged misstatements, the Court should hold that he exercised control over a primary violator, does not follow.  In *Middlesex*, each individual defendant "involved" in a number of false SEC filings, and thus found to be control persons, signed the various statements or were members of certain committees of the primary violator by which they exercised additional control over these statements.  *Id.* at *1-2.  The level of alleged control in *Middlesex* is extensive, whereas here, Lead Plaintiffs allege only conclusory control allegations against Mr. Abrahams.

[6] PwC, as Mattel's auditor, is not a control person over Mattel.  *See In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 790, 809 (C.D. Cal.), *order clarified*, 347 F. Supp. 2d 811 (C.D. Cal. 2004); *In re AOL Time Warner Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 674 (S.D.N.Y. 2007).  Mr. Abrahams therefore could not have been a control person over Mattel.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

DEFENDANT JOSHUA ABRAHAMS'S JOINDER AND REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 2:19-CV-10860-MCS-PLA

***Third***, Lead Plaintiffs rely on allegations regarding the supposed motive or reasoning behind Mr. Abrahams's instructions that allegedly directed *Mattel* personnel regarding certain accounting treatment of HiT IP assets.  (Opp'n at 50.)  However, Mr. Abrahams's motive regarding alleged instructions provided to Mattel personnel is in no way probative of Mr. Abrahams's control over PwC or PwC's statements.

***Fourth***, Lead Plaintiffs conflate Mattel's disclosures regarding false certifications by Mattel's officers with PwC's separate audit opinion.  (Opp'n at 50-51.)  The description by Mattel regarding its officers' "lapses in judgment" does not bear upon Mr. Abrahams's control of PwC's audit opinion.  In fact, any contention that the "advice" Mr. Abrahams provided to the errors in Mattel's statements or certifications undermines Mr. Abrahams's *control* over those statements.

## III.    Conclusion

For the reasons stated above, Mr. Abrahams respectfully requests that the Court dismiss the Section 20(a) claim brought against him with prejudice because Lead Plaintiffs have not sufficiently alleged (1) a primary violation of the Exchange Act by PwC; or (2) that Mr. Abrahams was a control person over PwC.

DATED:  October 26, 2020

Respectfully submitted,

PAUL HASTINGS LLP

By: */s/ Thomas A. Zaccaro*

  THOMAS A. ZACCARO

Attorneys for Defendant
JOSHUA ABRAHAMS

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

DEFENDANT JOSHUA ABRAHAMS'S JOINDER AND REPLY
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT –
CASE NO. 2:19-CV-10860-MCS-PLA