JOHN W. SPIEGEL (SBN 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
LAUREN C. BARNETT (SBN 304301)
lauren.barnett@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for MATTEL, INC.,
MARGARET H. GEORGIADIS,
JOSEPH J. EUTENEUER,
and KEVIN FARR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MATTEL, INC. SECURITIES LITIGATION | Case No. 19-CV-10860-MCS (PLAx) **REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE, AND TO CONSIDER INCORPORATED DOCUMENTS, IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** Date:   January 25, 2021 Time:   9:00 a.m. Ctrm:   7C Judge:  Hon. Mark C. Scarsi |

The AC should be dismissed regardless of whether the Court grants the Request for Judicial Notice and to Consider Incorporated Documents. Nonetheless, the Court can and should consider Exhibits 1-21, as they confirm that dismissal is appropriate. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("[I]n assessing securities fraud claims, 'courts *must* consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, *in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice*.'") (emphasis added) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). By opposing the Request, Plaintiffs ask the Court to depart from well-established authority and the ordinary practice of courts within the Ninth Circuit.

Plaintiffs do not dispute that SEC filings, news articles, analyst reports, and stock price data are materials courts "routinely" consider on motions to dismiss in securities cases. *See, e.g.*, *Mauss v. NuVasive, Inc.*, 2015 WL 10857519, at *6 (S.D. Cal. Aug. 28, 2015) ("In securities cases, courts routinely take judicial notice of SEC filings, press releases, and other publicly available financial documents."); *see also In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) ("courts routinely take judicial notice of analyst reports") (citation omitted). Plaintiffs also do not dispute that Exhibits 1-21 are publicly available materials whose accuracy can be readily determined. Fed. R. Evid. 201. Defendants have "supplied the necessary information" about the documents and "judicial notice *must* therefore be taken." *Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *3 (N.D. Cal. Aug. 7, 2020).

**Exhibits 1-21 Are Subject to Judicial Notice**

The Request states the "fact" for which Defendants seek judicial notice of the documents: "to show what information was provided to the market." RJN 2, 3, 4. As cases cited by Plaintiffs show, courts in securities cases regularly take judicial

-1-

notice of or incorporate materials "for the purpose of determining what was disclosed to the market." *In re Nektar Therapeutics*, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020) (taking judicial notice of or incorporating by reference 21 SEC filings, investor presentation transcripts and slide decks, articles, and historical stock price data); *see In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (taking judicial notice of SEC filings "for the fact that those filings contained certain disclosures").[1]

Plaintiffs' main arguments are that the Court should not notice the documents to "accept the substance of [the noticed] documents as true" or "draw an inference concerning a contested fact issue." Opp. 4, 5, 6. These arguments "miss the mark" because they "go[] to the substance of the motion … not the admissibility of evidence." *Boston Ret. Sys.*, 2020 WL 4569846, at *3. In any event, the Request makes plain that Defendants seek judicial notice of the documents "*not* for their truth." RJN 2, 3, 4 (emphasis added). The Court may consider the documents for the purpose for which judicial notice is sought: "to show what information was provided to the market." *Id.* Plaintiffs concede that it is appropriate to take judicial notice of documents, *including analyst reports*, "to understand what public information *existed*." Opp. 4.

Plaintiffs' broad references to *Khoja*, 899 F.3d 988, change nothing. *Khoja* did not change the law, as multiple courts have since recognized. *See, e.g.*, *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (stating that "Plaintiffs oversimplify *Khoja*" and taking judicial notice of 10 SEC

---

[1] Plaintiffs cite three orders by a single judge declining to take judicial notice of any documents in shareholder cases, including in two actions governed by the PSLRA. Opp. 3, 5, 7 (citing *Riley v. Chopra*, 2020 WL 5217154 (C.D. Cal. June 19, 2020); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948 (C.D. Cal. Apr. 15, 2020); and *Longo v. OSI Sys., Inc.*, 2020 WL 3124221 (C.D. Cal. Mar. 11, 2020)). Defendants respectfully submit that these outlier orders are inconsistent with the Supreme Court's decision in *Tellabs* as well as with the extensive authority cited in the Request, and therefore should not be followed.

filings, analyst reports, shareholder letters, and earnings call transcripts); *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019) (rejecting reliance on *Khoja* as "merely restat[ing] the rule that notice is only proper when facts are not subject to reasonable dispute"). Courts in shareholder cases have heeded *Khoja*'s guidance in repeatedly taking judicial notice of documents just like those here. *See, e.g.*, *In re Facebook, Inc. Sec. Litig.*, 2020 WL 4569443, at *16-18 (N.D. Cal. Aug. 7, 2020) (taking judicial notice of 42 documents, including SEC filings, transcripts of earnings calls and shareholder meetings, news articles, and stock data); RJN 2-3 (citing cases).

