**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John Rizio-Hamilton
johnr@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3472

*Lead Counsel for Lead Plaintiffs and the Class*

**BLOCK & LEVITON LLP**
Jacob A. Walker (Bar No. 271217)
jake@blockesq.com
260 Franklin Street Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600

*Additional Counsel for Additional Named Plaintiff Houston Municipal Employees Pension System*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 2:19-CV-10860-MCS (PLAx) <br><br> **PLAINTIFFS' MOTION FOR LEAVE TO FILE PROPOSED SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** <br><br> [PROPOSED ORDER FILED CONCURRENTLY] <br><br> Date: January 25, 2021 <br> Time: 9:00 a.m. <br> Ctrm: 7C <br> Judge: Hon. Mark C. Scarsi |

Pursuant to Your Honor's Initial Standing Order, Section 9(d), and Local Rule 7-10, Court-appointed Lead Plaintiffs, DeKalb County Employees Retirement System, New Orleans Employees' Retirement System, and additional named plaintiff Houston Municipal Employees Pension System ("Plaintiffs"), respectfully request leave to file a surreply in response to Defendants' replies in support of their motions to dismiss (ECF Nos. 63-65).

## I. INTRODUCTION

Good cause and principles of fairness warrant the filing of Plaintiffs' surreply to Defendants' replies in support of their motions to dismiss. In their reply briefs, Defendants rely heavily on two decisions not cited in their opening motions to dismiss. The first is *In re BofI Holding, Inc. Sec. Litig.*, No. 18-55415, 2020 WL 5951150 (9th Cir. Oct. 8, 2020), which was issued after Plaintiffs filed their opposition to Defendants' motions to dismiss. The second is *Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978 (D. Ariz. 2015), which was not cited in Defendants' moving papers and upon which Defendants also significantly rely to argue that Plaintiffs have not adequately pled loss causation.

Plaintiffs disagree with Defendants' characterizations of this authority, should be allowed an opportunity to respond to this new authority, and will be prejudiced if they are not allowed to do so.

## II. GOOD CAUSE EXISTS TO PERMIT THE FILING OF PLAINTIFFS' PROPOSED SURREPLY

This Court has discretion to permit the filing of a surreply brief. *See, e.g.*, *WB Music Corp. v. Royce Int'l Broad. Corp.*, No. EDCV 16-600, 2018 WL 2121819, at *1 (C.D. Cal. May 7, 2018). As a general rule, surreplies are permitted "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Id.* at *1-2; *see also Laurelwood Cleaners, LLC v. Am. Express Co.*, No. CV 20-6155 PA (AGRX), 2020 WL 5291015, at *2 (C.D. Cal. Aug.

27, 2020) (good cause to file surreply where new arguments were raised for the first time in reply brief); *Hisle v. Conanan*, No. 1:17-cv-01400, 2019 WL 5617951, at *4 (E.D. Cal. Oct. 31, 2019) (same). Similarly, the Ninth Circuit has recognized that a litigant must also have the opportunity to respond to new evidence raised in a reply brief. *E.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply brief may not be considered without giving the non-movant an opportunity to respond); *accord Watts v. Aly*, No. 18-00693-JVS, 2020 WL 1224281, at *2 (C.D. Cal. Jan. 29, 2020) (granting request to file surreply because "[i]f a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond.").

Here, good cause exists for granting Plaintiffs' motion and permitting Plaintiffs to file the proposed surreply. Specifically, Plaintiffs should be afforded an opportunity to respond to the new authority cited in Defendants' reply briefs and the new loss causation arguments set forth by Defendants that hinge on such new authority. Defendants rely heavily on the Ninth Circuit's decision in *BofI* issued after Plaintiffs filed their omnibus opposition brief, and Plaintiffs should be given the chance to address that decision. Defendants also significantly rely on the *Smilovits* decision—which was not cited in Defendants' opening briefs—in support of new loss causation arguments in their reply briefs, and Plaintiffs should have the opportunity to address that newly-cited authority. *See, e.g.*, *Concerned Citizens for a Safe Cmty. v. Office of Fed. Det. Tr.*, No. CV 09-01409, 2011 WL 5041195, at *1 (D. Nev. Oct. 24, 2011) ("In light of the new arguments, case law, and exhibit set forth in Plaintiffs' Reply in Support of their Motion to Supplement the Record, the Court concludes that good cause exists to allow Defendant to file a Surreply.").

### III.   CONCLUSION

Good cause exists for Plaintiffs to file a surreply, not to exceed five pages, to respond to the new authorities and arguments raised in Defendants' reply briefs.

Accordingly, Plaintiffs respectfully request that this Court enter an Order instructing the Clerk of Court to file Plaintiffs' proposed surreply attached hereto as Exhibit A.

Dated: October 30, 2020

/s/ *John Rizio-Hamilton*

John Rizio-Hamilton (admitted *pro hac vice*)
Brenna D. Nelinson (admitted *pro hac vice*)
Matthew Traylor (admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
johnr@blbglaw.com

Jonathan D. Uslaner (SBN 256898)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
2121 Avenue of the Stars
Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
jonathanu@blbglaw.com

*Lead Counsel for Lead Plaintiffs and the Class*

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street
Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
jake@blockleviton.com

*Additional Counsel for Additional Named Plaintiff Houston Municipal Employees Pension System*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES**

I HEREBY CERTIFY that, on October 30, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 30, 2020.

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton

**LOCAL RULE 7.3 CERTIFICATION**

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 29, 2020. Defendants do not consent to this motion.

By: /s/ *John Rizio-Hamilton*
John Rizio-Hamilton