THOMAS A. ZACCARO (SB# 183241)
thomaszaccaro@paulhastings.com
D. SCOTT CARLTON (SB# 239151)
scottcarlton@paulhastings.com
JOSEPH N. MONTOYA (SB# 322279)
josephmontoya@paulhastings.com
MICHAEL W. MOTTWEILER (SB# 329508)
michaelmottweiler@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

Attorneys for Defendant
Joshua Abrahams

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Mattel, Inc. Securities Litigation | Case No. 2:19-CV-10860-MCS (PLA) |
| | **DEFENDANT JOSHUA ABRAHAMS'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** |
| | Judge:    Mark C. Scarsi |

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

**ANSWER TO AMENDED CLASS ACTION COMPLAINT**

Defendant Joshua Abrahams ("Abrahams"), by and through his undersigned counsel, hereby answers the allegations (the "Answer") of the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed by Lead Plaintiffs DeKalb County Employees Retirement Plan and New Orleans Employees' Retirement System, and additional named Plaintiff Houston Municipal Employees Pension System (altogether, "Plaintiffs"), in the above titled consolidated action. Except as to those allegations that are expressly admitted in this Answer, all allegations in the Complaint, including any headings, footnotes, tables, and exhibits, are hereby denied.

## I.   INTRODUCTION

1.    Abrahams admits that the Complaint purports to bring a securities class action. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 1.

2.    Abrahams denies each and every allegation contained in Paragraph 2.

3.    Abrahams admits that Brett Whitaker ("Whitaker") was a tax executive at Mattel, Inc. ("Mattel"). Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and on that basis denies each and every remaining allegation contained in Paragraph 3.

4.    Abrahams admits that in October 2017, Mattel was closing its books for the third quarter. Abrahams admits that, as part of closing Mattel's books for the third quarter, it considered the evaluation of deferred tax assets. Abrahams admits he was PricewaterhouseCoopers LLP's ("PwC") lead audit partner for Mattel for certain periods during the Class Period. Abrahams admits that Mattel's CFO Joseph J. Euteneuer ("Euteneuer"), and other Mattel executives were involved in the evaluation of deferred tax assets. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 4.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 1 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

5.      Abrahams admits that Mattel determined whether or not it would record allowances against the value of its deferred tax assets.  Except as expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis denies each and every allegation contained in Paragraph 5.

6.      Abrahams denies that John Brierley ("Brierley") was an audit partner at PwC.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6, and on that basis denies each and every remaining allegation contained in Paragraph 6.

7.      Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies each and every allegation contained in Paragraph 7.

8.      Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis denies each and every allegation contained in Paragraph 8.

9.      Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the U.S. Securities and Exchange Commission ("SEC") containing its third quarter 2017 financial results.  Abrahams avers that Mattel's Form 10-Q, containing Mattel's third quarter 2017 financial results, speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every remaining allegation contained in Paragraph 9.

10.      Abrahams denies each and every allegation contained in Paragraph 10.

11.      Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies each and every allegation contained in Paragraph 11.

12.      Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies each and every allegation contained in Paragraph 12.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 2 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

13.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies each and every allegation contained in Paragraph 13.

14.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies each and every allegation contained in Paragraph 14.

15.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies each and every allegation contained in Paragraph 15.

16.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies each and every allegation contained in Paragraph 16.

17.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies each and every allegation contained in Paragraph 17.

18.     Abrahams denies each and every allegation contained in Paragraph 18.

19.     Abrahams denies that PwC and Mattel decided to "bury," "execute" any "gambit" regarding, or otherwise misstate any aspect of Mattel's third quarter financial results or statements about Mattel's internal controls.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19, and on that basis denies each and every remaining allegation contained in Paragraph 19.

20.     Abrahams admits that PwC closed its 2017 audit of Mattel with no disclosure of a material misstatement.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 20.

21.     Abrahams denies that Mattel filed its 2017 Form 10-K with the SEC on February 28, 2018.  Abrahams admits that on February 27, 2018, Mattel filed its 2017 Form 10-K with the SEC, signed by Euteneuer.  Abrahams avers that Mattel's

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 3 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

Form 10-K, containing Mattel's fourth quarter and year end 2017 financial results, speaks for itself, and provides the best evidence of its contents. Abrahams admits that PwC issued an audit report Abrahams avers that PwC's audit report speaks for itself, and provides the best evidence of its contents. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and on that basis denies each and every remaining allegation contained in Paragraph 21.

22.     Abrahams denies that PwC and Mattel concealed misconduct. Abrahams admits that on August 8, 2019, Mattel filed a Form 8-K with the SEC, disclosing its awareness of an anonymous whistleblower letter. Abrahams avers that Mattel's Form 8-K speaks for itself, and provides the best evidence of its contents. Abrahams admits that the Associated Press published an article titled "Mattel shares sink on whistleblower letter." Abrahams avers that the Associated Press article speaks for itself, and provides the best evidence of its contents. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22, and on that basis denies each and every remaining allegation contained in Paragraph 22.

23.     Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC which attached a press release regarding its financial results for the third and fourth quarters of 2017. Abrahams avers that Mattel's Form 8-K and associated press release each speaks for itself, and each provides the best evidence of its contents. Abrahams is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and on that basis denied each and every remaining allegation contained in Paragraph 23.

24.     Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC which attached a press release regarding its financial results for the third and fourth quarters of 2017. Abrahams avers that Mattel's Form 8-K and associated press release each speaks for itself, and each provides the best evidence

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 4 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

of its contents.  Abrahams admits that PwC placed him on administrative leave. Abrahams denies that PwC placed him on administrative leave immediately after Mattel filed its Form 8-K on October 29, 2019.  Abrahams is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 24, and on that basis denied each and every remaining allegation contained in Paragraph 24.

25.    Abrahams admits that on November 12, 2019, Mattel filed a Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every remaining allegation contained in Paragraph 25.

26.    Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and on that basis denies each and every remaining allegation contained in Paragraph 26.

## II.    <u>**JURISDICTION AND VENUE**</u>

27.    The allegations set forth in Paragraph 27 contain a characterization of the Complaint for which neither an admission nor denial is required.

28.    The allegations of Paragraph 28 assert legal conclusions to which no response is required.

29.    The allegations of Paragraph 29 assert legal conclusions to which no response is required.  Abrahams otherwise denies each and every allegation contained in Paragraph 29.

30.    The allegations of Paragraph 30 assert legal conclusions to which no response is required.  Abrahams otherwise denies each and every allegation contained in Paragraph 30.

Paul Hastings LLP
Attorneys At Law
Los Angeles

LEGAL_US_W # 107058403.10

- 5 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

## III. THE PARTIES

### 1. Lead Plaintiffs and the Additional Named Plaintiff

31. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and on that basis denies each and every allegation contained in Paragraph 31.

32. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and on that basis denies each and every allegation contained in Paragraph 32.

33. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and on that basis denies each and every allegation contained in Paragraph 33.

### 2. Defendants

34. Abrahams admits the allegations contained in Paragraph 34.

35. Abrahams admits that Euteneuer served as Chief Financial Officer of Mattel and that Mattel announced that Euteneuer would step down from his position. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and on that basis denies each and every remaining allegation contained in Paragraph 35.

36. Abrahams admits that Georgiadis served as Chief Executive Officer of Mattel. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36, and on that basis denies each and every remaining allegation contained in Paragraph 36, except as so expressly admitted.

37. Abrahams admits that Kevin Farr ("Farr") served as Chief Financial Officer of Mattel prior to Euteneuer. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37, and on that basis denies each and every remaining allegation contained in Paragraph 37.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 6 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

38.     Abrahams admits that PwC has served as Mattel's registered outside auditing firm since 1974.  Abrahams admits that PwC contracted with Mattel to perform annual audits of Mattel's financial statements and internal controls over financial reporting.  Abrahams admits that PwC issued unqualified audit reports for fiscal years 2017 and 2018.  Abrahams avers that PwC's unqualified audit reports speak for themselves, and provide the best evidence of their contents.  Abrahams admits that PwC consented to the incorporation by reference of those audit reports in Mattel's Forms 10-K for 2017 and 2018.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 38.

39.     Abrahams admits that he was an audit partner at PwC and served on the Mattel audit team during the purported Class Period.  Abrahams admits that he went on leave from PwC on or after November 6, 2019.  Abrahams further admits that he has since voluntarily resigned from PwC.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 39.

40.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and on that basis denies each and every allegation contained in Paragraph 40.

41.     The allegations set forth in Paragraph 41 contain a characterization of the Complaint for which neither an admission nor denial is required.

42.     The allegations set forth in Paragraph 42 contain a characterization of the Complaint for which neither an admission nor denial is required.

## IV.     SUMMARY OF THE FRAUD

### A.     Mattel's Business Faltered in 2017, Causing Investor Concern

43.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and on that basis denies each and every allegation contained in Paragraph 43.

44.     Abrahams admits that on March 15, 2017, Business Insider published an article regarding Mattel.  Abrahams avers that the Business Insider article speaks

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 7 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44, and on that basis denies each and every remaining allegation contained in Paragraph 44.

45.     Abrahams admits that on April 20, 2017, Mattel filed a Form 8-K with the SEC.  Abrahams avers that Mattel's Form 8-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every remaining allegation contained in Paragraph 45.

46.     Abrahams is without knowledge or information sufficient to form a believe as to the truth of the allegations contained in Paragraph 46, and on that basis denies each and every allegation contained in Paragraph 46.

47.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and on that basis denies each and every allegation contained in Paragraph 47.

48.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis denies each and every allegation contained in Paragraph 48.

49.     Abrahams admits that on July 27, 2017, Mattel filed a Form 8-K with the SEC.  Abrahams avers that Mattel's Form 8-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and on that basis denies each and every allegation contained in Paragraph 49.

50.     Abrahams admits that on September 18, 2017, Toys "R" Us filed for bankruptcy.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50, and on that basis denies each and every remaining allegation contained in Paragraph 50.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 8 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

51.     Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51, and on that basis denies each and every remaining allegation contained in Paragraph 51.

52.     Abrahams admits that on October 30, 2017, BMO issued a report regarding Mattel.  Abrahams avers that the BMO report speaks for itself, and provides the best evidence of its contents.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52, and on that basis denies each and every remaining allegation contained in Paragraph 52.

53.     Abrahams admits that on November 11, 2017, the Wall Street Journal reported on a possible Hasbro takeover offer for Mattel.  Abrahams avers that the Wall Street Journal report speaks for itself, and provides the best evidence of its contents.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53, and on that basis denies each and every remaining allegation contained in Paragraph 53.