*SEC Filings* (Exhibits 1-6): Plaintiffs do not oppose judicial notice of Exhibits 1, 2, 4, 5, and 6 "to determine what representations Mattel made to the market." Opp. 6. The Court should grant Defendants' unopposed request to take judicial notice of these exhibits. RJN 2; *see, e.g.*, *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice.").

The Court should also take judicial notice of Exhibit 3, a publicly-filed SEC Form 4 reflecting Mattel stock transactions by Defendant Euteneuer. "[C]ourts in this district have taken judicial notice of SEC Form 4 and proxy statements, even when those documents were not referenced in the pleadings in order to prove that stock sales were made or not made." *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017); *see Ferris v. Wynn Resorts Ltd.*, 2020 WL 2748309, at *10 (D. Nev. May 27, 2020) (judicial notice of "Statements of Changes of Beneficial Ownership on Form 4 filed with the SEC"); *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 803 (N.D. Cal. 2019) (judicial notice of Form 4s to show that "two of the Individual Defendants purchased LendingClub stock during the Class Period").

*News Articles* (Exhibits 7-9): Plaintiffs do not explain why they oppose judicial notice of three news articles expressly referred to and relied upon in the AC.

Defendants seek judicial notice of these news articles "not for their truth, but to show what information was provided to the market." RJN 3. The Court may notice these three exhibits for that purpose. *See, e.g.*, *Facebook*, 2020 WL 4569443, at *17 ("a court may take judicial notice: (1) of matters of public record, *Khoja*, 899 F.3d at 999, (2) that the market was aware of information contained in news articles").

*Analyst Reports* (Exhibits 10-20): Although Plaintiffs suggest otherwise, courts in securities cases after *Khoja* adhere to the longstanding principle that "courts routinely take judicial notice of analyst reports." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011). Recent examples abound:

- *Apple*, 2020 WL 2857397, at *6 (judicial notice of analyst report after *Khoja* "to determine 'whether and when certain information was provided to the market'");

- *Eventbrite*, 2020 WL 2042078, at *6-7 (judicial notice of analyst reports after *Khoja*);

- *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *3 (N.D. Cal. Mar. 23, 2020) (judicial notice of analyst reports after *Khoja*);

- *Wyatt v. Mattel, Inc.*, 2020 WL 364324, at *3 (C.D. Cal. Jan. 21, 2020) (judicial notice of analyst reports after *Khoja*);

- *In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019) (judicial notice of nine analyst reports after *Khoja*).

Defendants seek judicial notice of analyst reports "not for their truth, but to show what information was provided to the market." RJN 4. That is, the Court may notice the reports, as Plaintiffs concede is appropriate, "to understand what public information *existed*." Opp. 4. For example, the analyst reports show that no public information existed in the market about the substance of the August whistleblower letter. Plaintiffs do not claim that the analyst reports themselves are "subject to varying interpretations" as to what they show about what information was conveyed

-4-

to the market.  *Khoja*, 899 F.3d at 1000.  The Court therefore may notice the analyst reports for the "limited purpose of determining what information was disclosed to the public during the class period."  *Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017).

***Stock Price Data*** (Exhibit 21): Plaintiffs "do not dispute that the Court can take judicial notice of what Mattel's stock price was on a given day."  Opp. 5 n.2. The Court should grant Defendants' unopposed request to take judicial notice of Exhibit 21.  *See, e.g.*, *Young v. Ault*, 2019 WL 1718676, at *3 (C.D. Cal. Feb. 25, 2019) ("The court may also take judicial notice of a company's reported stock price history.").

### Exhibits 1, 2, 4-9, and 14 Are Incorporated by Reference

The Court may alternately consider Exhibits 1, 2, 4-9, and 14 because the AC incorporates them by reference.  Plaintiffs do not dispute that the AC refers to and relies upon these exhibits, many at great length.  Thus, the Court may consider them "as though they are a part of the complaint itself."  *Khoja*, 899 F.3d at 1002.

Contrary to Plaintiffs' argument, "incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents." *Id.* at 1014; *see Lopes*, 2020 WL 1465932, at *2 ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.") (citation omitted); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) (if document is incorporated by reference, court "can consider the entire document, not simply the portion on which plaintiffs rely").  Although Defendants do not ask the Court to use these documents "only to resolve factual disputes against the plaintiff's well-pled allegations," *Khoja*, 889 F.3d at 1014, the Court may consider Exhibits 1, 2, 4-9, and 14 to the extent that the document in context contradicts Plaintiffs' *conclusory* allegations.  *See Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a

defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiffs' *conclusory* allegations.").

Dated:  October 26, 2020

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:      */s/ John W. Spiegel*
                    JOHN W. SPIEGEL

Attorneys for MATTEL, INC.,
MARGARET H. GEORGIADIS,
JOSEPH J. EUTENEUER,
and KEVIN FARR

REPLY ISO REQUEST FOR JUDICIAL NOTICE