54.     Abrahams admits that on December 9, 2017, Mattel filed a Form 8-K with the SEC, attaching an associated press release.  Abrahams avers that both the Form 8-K and press release each speaks for itself, and provides the best evidence of its contents.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54, and on that basis denies each and every remaining allegation contained in Paragraph 54.

55.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and on that basis denies each and every allegation contained in Paragraph 55.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

**B.**   **Mattel Was Riddled with Severe Deficiencies in Internal Controls that Contributed to a Material Misstatement of Financial Results and Enabled Mattel to Cover Up that Misstatement with PwC**

56.   Abrahams admits that on November 12, 2019, Mattel filed a Form 10-K/A with the SEC, in which Mattel reported a material misstatement. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 56.

57.   Abrahams denies each and every allegation contained in Paragraph 57.

**1.   Brief Background on Internal Controls**

58.   The allegations set forth in Paragraph 58 contain legal conclusions and questions of law to which no response is required. To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 58.

59.   The allegations set forth in Paragraph 59 contain legal conclusions or professional opinions to which no response is required. To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 59.

60.   The allegations set forth in Paragraph 60 contain legal conclusions and questions of law to which no response is required. To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 60.

61.   The allegations set forth in Paragraph 61 contain legal conclusions or professional opinions to which no response is required. To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 61.

62.   The allegations set forth in Paragraph 62 regarding requirements of company management contain legal conclusions and questions of law to which no response is required. To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 62.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 10 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

63.    Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and on that basis denies each and every allegation contained in Paragraph 63.

64.    Abrahams denies each and every allegation contained in Paragraph 64 as applicable to him.  Abrahams is without knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in Paragraph 64 concerning the other Defendants, and on that basis denies each and every remaining allegation contained in Paragraph 64 concerning the other Defendants.

65.    Abrahams denies each and every allegation contained in Paragraph 65 as applicable to him.  Abrahams is without knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in Paragraph 65 concerning the other Defendants, and on that basis denies each and every remaining allegation contained in Paragraph 65 concerning the other Defendants.

## 2.    Unbeknownst to Investors, Mattel's Internal Controls Were Severely Deficient

66.    Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66, and on that basis denies each and every allegation contained in Paragraph 66.

67.    Abrahams admits Brett Whitaker joined Mattel in May 2017. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67, and on that basis denies each and every remaining allegation contained in Paragraph 67.

68.    Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and on that basis denies each and every allegation contained in Paragraph 68.

69.    Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and on that basis denies each and every allegation contained in Paragraph 69.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 11 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

70.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and on that basis denies each and every allegation contained in Paragraph 70.

71.     Abrahams admits that he and fellow PwC partners Brierley, Chip Lightfoot ("Lightfoot"), and Mattel's Brett Whitaker, and others had approximately one or two meetings upon Whitaker's arrival at Mattel.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 71.

72.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and on that basis denies each and every allegation contained in Paragraph 72.

73.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and on that basis denies each and every allegation contained in Paragraph 73.

74.     Abrahams denies the allegations contained in Paragraph 74 to the extent they purport to characterize Mattel's internal controls.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74, and on that basis denies each and every remaining allegation contained in Paragraph 74.

75.     Abrahams denies each and every allegation contained in Paragraph 75.

76.     Abrahams denies that "internal control issues were well-known throughout" Mattel during the purported Class Period.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76, and on that basis denies each and every remaining allegation contained in Paragraph 76.

77.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and on that basis denies each and every allegation contained in Paragraph 77.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 12 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

78.    Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, and on that basis denies each and every allegation contained in Paragraph 78.

79.    Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, and on that basis denies each and every allegation contained in Paragraph 79.

### C.    Mattel Materially Understated Its Losses for the Third Quarter 2017

#### 1.    Mattel and PwC Initially Decide Not to Record A Reserve Against Mattel's Deferred Tax Assets

80.    Abrahams denies each and every allegation contained in Paragraph 80.

81.    The allegations set forth in Paragraph 81 contain legal conclusions or professional opinions to which no response is required.  To the extent an answer may be required, Abrahams admits that the Financial Accounting Standards Board ("FASB") has published Accounting Standards Codification ("ASC") sections 740-10-25-2 and 740-10-20, referring to general recognition requirements for income tax issues and the glossary of terms for the ASC income tax section, respectively. Abrahams avers that ASC-740-10-25-2 and ASC-740-10-20 each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 81.

82.    The allegations set forth in Paragraph 82 contain legal conclusions or professional opinions to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 82.

83.    The allegations set forth in Paragraph 83 contain legal conclusions or professional opinions to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 83.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 13 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

84. The allegations set forth in Paragraph 84 contain legal conclusions or professional opinions to which no response is required. To the extent an answer may be required, Abrahams admits that the FASB has published ASC sections 740-10-30-5 and 740-10-30-24, referring to deferred tax expenses and future realization of a deferred tax asset, respectively. Abrahams avers that ASC-740-10-30-5 and ASC-740-10-30-24 each speaks for itself, and provide the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 84.

85. Abrahams admits that Mattel carried deferred tax assets on its balance sheet at the time it was preparing its third quarter 2017 financial statements. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85, and on that basis denies each and every remaining allegation contained in Paragraph 85.

86. Abrahams admits that Mattel evaluated an allowance for its deferred tax assets for the third quarter of 2017. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86, and on that basis denies each and every remaining allegation contained in Paragraph 86.

87. Abrahams denies each and every allegation contained in Paragraph 87.

88. Abrahams admits that he and Lightfoot met with Euteneuer. Abrahams denies that he, Lightfoot, and Euteneuer discussed the potential valuation allowance. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88, and on that basis denies each and every remaining allegation contained in Paragraph 88.

89. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, and on that basis denies each and every allegation contained in Paragraph 89.

90. Abrahams denies each and every allegation contained in Paragraph 90.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 14 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

91.     Abrahams denies each and every allegation contained in Paragraph 91.

## 2.     Mattel and PwC Abruptly Change Course Just Before Mattel Publicly Issued Its Third Quarter 2017 Financial Results

92.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, and on that basis denies each and every allegation contained in Paragraph 92.

93.     Abrahams denies that PwC "suddenly reversed [its] decision" regarding Mattel's valuation allowance for the third quarter of 2017, and denies the allegations contained in Paragraph 93 to the extent they characterize Mattel's decision about the valuation allowance as an "abrupt about face."  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 93, and on that basis denies each and every remaining allegation contained in Paragraph 93.

94.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94, and on that basis denies each and every allegation contained in Paragraph 94.

95.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and on that basis denies each and every allegation contained in Paragraph 95.

96.     Abrahams denies each and every allegation contained in Paragraph 96.

97.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and on that basis denies each and every allegation contained in Paragraph 97.

98.     Abrahams denies each and every allegation in Paragraph 98.

99.     Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and on that basis denies each and every allegation contained in Paragraph 99.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 15 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

100.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, and on that basis denies each and every allegation contained in Paragraph 100.

101.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101, and on that basis denies each and every allegation contained in Paragraph 101.

102.   Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 102, and on that basis denies each and every remaining allegation contained in Paragraph 102.

### 3.   Because of Mattel's Faulty Internal Controls, PwC Finds a Critical Error in the Valuation Allowance Calculation "Days Before" Financials Are Published

103.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, and on that basis denies each and every allegation contained in Paragraph 103.

104.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, and on that basis denies each and every allegation contained in Paragraph 104.

105.   The allegations set forth in Paragraph 105 contain legal conclusions or professional opinions to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 105.

106.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and on that basis denies each and every allegation contained in Paragraph 106.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 16 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

107.   Abrahams denies that any action was taken at his direction.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107, and on that basis denies each and every allegation contained in Paragraph 107.

108.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and on that basis denies each and every allegation contained in Paragraph 108.

109.   Abrahams denies each and every allegation contained in Paragraph 109.

110.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, and on that basis denies each and every allegation contained in Paragraph 110.

111.   Abrahams denies the allegations contained in Paragraph 111 to the extent they suggest PwC had the authority to require Mattel to disclose material weaknesses, and denies the allegations contained in Paragraph 111 to the extent they suggest that material weaknesses existed as of the end of the third quarter of 2017.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111, and on that basis denies each and every remaining allegation contained in Paragraph 111.

112.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112, and on that basis denies each and every allegation contained in Paragraph 112.

113.   Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC.  Abrahams avers that Mattel's Form 10-Q, reporting Mattel's third quarter 2017 financial results, speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 113.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 17 -

114.   Abrahams denies each and every allegation contained in Paragraph 114.

### 4. After Third Quarter 2017 Results are Published, Whitaker Finds Another Material Error Requiring A Restatement

115.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115, and on that basis denies each and every allegation contained in Paragraph 115.

116.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116, and on that basis denies each and every allegation contained in Paragraph 116.

117.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117, and on that basis denies each and every allegation contained in Paragraph 117.

118.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118, and on that basis denies each and every allegation contained in Paragraph 118.

119.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119, and on that basis denies each and every allegation contained in Paragraph 119.

120.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120, and on that basis denies each and every allegation contained in Paragraph 120.

121.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121, and on that basis denies each and every allegation contained in Paragraph 121.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 18 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

122. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122, and on that basis denies each and every allegation contained in Paragraph 122.

**D.** **After Mattel Concludes that a Restatement Is Required, Mattel and PwC Conspire to Cover Up the Material Misstatement of Mattel's Financial Results and Mattel's Severe Internal Control Deficiencies**

123. Abrahams denies each and every allegation contained in Paragraph 123.

124. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124, and on that basis denies each and every allegation contained in Paragraph 124.

125. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, and on that basis denies each and every allegation contained in Paragraph 125.

126. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, and on that basis denies each and every allegation contained in Paragraph 126.

127. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127, and on that basis denies each and every allegation contained in Paragraph 127.

128. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, and on that basis denies each and every allegation contained in Paragraph 128.

129. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129, and on that basis denies each and every allegation contained in Paragraph 129.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

130. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, and on that basis denies each and every allegation contained in Paragraph 130.

131. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 131, and on that basis denies each and every remaining allegation contained in Paragraph 131.

132. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and on that basis denies each and every allegation contained in Paragraph 132.

133. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and on that basis denies each and every allegation contained in Paragraph 133.

134. The allegations set forth in Paragraph 134 contain legal conclusions or professional opinions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, and on that basis denies each and every allegation contained in Paragraph 134.

135. The allegations set forth in Paragraph 135 contain legal conclusions or professional opinions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, and on that basis denies each and every allegation contained in Paragraph 135.

136. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and on that basis denies each and every allegation contained in Paragraph 136.

137. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, and on that basis

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 20 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

denies each and every allegation contained in Paragraph 137, including those contained in footnote 1.

138.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, and on that basis denies each and every allegation contained in Paragraph 138.

139.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139, and on that basis denies each and every allegation contained in Paragraph 139.

140.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, and on that basis denies each and every allegation contained in Paragraph 140.

141.   Abrahams denies making the statements attributed to him in the allegations of Paragraph 141.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 141, and on that basis denies each and every remaining allegation contained in Paragraph 141.

142.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142, and on that basis denies each and every allegation contained in Paragraph 142.

143.   Abrahams admits that PwC and Mattel discussed whether the HiT IP was appropriately classified for the purposes of accounting for its deferred tax. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 143.

144.   Abrahams admits that Mattel decided to change the accounting treatment of the HiT IP asset, believing legitimate grounds existed to retroactively reclassify the HiT IP asset as of the start of the fourth quarter.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 144.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 21 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

145.   Abrahams denies that the reclassification of the HiT IP was "done as a maneuver to enable Mattel to avoid a required restatement of third quarter results and the disclosure of material weaknesses in Mattel's internal controls." Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 145, and on that basis denies each and every remaining allegation contained in Paragraph 145.

146.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146, and on that basis denies each and every allegation contained in Paragraph 146.

147.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147, and on that basis denies each and every allegation contained in Paragraph 147.

148.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148, and on that basis denies each and every allegation contained in Paragraph 148.

149.   The allegations set forth in Paragraph 149 contain legal conclusions or professional opinions to which no response is required. To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 149.

150.   Abrahams admits that on April 4, 2019, Mattel filed a Proxy Statement with the SEC. Abrahams avers that Mattel's Proxy Statement speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 150.

151.   Abrahams admits that members of PwC's audit team met with Mattel's Audit Committee to discuss Mattel's 2017 year-end financial statements. Abrahams admits that on April 5, 2018, Mattel filed its 2018 Proxy Statement with the SEC. Abrahams avers that the Proxy Statement speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 22 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

each and every allegation contained in Paragraph 151.

152.   Abrahams denies each and every allegation contained in Paragraph 152.

153.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153, and on that basis denies each and every allegation contained in Paragraph 153.

154.   Abrahams denies each and every allegation contained in Paragraph 154.

155.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155, and on that basis denies each and every allegation contained in Paragraph 155.

156.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156, and on that basis denies each and every allegation contained in Paragraph 156.

157.   Abrahams admits that on February 27, 2018, Mattel filed Form 10-K with the SEC.  Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 157.

158.   Abrahams admits that on February 27, 2018, Mattel filed Form 10-K with the SEC.  Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents.  Abrahams admits that PwC issued an unqualified audit report incorporated into Mattel's 2017 Form 10-K.  Abrahams avers that PwC's audit report speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 158.

159.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159, and on that basis denies each and every allegation contained in Paragraph 159.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 23 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

160.    Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160, and on that basis denies each and every allegation contained in Paragraph 160.

### E.    Mattel and PwC Are Forced to Disclose a Whistleblower Letter Concerning the Fraud

161.    Abrahams admits that on August 8, 2019, Mattel filed a Form 8-K with the SEC.  Abrahams avers that Mattel's Form 8-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 161.

162.    Abrahams admits that on August 8, 2019, Mattel filed a Form 8-K with the SEC.  Abrahams avers that Mattel's Form 8-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 162.

163.    Abrahams admits that on August 9, 2019, the Associated Press published an article titled "Mattel shares sink on whistleblower letter."  Abrahams admits that on August 9, 2019, Bloomberg published a report regarding Mattel's share price.  Abrahams avers that both the Associated Press article and Bloomberg report each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 163.

164.    Abrahams admits that on August 9, 2019, Bloomberg and CNBC published articles regarding Mattel.  Abrahams avers that both the Bloomberg article and CNBC article each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 164.

165.    Abrahams admits that on August 9, 2019, Fox Business published an article titled "Barbie doll-maker Mattel has a whistle blower."  Abrahams avers that the Fox Business article speaks for itself, and provides the best evidence of its

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 24 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 165.

166. Abrahams admits that on August 9, 2019, the L.A. Business Journal published an article regarding Mattel's stock price. Abrahams avers that the L.A. Business Journal article speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 166.

167. Abrahams admits that on August 9, 2019, the International Financing Review published an article regarding an issuer pulling an offering after bonds have been priced. Abrahams avers that the International Financing Review article speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 167.

168. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168, and on that basis denies each and every allegation contained in Paragraph 168.

## V. MATTEL'S POST CLASS PERIOD ADMISSIONS

169. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169, and on that basis denies each and every allegation contained in Paragraph 169.

### A. Mattel Admits That Its Third and Fourth Quarter 2017 Financial Results Were Materially False When Issued, and Announces that the Company Will Issue A Restatement

170. Abrahams admits that on October 29, 2019, Mattel issued a press release regarding its 2019 third quarter financial results. Abrahams avers that the press release speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 170.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 25 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

171.   Abrahams admits that on October 29, 2019, BMO Capital Markets issued an analyst report regarding Mattel's third quarter 2019 results.  Abrahams admits that on October 30, 2019, Wells Fargo Securities issued an analyst report regarding Mattel's third quarter 2019 results.  Abrahams avers that both the BMO Capital Markets analyst report and the Wells Fargo Securities analyst report each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 171.

172.   Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC.  Abrahams avers that Mattel's Form 8-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 172.

173.   Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC.  Abrahams avers that Mattel's Form 8-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 173.

174.   Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC.  Abrahams avers that Mattel's Form 8-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 174.

175.   Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC, attaching a press release as an exhibit.  Abrahams avers that the press release speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 175.

176.   Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC, attaching a press release as an exhibit.  Abrahams avers that the press release speaks for itself, and provides the best evidence of its contents.  Except as

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 26 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 176.

177.   Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC, attaching a press release as an exhibit.  Abrahams avers that the press release speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 177.

178.   Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC, attaching a press release as an exhibit.  Abrahams avers that the press release speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 178.

179.   Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC.  Abrahams avers that Mattel's 8-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 179.

180.   Abrahams admits that on October 30, 2019, Forbes published an article regarding Mattel.  Abrahams avers that the article speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 180.

181.   Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC, attaching a press release as an exhibit.  Abrahams avers that the press release speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 181.

182.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182, and on that basis denies each and every allegation contained in Paragraph 182.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 27 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

183.   Abrahams admits that on November 6, 2019, the Wall Street Journal published an article titled "Mattel, PwC Obscured Accounting Issues, Former Executive Says." Abrahams avers that the article speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 183.

184.   Abrahams admits that on November 6, 2019, the Wall Street Journal published an article titled "Mattel, PwC Obscured Accounting Issues, Former Executive Says." Abrahams admits that on November 14, 2019, Bloomberg published an article regarding Abrahams's departure from PwC. Abrahams avers that both the Wall Street Journal article and Bloomberg article each speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 184.

185.   Abrahams admits that on November 14, 2019, Bloomberg published an article regarding Abrahams's departure from PwC. Abrahams avers that the Bloomberg article speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 185.

186.   Abrahams admits that ProMarket is the publication of the Stigler Center at the University of Chicago Booth School of Business. Abrahams admits that on February 26, 2020, ProMarket published an article regarding Abrahams's departure from PwC. Abrahams avers that the ProMarket article speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 186.

### B.   Mattel Files the Restatement

187.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 28 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

allegations contained in Paragraph 187, and on that basis denies each and every remaining allegation in Paragraph 187.

188.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 188.

189.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 189, and on that basis denies each and every remaining allegation in Paragraph 189.

190.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 190.

191.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams admits that concurrently, PwC issued a "Report of Independent Registered Public Accounting Firm."  Abrahams avers that both Mattel's Form 10-K/A and PwC's audit report each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 191.

192.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 192, and on that basis denies each and every remaining allegation contained in Paragraph 192.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 29 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

193. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 193, and on that basis denies each and every remaining allegation contained in Paragraph 193.

194. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 194.

195. Abrahams admits that on November 15, 2019, Mattel held a conference call. Abrahams avers that the transcript of the call speaks for itself, and provides the best evidence of what was discussed during the call. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 195.

196. Abrahams admits that on November 15, 2019, Bloomberg published an article regarding Mattel's accounting policies. Abrahams avers that the Bloomberg article speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 196.

**C.    The SEC and SDNY Subpoena Mattel**

197. Abrahams admits that on February 25, 2020, Mattel filed its Form 10-K with the SEC for the 2019 fiscal year. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 197.

198. Abrahams admits that on May 6, 2020, Mattel filed a Form 10-Q with the SEC. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 30 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 198.

## VI.   ADDITIONAL SCIENTER ALLEGATIONS

199.   Abrahams denies each and every allegation contained in Paragraph 199 regarding whether Abrahams "knew or were severely reckless in not knowing that Mattel's financial statements were materially false and misleading when issued, and that statements concerning the Company's internal controls were materially false and misleading when made."  Abrahams is without knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in Paragraph 199 concerning the other Defendants, and on that basis denies each and every remaining allegation contained in Paragraph 199 concerning the other Defendants.

200.   Abrahams denies each and every allegation contained in Paragraph 200.

201.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201, and on that basis denies each and every allegation contained in Paragraph 201.

202.   Abrahams admits that Mattel decided to change the accounting treatment of the HiT IP asset, believing legitimate grounds existed to retroactively reclassify the HiT IP asset as of the start of the fourth quarter.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 202.

203.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 regarding Euteneuer, and on that basis denies each and every allegation regarding Euteneuer contained in Paragraph 203.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 203.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 31 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

204. Abrahams admits that on February 27, 2018, Mattel filed Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 204, and on that basis denies each and every remaining allegation contained in Paragraph 204.

205. Abrahams admits that PwC issued an unqualified audit report incorporated into Mattel's 2017 Form 10-K filed with the SEC. Abrahams avers that PwC's audit report speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 205.

206. Abrahams denies each and every allegation contained in Paragraph 206.

207. Abrahams admits that on October 29, 2019, Mattel issued a press release regarding Euteneuer's leaving the company. Abrahams avers that the press release speaks for itself, and provides the best evidence of its contents. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 207, and on that basis denies each and every remaining allegation contained in Paragraph 207.

208. Abrahams admits that he stopped working on the audit team for Mattel's account for PwC. Abrahams admits that he went on leave from PwC and subsequently voluntarily resigned from PwC. Abrahams admits that certain news outlets published reports regarding his departure from PwC. Abrahams avers that such reports speak for themselves, and provide the best evidence of their contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 208.

209. Abrahams denies each and every allegation contained in Paragraph 209 as applicable to him. Abrahams is without knowledge or information sufficient

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 32 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

to form a basis as to the truth of the remaining allegations contained in Paragraph 209 concerning the other Defendants, and on that basis denies each and every remaining allegation contained in Paragraph 209 concerning the other Defendants.

210.    Abrahams denies each and every allegation contained in Paragraph 210.

211.    Abrahams admits that he spoke with Euteneuer concerning whether Mattel would record a valuation allowance against its deferred tax assets in its third quarter 2017 financial results.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 211, and on that basis denies each and every remaining allegation contained in Paragraph 211.

212.    Abrahams denies each and every allegation contained in Paragraph 212 as applicable to him.  Abrahams is without knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in Paragraph 212 concerning the other Defendants, and on that basis denies each and every remaining allegation contained in Paragraph 212 concerning the other Defendants.

213.    Abrahams admits that on August 2, 2017, Mattel filed a Form 10-Q with the SEC.  Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC.  Abrahams avers that each Form 10-Q speaks for itself, and provides the best evidence of its contents.  Abrahams admits that Toys "R" Us declared bankruptcy.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 213, and on that basis denies each and every remaining allegation contained in Paragraph 213.

214.    Abrahams denies each and every allegation contained in Paragraph 214.

215.    Abrahams denies each and every allegation contained in Paragraph 215 regarding Mattel's documentation system and internal controls.  Abrahams is

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 33 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 215 regarding Whitaker's conversations with Wong and Mattel's Internal Audit department, and on that basis denies each and every remaining allegation contained in Paragraph 215.

216. Abrahams admits that PwC served as Mattel's registered outside auditing firm since 1974. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 216.

217. Abrahams denies that PwC and Mattel "conspired to fraudulently avoid issuing a restatement" or otherwise misstate any aspect of Mattel's third quarter financial results or statements about Mattel's internal controls over financial reporting. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 217, and on that basis denies each and every remaining allegation contained in Paragraph 217.

218. Abrahams denies each and every allegation contained in Paragraph 218 as applicable to him. Abrahams is without knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in Paragraph 218 concerning the other Defendants, and on that basis denies each and every remaining allegation contained in Paragraph 218 concerning the other Defendants.

219. To the extent the allegations set forth in Paragraph 219 contain legal conclusions and questions of law, no response is required. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 219, and on that basis denies each and every remaining allegation contained in Paragraph 219.

220. To the extent the allegations set forth in Paragraph 220 contain legal conclusions and questions of law, no response is required. Abrahams denies each and every allegation contained in Paragraph 220 as applicable to him. Abrahams is without knowledge or information sufficient to form a basis as to the truth of the

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 34 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

remaining allegations contained in Paragraph 220 concerning Brierley and Lightfoot, and on that basis denies each and every remaining allegation contained in Paragraph 220 concerning Brierley and Lightfoot.

## VII.   MATTEL VIOLATED STATUTES, REGULATIONS, AND STANDARDS REQUIRING IT TO ESTABLISH EFFECTIVE INTERNAL CONTROLS, AND CERTIFY THEIR EFFECTIVENESS TO INVESTORS

### A.   Laws and Regulations Governing Internal Controls

221.   Abrahams admits that Mattel is a public company.  To the extent the allegations set forth in Paragraph 221 contain legal conclusions and questions of law, no response is required.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 221.

222.   The allegations set forth in Paragraph 222 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 222.

223.   The allegations set forth in Paragraph 223 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 223.

224.   The allegations set forth in Paragraph 224 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 224.

225.   The allegations set forth in Paragraph 225 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 225.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 35 -

226.   The allegations set forth in Paragraph 226 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 226.

227.   The allegations set forth in Paragraph 227 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 227.

228.   The allegations set forth in Paragraph 228 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 228.

229.   The allegations set forth in Paragraph 229 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 229.

230.   Abrahams admits that the Committee of Sponsoring Organizations of the Treadway Commission ("COSO") has published an internal controls framework to assist publicly traded companies with SOX compliance.  Abrahams avers that the COSO framework speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 230.

231.   Abrahams admits that the COSO has published an internal controls framework to assist publicly traded companies with SOX compliance.  Abrahams avers that the COSO framework speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 231.

232.   Abrahams admits that the COSO has published an internal controls

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 36 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

framework to assist publicly traded companies with SOX compliance. Abrahams avers that the COSO framework speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 232.

233. Abrahams admits that the COSO has published an internal controls framework to assist publicly traded companies with SOX compliance. Abrahams avers that the COSO framework speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 233.

234. Abrahams admits that the COSO has published an internal controls framework to assist publicly traded companies with SOX compliance. Abrahams avers that the COSO framework speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 234.

235. The allegations set forth in Paragraph 235 contain legal conclusions and questions of law to which no response is required. To the extent an answer is required, Abrahams denies each and every allegation contained in Paragraph 235.

236. The allegations set forth in Paragraph 236 contain legal conclusions and questions of law to which no response is required. To the extent that an answer may be required, Abrahams denies each and every allegation contained in Paragraph 236.

237. The allegations set forth in Paragraph 237 contain legal conclusions and questions of law to which no response is required. To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 237.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 37 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

## B.    Mattel Violated Statutes and Regulations Governing Internal Controls

238.    Abrahams admits that during the purported Class Period, Mattel filed quarterly and annual reports with the SEC.  Abrahams avers that each of Mattel's SEC filings during the purported Class Period speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 238 as applicable to him.  Abrahams is without knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in Paragraph 238 concerning the other Defendants, and on that basis denies each and every remaining allegation contained in Paragraph 238 concerning the other Defendants.

239.    Abrahams admits that during the purported Class Period, Mattel filed quarterly and annual reports with the SEC.  Abrahams avers that each of Mattel's SEC filings during the purported Class Period speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 239.

240.    Abrahams admits that during the purported Class Period, Mattel filed quarterly and annual reports, including a 2018 Form 10-K/A on November 12, 2019, with the SEC.  Abrahams avers that each of Mattel's SEC filings during the purported Class Period speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 240.

241.    Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 241.

242.    Abrahams denies each and every allegation contained in Paragraph 242.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 38 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

243.   Abrahams admits that Mattel represented that its financial statements and internal controls complied with the COSO framework.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 243.

244.   Abrahams admits that Mattel represented that its financial statements and internal controls complied with the COSO framework.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 244.

245.   Abrahams admits that Mattel represented that its financial statements and internal controls complied with the COSO framework.  Abrahams denies each and every allegation contained in Paragraph 245.

246.   The allegations set forth in Paragraph 246 contain legal conclusions or professional opinions to which no response is required.  To the extent an answer may be required, Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 246.

## VIII.  <u>MATTEL VIOLATED GAAP</u>

247.   The allegations set forth in Paragraph 247 contain legal conclusions or professional opinions to which no response is required.  To the extent an answer may be required, Abrahams admits that the FASB and American Institute of Certified Public Accountants ("AICPA") have promulgated accounting standards colloquially referred to as GAAP.  Abrahams admits that the FASB has issued guidance in the form of FASB Concept Statements ("FASCON").  Abrahams admits that GAAP generally applies to publicly traded companies such as Mattel, and is recognized as a set of conventions, rules, and procedures defining accepted accounting practices at a given time.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 247.

248.   To the extent the allegations set forth in Paragraph 248 contain legal conclusions or professional opinions, no response is required.  Abrahams admits

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 39 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

that during the purported Class Period, Mattel filed quarterly and annual reports with the SEC. Abrahams avers that each of Mattel's SEC filings speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 248.

249. Abrahams denies each and every allegation contained in Paragraph 249.

### A. GAAP Accounting for Deferred Tax Assets

250. To the extent the allegations set forth in Paragraph 250 contain legal conclusions and questions of law, no response is required. Abrahams admits that ASC 740 addresses income tax issues, including the treatment of deferred tax assets. Abrahams avers that ASC-740-10-05-1 speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 250.

251. Abrahams admits that Mattel filed Form 10-Ks with the SEC. Abrahams avers that each of Mattel's Form 10-Ks speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 251.

252. To the extent the allegations set forth in Paragraph 252 contain legal conclusions and questions of law, no response is required. Abrahams admits that ASC-740-10-30-3 and ASC-740-10-30-4 each address income tax issues related to deferred tax expenses. Abrahams avers that both ASC-740-10-30-3 and ASC-740-10-30-4 each speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 252.

253. To the extent the allegations set forth in Paragraph 253 contain legal conclusions and questions of law, no response is required. Abrahams admits that ASC-740-10-20 contains the ASC's glossary of terms for its income tax guidance. Abrahams avers that ASC-740-10-20 speaks for itself, and provides the best

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 40 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 253.

254.   To the extent the allegations set forth in Paragraph 254 contain legal conclusions and questions of law, no response is required.  Abrahams admits that ASC-740-10-20 contains the ASC's glossary of terms for its income tax guidance.  Abrahams avers that ASC-740-10-20 speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 254.

255.   To the extent the allegations set forth in Paragraph 255 contain legal conclusions and questions of law, no response is required.  Abrahams admits that ASC-740-10-30-2, ASC-740-10-30-4, and ASC-740-10-30-5 each refer to basic requirements to the measurement of current and deferred income taxes and deferred tax expenses generally.  Abrahams avers that each of ASC-740-10-30-2, ASC-740-10-30-4, and ASC-740-10-30-5 speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 255.

256.   Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC for the 2017 fiscal year.  Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 256.

257.   To the extent the allegations set forth in Paragraph 257 contain legal conclusions and questions of law, no response is required.  Abrahams admits that ASC-740-10-30-18 refers to the establishment of a valuation allowance for deferred tax assets.  Abrahams avers that ASC-740-10-30-18 speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 257.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 41 -

258.   To the extent the allegations set forth in Paragraph 258 contain legal conclusions and questions of law, no response is required.  Abrahams avers that ASC-350-30-35-6 speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 258.

259.   To the extent the allegations set forth in Paragraph 259 contain legal conclusions and questions of law, no response is required.  Abrahams admits that ASC 740 generally refers to income tax accounting guidance.  Abrahams avers that ASC 740 speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 259.

## B.    GAAP Requires Correction of Material Errors in Previously-Issued Financial Statements Via Restatement

260.   The allegations set forth in Paragraph 260 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams avers that the provisions of GAAP speak for themselves, and provide the best evidence of their contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 260.

261.   To the extent the allegations set forth in Paragraph 261 contain legal conclusions and questions of law, no response is required.  Abrahams avers that ASC-250-10-20 speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 261.

262.   To the extent the allegations set forth in Paragraph 262 contain legal conclusions and questions of law, no response is required.  Abrahams avers that ASC-250-10-20 and ASC-250-10-45-23 each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 262.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

### C.    Mattel Violated GAAP By Failing to Issue a Restatement Once It Identified A Material Misstatement in Its Financial Results

263.    Abrahams admits that on August 2, 2017, Mattel filed a Form 10-Q with the SEC.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 263, and on that basis denies each and every remaining allegation contained in Paragraph 263.

264.    Abrahams denies each and every allegation contained in Paragraph 264.

265.    Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 265, and on that basis denies each and every remaining allegation contained in Paragraph 265.

266.    Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 266, and on that basis denies each and every remaining allegation contained in Paragraph 266.

267.    The allegations set forth in Paragraph 267 contain legal conclusions or professional opinions to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 267.

268.    Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 43 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 268, and on that basis denies each and every remaining allegation contained in Paragraph 268.

269. Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC. Abrahams admits that on February 27, 2018, Mattel filed its 2017 Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-Q and Form 10-K each speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 269, and on that basis denies each and every remaining allegation contained in Paragraph 269.

270. To the extent the allegations set forth in Paragraph 270 contain legal conclusions and questions of law, no response is required. Abrahams admits that ASC-250-10-45-23 refers to correction of an error in previously issued financial statements. Abrahams avers that ASC-250-10-45-23 speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 270.

271. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 271.

## IX. PWC FALSELY CERTIFIED THAT IT HAD AUDITED MATTEL'S FINANCIAL STATEMENTS AND INTERNAL CONTROLS FOR 2017 AND 2018 IN ACCORDANCE WITH CONTROLLING AUDITING STANDARDS

272. The allegations set forth in Paragraph 272 contain legal conclusions and questions of law to which no response is required. To the extent an answer

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 44 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

may be required, Abrahams denies each and every allegation contained in Paragraph 272.

273.   Abrahams denies each and every allegation contained in Paragraph 273.

**A.   PCAOB Auditing Standards**

274.   To the extent the allegations set forth in Paragraph 274 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 274.

275.   To the extent the allegations set forth in Paragraph 275 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 275.

276.   To the extent the allegations set forth in Paragraph 276 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 276.

277.   To the extent the allegations set forth in Paragraph 277 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 45 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 277.

278. To the extent the allegations set forth in Paragraph 278 contain legal conclusions and questions of law, no response is required. Abrahams admits that the PCAOB publishes Auditing Standards. Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 278.

279. To the extent the allegations set forth in Paragraph 279 contain legal conclusions and questions of law, no response is required. Abrahams admits that the PCAOB publishes Auditing Standards. Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 279.

280. To the extent the allegations set forth in Paragraph 280 contain legal conclusions and questions of law, no response is required. Abrahams admits that the PCAOB publishes Auditing Standards. Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 280.

281. To the extent the allegations set forth in Paragraph 281 contain legal conclusions and questions of law, no response is required. Abrahams admits that the PCAOB publishes Auditing Standards. Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 281.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 46 -

## B.   PwC's Violations of the PCAOB Auditing Standards

282.   Abrahams admits that PwC issued audit reports that were incorporated into each of Mattel's originally-issued 2017 and 2018 Form 10-Ks.  Abrahams avers that PwC's audit reports speak for themselves, and provide the best evidence of their contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 282.

283.   The allegations set forth in Paragraph 283 contain legal conclusions or professional opinions to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 283.

### 1.   PwC Violated PCAOB Auditing Standards in Failing to Report Material Weaknesses Beginning in the Second Quarter 2017

284.   Abrahams admits that PwC has served as Mattel's auditor for approximately 45 years, with various PwC partners and other personnel working with Mattel during that time period.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 284, and on that basis denies each and every remaining allegation contained in Paragraph 284.

285.   To the extent the allegations set forth in Paragraph 285 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 285.

286.   Abrahams admits that PwC and Mattel assessed the need to record a valuation allowance against Mattel's deferred tax assets pursuant to PwC's audits of

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 47 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

Mattel.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 286.

287.   Abrahams admits that during the purported Class Period, PwC did not require that Mattel disclose any material weaknesses in its internal controls.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 287.

288.   Abrahams denies each and every allegation contained in Paragraph 288.

289.   Abrahams denies each and every allegation contained in Paragraph 289.

290.   Abrahams admits that Mattel did not report material weaknesses in the Form 10-Qs it filed with the SEC for the second and third quarter of 2017.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 290.

291.   To the extent the allegations set forth in Paragraph 291 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 291.

292.   Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 292.

293.   The allegations set forth in Paragraph 293 contain legal conclusions or professional opinions to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 293.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 48 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

294.   The allegations set forth in Paragraph 294 contain legal conclusions or professional opinions to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 294.

### 2.   PwC Knowingly Made Materially False and Misleading Statements in Mattel's 2017 and 2018 Forms 10-K

295.   To the extent the allegations set forth in Paragraph 295 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Abrahams admits that PwC's opinion regarding internal controls was incorporated into each of Mattel's originally-issued 2017 and 2018 Form 10-Ks.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 295.

296.   Abrahams denies each and every allegation contained in Paragraph 296.

297.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297, and on that basis denies each and every allegation contained in Paragraph 297.

298.   Abrahams admits that PwC issued an unqualified audit report that was incorporated into Mattel's 2017 Form 10-K filed with the SEC.  Abrahams avers that Mattel's 2017 Form 10-K, containing PwC's unqualified audit report, speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 298.

299.   The allegations set forth in Paragraph 299 contain legal conclusions or questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 299.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 49 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

300. The allegations set forth in Paragraph 300 contain legal conclusions or questions of law to which no response is required. To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 300.

301. Abrahams admits that on February 22, 2019, Mattel filed a Form 10-K with the SEC for the 2018 fiscal year. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 301.

302. Abrahams admits that on February 22, 2019, Mattel filed a Form 10-K with the SEC for the 2018 fiscal year. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 302.

### 3. PwC Violated PCAOB Auditing Standards When It Did Not Require Mattel to Restate its Third Quarter 2017 Form 10-Q

303. To the extent the allegations set forth in Paragraph 303 contain legal conclusions and questions of law, no response is required. Abrahams admits that the PCAOB publishes Auditing Standards. Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 303.

304. To the extent the allegations set forth in Paragraph 304 contain legal conclusions and questions of law, no response is required. Abrahams admits that the PCAOB publishes Auditing Standards. Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 304.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 50 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

305.   The allegations set forth in Paragraph 305 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 305.

### 4. In Conspiring to Cover Up A Material Misstatement, PwC Also Violated PCAOB Standards of Independence and Due Care

306.   To the extent the allegations set forth in Paragraph 306 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 306.

307.   To the extent the allegations set forth in Paragraph 307 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 307.

308.   The allegations set forth in Paragraph 305 contain legal conclusions and questions of law to which no response is required.  To the extent an answer may be required, Abrahams otherwise denies each and every allegation contained in Paragraph 308.

309.   Abrahams denies each and every allegation contained in Paragraph 309.

310.   The allegations set forth in Paragraph 310 contain legal conclusions or questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 310.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 51 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

311.   To the extent the allegations set forth in Paragraph 311 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 311.

312.   To the extent the allegations set forth in Paragraph 312 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 312.

313.   The allegations set forth in Paragraph 313 contain legal conclusions or questions of law to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 313.

314.   To the extent the allegations set forth in Paragraph 314 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set of Auditing Standards speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 314.

## C.    Mattel's Relationship with PwC Violated Auditor Independence Requirements

315.   Abrahams denies each and every allegation contained in Paragraph 315.

316.   To the extent the allegations set forth in Paragraph 316 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB publishes Auditing Standards.  Abrahams avers that the PCAOB's set

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 52 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

of Auditing Standards speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 316.

317. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 317, and on that basis denies each and every allegation contained in Paragraph 317.

318. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 318, and on that basis denies each and every allegation contained in Paragraph 318.

319. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 319, and on that basis denies each and every allegation contained in Paragraph 319.

320. Abrahams admits that on December 17, 2019, the Wall Street Journal published an article regarding PwC. Abrahams avers that the Wall Street Journal article speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 320.

321. Abrahams admits that on December 17, 2019, the Wall Street Journal published an article regarding PwC. Abrahams avers that the Wall Street Journal article speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 321.

322. To the extent the allegations set forth in Paragraph 322 contain legal conclusions and questions of law, no response is required. Abrahams admits that Mattel's Audit Committee issued a report. Abrahams avers that the Audit Committee's report speaks for itself, and provides the best evidence of its contents. Abrahams admits that the PCAOB and SEC each have promulgated auditor

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 53 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

independence rules. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 322.

323. Abrahams admits that PwC provided audit services to Mattel. Abrahams denies each and every allegation contained in Paragraph 323 regarding the ability of PwC to be an independent auditor. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 323 regarding the specific amounts of fees generated by PwC for various services provided to Mattel, and on that basis denies each and every remaining allegation contained in Paragraph 323.

## X. DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

324. The allegations set forth in Paragraph 324 contain legal conclusions or professional opinions to which no response is required. To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 324.

### A. Materially False And Misleading Statements And Omissions Concerning The Second Quarter 2017

325. Abrahams admits that on August 2, 2017, Mattel filed a Form 10-Q with the SEC. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 325, and on that basis denies each and every remaining allegation contained in Paragraph 325.

326. Abrahams denies that Mattel's "internal controls over financial reporting were severely deficient" as of June 30, 2017. Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC, which attached a press release regarding its financial results for the third and fourth quarters of 2017. Abrahams avers that Mattel's Form 8-K and associated press release each speaks

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 54 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

for itself, and each provides the best evidence of its contents. Abrahams is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 326, and on that basis denies each and every remaining allegation contained in Paragraph 326.

327. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 327, and on that basis denies each and every allegation contained in Paragraph 327.

328. Abrahams denies that "Mattel's disclosure controls were severely deficient" as of June 30, 2017, and denies that PwC "exploited" any "deficiencies in disclosure controls and procedures" at Mattel. Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC, which attached a press release regarding its financial results for the third and fourth quarters of 2017. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 8-K, the attached press release, and the Form 10-K/A each speaks for itself, and provides the best evidence of its contents. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 328, and on that basis denies each and every remaining allegation in Paragraph 328.

329. Abrahams admits that on August 2, 2017, Mattel filed a Form 10-Q with the SEC. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 329.

330. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 330, and on that basis denies each and every allegation contained in Paragraph 330.

331. Abrahams denies that "Mattel's disclosure controls were severely deficient" as of June 30, 2017, and denies that PwC "exploited" any "deficiencies in in disclosure controls and procedures" at Mattel. Abrahams admits that on

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 55 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

November 15, 2019, Mattel held a Third Quarter 2019 Earnings Call. Abrahams avers that the "Third Quarter 2019 Earnings Transcript," located on Mattel's website, speaks for itself, and provides the best evidence of what was discussed during the call. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 331.

## B. Materially False And Misleading Statements And Omissions Concerning The Third Quarter 2017

332. Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC containing its third quarter 2017 financial results. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 332, and on that basis denies each and every remaining allegation contained in Paragraph 332.

333. Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC containing its third quarter 2017 financial results. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 333, and on that basis denies each and every remaining allegation contained in Paragraph 333.

334. Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC containing its third quarter 2017 financial results. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 334, and on that basis denies each and every remaining allegation contained in Paragraph 334.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 56 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

335.    Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC containing its third quarter 2017 financial results.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A.  Abrahams avers that both Mattel's Form 10-Q and Form 10-K/A each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 335, and on that basis denies each and every remaining allegation contained in Paragraph 335.

336.    Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC containing its third quarter 2017 financial results.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A.  Abrahams avers that both Mattel's Form 10-Q and Form 10-K/A each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 336, and on that basis denies each and every remaining allegation contained in Paragraph 336.

337.    Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC containing its third quarter 2017 financial results.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 337, and on that basis denies each and every remaining allegation contained in Paragraph 337.

338.    Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 57 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

belief as to the truth of the remaining allegations contained in Paragraph 338, and on that basis denies each and every remaining allegation in Paragraph 338.

339.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 339, and on that basis denies each and every allegation contained in Paragraph 339.

340.   Abrahams denies that "Mattel's disclosure controls and procedures were severely deficient as of September 30, 2017."  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 340, and on that basis denies each and every remaining allegation in Paragraph 340.

341.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 341, and on that basis denies each and every allegation contained in Paragraph 341.

342.   Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC containing its third quarter 2017 financial results.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 342, and on that basis denies each and every remaining allegation contained in Paragraph 342.

343.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 343, and on that basis denies each and every allegation contained in Paragraph 343.

344.   Abrahams denies that "Mattel's disclosure controls and procedures were severely deficient as of September 30, 2017."  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 58 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 344, and on that basis denies each and every remaining allegation in Paragraph 344.

345. Abrahams admits that on October 26, 2017, Mattel filed a Form 10-Q with the SEC containing its third quarter 2017 financial results. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 345, and on that basis denies each and every remaining allegation contained in Paragraph 345.

346. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 346, and on that basis denies each and every allegation contained in Paragraph 346.

347. Abrahams admits that on October 26, 2017, Mattel filed a Form 8-K with the SEC, attaching a press release and also held an earnings call regarding third quarter 2017 earnings. Abrahams avers that each of Mattel's Form 8-K, press release, and "Q3 2017 Earnings Transcript" speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 347, and on that basis denies each and every remaining allegation contained in Paragraph 347.

C. **Materially False And Misleading Statements And Omissions Concerning The Fourth Quarter and Full Year 2017**

348. Abrahams admits that on February 1, 2018, Mattel held an earnings call regarding its fourth quarter and full year 2017 financial results. Abrahams avers that the "Q4 2017 Earnings Transcript," available on Mattel's website, speaks

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 59 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

for itself, and provides the best evidence of what was discussed.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 348, and on that basis denies each and every remaining allegation contained in Paragraph 348.

349.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 349, and on that basis denies each and every allegation contained in Paragraph 349.

350.   Abrahams admits that on February 1, 2018, Mattel filed a Form 8-K with the SEC, attaching an earnings press release and investor presentation. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC.  Abrahams avers that each of Mattel's Form 8-K, press release, investor presentation, and Form 10-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 350, and on that basis denies each and every remaining allegation contained in Paragraph 350.

351.   Abrahams admits that on February 1, 2018, Mattel filed a Form 8-K with the SEC, attaching an earnings press release and investor presentation. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC.  Abrahams avers that each of Mattel's Form 8-K, press release, investor presentation, and Form 10-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 351, and on that basis denies each and every remaining allegation contained in Paragraph 351.

352.   Abrahams admits that on February 1, 2018, Mattel filed a Form 8-K with the SEC, attaching earnings press release and investor presentation.  Abrahams

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 60 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that each of Mattel's Form 8-K, press release, investor presentation, and Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 352.

353. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 353, and on that basis denies each and every remaining allegation contained in Paragraph 353.

354. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 354, and on that basis denies each and every remaining allegation contained in Paragraph 354.

355. Abrahams denies that any "scheme" existed. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 355, and on that basis denies each and every remaining allegation contained in Paragraph 355.

356. Abrahams admits that on February 1, 2018, Mattel filed a Form 8-K with the SEC, attaching an earnings press release and investor presentation. Abrahams avers that each of Mattel's Form 8-K, press release, and investor presentation speaks for itself, and provides the best evidence of its contents. Except

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 356, and on that basis denies each and every remaining allegation contained in Paragraph 356.

357. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 357.

358. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 358, and on that basis denies each and every remaining allegation contained in Paragraph 358.

359. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 359, and on that basis denies each and every remaining allegation contained in Paragraph 359.

360. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 360, and on that basis denies each and every allegation contained in Paragraph 360.

361. Abrahams denies that "Mattel's internal controls over financial reporting" were "severely deficient as of December 31, 2017." Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 62 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 361, and on that basis denies each and every remaining allegation in Paragraph 361.

362. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 362, and on that basis denies each and every remaining allegation contained in Paragraph 362.

363. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 363, and on that basis denies each and every allegation contained in Paragraph 363.

364. Abrahams denies that "Mattel's disclosure controls were severely deficient" as of December 31, 2017. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 364, and on that basis denies each and every remaining allegation in Paragraph 364.

365. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 365, and on that basis denies each and every remaining allegation contained in Paragraph 365.

366. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 63 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 366, and on that basis denies each and every remaining allegation in Paragraph 366.

367. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 367, and on that basis denies each and every allegation contained in Paragraph 367.

368. Abrahams denies that "Mattel's disclosure controls were severely deficient" as of December 31, 2017. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 368, and on that basis denies each and every remaining allegation in Paragraph 368.

369. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 369, and on that basis denies each and every remaining allegation contained in Paragraph 369.

370. Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 370, and on that basis denies each and every remaining allegation contained in Paragraph 370.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 64 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

371.   Abrahams is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 371, and on that basis denies each and every allegation contained in Paragraph 371.

372.   Abrahams admits that PwC issued an unqualified audit report included within Mattel's 2017 Form 10-K, which was filed on February 27, 2018 with the SEC.  Abrahams avers that Mattel's 2017 Form 10-K, and PwC's unqualified report included therein, each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 372.

373.   Abrahams denies each and every allegation contained in Paragraph 373.

374.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 374.

375.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 375 regarding PwC restating its audit report for the year ending December 31, 2018.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 375.

376.   Abrahams admits that on February 27, 2018, Mattel filed a Form 10-K with the SEC.  Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 376.

377.   Abrahams denies each and every allegation contained in Paragraph 377.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 65 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

378.   To the extent the allegations set forth in Paragraph 378 contain legal conclusions and questions of law, no response is required.  Abrahams admits that the PCAOB and SEC each have promulgated auditor independence rules.  Abrahams admits that Mattel's Audit Committee issued a report.  Abrahams avers that Audit Committee's report speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 378.

## D.   Materially False And Misleading Statements And Omissions Concerning The First Quarter 2018

379.   Abrahams admits that on April 5, 2018, Mattel filed a 2018 Proxy Statement and Notice of Annual Meeting of Stockholders Held on May 17, 2018 with the SEC.  Abrahams avers that both Mattel's Proxy Statement and Notice of Annual Meeting each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 379.

380.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 380.

381.   Abrahams admits that on April 26, 2018, Mattel filed its Form 10-Q with the SEC for the first quarter of 2018.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 381.

382.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 382, and on that basis denies each and every allegation contained in Paragraph 382.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 66 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

383.    Abrahams denies that "Mattel's disclosure controls were severely deficient" as of March 31, 2018.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 383, and on that basis denies each and every remaining allegation in Paragraph 383.

384.    Abrahams admits that on April 26, 2018, Mattel filed its Form 10-Q with the SEC for the first quarter of 2018.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 384, and on that basis denies each and every remaining allegation contained in Paragraph 384.

385.    Abrahams denies that "Mattel's internal controls over financial reporting were severely deficient" as of March 31, 2018.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 385, and on that basis denies each and every remaining allegation in Paragraph 385.

386.    Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 386, and on that basis denies each and every allegation contained in Paragraph 386.

387.    Abrahams denies that "Mattel's disclosure controls were severely deficient" as of March 31, 2018.  Abrahams admits that on November 12, 2019,

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 67 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 387, and on that basis denies each and every remaining allegation in Paragraph 387.

### E. Materially False And Misleading Statements And Omissions Concerning The Second Quarter 2018

388. Abrahams admits that on July 25, 2018, Mattel filed its Form 10-Q with the SEC for the second quarter of 2018. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 388, and on that basis denies each and every remaining allegation contained in Paragraph 388.

389. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 389, and on that basis denies each and every allegation contained in Paragraph 389.

390. Abrahams denies that "Mattel's disclosure controls were severely deficient" as of June 30, 2018. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 390, and on that basis denies each and every remaining allegation in Paragraph 390.

391. Abrahams admits that on July 25, 2018, Mattel filed its Form 10-Q with the SEC for the second quarter of 2018. Abrahams avers that Mattel's Form

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 68 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

10-Q speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 391, and on that basis denies each and every remaining allegation contained in Paragraph 391.

392.   Abrahams denies that "Mattel's internal controls over financial reporting were severely deficient" as of June 30, 2018.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 392, and on that basis denies each and every remaining allegation in Paragraph 392.

393.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 393, and on that basis denies each and every allegation contained in Paragraph 393.

394.   Abrahams denies that "Mattel's disclosure controls were severely deficient" as of June 30, 2018.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 394, and on that basis denies each and every remaining allegation in Paragraph 394.

**F.   Materially False And Misleading Statements And Omissions Concerning The Third Quarter 2018**

395.   Abrahams admits that on October 25, 2018, Mattel filed a Form 10-Q with the SEC for the third quarter of 2018.  Abrahams avers that Mattel's Form 10-

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 69 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 395.

396. Abrahams admits that on October 25, 2018, Mattel filed a Form 10-Q with the SEC for the third quarter of 2018. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 396, and on that basis denies each and every remaining allegation contained in Paragraph 396.

397. Abrahams admits that on October 25, 2018, Mattel filed a Form 10-Q with the SEC for the third quarter of 2018. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 397, and on that basis denies each and every remaining allegation contained in Paragraph 397.

398. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 398, and on that basis denies each and every allegation contained in Paragraph 398.

399. Abrahams denies that "Mattel's disclosure controls were severely deficient" as of September 30, 2018. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 399, and on that basis denies each and every remaining allegation in Paragraph 399.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 70 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

400.   Abrahams admits that on October 25, 2018, Mattel filed a Form 10-Q with the SEC for the third quarter of 2018.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 400, and on that basis denies each and every remaining allegation contained in Paragraph 400.

401.   Abrahams denies that "Mattel's internal controls over financial reporting were severely deficient" as of September 30, 2018.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 401, and on that basis denies each and every remaining allegation in Paragraph 401.

402.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 402, and on that basis denies each and every allegation contained in Paragraph 402.

403.   Abrahams denies that "Mattel's disclosure controls were severely deficient" as of September 30, 2018.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 403, and on that basis denies each and every remaining allegation in Paragraph 403.

404.   Abrahams admits that on October 25, 2018, Mattel filed a Form 8-K with the SEC, attaching an earnings press release and investor presentation

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 71 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

regarding its third quarter 2018 financial results, and held an earnings call on the same date. Abrahams avers that each of Mattel's Form 8-K, press release, and investor presentation speaks for itself, and provides the best evidence of its contents. Abrahams avers that Mattel's "Third Quarter 2018 Earnings Transcript" speaks for itself, and provides the best evidence of what was discussed. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 404, and on that basis denies each and every remaining allegation contained in Paragraph 404.

### G. Materially False And Misleading Statements And Omissions Concerning The Fourth Quarter and Full Year 2018

405. Abrahams admits that on February 22, 2019, Mattel filed a 2018 Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 405, and on that basis denies each and every remaining allegation contained in Paragraph 405.

406. Abrahams admits that on February 22, 2019, Mattel filed a 2018 Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 406, and on that basis denies each and every remaining allegation contained in Paragraph 406.

407. Abrahams admits that on February 22, 2019, Mattel filed a 2018 Form 10-K with the SEC. Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 72 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

the truth of the remaining allegations contained in Paragraph 407, and on that basis denies each and every remaining allegation contained in Paragraph 407.

408.  Abrahams admits that on February 22, 2019, Mattel filed a 2018 Form 10-K with the SEC.  Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 408, and on that basis denies each and every remaining allegation contained in Paragraph 408.

409.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 409, and on that basis denies each and every allegation contained in Paragraph 409.

410.  Abrahams denies that "Mattel's disclosure controls were severely deficient" as of December 31, 2018.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 410, and on that basis denies each and every remaining allegation in Paragraph 410.

411.  Abrahams admits that on February 22, 2019, Mattel filed a 2018 Form 10-K with the SEC.  Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 411, and on that basis denies each and every remaining allegation contained in Paragraph 411.

412.  Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 412, and on that basis denies each and every allegation contained in Paragraph 412.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 73 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

413.   Abrahams denies that "Mattel's disclosure controls were severely deficient" as of December 31, 2018.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 413, and on that basis denies each and every remaining allegation in Paragraph 413.

414.   Abrahams admits that on February 22, 2019, Mattel filed its 2018 Form 10-K with the SEC.  Abrahams avers that Mattel's Form 10-K speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 414, and on that basis denies each and every remaining allegation contained in Paragraph 414.

415.   Abrahams admits that PwC issued an unqualified audit report included within Mattel's 2018 Form 10-K, filed on February 22, 2019 with the SEC. Abrahams avers that Mattel's 2018 Form 10-K, and PwC's unqualified report included therein, speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 415.

416.   Abrahams denies each and every allegation contained in Paragraph 416.

417.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 417.

418.   Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 74 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 418.

419. Abrahams admits that PwC issued an audit report included within Mattel's 2018 Form 10-K, filed on February 22, 2019 with the SEC. Abrahams avers that PwC's opinion included therein, speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 419.

420. Abrahams denies each and every allegation contained in Paragraph 420.

421. The allegations set forth in Paragraph 421 contain legal conclusions or professional opinions to which no response is required. To the extent an answer may be required, Abrahams admits that the PCAOB and SEC each have promulgated auditor independence rules. Abrahams admits that Mattel's Audit Committee issued a report. Abrahams avers that the Audit Committee's report speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 421.

### H. Materially False And Misleading Statements And Omissions Concerning The First Quarter 2019

422. Abrahams admits that on April 26, 2019, Mattel filed a Form 10-Q with the SEC for the first quarter of 2019. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 422.

423. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 423, and on that basis denies each and every allegation contained in Paragraph 423.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 75 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

424.    Abrahams denies that "Mattel's disclosure controls were severely deficient" as of March 31, 2019.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 424, and on that basis denies each and every remaining allegation in Paragraph 424.

425.    Abrahams admits that on April 26, 2019, Mattel filed a Form 10-Q with the SEC for the first quarter of 2019.  Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 425, and on that basis denies each and every remaining allegation contained in Paragraph 425.

426.    Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 426, and on that basis denies each and every allegation contained in Paragraph 426.

427.    Abrahams denies that "Mattel's disclosure controls were severely deficient" as of March 31, 2019.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 427, and on that basis denies each and every remaining allegation in Paragraph 427.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 76 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

## I. Materially False And Misleading Statements And Omissions Concerning The Second Quarter 2019

428. Abrahams admits that on July 26, 2019, Mattel filed a Form 10-Q with the SEC for the second quarter of 2019. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 428, and on that basis denies each and every remaining allegation contained in Paragraph 428.

429. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 429, and on that basis denies each and every allegation contained in Paragraph 429.

430. Abrahams denies that "Mattel's disclosure controls were severely deficient" as of June 30, 2019. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 430, and on that basis denies each and every remaining allegation in Paragraph 430.

431. Abrahams admits that on July 26, 2019, Mattel filed a Form 10-Q with the SEC for the second quarter of 2019. Abrahams avers that Mattel's Form 10-Q speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 431, and on that basis denies each and every remaining allegation contained in Paragraph 431.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 77 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

432. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 432, and on that basis denies each and every allegation contained in Paragraph 432.

433. Abrahams denies that "Mattel's disclosure controls were severely deficient" as of June 30, 2019. Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC. Abrahams avers that Mattel's Form 10-K/A speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 433, and on that basis denies each and every remaining allegation in Paragraph 433.

## XI. LOSS CAUSATION

434. The allegations set forth in Paragraph 434 assert legal conclusions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 434, and on that basis denies each and every allegation contained in Paragraph 434.

435. Abrahams admits that on August 8, 2019, Mattel filed a Form 8-K with the SEC. Abrahams avers that Mattel's Form 8-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 435.

436. Abrahams admits that on August 8, 2019, Mattel filed a Form 8-K with the SEC. Abrahams avers that Mattel's Form 8-K speaks for itself, and provides the best evidence of its contents. Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 436.

437. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 437, and on that basis denies each and every allegation contained in Paragraph 437.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 78 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

438.   Abrahams admits that on October 29, 2019, Mattel filed a Form 8-K with the SEC, attaching a press release regarding its financial results for the third and fourth quarters of 2017.  Abrahams admits that on November 12, 2019, Mattel filed a 2018 Form 10-K/A with the SEC.  Abrahams avers that Mattel's Form 8-K, attached press release, and Form 10-K/A each speaks for itself, and provides the best evidence of its contents.  Except as so expressly admitted, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 438, and on that basis denies each and every remaining allegation contained in Paragraph 438.

439.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 439, and on that basis denies each and every allegation contained in Paragraph 439.

## XII.   THE INAPPLICABILITY OF THE STATUTORY SAFE HARBOR

440.   The allegations of Paragraph 440 assert legal conclusions to which no response is required.  Abrahams is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 440, and on that basis denies each and every allegation contained in Paragraph 440.

441.   The allegations of Paragraph 441 assert legal conclusions to which no response is required.  Abrahams is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 441, and on that basis denies each and every allegation contained in Paragraph 441.

## XIII.  THE PRESUMPTION OF RELIANCE

442.   The allegations of Paragraph 442 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 442.

443.   The allegations of Paragraph 443 assert legal conclusions to which no response is required.  Abrahams admits that Mattel is an issuer and filed periodic public reports with the SEC.  Abrahams is otherwise without knowledge or

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 79 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 443, and on that basis denies each and every remaining allegation contained in Paragraph 443.

444.   The allegations of Paragraph 444 assert legal conclusions to which no response is required.  Abrahams is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 444, and on that basis denies each and every allegation contained in Paragraph 444.

## XIV.  **CLASS ACTION ALLEGATIONS**

445.   The allegations set forth in Paragraph 445 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams admits that Plaintiffs purport to bring this action as a class action on behalf of all those who purchased securities issued by Mattel during the purported Class Period pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 445.

446.   The allegations set forth in Paragraph 446 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams admits that, throughout the purported Class Period, Mattel common shares were traded on the NASDAQ.  Abrahams lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 446, and on that basis denies each and every remaining allegation contained in Paragraph 446.

447.   The allegations set forth in Paragraph 447 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 447, and on that basis denies each and every remaining allegation contained in Paragraph 447.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 80 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

448. The allegations set forth in Paragraph 448 assert legal conclusions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 448, and on that basis denies each and every remaining allegation contained in Paragraph 448.

449. The allegations set forth in Paragraph 449 assert legal conclusions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 449, and on that basis denies each and every remaining allegation contained in Paragraph 449.

450. The allegations set forth in Paragraph 450 assert legal conclusions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 450, and on that basis denies each and every remaining allegation contained in Paragraph 450.

## XV.   CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 PROMULGATED THEREUNDER
### (Against The Mattel Defendants)

451. Abrahams repeats and re-alleges each and every admission, denial, and allegation above as if fully set forth herein.

452. Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 452, and on that basis denies each and every allegation contained in Paragraph 452.

453. The allegations set forth in Paragraph 453 assert legal conclusions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 81 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

allegations contained in Paragraph 453, and on that basis denies each and every allegation contained in Paragraph 453.

454.    The allegations set forth in Paragraph 454 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 454, and on that basis denies each and every allegation contained in Paragraph 454.

455.    The allegations set forth in Paragraph 455 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 455, and on that basis denies each and every allegation contained in Paragraph 455.

456.    The allegations set forth in Paragraph 456 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 456, and on that basis denies each and every allegation contained in Paragraph 456.

457.    The allegations set forth in Paragraph 457 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 457, and on that basis denies each and every allegation contained in Paragraph 457.

458.    The allegations set forth in Paragraph 458 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 458, and on that basis denies each and every allegation contained in Paragraph 458.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 82 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

459. The allegations set forth in Paragraph 459 assert legal conclusions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 459, and on that basis denies each and every allegation contained in Paragraph 459.

460. The allegations set forth in Paragraph 460 assert legal conclusions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 460, and on that basis denies each and every allegation contained in Paragraph 460.

461. The allegations set forth in Paragraph 461 assert legal conclusions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 461, and on that basis denies each and every allegation contained in Paragraph 461.

## COUNT II
### VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT
### (Against the Executive Defendants)

462. Abrahams repeats and re-alleges each and every admission, denial, and allegation above as if fully set forth herein.

463. The allegations set forth in Paragraph 463 assert legal conclusions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 463, and on that basis denies each and every allegation contained in Paragraph 463.

464. The allegations set forth in Paragraph 464 assert legal conclusions to which no response is required. To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 83 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

allegations contained in Paragraph 464, and on that basis denies each and every allegation contained in Paragraph 464.

465.  The allegations set forth in Paragraph 465 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 465, and on that basis denies each and every allegation contained in Paragraph 465.

466.  The allegations set forth in Paragraph 466 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 466, and on that basis denies each and every allegation contained in Paragraph 466.

467.  The allegations set forth in Paragraph 467 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 467, and on that basis denies each and every allegation contained in Paragraph 467.

## COUNT III
## VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 PROMULGATED THEREUNDER
### (Against PwC)

468.  Abrahams repeats and re-alleges each and every admission, denial, and allegation above as if fully set forth herein.

469.  Abrahams denies each and every allegation contained in Paragraph 469.

470.  The allegations set forth in Paragraph 470 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams denies each and every allegation contained in Paragraph 470.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 84 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

471.   Abrahams denies each and every allegation contained in Paragraph 471.

472.   Abrahams denies each and every allegation contained in Paragraph 472.

473.   Abrahams denies each and every allegation contained in Paragraph 473.

474.   Abrahams denies each and every allegation contained in Paragraph 474.

475.   Abrahams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 475, and on that basis denies each and every allegation contained in Paragraph 475.

476.   The allegations of Paragraph 476 assert legal conclusions to which no response is required.  Abrahams otherwise denies each and every allegation contained in Paragraph 476.

## COUNT IV
### VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT
### (Against Abrahams)

477.   Abrahams repeats and re-alleges each and every admission, denial, and allegation above as if fully set forth herein.

478.   Abrahams denies each and every allegation contained in Paragraph 478.

479.   Abrahams denies each and every allegation contained in Paragraph 479.

480.   The allegations set forth in Paragraph 480 assert legal conclusions to which no response is required.  To the extent an answer may be required, Abrahams admits that he was a partner at PwC and performed audit work on the PwC team auditing Mattel during the purported Class Period.  Except as so expressly admitted, Abrahams denies each and every allegation contained in Paragraph 480.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 85 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

481.  Abrahams denies each and every allegation contained in Paragraph 481.

482.  The allegations of Paragraph 482 assert legal conclusions to which no response is required.  Abrahams otherwise denies each and every allegation contained in Paragraph 482.

## XVI.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

(a)  Declaring that this action is a proper class action and certifying Lead Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

(b)  Awarding compensatory damages in favor of Plaintiffs and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)  Awarding Plaintiffs and the other members of the Class their reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees; and

(d)  Awarding such other and further relief as the Court may deem just and proper.

### **ANSWER TO PRAYER FOR RELIEF**

Abrahams denies any basis exists to grant the relief requested by Plaintiffs.

### **AFFIRMATIVE DEFENSES**

Without undertaking any burden of proof not otherwise assigned to him by law, Abrahams asserts the following separate and affirmative defenses:

### **First Affirmative Defense**

The complaint fails to state a claim upon which relief can be granted.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 86 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

## Second Affirmative Defense

Plaintiffs' claims are barred by waiver and/or estoppel.

## Third Affirmative Defense

Abrahams is not liable because the statements quoted did not contain any untrue statement of material fact, nor did PwC omit to state any material fact required to be stated or necessary to make the statements made not misleading.

## Fourth Affirmative Defense

Abrahams is not liable because PwC did not participate in any device, scheme or artifice to defraud in connection with the purchase or sale of any security.

## Fifth Affirmative Defense

Abrahams is not liable, to the extent Plaintiffs' claims are based on PwC's omission(s) of purported material information, because PwC had no duty to disclose or update the information.

## Sixth Affirmative Defense

Abrahams is not liable because Plaintiffs and the market were informed in the Registration Statement, Prospectus, SEC filings and all public information releases of the risks associated with their investments.

## Seventh Affirmative Defense

Abrahams is not liable because at all times, and with respect to all matters contained herein, he acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/ or omissions alleged in the Complaint.

## Eighth Affirmative Defense

Abrahams is not liable because any alleged misstatements or omissions made or caused to be made by Abrahams were based in good faith and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom he was entitled to rely.

**Ninth Affirmative Defense**

Abrahams is entitled to judgment on the Section 20(a) control person liability claim against him because he acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation or cause of action.

**Tenth Affirmative Defense**

Abrahams is not liable with respect to the Section 20(a) control person claim because he is not a controlling person, which is a predicate for establishing any liability for a control person claim.

**Eleventh Affirmative Defense**

Abrahams is not liable because Plaintiffs' alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/ or failures to act of persons and/ or entities other than Abrahams, and were not the result of any act or omission on the part of Abrahams.

**Twelfth Affirmative Defense**

Abrahams is not liable because Plaintiffs did not rely, or could not have reasonably or justifiably relied, upon the alleged misstatements or omissions alleged in the Complaint or the market price of Mattel's stock.

**Thirteenth Affirmative Defense**

Abrahams is not liable because Plaintiffs' losses, if any, were not caused by PwC or Abrahams.

**Fourteenth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part because the alleged misstatements and omissions alleged in the Complaint did not affect the market price of Mattel's stock.

**Fifteenth Affirmative Defense**

Abrahams denies that Plaintiffs were injured in the nature and to the extent claimed and contest damages.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

## Sixteenth Affirmative Defense

Abrahams denies all liability, and further states that any damages are limited to Abrahams's proportionate liability, if any.

## Seventeenth Affirmative Defense

Abrahams denies all liability, and further states that Abrahams's liability and that of any other responsible persons, named or unnamed, should be apportioned according to their relative degrees of fault, if any, and reduced accordingly.

## Eighteenth Affirmative Defense

This action may not be properly maintained as a class action.

## Nineteenth Affirmative Defense

Abrahams is not liable because some or all of the matters now claimed by the Complaint to be the subject of the alleged misstatements or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and were at all times reflected in the market price of Mattel's stock.

## Twentieth Affirmative Defense

Abrahams is not liable because Plaintiffs' claims are barred, in whole or in part, because Plaintiffs voluntarily assumed the risk of losses alleged in the Complaint.

## Twenty-First Affirmative Defense

The damages sought by Plaintiffs exceed those permitted under the Securities Exchange Act of 1934, the PSLRA, common law, or any other applicable statute, rule, or regulation.

## Twenty-Second Affirmative Defense

PwC's audits were conducted in accordance with generally accepted auditing standards, any reviews were conducted in accordance with applicable professional standards, and Abrahams in all other respects acted in accordance with applicable professional standards.

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 89 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER – CASE NO. 2:19-CV-10860-MCS-PLA

**Twenty-Third Affirmative Defense**

PwC's audit reports were accurate in all material respects, the financial statements of Mattel opined on by PwC were accurate in all material respects, and the financial statements on which PwC opined were fairly presented, in all material respects, in accordance with generally accepted accounting principles.

**Twenty-Fourth Affirmative Defense**

Plaintiffs are not entitled to rely on the presumption created by the "fraud on the market" theory to demonstrate reliance.

**Twenty-Fifth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek relief that is duplicative of relief sought or received in other actions, or from other Defendants.

**Twenty-Sixth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because the claimed monetary relief is speculative and impossible to ascertain. *See* 15 U.S.C. § 77k(e).

**Twenty-Seventh Affirmative Defense**

Plaintiffs have no basis for recovery of costs and expenses, including attorneys' fees and expert fees, included in this action.

**Twenty-Eighth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because, at all times relevant to the allegations in the Complaint, Abrahams performed his professional obligations to Mattel within the standards of ordinary care and competence and was not reckless.

**Twenty-Ninth Affirmative Defense**

Plaintiffs are precluded from recovery because they would be unjustly enriched thereby.

**Thirtieth Affirmative Defense**

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 90 -

DEFENDANT JOSHUA ABRAHAMS'S ANSWER –
CASE NO. 2:19-CV-10860-MCS-PLA

Plaintiffs' claim against Abrahams is barred, in whole or in part, to the extent that Plaintiffs failed to exercise due care or otherwise acted recklessly.

### Thirty-First Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiffs, if any, is subject to offset in the amount of any tax benefits or other benefits received by Plaintiffs through their investments.

Abrahams has alleged the affirmative defenses of which he is currently aware. Abrahams does not knowingly or intentionally waive any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to him through discovery in this matter. Abrahams reserves his right to amend this answer to include any affirmative defense or any other matter constituting an avoidance which may become apparent through the process of discovery. Additionally, Abrahams adopts by reference any applicable defense asserted by any other defendant not expressly set forth herein to the extent he may share that defense.

DATED: March 11, 2021

Respectfully submitted,

THOMAS A. ZACCARO
D. SCOTT CARLTON
PAUL HASTINGS LLP

By: _____ */s/ D. Scott Carlton* _____

Attorneys for Defendant
Joshua Abrahams

PAUL HASTINGS LLP
ATTORNEYS AT LAW
LOS ANGELES

LEGAL_US_W # 107058403.10

- 91 -