JOHN W. SPIEGEL (SBN 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SBN 284618)
john.gildersleeve@mto.com
LAUREN C. BARNETT (SBN 304301)
lauren.barnett@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for MATTEL, INC.,
MARGARET H. GEORGIADIS,
JOSEPH J. EUTENEUER,
and KEVIN FARR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MATTEL, INC. SECURITIES LITIGATION | Case No. 19-CV-10860-MCS (PLAx) **MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Defendants Mattel, Inc. ("Mattel"), Margaret H. Georgiadis, Joseph J. Euteneuer, and Kevin Farr (collectively, "Mattel Defendants") by and through their counsel, answer the allegations of the Amended Class Action Complaint ("Amended Complaint") and state as follows:

**ANSWER**

Unless otherwise indicated, the answers and defenses contained in the Mattel Defendants' Answer to the Amended Complaint are on behalf of all Mattel Defendants. By responding as to all Mattel Defendants, no representation is made as to whether each individual Defendant has sufficient knowledge to admit or deny a particular allegation. To the extent that any allegation in the Amended Complaint is directed specifically at one or more of the individual Defendants, those other individual Defendants to whom the allegation is not directed (unless otherwise stated in this Answer) lack knowledge or information sufficient to admit or deny the allegation.

Answering the unnumbered preamble paragraphs of the Amended Complaint, the Mattel Defendants admit that DeKalb County Employees Retirement Plan and New Orleans Employees' Retirement System are the Court-appointed lead plaintiffs in this case. The Mattel Defendants deny that the Court has appointed Houston Municipal Employees Pension System as an "additional named plaintiff." The Mattel Defendants admit that Plaintiffs purport to bring claims on behalf of a putative class. The Mattel Defendants deny that the Amended Complaint's claims have any merit and deny that the putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Mattel Defendants admit that the Amended Complaint purports to make certain of its allegations on information and belief or based on an investigation conducted by Plaintiffs' counsel, but the Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding the investigation conducted by Plaintiffs' counsel and on that ground deny those allegations. The Mattel Defendants otherwise deny the

allegations in the unnumbered preamble paragraphs of the Amended Complaint.

The Mattel Defendants answer the Amended Complaint's separately numbered paragraphs as follows.  The Mattel Defendants state that no response is required to the organizational headers in the Amended Complaint (e.g., "I. Introduction").  To the extent that a response is deemed required, the Mattel Defendants deny any allegations in the Amended Complaint's organizational headers.

1.    The Mattel Defendants deny the allegations in Paragraph 1 of the Amended Complaint.

2.    The Mattel Defendants deny the allegations in Paragraph 2 of the Amended Complaint.

3.    The Mattel Defendants admit that Brett Whitaker was a Mattel employee from May 2017 to March 2018.  The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the remaining allegations in Paragraph 3.  The Mattel Defendants otherwise deny the allegations in Paragraph 3 of the Amended Complaint.

4.    The Mattel Defendants admit that Mattel engaged in the calculation of a valuation allowance for its deferred tax assets during October 2017.  The Mattel Defendants state that the other allegations in Paragraph 4 of the Amended Complaint consist primarily of Plaintiffs' characterizations and conclusions, to which no response is required, and deny those allegations to the extent a response is deemed required.  The Mattel Defendants otherwise deny the allegations in Paragraph 4 of the Amended Complaint.

5.    The Mattel Defendants deny the allegations in Paragraph 5 of the Amended Complaint.

6.    The Mattel Defendants deny the allegations in Paragraph 6 of the Amended Complaint.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

7.    The Mattel Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

8.    The Mattel Defendants deny the allegations in the first and second sentences of Paragraph 8.  The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in the third sentence of Paragraph 8.

9.    The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on October 26, 2017.  The Mattel Defendants deny that Mr. Euteneuer signed that Form 10-Q, and admit that Mr. Euteneuer signed a certification pursuant to the Sarbanes-Oxley Act of 2002 attached as Exhibit 31.1 to that Form 10-Q.  To the extent that Paragraph 9 purports to reference or quote Mattel's Form 10-Q (or attachments thereto) for the third quarter of 2017, the Mattel Defendants state that the Form 10-Q speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misquote, mischaracterize, or are inconsistent with that document.  The Mattel Defendants otherwise deny the allegations in Paragraph 9 of the Amended Complaint.

10.    The Mattel Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 11.

12.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 12.

13.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 13.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

14.    The Mattel Defendants admit that Mattel's stock price declined by approximately 50% during 2017, admit that Mattel launched a Structural Simplification program in 2017, and state that they are otherwise without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14.  The Mattel Defendants otherwise deny the remaining allegations in Paragraph 14 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

15.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 15.

16.    The Mattel Defendants deny the allegations in Paragraph 16 of the Amended Complaint.

17.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 and on that basis deny the allegations in Paragraph 17 of the Amended Complaint.

18.    The Mattel Defendants deny the allegations in Paragraph 18 of the Amended Complaint.

19.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 19.

20.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 20.

21.    The Mattel Defendants admit that Mattel filed its 2017 Form 10-K with the SEC on February 27, 2018.  The Mattel Defendants admit that Mr. Euteneuer signed Mattel's 2017 Form 10-K, and otherwise deny the allegations contained in the second sentence of Paragraph 21.  The Mattel Defendants deny the allegations in the third sentence of Paragraph 21.  The Mattel Defendants state that the 10-K

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations in the fourth, fifth, and sixth sentences of Paragraph 21 to the extent they misquote, mischaracterize, or are inconsistent with the Form 10-K. The Mattel Defendants otherwise deny the allegations in Paragraph 21 of the Amended Complaint.

22.     The Mattel Defendants deny the allegations in the first sentence of Paragraph 22.  The Mattel Defendants admit that Mattel disclosed on August 8, 2019 that it was made aware of an anonymous whistleblower letter and a debt offering scheduled to close on August 8, 2019 was terminated to provide Mattel with an opportunity to investigate the matters set forth in the letter.  The Mattel Defendants admit that the Associated Press published an article titled "Mattel shares sink on whistleblower letter" regarding Mattel, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  The Mattel Defendants admit that Mattel's stock price was $13.43 at the close of trading on August 8, 2019, and $11.31 per share at the close of trading on August 9, 2019.  The remaining allegations in Paragraph 22 consist of Plaintiffs' characterizations and conclusions, to which no response is required, and the Mattel Defendants deny those allegations to the extent that a response is deemed required, including as to any allegations regarding causation of any stock price movement. The Mattel Defendants otherwise deny the allegations in Paragraph 22 of the Amended Complaint.

23.     The Mattel Defendants state that the first sentence of Paragraph 23 consists primarily of Plaintiffs' characterizations and conclusions, to which no response is required.  To the extent a response is required, the Mattel Defendants admit that on October 29, 2019 Mattel filed a Form 8-K with SEC.  The Mattel Defendants state that the Form 8-K speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misquote, mischaracterize,

or are inconsistent with the Form 8-K.  The Mattel Defendants otherwise deny the allegations in Paragraph 23 of the Amended Complaint.

24.    The Mattel Defendants state that the Form 8-K filed with the SEC on October 29, 2019 speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misquote, mischaracterize, or are inconsistent with the Form 8-K.  The Mattel Defendants are without sufficient knowledge to admit or deny the allegations in the third sentence of Paragraph 24 and on that basis deny the allegations in the third sentence of Paragraph 24.  The Mattel Defendants otherwise deny the allegations in Paragraph 24 of the Amended Complaint.

25.    The Mattel Defendants admit that Mattel filed an Amendment No. 1 to the 2017 Form 10-K ("Restatement") with the SEC on November 12, 2019.  The Mattel Defendants state that the Restatement speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations in Paragraph 25 to the extent they misquote, mischaracterize, or are inconsistent with the Restatement.  The remaining allegations in Paragraph 25 consist of Plaintiffs' characterizations and conclusions, to which no response is required, and the Mattel Defendants deny those allegations to the extent a response is deemed required.  The Mattel Defendants otherwise deny the allegations in Paragraph 25 of the Amended Complaint.

26.    The Mattel Defendants admit that the SEC has issued a subpoena to Mattel.  The Mattel Defendants otherwise deny the allegations in Paragraph 26, including as to any allegations regarding causation of any stock price movement.

27.    The Mattel Defendants admit that the Amended Complaint purports to assert claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5 ("Rule 10b-5").  The Mattel Defendants deny that Plaintiffs' claims have merit.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

28.     The Mattel Defendants state that Paragraph 28 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response to these allegations is deemed required, the Mattel Defendants admit that the Court has subject matter jurisdiction over this action under the Exchange Act and 28 U.S.C. §§ 1331 and 1337.

29.     The Mattel Defendants state that Paragraph 29 of the Amended Complaint states legal conclusions to which no response is required.  To the extent a response to these allegations is deemed required, the Mattel Defendants admit that venue is proper in this District and deny the remaining allegations in Paragraph 29.

30.     The Mattel Defendants state that Paragraph 30 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response to these allegations is deemed required, the Mattel Defendants deny the allegations in Paragraph 30.

31.     The Mattel Defendants state that they are without sufficient knowledge or information to admit or deny the allegations in the first and second sentences of Paragraph 31.  The Mattel Defendants state that the third sentence of Paragraph 31 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response to these allegations is deemed required, the Mattel Defendants deny them.

32.     The Mattel Defendants state that they are without sufficient knowledge or information to admit or deny the allegations in the first and second sentences of Paragraph 32.  The Mattel Defendants state that the third sentence of Paragraph 32 of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response to these allegations is deemed required, the Mattel Defendants deny them.

33.     The Mattel Defendants deny that the Court appointed Houston Municipal as an "additional named plaintiff."  The Mattel Defendants state that they are without sufficient knowledge or information to admit or deny the other

allegations in Paragraph 33.  To the extent a response to these allegations is deemed required, the Mattel Defendants deny them.

34.    The Mattel Defendants admit the allegations in Paragraph 34 of the Amended Complaint.

35.    The Mattel Defendants admit the allegations in the first, second, fourth, fifth, and sixth sentences of Paragraph 35.  The Mattel Defendants deny the allegations in the third sentence of Paragraph 35.

36.    The Mattel Defendants admit the allegations in the first, second, and third sentences of Paragraph 36.  The Mattel Defendants deny the allegations in the fourth sentence of Paragraph 36, including as to any allegations regarding causation of any stock price movement.

37.    The Mattel Defendants admit the allegations in Paragraph 37 of the Amended Complaint.

38.    The Mattel Defendants admit the allegations in the first sentence of Paragraph 38.  The Mattel Defendants state that PwC's audit reports speak for themselves, deny that they support Plaintiffs' claims, and deny Plaintiffs' allegations concerning these reports to the extent that the allegations misquote, mischaracterize, or are inconsistent with them.  The Mattel Defendants otherwise deny the allegations in Paragraph 38 of the Amended Complaint.

39.    The Mattel Defendants admit that Abrahams was employed at PwC and served as a lead audit engagement partner for Mattel.  The Mattel Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 39 and on that basis deny those allegations.

40.    The Mattel Defendants state that the first sentence of Paragraph 40 does not require a response.  The Mattel Defendants state that the second sentence of Paragraph 40 states legal conclusions to which no response is required.  To the extent a response to these allegations is deemed required, the Mattel Defendants deny the allegations in the second sentence of Paragraph 40.  The Mattel Defendants

state that the third sentence of Paragraph 40 states legal conclusions to which no response is required. To the extent a response to these allegations is deemed required, the Mattel Defendants admit that Abrahams served as a lead audit engagement partner for Mattel.

41. The Mattel Defendants state that Paragraph 41 does not require a response.

42. The Mattel Defendants state that Paragraph 42 does not require a response.

43. The Mattel Defendants state that Paragraph 43 consists of Plaintiffs' characterizations and conclusions, for which no response is required. To the extent a response is deemed required, the Mattel Defendants admit that Mattel launched a Structural Simplification program in 2017 and otherwise deny the allegations in Paragraph 43.

44. The Mattel Defendants admit that Business Insider published an article on March 15, 2017 about Mattel. The Mattel Defendants state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it. The Mattel Defendants otherwise are without sufficient knowledge or information to admit or deny the allegations in Paragraph 44 and on that basis deny those allegations.

45. The Mattel Defendants admit that, as disclosed in a press release attached to a Form 8-K filed with the SEC on April 20, 2017, Mattel reported that worldwide net sales and gross sales were down 15%, and that it had an operating loss of $127 million. The Mattel Defendants deny that Barclays reported about Mattel's 1Q 2017 results on April 20, 2019. The Mattel Defendants otherwise deny the allegations in Paragraph 45.

46. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 46 and on that

basis deny those allegations.  The Mattel Defendants admit that Barclays and Forbes reported on Mattel on April 21 and 22, 2017, state that these reports speak for themselves, deny that they support Plaintiffs' claims, and deny Plaintiffs' allegations concerning these reports to the extent the allegations misquote, mischaracterize, or are inconsistent with them.  The Mattel Defendants otherwise deny the allegations in Paragraph 46.

47.     The Mattel Defendants admit the allegations in Paragraph 47 to the extent that they are consistent with the press release and presentation issued by Mattel on June 14, 2017, and deny the allegations in Paragraph 47 of the Amended Complaint to the extent that they misstate, mischaracterize, or are inconsistent with that document and presentation.  The Mattel Defendants otherwise deny the allegations in Paragraph 47 of the Amended Complaint.

48.     The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 48 and on that basis deny those allegations.  The Mattel Defendants admit that SunTrust Robinson Humphrey reported on Mattel on June 14, 2017, state that this report speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning this report to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  The Mattel Defendants otherwise deny the allegations in Paragraph 48.

49.     The Mattel Defendants admit that Mattel disclosed its financial results for the second quarter of 2017 in a press release attached to a Form 8-K filed with the SEC on July 27, 2017 and on an earnings call the same day, and state that the results and transcripts speak for themselves, deny that they support Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misstate, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants state that the remaining allegations in Paragraph 49 consist of Plaintiffs' characterizations and

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

conclusions, to which no response is required, and deny those allegations to the extent a response is deemed required.

50. The Mattel Defendants admit that Toys "R" Us filed for bankruptcy in September 2017, and admit that Toys "R" Us was a retailer of Mattel's products. The Mattel Defendants admit that Barclays reported on Mattel on September 20, 2017, state that this report speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning this report to the extent the allegations misquote, mischaracterize, or are inconsistent with it. The Mattel Defendants otherwise deny the allegations in Paragraph 50.

51. The Mattel Defendants state that the first and fourth sentences of Paragraph 51 consist of Plaintiffs' characterizations and conclusions, to which no response is required, and deny those allegations to the extent a response is deemed required. The Mattel Defendants admit the allegations in the second and third sentences of Paragraph 51 of the Amended Complaint. The Mattel Defendants otherwise deny the allegations in Paragraph 51 of the Amended Complaint.

52. The Mattel Defendants state that the first sentence of Paragraph 52 consists of Plaintiffs' characterizations and conclusions, for which no response is required, and deny those allegations to the extent a response is deemed required. The Mattel Defendants admit that BMO reported on Mattel on October 30, 2017, state that this report speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning this report to the extent the allegations misquote, mischaracterize, or are inconsistent with it. The Mattel Defendants otherwise deny the allegations in Paragraph 52 of the Amended Complaint.

53. The Mattel Defendants admit that the Wall Street Journal reported on Mattel on November 11, 2017, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it. The Mattel Defendants otherwise deny the allegations in Paragraph 53.

54.     The Mattel Defendants state that the first sentence of Paragraph 54 consists of Plaintiffs' characterizations and conclusions, for which no response is required, and deny those allegations to the extent a response is deemed required. The Mattel Defendants deny the allegations in the second sentence of Paragraph 54. The Mattel Defendants admit the allegations in the third sentence of Paragraph 54. The Mattel Defendants state that the fourth and fifth sentences of Paragraph 54 consist of Plaintiffs' characterizations and conclusions, for which no response is required, and deny those allegations to the extent a response is deemed required. The Mattel Defendants otherwise deny the allegations in Paragraph 54.

55.     The Mattel Defendants state that the first sentence of Paragraph 55 consists of Plaintiffs' characterizations and conclusions, for which no response is required, and deny those allegations to the extent a response is deemed required. The Mattel Defendants admit that Mattel's stock opened at $27.67 on January 3, 2017, and admit that Mattel's stock opened at $12.90 on October 27, 2017. The Mattel Defendants otherwise deny the allegations in Paragraph 55 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

56.     The Mattel Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57.     The Mattel Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58.     To the extent Plaintiffs purport to quote or summarize unsourced public company internal controls principles, the Mattel Defendants state that such principles speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 58 to the extent they misquote, mischaracterize, or are inconsistent with those principles.

59.     To the extent Plaintiffs purport to quote or summarize unsourced public company internal controls principles, the Mattel Defendants state that such

principles speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 59 to the extent they misquote, mischaracterize, or are inconsistent with those principles.

60.    To the extent Plaintiffs purport to quote or summarize unsourced public company internal controls principles, the Mattel Defendants state that such principles speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 60 to the extent they misquote, mischaracterize, or are inconsistent with those principles.

61.    To the extent Plaintiffs purport to quote or summarize unsourced portions of internal controls principles or the Securities Exchange Act of 1934, the Mattel Defendants state that these principles speak for themselves, deny that they supports Plaintiffs' claims, and deny the allegations in Paragraph 61 to the extent they misquote, mischaracterize, or are inconsistent with these principles.

62.    To the extent Plaintiffs purport to quote or summarize unsourced internal controls principles or GAAP, the Mattel Defendants state that such accounting principles speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 62 to the extent they misquote, mischaracterize, or are inconsistent with those principles.

63.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first, third, fourth, and fifth sentences of Paragraph 63 and on that basis deny those allegations. The Mattel Defendants state that the allegations in the second sentence of Paragraph 63 consist of Plaintiffs' characterizations and conclusions, for which no response is required, and deny those allegations to the extent a response is deemed required.

64.    The Mattel Defendants state that Mattel's SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny Plaintiffs' allegations regarding Mattel's internal controls to the extent they misstate, mischaracterize, or

-13-
MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

are inconsistent with Mattel's SEC filings.  The Mattel Defendants otherwise deny the allegations in Paragraph 64 of the Amended Complaint.

65. The Mattel Defendants deny the allegations in Paragraph 65 of the Amended Complaint.

66. The Mattel Defendants admit that Mr. Whitaker joined Mattel in May 2017 and left Mattel in March 2018.  The Mattel Defendants are without sufficient knowledge or information to admit or deny the other allegations in Paragraph 66 and on that basis deny those allegations.

67. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 67.

68. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 68.

69. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 69.

70. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 70.

71. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 71.

72. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 72.

73.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 73.

74.    The Mattel Defendants deny the allegations in Paragraph 74.

75.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 75.

76.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 76.

77.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 77.

78.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 78.

79.    The Mattel Defendants admit that Katie Danzig worked for Mattel during the Class Period. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the remaining allegations in Paragraph 79.

80.    The allegations in Paragraph 80 consist primarily of Plaintiffs' characterizations and conclusions, for which no response is required.  To the extent that a response to these allegations is required, the Mattel Defendants admit that Mattel's second quarter 2017 Form 10-Q reported $580 million in deferred tax assets.  The Mattel Defendants otherwise deny the allegations in Paragraph 80.

81.    To the extent that Plaintiffs purport to characterize or summarize GAAP and ASC 740, including how to account for deferred tax assets and the standards for a deductible "carryforward" under ASC 740, the Mattel Defendants

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

state that GAAP and ASC 740 speak for themselves, deny that they support Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance. The Mattel Defendants otherwise deny the allegations in Paragraph 81.

82. To the extent that Paragraph 82 purports to define, characterize, or summarize general accounting principles without stating any source, the Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 82 and deny the allegations in Paragraph 82 to the extent that they are inconsistent with or fail accurately to characterize those general accounting principles. The Mattel Defendants otherwise deny the allegations in Paragraph 82.

83. To the extent that Paragraph 83 purports to define, characterize, or summarize general accounting principles without stating any source, the Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 83 and deny the allegations in Paragraph 83 to the extent they are inconsistent with or fail accurately to characterize those general accounting principles. The Mattel Defendants otherwise deny the allegations in Paragraph 83.

84. To the extent that Plaintiffs purport in Paragraph 84 to quote or summarize GAAP and ASC 740, the Mattel Defendants state that GAAP and ASC 740 speak for themselves, deny that they support Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance. The Mattel Defendants otherwise deny the allegations in Paragraph 84.

85. The Mattel Defendants admit that Mattel's balance sheet included deferred tax assets during the third quarter of 2017. The allegations in Paragraph 85 otherwise consist of Plaintiffs' characterizations and conclusions, for which no response is required, and the Mattel Defendants deny those allegations to the extent a response is deemed required.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

86.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 86.

87.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first and third sentences of Paragraph 87 and on that basis deny the allegations in the first and third sentences of Paragraph 87. The Mattel Defendants deny the allegations in the second sentence of Paragraph 87.

88.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 88.

89.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 89.

90.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 90.

91.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 91.

92.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 92.

93.    The Mattel Defendants deny the allegations in Paragraph 93.

94.    The Mattel Defendants admit that Toys "R" Us filed for bankruptcy in September 2017, and that Toys "R" Us was a retailer of Mattel's products.  To the extent that Paragraph 94 purports to reference or summarize the transcript of conference calls Ms. Georgiadis and Mr. Euteneuer participated in on behalf of Mattel, the Mattel Defendants state that any such transcripts speaks for themselves,

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those transcripts. The Mattel Defendants state that the final sentence of Paragraph 94 consists of Plaintiffs' characterizations and conclusions to which no response is required, and deny those allegations to the extent a response is deemed required. The Mattel Defendants otherwise deny the allegations in Paragraph 94.

95. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 95.

96. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 96.

97. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 97.

98. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 98.

99. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 99 and on that basis deny those allegations. The Mattel Defendants state that the second sentence of Paragraph 99 consists of Plaintiffs' characterizations and conclusions, to which no response is required, and deny those allegations to the extent a response is deemed required.

100. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 100.

101. The Mattel Defendants deny the allegations in Paragraph 101.

-18-

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

102.    The Mattel Defendants deny the allegations in the first sentence of Paragraph 102.  The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 102 and on that basis deny the allegations in the second sentence of Paragraph 102. The Mattel Defendants state that Mattel's third quarter 2017 Form 10-Q speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations in the third sentence relating to the SEC filing to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in the fourth sentence of Paragraph 102.  The Mattel Defendants otherwise deny the allegations in Paragraph 102.

103.    The Mattel Defendants deny the allegations in Paragraph 103.

104.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 104.

105.    The Mattel Defendants deny the allegations in the first sentence of Paragraph 105.  To the extent that Plaintiffs purport in Paragraph 105 to characterize or summarize GAAP, the Mattel Defendants state that GAAP speaks for itself, deny that it supports Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance and relevant standards.  The Mattel Defendants otherwise deny the allegations in Paragraph 105.

106.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first and third sentences of Paragraph 106 of the Amended Complaint, and on that basis deny those allegations.  The Mattel Defendants deny the allegations in the second, fourth, and fifth sentences of Paragraph 106.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

107. The Mattel Defendants admit that Mattel's third quarter 2017 Form 10-Q reported a recorded valuation allowance of approximately $562 million. The Mattel Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 107 and on that basis deny the remaining allegations in Paragraph 107. The Mattel Defendants otherwise deny the allegations in Paragraph 107.

108. The Mattel Defendants deny the allegations in the first and second sentences of Paragraph 108. The Mattel Defendants state that they are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in the third sentence of Paragraph 108.

109. The Mattel Defendants deny the allegations in the first sentence of Paragraph 109. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 109, and on that basis deny those allegations.

110. The Mattel Defendants state that they are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 110.

111. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 111.

112. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 112.

113. The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on October 26, 2017, state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 113.

114.   The Mattel Defendants deny the allegations in Paragraph 114.

115.   The Mattel Defendants admit that PwC recommended that Mattel develop a new internal control concerning deferred tax asset valuation allowance analysis.  The Mattel Defendants state that the first sentence of Paragraph 115 otherwise consists of Plaintiffs' characterizations and conclusions to which no response is required, and deny those allegations to the extent a response is deemed required.  The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in the second sentence of Paragraph 115.  The Mattel Defendants otherwise deny the allegations in Paragraph 115.

116.   The Mattel Defendants state that the first sentence of Paragraph 116 consists of Plaintiffs' characterizations and conclusions to which no response is required, and deny those allegations to the extent a response is deemed required. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the second and third sentences of Paragraph 116 and on that basis deny those allegations.

117.   The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 117.

118.   The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 118.

119.   The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 119 of the Amended Complaint, and on that basis deny those allegations.  The Mattel

Defendants admit the allegations in the second sentence of Paragraph 119 to the extent they are consistent with Mattel's 10-Q filed with the SEC on October 26, 2017, and deny the allegations to the extent that they misstate, mischaracterize, or are inconsistent with that SEC filing. The Mattel Defendants state that the third sentence of Paragraph 119 consists of legal conclusions to which no response is required, and deny those allegations to the extent a response is deemed required. The Mattel Defendants otherwise deny the allegations in Paragraph 119.

120. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 120 and on that basis deny those allegations. The Mattel Defendants deny the allegations in the second sentence of Paragraph 120. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in the third and fourth sentences of Paragraph 120.

121. The Mattel Defendants deny the allegations in Paragraph 121.

122. The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 122.

123. The Mattel Defendants deny the allegations in Paragraph 123.

124. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 124 and on that basis deny the allegations in Paragraph 124.

125. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 125 and on that basis deny the allegations in Paragraph 125.

126. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 126 and on that basis deny the allegations in Paragraph 126.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

127.   The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 127.

128.   The Mattel Defendants deny the allegations in Paragraph 128.

129.   The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 129.

130.   The Mattel Defendants deny the allegations in Paragraph 130 of the Amended Complaint.

131.   The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 131.

132.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 132.

133.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 133.  The Mattel Defendants state that the remaining sentences of Paragraph 133 consist of Plaintiffs' characterizations and conclusions to which no response is required, and deny those allegations to the extent a response is deemed required.

134.   The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 134.

135.   To the extent that Plaintiffs purport to summarize or describe unsourced general accounting principles in Paragraph 135, the Mattel Defendants state that they are without sufficient knowledge or information to admit or deny the allegations in Paragraph 135 and on that basis deny the allegations in Paragraph 135. To the extent that Plaintiffs purport to summarize or describe ASC 250, the Mattel

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendants state that ASC 250 speak for itself, deny that it supports Plaintiffs' legal claims, and deny Plaintiffs' allegations to the extent they misstate, mischaracterize, or are inconsistent with ASC 250. The Mattel Defendants otherwise deny the allegations in Paragraph 135.

136. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 136.

137. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 137.

138. The Mattel Defendants deny the allegations in Paragraph 138.

139. The Mattel Defendants deny the allegations in Paragraph 139.

140. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in the first sentence of Paragraph 140.

141. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 141.

142. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 142.

143. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 143.

144. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 144.

145.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 145.

146.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 146.  To the extent any further response is deemed required, the Mattel Defendants deny the allegations in Paragraph 146.

147.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 147.

148.    The Mattel Defendants are without sufficient knowledge or information to admit or deny what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 148.

149.    The Mattel Defendants admit that Mattel's Form 8-K and press release filed with the SEC on October 29, 2019 stated that the third quarter 2017 accounting error associated with Mattel's tax valuation allowance was not reported to Mattel's Audit Committee.  The Mattel Defendants otherwise deny the allegations in the first sentence of Paragraph 149.  The allegations in the second sentence of Paragraph 149 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in the second sentence of Paragraph 149.  The Mattel Defendants deny the allegations in the third sentence of Paragraph 149.  The Mattel Defendants otherwise deny the allegations in Paragraph 149 of the Amended Complaint.

150.    The Mattel Defendants deny the allegations in the first sentence of Paragraph 150.  The Mattel Defendants admit that Mattel filed a proxy statement with the SEC on April 4, 2019, and state that that SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning that SEC

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

filing to the extent they misquote, mischaracterize, or are inconsistent with that document. The Mattel Defendants otherwise deny the allegations in Paragraph 150.

151. The Mattel Defendants deny the allegations in the first sentence of Paragraph 151. To the extent the allegations in the second sentence of Paragraph 151 purport to quote or summarize Mattel's proxy statement filed with the SEC on April 5, 2018 the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning the 2018 Proxy to the extent they misquote, mischaracterize, or are inconsistent with that document. The Mattel Defendants otherwise deny the allegations in Paragraph 151.

152. The Mattel Defendants deny the allegations in Paragraph 152.

153. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 153.

154. The allegations in Paragraph 154 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 154.

155. The Mattel Defendants deny the allegations in the first sentence of Paragraph 155. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 155 and on that basis deny the allegations in the second sentence of Paragraph 155.

156. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr. Whitaker allegedly told Lead Counsel and on that basis deny the allegations in Paragraph 156.

157. The Mattel Defendants admit that Mattel filed a Form 10-K with the SEC on February 27, 2018, and that Ms. Georgiadis and Mr. Euteneuer signed that Form 10-K. The Mattel Defendants state that the Form 10-K (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 157.

158.   The Mattel Defendants deny the allegations in the first, third, and fourth sentences of Paragraph 158.  The Mattel Defendants state that the Form 10-K (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations in the second sentence of Paragraph 158 to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The allegations in the fifth sentence of Paragraph 158 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in the fifth sentence of Paragraph 158.  The Mattel Defendants otherwise deny the allegations in Paragraph 158.

159.   The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 159 and on that basis deny those allegations.

160.   The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 160 and on that basis deny those allegations.  The Mattel Defendants admit that Whitaker's employment with Mattel ended in March 2018.  The Mattel Defendants otherwise deny the allegations in Paragraph 160.

161.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 161.  The Mattel Defendants admit that Mattel filed a Form 8-K with the SEC on August 8, 2019, state that the Form 8-K speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations in Paragraph 161 to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 161.

162.   The Mattel Defendants state that the Form 8-K speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations in Paragraph 162

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 162.

163.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 163, and on that basis deny those allegations.  The Mattel Defendants admit that the Associated Press published an article on August 9, 2019 titled "Mattel shares sink on whistleblower letter," state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  The Mattel Defendants admit that Bloomberg published an article regarding Mattel on August 9, 2019, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  The Mattel Defendants otherwise deny the allegations in Paragraph 163.

164.    The Mattel Defendants admit that Bloomberg published an article regarding Mattel on August 9, 2019, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  The Mattel Defendants admit that CNBC published an article titled "Mattel stock craters after pulling bond sale over anonymous whistleblower letter" on August 9, 2019, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  The Mattel Defendants otherwise deny the allegations in Paragraph 164.

165.    The Mattel Defendants admit that Fox Business published an article titled "Barbie doll-maker Mattel has a whistle blower" on August 9, 2019, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote,

mischaracterize, or are inconsistent with it.  The Mattel Defendants otherwise deny the allegations in Paragraph 165.

166.   The Mattel Defendants admit that the L.A. Business Journal published an article on August 9, 2019 regarding Mattel, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  The Mattel Defendants otherwise deny the allegations in Paragraph 166.

167.   The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 167.  To the extent any further response is deemed required, the Mattel Defendants deny the allegations in the first sentence of Paragraph 167.  The Mattel Defendants admit that the International Financing Review published an article on August 9, 2019, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  The Mattel Defendants deny the allegations in the fourth sentence of Paragraph 167.  The Mattel Defendants otherwise deny the allegations in Paragraph 167.

168.   The Mattel Defendants admit that Mattel's stock price fell from a closing price of $13.43 on August 8, 2019, to a closing price of $11.31 on August 9, 2019, on trading volume of over 15 million shares traded on August 9, 2019.  The Mattel Defendants otherwise deny the allegations in Paragraph 168 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

169.   The Mattel Defendants deny the allegations in Paragraph 169.

170.   The Mattel Defendants admit that Mattel filed an 8-K and Exhibit 99.1 with the SEC on October 29, 2019.  To the extent that Plaintiffs' allegations in Paragraph 170 of the Amended Complaint reference Mattel's October 29, 2019 8-K, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports

Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K to the extent they misquote, mischaracterize, or are inconsistent with that document. The Mattel Defendants otherwise deny the allegations in Paragraph 170.

171. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 171 and on that basis deny those allegations. To the extent that Paragraph 171 purports to quote or summarize from analyst reports issued following Mattel's October 29, 2019 earnings release, the Mattel Defendants state that these analyst reports speak for themselves, deny that they support Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misquote, mischaracterize, or are inconsistent with the statements reflected in those analyst reports. The Mattel Defendants admit that Mattel's stock price closed at $10.56 on October 29, 2019 and closed at $12.02 on October 30, 2019. The Mattel Defendants otherwise deny the allegations in Paragraph 171, including as to any allegations regarding causation of any stock price movement.

172. The Mattel Defendants admit that Mattel filed Exhibit 99.2 to its 8-K filed with the SEC on October 29, 2019, titled "Mattel Completes Internal Investigation of Whistleblower Letter and Announces Remedial Actions." To the extent that Plaintiffs' allegations in Paragraph 172 of the Amended Complaint reference Mattel's October 29, 2019 8-K, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K to the extent they misquote, mischaracterize, or are inconsistent with that document. The Mattel Defendants state that the third sentence of Paragraph 172 consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in the third sentence of Paragraph 172 of the Amended Complaint. The Mattel Defendants otherwise deny the allegations in Paragraph 172.

173.   To the extent that Plaintiffs' allegations in Paragraph 173 of the Amended Complaint reference Mattel's 8-K filed with the SEC on October 29, 2019, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K to the extent they misquote, mischaracterize, or are inconsistent with that document.  The Mattel Defendants otherwise deny the allegations in Paragraph 173.

174.   To the extent that Plaintiffs' allegations in Paragraph 174 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K to the extent they misquote, mischaracterize, or are inconsistent with that document.  The Mattel Defendants otherwise deny the allegations in Paragraph 174.

175.   To the extent that Plaintiffs' allegations in Paragraph 175 of the Amended Complaint purport to quote or summarize the press release attached to Mattel's 8-K filed with the SEC on October 29, 2019, the Mattel Defendants state that this SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning statements in the press release to the extent they misquote, mischaracterize, or are inconsistent with that document.  The Mattel Defendants otherwise deny the allegations in Paragraph 175.

176.   To the extent that Plaintiffs' allegations in Paragraph 176 of the Amended Complaint purport to quote or summarize the press release attached to Mattel's 8-K filed with the SEC on October 29, 2019, the Mattel Defendants state that the press release speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning statements in the press release to the extent they misquote, mischaracterize, or are inconsistent with that document.  The Mattel Defendants otherwise deny the allegations in Paragraph 176.

177.    The Mattel Defendants state that the first sentence of Paragraph 177 consists of Plaintiffs' characterizations and conclusions to which no response is required, and deny those allegations to the extent a response is deemed required.  To the extent that Plaintiffs' allegations in Paragraph 177 of the Amended Complaint purport to quote or summarize the press release attached to Mattel's 8-K filed with the SEC on October 29, 2019, the Mattel Defendants state that the press release speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning statements in the press release to the extent they misquote, mischaracterize, or are inconsistent with that document.  The Mattel Defendants otherwise deny the allegations in Paragraph 177.

178.    The Mattel Defendants state that Paragraph 178 consists partially of Plaintiffs' characterizations and conclusions to which no response is required, and deny those allegations to the extent a response is deemed required.  To the extent that Plaintiffs' allegations in Paragraph 178 of the Amended Complaint purport to quote or summarize the press release attached to Mattel's 8-K filed with the SEC on October 29, 2019, the Mattel Defendants state that the press release speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning statements in the press release to the extent they misquote, mischaracterize, or are inconsistent with that document.  The Mattel Defendants otherwise deny the allegations in Paragraph 178.

179.    To the extent that Plaintiffs' allegations in Paragraph 179 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K to the extent they misquote, mischaracterize, or are inconsistent with that document.  The Mattel Defendants otherwise deny the allegations in Paragraph 179.

-32-

180.    The Mattel Defendants state that they are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 180, and on that basis deny the allegations to the extent a response is deemed required.  The Mattel Defendants admit that Forbes published an article of October 30, 2019 regarding Mattel, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  The Mattel Defendants otherwise deny the allegations in Paragraph 180.

181.    To the extent that Plaintiffs' allegations in Paragraph 181 of the Amended Complaint reference the press release attached to Mattel's 8-K filed with the SEC on October 29, 2019, the Mattel Defendants state that the press release speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning statements in the press release to the extent they misquote, mischaracterize, or are inconsistent with that document.  The Mattel Defendants otherwise deny the allegations in Paragraph 181.

182.    The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 182.  To the extent any further response is deemed required, the Mattel Defendants deny the allegations in Paragraph 182.

183.    The Mattel Defendants admit that the Wall Street Journal published an article on November 6, 2019 titled "Mattel, PwC Obscured Accounting Issues, Former Executive Says," state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it.  The Mattel Defendants otherwise deny the allegations in Paragraph 183.

184.    The Mattel Defendants admit that the Wall Street Journal published an article on November 6, 2019 titled "Mattel, PwC Obscured Accounting Issues, Former Executive Says," state that this article speaks for itself, deny that it supports

-33-

Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it. The Mattel Defendants admit that Bloomberg published an article on November 14, 2019 regarding Mattel, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it. The Mattel Defendants otherwise deny the allegations in Paragraph 184.

185. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 185. To the extent any further response is deemed required, the Mattel Defendants deny the allegations in the first sentence of Paragraph 185. The Mattel Defendants admit that Bloomberg published an article on November 14, 2019 regarding Mattel, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it. The Mattel Defendants otherwise deny the allegations in Paragraph 185, including as to any allegations regarding causation of any stock price movement.

186. The Mattel Defendants admit that ProMarket published an article on February 26, 2020 regarding Mattel, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the article to the extent the allegations misquote, mischaracterize, or are inconsistent with it. The Mattel Defendants otherwise deny the allegations in Paragraph 186.

187. The Mattel Defendants admit that Mattel filed an Amendment No. 1 to the 2017 Form 10-K on November 12, 2019 ("Restatement") with the SEC on November 12, 2019. To the extent that Plaintiffs' allegations in Paragraph 187 of the Amended Complaint purport to quote or summarize that Restatement, the Mattel Defendants state that the Restatement speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote,

-34-

mischaracterize, or are inconsistent with the Restatement.  The Mattel Defendants otherwise deny the allegations in Paragraph 187.

188.   The Mattel Defendants admit that Mattel filed a Restatement with the SEC on November 12, 2019.  To the extent that Plaintiffs' allegations in Paragraph 188 of the Amended Complaint purport to quote or summarize that Restatement, the Mattel Defendants state that the Restatement speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with the Restatement.  The Mattel Defendants otherwise deny the allegations in Paragraph 188.

189.   The Mattel Defendants admit that Mattel filed a Restatement with the SEC on November 12, 2019.  To the extent that Plaintiffs' allegations in Paragraph 189 of the Amended Complaint purport to quote or summarize that Restatement, the Mattel Defendants state that the Restatement speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with the Restatement.  The Mattel Defendants otherwise deny the allegations in Paragraph 189.

190.   The Mattel Defendants admit that Mattel filed a Restatement with the SEC on November 12, 2019.  To the extent that Plaintiffs' allegations in Paragraph 190 of the Amended Complaint purport to quote or summarize that Restatement, the Mattel Defendants state that the Restatement speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with the Restatement.  The Mattel Defendants otherwise deny the allegations in Paragraph 190.

191.   The allegations in Paragraph 191 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants state that the Restatement speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

misquote, mischaracterize, or are inconsistent with the Restatement.  The Mattel Defendants otherwise deny the allegations in Paragraph 191.

192.   The Mattel Defendants admit that Mattel filed a Restatement with the SEC on November 12, 2019.  To the extent that Plaintiffs' allegations in Paragraph 192 purport to quote or summarize that Restatement, the Mattel Defendants state that the Restatement speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with the Restatement.  The Mattel Defendants otherwise deny the allegations in Paragraph 192.

193.    The Mattel Defendants deny the allegations in Paragraph 193.

194.   The Mattel Defendants admit that Mattel filed a Restatement with the SEC on November 12, 2019.  To the extent that Plaintiffs' allegations in Paragraph 194 purport to quote or summarize that Restatement, the Mattel Defendants state that the Restatement speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with the Restatement.  The Mattel Defendants otherwise deny the allegations in Paragraph 194.

195.   The Mattel Defendants admit that certain Mattel individuals held a conference call with investors on November 15, 2019. To the extent that the second sentence of Paragraph 195 purports to quote from or summarize the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that the transcript speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with the transcript.  The Mattel Defendants otherwise deny the allegations in Paragraph 195.

196.   The Mattel Defendants admit that Bloomberg published an article on November 15, 2019 regarding Mattel, state that this article speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations concerning the

-36-
MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

article to the extent the allegations misquote, mischaracterize, or are inconsistent with it. The Mattel Defendants otherwise deny the allegations in Paragraph 196.

197. To the extent that Plaintiffs' allegations in Paragraph 197 purport to quote or summarize Mattel's 2019 Form 10-K, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with the filing. The Mattel Defendants otherwise deny the allegations in Paragraph 197

198. The Mattel Defendants deny the allegations in the first sentence of Paragraph 198. To the extent that Plaintiffs' allegations in the second sentence of Paragraph 198 purport to quote or summarize Mattel's Form 10-Q for the first quarter of 2020, the Mattel Defendants state that the filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with the filing. The Mattel Defendants otherwise deny the allegations in Paragraph 198.

199. The Mattel Defendants state that Paragraph 199 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 199.

200. The Mattel Defendants deny the allegations in Paragraph 200 of the Amended Complaint.

201. The Mattel Defendants deny the allegations in Paragraph 201 of the Amended Complaint.

202. The Mattel Defendants deny the allegations in Paragraph 202 of the Amended Complaint.

203. The Mattel Defendants deny the allegations in Paragraph 203.

204. The Mattel Defendants deny the allegations in Paragraph 204 of the Amended Complaint.

205. The allegations in Paragraph 205 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 205.

206. The Mattel Defendants deny the allegations in Paragraph 206 of the Amended Complaint.

207. The Mattel Defendants deny the allegations in the first, third, fourth, fifth, and sixth sentences of Paragraph 207. The Mattel Defendants admit the allegations in the second sentence of Paragraph 207 of the Amended Complaint.

208. The allegations in Paragraph 208 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 208 of the Amended Complaint.

209. The Mattel Defendants deny the allegations in Paragraph 209 of the Amended Complaint.

210. The Mattel Defendants incorporate by reference their response to Plaintiffs' allegations in ¶¶56-79 above. The Mattel Defendants otherwise deny the allegations in Paragraph 210 of the Amended Complaint.

211. The Mattel Defendants deny the allegations in Paragraph 211 of the Amended Complaint.

212. The Mattel Defendants deny the allegations in Paragraph 212 of the Amended Complaint.

213. The Mattel Defendants deny the allegations in Paragraph 213 of the Amended Complaint.

214. The Mattel Defendants deny the allegations in Paragraph 214 of the Amended Complaint.

215. The Mattel Defendants deny the allegations in the first and second sentences of Paragraph 215. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr.

Whitaker allegedly told Lead Counsel and on that basis deny the allegations in the third, fourth, and fifth sentences of Paragraph 215. To the extent any further response is deemed required, the Mattel Defendants deny the remaining allegations in Paragraph 215 of the Amended Complaint.

216. With regard to the allegations directed at the Mattel Defendants, the Mattel Defendants deny the allegations in Paragraph 216. The Mattel Defendants state that the allegations in Paragraph 216 are otherwise not directed at the Mattel Defendants and therefore no response is necessary.

217. The Mattel Defendants deny the allegations in Paragraph 217 of the Amended Complaint.

218. The Mattel Defendants deny the allegations in Paragraph 218 of the Amended Complaint.

219. The Mattel Defendants deny the allegations in Paragraph 219 of the Amended Complaint.

220. The allegations in Paragraph 220 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 220 of the Amended Complaint.

221. To the extent Plaintiffs purport to quote or summarize unsourced public company internal controls principles, the Mattel Defendants state that such principles speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 221 to the extent they misquote, mischaracterize, or are inconsistent with those principles. The Mattel Defendants otherwise deny the allegations in Paragraph 221 of the Amended Complaint.

222. To the extent Plaintiffs purport to quote or summarize unsourced portions of public company internal controls principles, GAAP, or the Securities Exchange Act of 1934, the Mattel Defendants state that the principles speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in

-39-

Paragraph 222 to the extent they misquote, mischaracterize, or are inconsistent with the Exchange Act, GAAP, or other principles.  The Mattel Defendants otherwise deny the allegations in Paragraph 222 of the Amended Complaint.

223.   To the extent Plaintiffs purport to quote or summarize unsourced public company internal controls principles, the Mattel Defendants state that such principles speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 223 to the extent they misquote, mischaracterize, or are inconsistent with those principles.  The Mattel Defendants otherwise deny the allegations in Paragraph 223 of the Amended Complaint.

224.   To the extent Plaintiffs purport to quote or summarize unsourced statutes or regulations, the Mattel Defendants state that such statutes or regulations speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 224 to the extent they misquote, mischaracterize, or are inconsistent with those statutes or regulations.  The Mattel Defendants otherwise deny the allegations in Paragraph 224 of the Amended Complaint.

225.   To the extent Plaintiffs purport to quote or summarize unsourced federal law, the Mattel Defendants state that such laws speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 225 to the extent they misquote, mischaracterize, or are inconsistent with those statutes or regulations.  The Mattel Defendants otherwise deny the allegations in Paragraph 225 of the Amended Complaint.

226.   The Mattel Defendants state that the first sentence of Paragraph 226 consists of Plaintiffs' characterizations and conclusions to which no response is required, and deny those allegations to the extent a response is deemed required. To the extent Plaintiffs purport to quote or summarize Section 302 of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7241, the Mattel Defendants state that the Act speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in Paragraph 226 to the extent they misquote, mischaracterize, or are inconsistent with

-40-

the Act's requirements.  The Mattel Defendants otherwise deny the allegations in Paragraph 226 of the Amended Complaint.

227.   To the extent Plaintiffs purport to quote or summarize Section 404 of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7262, the Mattel Defendants state that the Act speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in Paragraph 227 to the extent they misquote, mischaracterize, or are inconsistent with the Act's requirements.  To the extent Plaintiffs purport to quote or summarize SEC Release 33-8810, the Mattel Defendants state that the Release 33-8810 speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in Paragraph 227 to the extent they misquote, mischaracterize, or are inconsistent with that SEC guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 227 of the Amended Complaint.

228.   To the extent Plaintiffs purport to quote or summarize the PCAOB Accounting Standards, the Mattel Defendants state that the PCAOB Accounting Standards speaks for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 228 to the extent they misquote, mischaracterize, or are inconsistent with the PCAOB Accounting Standards.  The Mattel Defendants otherwise deny the allegations in Paragraph 228.

229.   To the extent Plaintiffs purport to quote or summarize Section 404 of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7262, the Mattel Defendants state that the Act speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in Paragraph 229 to the extent they misquote, mischaracterize, or are inconsistent with the Act's requirements.  The Mattel Defendants state that they are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 229 and on that basis deny those allegations.

230.   To the extent Plaintiffs purport to quote or summarize the COSO Framework, the Mattel Defendants state that this document speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in Paragraph 230 to the

-41-

extent they misquote, mischaracterize, or are inconsistent with the document's guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 230 of the Amended Complaint.

231.   To the extent Plaintiffs purport to quote or summarize the COSO Framework, the Mattel Defendants state that this document speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in the first sentence of Paragraph 231 to the extent they misquote, mischaracterize, or are inconsistent with the document's guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 231 of the Amended Complaint.

232.   To the extent Plaintiffs purport to quote or summarize the COSO Framework or its Executive Summary, the Mattel Defendants state that these documents speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 232 to the extent they misquote, mischaracterize, or are inconsistent with those documents' guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 232.

233.   To the extent Plaintiffs purport to quote or summarize the COSO Framework or its Executive Summary, the Mattel Defendants state that these documents speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 233 to the extent they misquote, mischaracterize, or are inconsistent with those documents' guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 233 of the Amended Complaint.

234.   To the extent Plaintiffs purport to quote or summarize the COSO Framework or its Executive Summary, the Mattel Defendants state that these documents speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 234 to the extent they misquote, mischaracterize, or are inconsistent with those documents' guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 234 of the Amended Complaint.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

235.   The Mattel Defendants state that Item 307 of SEC Regulation S-K, 17 CFR § 229.307, speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in Paragraph 235 to the extent they misquote, mischaracterize, or are inconsistent with that regulation.  The Mattel Defendants otherwise deny the allegations in Paragraph 235.

236.   The Mattel Defendants state that Item 308 of SEC Regulation S-K, 17 CFR § 229.307, speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in Paragraph 236 to the extent they misquote, mischaracterize, or are inconsistent with that regulation.  The Mattel Defendants state that the last sentence of Paragraph 236 consists of Plaintiffs' characterizations and conclusions to which no response is required, and deny those allegations to the extent a response is deemed required.  The Mattel Defendants otherwise deny the allegations in Paragraph 236.

237.   The Mattel Defendants state that Rule 13a-15(d), 17 CFR § 240.13a-15(d), speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in first sentence of Paragraph 237 to the extent they misquote, mischaracterize, or are inconsistent with the Rule.  The Mattel Defendants otherwise deny the allegations in Paragraph 237.

238.   To the extent that Plaintiffs purport to summarize generally the contents of Mattel's SEC filings submitted during the Class Period, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 238 to the extent that they misquote, mischaracterize, or are inconsistent with those SEC filings.  The Mattel Defendants otherwise deny the allegations in Paragraph 238.

239.   To the extent that Plaintiffs purport to quote or summarize the contents of Mattel's SEC filings submitted during the Class Period in Paragraph 239, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in the second sentence of

Paragraph 239 to the extent that they misquote, mischaracterize, or are inconsistent with those SEC filings. The Mattel Defendants otherwise deny the allegations in Paragraph 239 of the Amended Complaint.

240.    The Mattel Defendants deny the allegations in Paragraph 240 of the Amended Complaint.

241.    The Mattel Defendants admit the allegations in Paragraph 241 to the extent they are consistent with Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 241 to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 241 of the Amended Complaint.

242.    The Mattel Defendants deny the allegations in Paragraph 242 of the Amended Complaint.

243.    To the extent that Plaintiffs purport to reference the contents of Mattel's SEC filings submitted during the Class Period, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in the first sentence of Paragraph 243 to the extent that they misquote, mischaracterize, or are inconsistent with those SEC filings. The Mattel Defendants state that the second sentence of Paragraph 243 states a legal conclusion to which no response is required, and deny those allegations to the extent a response is deemed required. The Mattel Defendants otherwise deny the allegations in Paragraph 243 of the Amended Complaint.

244.    The Mattel Defendants deny the allegations in Paragraph 244 of the Amended Complaint.

245.    The Mattel Defendants deny the allegations in the first and third sentences of Paragraph 245. The Mattel Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Mr.

Whitaker allegedly told Lead Counsel and on that basis deny the allegations in the second sentence of Paragraph 245. To the extent any further response is deemed required, the Mattel Defendants deny the remaining allegations in Paragraph 245 of the Amended Complaint.

246. The Mattel Defendants deny the allegations in Paragraph 246 of the Amended Complaint.

247. The Mattel Defendants state that Paragraph 247 of the Amended Complaint consists primarily of Plaintiffs' characterizations and conclusions, to which no response is required. To the extent that Plaintiffs purport in the rest of Paragraph 247 to characterize or summarize GAAP, Defendants state that GAAP speaks for itself, deny that it supports Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance and relevant standards. The Mattel Defendants otherwise deny the allegations in Paragraph 247.

248. To the extent that Plaintiffs purport to summarize the contents of Mattel's SEC filings submitted during the Class Period, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 248 to the extent that they misquote, mischaracterize, or are inconsistent with those SEC filings. The Mattel Defendants state that SEC Regulation S-X, 17 C.F.R. § 210.4-01(a), speaks for itself, deny that it supports Plaintiffs' legal claims, and deny the allegations in the third sentence of Paragraph 248 to the extent they misquote, mischaracterize, or are inconsistent with that regulation. The Mattel Defendants otherwise deny the allegations in Paragraph 248.

249. The Mattel Defendants state that Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019 speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 249 to the extent they misquote, mischaracterize, or are

inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 249 of the Amended Complaint.

250. To the extent that Plaintiffs purport in Paragraph 250 to characterize or summarize GAAP and ASC 740, the Mattel Defendants state that GAAP and ASC 740 speak for themselves, deny that they support Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance. The Mattel Defendants otherwise deny the allegations in Paragraph 250.

251. To the extent that Plaintiffs purport to summarize the contents of Mattel's SEC filings submitted during the Class Period, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations in Paragraph 251 to the extent that they misquote, mischaracterize, or are inconsistent with those SEC filings. The Mattel Defendants otherwise deny the allegations in Paragraph 251.

252. To the extent that Plaintiffs purport in Paragraph 252 to characterize or summarize ASC 740, the Mattel Defendants state that ASC 740 speaks for itself, deny that it supports Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance. The Mattel Defendants otherwise deny the allegations in Paragraph 252.

253. To the extent that Plaintiffs purport in Paragraph 253 to characterize or summarize GAAP and ASC 740, the Mattel Defendants state that ASC 740 speaks for itself, deny that it supports Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance. The Mattel Defendants otherwise deny the allegations in Paragraph 253.

254. The Mattel Defendants state that the allegations in Paragraph 254 consist primarily of Plaintiffs' characterizations and conclusions, to which no response is required, and deny those allegations to the extent a response is deemed required. To the extent that Plaintiffs purport in Paragraph 254 to characterize or summarize ASC 740, the Mattel Defendants state that ASC 740 speaks for itself,

deny that it supports Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 254.

255.   The Mattel Defendants state that the allegations in Paragraph 255 consist primarily of Plaintiffs' characterizations and conclusions, to which no response is required, and deny those allegations to the extent a response is deemed required.  To the extent that Plaintiffs purport in Paragraph 254 to characterize or summarize ASC 740, the Mattel Defendants state that ASC 740 speaks for itself, deny that it supports Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance. The Mattel Defendants otherwise deny the allegations in Paragraph 255.

256.    To the extent that Plaintiffs purport to summarize the contents of Mattel's 2017 Form 10-K, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in Paragraph 256 to the extent that they misquote, mischaracterize, or are inconsistent with the SEC filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 256.

257.   The Mattel Defendants state that the allegations in Paragraph 257 of the Amended Complaint consist primarily of Plaintiffs' characterizations and conclusions, to which no response is required, and deny those allegations to the extent a response is deemed required.  To the extent that Plaintiffs purport in Paragraph 257 to characterize or summarize GAAP and ASC 740, the Mattel Defendants state that ASC 740 speaks for itself, deny that it supports Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 257.

258.   The Mattel Defendants state that the allegations in Paragraph 258 of the Amended Complaint consist primarily of Plaintiffs' characterizations and conclusions, to which no response is required, and deny those allegations to the

extent a response is deemed required.  To the extent that Plaintiffs purport in Paragraph 258 to characterize or summarize GAAP and ASC 350, the Mattel Defendants state that GAAP and ASC 350 speak for themselves, deny that they support Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 258.

259.   The Mattel Defendants state that the allegations in Paragraph 259 of the Amended Complaint consist primarily of Plaintiffs' characterizations and conclusions, to which no response is required, and deny those allegations to the extent a response is deemed required.  To the extent that Plaintiffs purport in Paragraph 259 to characterize or summarize GAAP and ASC 740, the Mattel Defendants state that GAAP and ASC 740 speaks for themselves, deny that they support Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 259.

260.   The Mattel Defendants state that the allegations in Paragraph 260 consist primarily of Plaintiffs' characterizations and conclusions, to which no response is required, and deny those allegations to the extent a response is deemed required.  To the extent that Plaintiffs purport in Paragraph 260 to characterize or summarize GAAP, the Mattel Defendants state that GAAP speaks for itself, deny that it supports Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance. The Mattel Defendants otherwise deny the allegations in Paragraph 260.

261.   To the extent that Plaintiffs purport in Paragraph 261 to characterize or summarize GAAP and ASC 250, the Mattel Defendants state that GAAP and ASC 250 speaks for themselves, deny that they support Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance. The Mattel Defendants otherwise deny the allegations in Paragraph 261.

262. To the extent that Plaintiffs purport in Paragraph 262 to characterize or summarize GAAP and ASC 250, the Mattel Defendants state that GAAP speaks for itself, deny that it supports Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance. The Mattel Defendants otherwise deny the allegations in Paragraph 262.

263. To the extent that Plaintiffs purport to summarize the contents of Mattel's Form 10-Q filed with the SEC on August 2, 2017, the Mattel Defendants state that the Form 10-Q speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in Paragraph 263 to the extent that they misquote, mischaracterize, or are inconsistent with those SEC filings. The Mattel Defendants otherwise deny the allegations in Paragraph 263.

264. The Mattel Defendants admit that Mattel engaged in the calculation of a valuation allowance for its deferred tax assets during October 2017 and otherwise deny the allegations in Paragraph 264 of the Amended Complaint.

265. The Mattel Defendants state that the allegations in Paragraph 265 of the Amended Complaint consist primarily of Plaintiffs' characterizations and conclusions, to which no response is required, and deny those allegations to the extent a response is deemed required. To the extent that Plaintiffs purport to summarize the contents of Mattel's Form 10-Q filed with the SEC on October 26, 2017, the Mattel Defendants state that the Form 10-Q speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in Paragraph 265 to the extent that they misquote, mischaracterize, or are inconsistent with that SEC filing. The Mattel Defendants otherwise deny the allegations in Paragraph 265 of the Amended Complaint.

266. The Mattel Defendants deny the allegations in Paragraph 266 of the Amended Complaint.

267. The Mattel Defendants deny the allegations in Paragraph 267 of the Amended Complaint.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

268.   The Mattel Defendants deny the allegations in Paragraph 268 of the Amended Complaint.

269.   The Mattel Defendants deny the allegations in Paragraph 269 of the Amended Complaint.

270.   To the extent that Plaintiffs purport in Paragraph 270 to characterize or summarize GAAP and ASC 250, the Mattel Defendants state that GAAP and ASC 250 speak for themselves, deny that they support Plaintiffs' claims, and deny that Plaintiffs' allegations fairly, accurately, and completely characterize the applicable guidance.  The Mattel Defendants otherwise deny the allegations in Paragraph 270.

271.   The Mattel Defendants deny the allegations in the first through fourth sentences of Paragraph 271.  To the extent the allegations in the fifth sentences of Paragraph 271 purport to quote or summarize the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that the Restatement speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations in the fifth sentence of Paragraph 271 to the extent they misquote, mischaracterize, or are inconsistent with the Restatement.  The Mattel Defendants otherwise deny the allegations in Paragraph 271.

272.   The allegations in Paragraph 272 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 272 of the Amended Complaint.

273.   The allegations in Paragraph 273 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 273 of the Amended Complaint.

274.   The allegations in Paragraph 274 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is

necessary, the Mattel Defendants deny the allegations in Paragraph 274 of the Amended Complaint.

275.    The allegations in Paragraph 275 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 275 of the Amended Complaint.

276.    The allegations in Paragraph 276 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 276 of the Amended Complaint.

277.    The allegations in Paragraph 277 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 277 of the Amended Complaint.

278.    The allegations in Paragraph 278 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 278 of the Amended Complaint.

279.    The allegations in Paragraph 279 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 279 of the Amended Complaint.

280.    The allegations in Paragraph 280 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 280 of the Amended Complaint.

281.    The allegations in Paragraph 281 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

necessary, the Mattel Defendants deny the allegations in Paragraph 281 of the Amended Complaint.

282. The allegations in Paragraph 282 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 282 of the Amended Complaint.

283. The allegations in Paragraph 283 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 283 of the Amended Complaint.

284. The allegations in Paragraph 284 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 284 of the Amended Complaint.

285. The allegations in Paragraph 285 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 285 of the Amended Complaint.

286. The allegations in Paragraph 286 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 286 of the Amended Complaint.

287. The allegations in Paragraph 287 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 287 of the Amended Complaint.

288. The allegations in Paragraph 288 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is

necessary, the Mattel Defendants deny the allegations in Paragraph 288 of the Amended Complaint.

289.   The allegations in Paragraph 289 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 289 of the Amended Complaint.

290.   The allegations in Paragraph 290 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 290 of the Amended Complaint

291.   The allegations in Paragraph 291 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 291 of the Amended Complaint.

292.   The allegations in Paragraph 292 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 292 of the Amended Complaint.

293.   The allegations in Paragraph 293 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 293 of the Amended Complaint.

294.   The allegations in Paragraph 294 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 294 of the Amended Complaint.

295.   The allegations in Paragraph 295 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is

necessary, the Mattel Defendants deny the allegations in Paragraph 295 of the Amended Complaint.

296. The allegations in Paragraph 296 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 296 of the Amended Complaint.

297. The allegations in Paragraph 297 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 297 of the Amended Complaint.

298. The allegations in Paragraph 298 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 298 of the Amended Complaint.

299. The allegations in Paragraph 299 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 299 of the Amended Complaint.

300. The allegations in Paragraph 300 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 300 of the Amended Complaint.

301. The allegations in Paragraph 301 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 301 of the Amended Complaint.

302. The allegations in Paragraph 302 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is

necessary, the Mattel Defendants deny the allegations in Paragraph 302 of the Amended Complaint.

303. The allegations in Paragraph 303 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 303 of the Amended Complaint.

304. The allegations in Paragraph 304 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 304 of the Amended Complaint.

305. The allegations in Paragraph 305 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 305 of the Amended Complaint.

306. The allegations in Paragraph 306 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 306 of the Amended Complaint.

307. The allegations in Paragraph 307 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 307 of the Amended Complaint.

308. The allegations in Paragraph 308 that are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 308 of the Amended Complaint.

309. The allegations in Paragraph 309 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is

necessary, the Mattel Defendants deny the allegations in Paragraph 309 of the Amended Complaint.

310.   The allegations in Paragraph 310 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 310 of the Amended Complaint.

311.   The allegations in Paragraph 311 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 311 of the Amended Complaint.

312.   The allegations in Paragraph 312 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 312 of the Amended Complaint.

313.   The allegations in Paragraph 313 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 313 of the Amended Complaint.

314.   The allegations in Paragraph 314 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 314 of the Amended Complaint.

315.   The allegations in Paragraph 315 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 315 of the Amended Complaint.

316.   The allegations in Paragraph 316 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

necessary, the Mattel Defendants deny the allegations in Paragraph 316 of the Amended Complaint.

317. The allegations in Paragraph 317 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 317 of the Amended Complaint.

318. The allegations in Paragraph 318 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 318 of the Amended Complaint.

319. The allegations in Paragraph 319 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 319 of the Amended Complaint.

320. The allegations in Paragraph 320 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 320 of the Amended Complaint.

321. The allegations in Paragraph 321 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 321 of the Amended Complaint.

322. The allegations in Paragraph 322 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 322.

323. The allegations in Paragraph 323 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

necessary, the Mattel Defendants deny the allegations in Paragraph 323 of the Amended Complaint.

324.    The Mattel Defendants deny the allegations in Paragraph 324 of the Amended Complaint.

325.    The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on August 2, 2017 but deny that Ms. Georgiadis and Mr. Farr signed that Form 10-Q.  The Mattel Defendants admit that Ms. Georgiadis and Mr. Farr signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the second quarter of 2017 attached to that Form 10-Q.  The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 325.

326.    The Mattel Defendants deny the allegations in Paragraph 326 of the Amended Complaint.

327.    The Mattel Defendants deny the allegations in Paragraph 327 of the Amended Complaint.

328.    The Mattel Defendants deny the allegations in the first sentence of Paragraph 328.  To the extent that Plaintiffs' allegations in the second and third sentences of Paragraph 328 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K, Restatement, and transcript to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 328 of the Amended Complaint

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

329.   The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 329.

330.   The Mattel Defendants deny the allegations in Paragraph 330 of the Amended Complaint.

331.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 331. To the extent that the second sentence of Paragraph 331 purports to quote from or summarize the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that the transcript speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with the transcript.  To the extent that Plaintiffs' allegations in the third sentence of Paragraph 331 purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 331 of the Amended Complaint.

332.   The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on October 26, 2017 but deny that Ms. Georgiadis and Mr. Farr signed that Form 10-Q.  The Mattel Defendants admit that Ms. Georgiadis and Mr. Euteneuer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the third quarter of 2017. The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate,

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 332.

333. The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 333.

334. The Mattel Defendants state that the Q3 2017 Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 334 of the Amended Complaint.

335. The Mattel Defendants deny the allegations in the first sentence of Paragraph 335. To the extent that Plaintiffs' allegations in the second sentence of Paragraph 335 of the Amended Complaint purport to quote or summarize the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations concerning statements in Mattel's Restatement to the extent they misquote, mischaracterize, or are inconsistent with that document. The Mattel Defendants state that the chart accompanying Paragraph 335 is not an allegation but for purposes of answering Paragraph 335 will treat it as such. To the extent that Paragraph 335 and the accompanying chart purport to draw information from Mattel's SEC filings, the Mattel Defendants state that these filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent that they misstate, mischaracterize, or are inconsistent with the filings. The Mattel Defendants otherwise deny the allegations in Paragraph 335 of the Amended Complaint and the allegations (if any) in the accompanying chart.

336.    To the extent that Plaintiffs' allegations in Paragraph 336 of the Amended Complaint purport to quote or summarize the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's Restatement to the extent they misquote, mischaracterize, or are inconsistent with that document.  The Mattel Defendants state that the chart accompanying Paragraph 336 is not an allegation but for purposes of answering Paragraph 336 will treat it as such.  To the extent that Paragraph 336 and the accompanying chart purport to draw information from Mattel's SEC filings, the Mattel Defendants state that these filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent that they misstate, mischaracterize, or are inconsistent with the filings.  The Mattel Defendants otherwise deny the allegations in Paragraph 336 of the Amended Complaint and the allegations (if any) in the accompanying chart.

337.    The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 337.

338.    The Mattel Defendants deny the allegations in the first sentence of Paragraph 338.  To the extent that Plaintiffs' allegations in the second sentence of Paragraph 338 purport to quote or reference the Restatement Mattel filed with the SEC on November 12, 2019 or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that the SEC filing and transcript speaks for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in the second sentence of

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

Paragraph 338.  The Mattel Defendants deny the allegations in the third sentence of Paragraph 338 of the Amended Complaint.

339.   The Mattel Defendants deny the allegations in Paragraph 339 of the Amended Complaint.

340.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 340.  To the extent that Plaintiffs' remaining allegations in Paragraph 340 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's investor call on November 15, 2019, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 340 of the Amended Complaint.

341.   To the extent that Plaintiffs' allegations in the first and second sentences of Paragraph 341 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in the first and second sentences of Paragraph 341.  The Mattel Defendants deny the allegations in the third sentence of Paragraph 341.

342.   The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are

inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 342.

343.   The Mattel Defendants deny the allegations in Paragraph 343 of the Amended Complaint.

344.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 344.  To the extent that Plaintiffs' remaining allegations in Paragraph 344 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's investor call on November 15, 2019, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 344 of the Amended Complaint.

345.   The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 345.

346.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 346. To the extent that Plaintiffs' allegations in the second sentence of Paragraph 346 of the Amended Complaint reference Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents.  Mattel incorporates by reference its response to the allegations in Section VIII above and otherwise denies

the allegations in the third sentence of Paragraph 346.  The Mattel Defendants otherwise deny the allegations in Paragraph 346.

347.   The Mattel Defendants admit the allegations in the first sentence of Paragraph 347. The Mattel Defendants state that the remaining allegations in Paragraph 347 consist of Plaintiffs' characterizations and conclusions to which no response is required.  To the extent that a response is deemed required, the Mattel Defendants state that Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019 speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in the second, third, and fourth sentences of Paragraph 347.

348.   The Mattel Defendants admit the allegations in the first sentence of Paragraph 348. To the extent that Paragraph 348 purports to draw information from transcripts of Mattel's earnings calls, including the February 1, 2018 earnings call transcript, Defendants state that the earnings call transcripts speak for themselves, deny that they support Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misstate, mischaracterize, or are inconsistent with that transcript.  The Mattel Defendants otherwise deny the allegations in Paragraph 348.

349.   The Mattel Defendants deny the allegations in Paragraph 349 of the Amended Complaint.

350.   The allegations in Paragraph 350 of the Amended Complaint consist primarily of Plaintiffs' characterizations and conclusions, for which no response is required.  To the extent a response to these allegations is required, the Mattel Defendants admit that Mattel "issued a series of documents setting forth its financial results for the fourth quarter and full year 2017." The Mattel Defendants otherwise deny the allegations in Paragraph 350.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

351.   To the extent that Paragraph 351 purports to draw information from Mattel's Form 8-K filed with the SEC on February 1, 2018, the transcripts and materials of Mattel's investor presentation on February 1, 2018, or Mattel's 2017 Form 10-K, the Mattel Defendants state that the filings and presentation speak for themselves, deny that they support Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misstate, mischaracterize, or are inconsistent with the filings and presentation.  The Mattel Defendants otherwise deny the allegations in Paragraph 351.

352.   The Mattel Defendants deny the allegations in Paragraph 352.

353.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 353.  The Mattel Defendants admit the allegations in the second sentence of Paragraph 353.  To the extent that Plaintiffs' allegations in the third sentence of Paragraph 353 of the Amended Complaint reference Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 353 of the Amended Complaint.

354.    To the extent that the first sentence of Paragraph 354 purports to draw information from Mattel's 2017 Form 10-K, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants deny the allegations in the second sentence of Paragraph 354.  To the extent that Plaintiffs' allegations in the third sentence of Paragraph 354 reference Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 354.

355. The Mattel Defendants deny the allegations in the first, third, and fourth sentences of Paragraph 355. To the extent that the second sentence of Paragraph 355 purports to draw information from Mattel's 2017 Form 10-K, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants state that the chart accompanying Paragraph 355 is not an allegation but for purposes of answering Paragraph 355 will treat it as such. To the extent that Paragraph 355 and the accompanying chart purport to draw information from Mattel's SEC filings, Defendants state that these filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent that they misstate, mischaracterize, or are inconsistent with the filings. The Mattel Defendants otherwise deny the allegations in Paragraph 355 of the Amended Complaint and the allegations (if any) in the accompanying chart.

356. The Mattel Defendants admit the allegations in the first sentence of Paragraph 356. The Mattel Defendants state that the remaining allegations in Paragraph 356 consist of Plaintiffs' characterizations and conclusions to which no response is required. To the extent that a response is deemed required, the Mattel Defendants state that Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019 speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in the second and third sentences of Paragraph 356 of the Amended Complaint.

357.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 357.  The Mattel Defendants state that the second sentence of Paragraph 357 consists of Plaintiffs' characterizations and conclusions to which no response is required.  To the extent that a response is deemed required, the Mattel Defendants state that Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019 speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in the second sentence of Paragraph 357 of the Amended Complaint.

358.   The Mattel Defendants deny the allegations in the first, third, and fourth sentences of Paragraph 358. To the extent that Plaintiffs' allegations in the second sentence of Paragraph 358 of the Amended Complaint reference Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in the second sentence of Paragraph 358 of the Amended Complaint.

359.   To the extent that Paragraph 359 purports to draw information from Mattel's 2017 Form 10-K, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 359.

360.   The Mattel Defendants deny the allegations in the Paragraph 360 of the Amended Complaint.

361.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 361.  To the extent that Plaintiffs' allegations in the second sentence of

-67-

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

Paragraph 361 of the Amended Complaint purport to quote or reference the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that the transcript speaks for itself, deny that it supports Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with the transcript. The Mattel Defendants otherwise deny the allegations in the second sentence of Paragraph 361. The Mattel Defendants deny the allegations in the third sentence of Paragraph 361.

362. To the extent that Paragraph 362 purports to draw information from Mattel's 2017 Form 10-K, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 362.

363. The Mattel Defendants deny the allegations in Paragraph 363 of the Amended Complaint.

364. The Mattel Defendants deny the allegations in the first sentence of Paragraph 364. To the extent that Plaintiffs' remaining allegations in Paragraph 364 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's investor call on November 15, 2019, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 364 of the Amended Complaint.

365. To the extent that Paragraph 365 purports to draw information from Mattel's 2017 Form 10-K, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel

Defendants otherwise deny the allegations in Paragraph 365 of the Amended Complaint.

366.   The Mattel Defendants deny the allegations in the first and second sentences of Paragraph 366.  To the extent that Plaintiffs' allegations in the third sentence of Paragraph 366 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's investor call on November 15, 2019, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in the third sentence of Paragraph 366.  The Mattel Defendants deny the allegations in the fourth sentence of Paragraph 366.

367.   The Mattel Defendants deny the allegations in Paragraph 367 of the Amended Complaint.

368.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 368.  To the extent that Plaintiffs' allegations in the rest of Paragraph 368 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's investor call on November 15, 2019, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 368 of the Amended Complaint.

369.   To the extent that Plaintiffs' allegations in the first sentence of Paragraph 369 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with

the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants deny the allegations in the second and third sentences of Paragraph 369 of the Amended Complaint.

370. To the extent that Paragraph 370 purports to draw information from Mattel's 2017 Form 10-K, the Mattel Defendants state that the SEC filing speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 370.

371. The Mattel Defendants deny the allegations in the first sentence of Paragraph 371. To the extent that Plaintiffs' allegations in the second sentence of Paragraph 371 of the Amended Complaint reference Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in the second sentence of Paragraph 371 of the Amended Complaint.

372. The allegations in Paragraph 372 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants state that the Form 10-K speaks for itself and otherwise deny the allegations in Paragraph 372 of the Amended Complaint.

373. The allegations in Paragraph 373 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is

necessary, the Mattel Defendants deny the allegations in Paragraph 373 of the Amended Complaint.

374.   The allegations in Paragraph 374 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants admit that Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement filed with the SEC on November 12, 2019 reported that income tax expense was understated by $109 million in the third quarter of 2017 and otherwise deny the allegations in Paragraph 374 of the Amended Complaint.

375.   The allegations in Paragraph 375 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants admit that Mattel's 8-K filed with the SEC on October 29, 2019 and Restatement filed with the SEC on November 12, 2019 reported certain material weaknesses in Mattel's internal control over financial reporting and deny the remaining allegations in Paragraph 375 of the Amended Complaint.

376.   The allegations in Paragraph 376 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 376 of the Amended Complaint.

377.   The allegations in Paragraph 377 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 377 of the Amended Complaint.

378.   The allegations in the first and third sentence of Paragraph 378 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in the first and third sentence of Paragraph 378.  To the extent that Plaintiffs' allegations in the

second sentence of Paragraph 378 of the Amended Complaint reference Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in the second sentence of Paragraph 378.

379. The allegations in Paragraph 379 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 379 of the Amended Complaint.

380. The allegations in Paragraph 380 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 380.

381. The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on April 26, 2018 but deny that Ms. Georgiadis and Mr. Farr signed that Form 10-Q. The Mattel Defendants admit that Ms. Georgiadis and Mr. Euteneuer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the first quarter of 2018 attached to that Form 10-Q. The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 381.

382. The Mattel Defendants deny the allegations in Paragraph 382 of the Amended Complaint.

383. The Mattel Defendants deny the allegations in the first sentence of Paragraph 383. To the extent that Plaintiffs' remaining allegations in Paragraph 383

purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the remaining allegations in Paragraph 383.

384. The Mattel Defendants admit that Ms. Georgiadis and Mr. Euteneuer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the first quarter of 2018. The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 384.

385. The Mattel Defendants deny the allegations in the first and second sentences of Paragraph 385. To the extent that Plaintiffs' allegations in the third sentence of Paragraph 385 purport to quote or reference Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in the third sentence of Paragraph 385. The Mattel Defendants deny the allegations in the fourth sentence of Paragraph 385.

386. The Mattel Defendants deny the allegations in Paragraph 386 of the Amended Complaint.

387. The Mattel Defendants deny the allegations in the first sentence of Paragraph 387. To the extent that Plaintiffs' remaining allegations in Paragraph 387

of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 387 of the Amended Complaint.

388. The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on July 25, 2018 but deny that Mr. Euteneuer signed that Form 10-Q. The Mattel Defendants admit that Mr. Euteneuer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the second quarter of 2018 attached to that Form 10-Q. The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 388.

389. The Mattel Defendants deny the allegations in Paragraph 389.

390. The Mattel Defendants deny the allegations in the first sentence of Paragraph 390. To the extent that Plaintiffs' remaining allegations in Paragraph 390 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 390.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

391.    The Mattel Defendants admit that Mr. Euteneuer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the second quarter of 2018 for Mattel's Q2 Form 10-Q.  The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 391.

392.    The Mattel Defendants deny the allegations in the first and second sentences of Paragraph 392.  To the extent that Plaintiffs' allegations in the third sentence of Paragraph 392 purport to quote or reference Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in the third sentence of Paragraph 392.  The Mattel Defendants deny the allegations in the fourth sentence of Paragraph 392.

393.    The Mattel Defendants deny the allegations in Paragraph 393 of the Amended Complaint.

394.    The Mattel Defendants deny the allegations in the first sentence of Paragraph 394.  To the extent that Plaintiffs' remaining allegations in Paragraph 394 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 394.

395.    The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on October 25, 2018 and admit that Mr. Euteneuer signed that Form 10-Q. The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 395.

396.    The Mattel Defendants state that the 3Q 2018 Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants deny the allegations in the second sentence of Paragraph 396. The Mattel Defendants otherwise deny the allegations in Paragraph 396.

397.    The Mattel Defendants state that the 3Q 2018 Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 397.

398.    The Mattel Defendants deny the allegations in Paragraph 398 of the Amended Complaint.

399.    The Mattel Defendants deny the allegations in the first sentence of Paragraph 399. To the extent that Plaintiffs' remaining allegations in Paragraph 399 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.

The Mattel Defendants otherwise deny the allegations in Paragraph 399 of the Amended Complaint.

400.    The Mattel Defendants admit that Mr. Euteneuer signed Mattel's Form 10-Q and signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the third quarter of 2018.  The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 400.

401.    The Mattel Defendants deny the allegations in the first and second sentences of Paragraph 401. To the extent that Plaintiffs' allegations in the third sentence of Paragraph 401 purport to quote or reference Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in the third sentence of Paragraph 401. The Mattel Defendants deny the allegations in the fourth sentence of Paragraph 401.

402.    The Mattel Defendants deny the allegations in Paragraph 402 of the Amended Complaint.

403.    The Mattel Defendants deny the allegations in the first sentence of Paragraph 403.  To the extent that Plaintiffs' remaining allegations in Paragraph 403 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 403 of the Amended Complaint.

404.   To the extent that Plaintiffs' allegations in Paragraph 404 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 25, 2018, the Mattel Defendants state that the SEC filing speaks for itself, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants admit that an investor presentation and third quarter 2018 earnings call were held on October 25, 2018, and state that the transcript of that call speaks for itself, and deny the allegations in the second sentence of Paragraph 404 to the extent they misquote, mischaracterize, or are inconsistent with that transcript.  The Mattel Defendants otherwise deny the allegations in Paragraph 404.

405.   The Mattel Defendants admit the allegations in Paragraph 405 of the Amended Complaint.

406.   The Mattel Defendants state that the 2018 Form 10-K (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants deny the allegations in the third sentence of Paragraph 406.  The Mattel Defendants otherwise deny the allegations in Paragraph 406 of the Amended Complaint.

407.   The Mattel Defendants state that the 2018 Form 10-K (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 407.

408.   The Mattel Defendants state that the 2018 Form 10-K (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.   The Mattel Defendants otherwise deny the allegations in Paragraph 408.

409.   The Mattel Defendants deny the allegations in Paragraph 409 of the Amended Complaint.

410.   The Mattel Defendants deny the allegations in the first sentence of Paragraph 410.  To the extent that Plaintiffs' allegations in the second and third sentences of Paragraph 410 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 410 of the Amended Complaint

411.   The Mattel Defendants admit that Mattel filed a Form 10-K with the SEC on February 22, 2019. The Mattel Defendants admit that Mr. Euteneuer signed Mattel's Form 10-K and signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the year 2018. The Mattel Defendants state that the Form 10-K (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 411 of the Amended Complaint.

412.   The Mattel Defendants deny the allegations in Paragraph 412 of the Amended Complaint.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

413. The Mattel Defendants deny the allegations in the first sentence of Paragraph 413. To the extent that Plaintiffs' remaining allegations in Paragraph 413 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's investor call on November 15, 2019, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 413 of the Amended Complaint.

414. To the extent that Plaintiffs' allegations in the first sentence of Paragraph 414 of the Amended Complaint purport to reference Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants deny the allegations in the second sentence of Paragraph 414 of the Amended Complaint. The Mattel Defendants otherwise deny the allegations in Paragraph 414 of the Amended Complaint.

415. The allegations in Paragraph 415 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 415 of the Amended Complaint.

416. The allegations in Paragraph 416 are not directed at the Mattel Defendants and therefore no response is necessary. To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 416 of the Amended Complaint.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

417.   The allegations in the first and third sentences of Paragraph 417 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations of the first and third sentences of Paragraph 417.  To the extent that Plaintiffs' allegations in Paragraph 417 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 417 of the Amended Complaint.

418.   The allegations in the first sentence of Paragraph 418 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations of the first sentence of Paragraph 418. To the extent that Plaintiffs' allegations in Paragraph 418 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 418 of the Amended Complaint.

419.   The allegations in Paragraph 419 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 419.

420.   The allegations in Paragraph 420 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 420.

421.   The allegations in the first sentence of Paragraph 421 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations of the first sentence of Paragraph 421. To the extent that Plaintiffs' allegations in the second sentence of Paragraph 421 of the Amended Complaint purport to quote or summarize Mattel's 8-K filed with the SEC on October 29, 2019 and the Restatement Mattel filed with the SEC on November 12, 2019, the Mattel Defendants state that those SEC filings speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K and Restatement to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in the second sentence of Paragraph 421. The allegations in the third sentence of Paragraph 421 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in the third sentence of Paragraph 421.

422.   The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on April 26, 2019.  The Mattel Defendants admit that Mr. Euteneuer signed Mattel's Form 10-Q and signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the first quarter of 2019 attached to that Form 10-Q.  The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 422.

423.   The Mattel Defendants deny the allegations in Paragraph 423 of the Amended Complaint.

-82-

424.   The Mattel Defendants deny the allegations in the first and fifth sentences of Paragraph 424.  To the extent that Plaintiffs' remaining allegations in Paragraph 424 of the Amended Complaint purport to reference, quote, or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K, Restatement, and transcript to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 424 of the Amended Complaint.

425.   The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on April 26, 2019. The Mattel Defendants admit that Mr. Euteneuer signed Mattel's Form 10-Q and signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the first quarter of 2019. The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 425.

426.   The Mattel Defendants deny the allegations in Paragraph 426 of the Amended Complaint.

427.   The Mattel Defendants deny the allegations in the first and fifth sentences of Paragraph 427.  To the extent that Plaintiffs' remaining allegations in Paragraph 427 of the Amended Complaint purport to reference, quote, or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 427 of the Amended Complaint.

428. The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on July 26, 2019 and deny that Mr. Euteneuer signed that Form 10-Q. The Mattel Defendants admit that Mr. Euteneuer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the second quarter of 2019 attached to that Form 10-Q. The Mattel Defendants state that the Form 10-Q (and any attachments thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing. The Mattel Defendants otherwise deny the allegations in Paragraph 428.

429. The Mattel Defendants deny the allegations in Paragraph 429 of the Amended Complaint.

430. The Mattel Defendants deny the allegations in the first and fifth sentences of Paragraph 430. To the extent that Plaintiffs' remaining allegations in Paragraph 430 of the Amended Complaint purport to reference, quote, or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations to the extent they misquote, mischaracterize, or are inconsistent with those documents. The Mattel Defendants otherwise deny the allegations in Paragraph 430 of the Amended Complaint.

431. The Mattel Defendants admit that Mattel filed a Form 10-Q with the SEC on July 26, 2019. The Mattel Defendants admit that Mr. Euteneuer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 for the second quarter of 2019. The Mattel Defendants state that the Form 10-Q (and any attachments

thereto) speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations relating to the filing to the extent they misstate, mischaracterize, or are inconsistent with that filing.  The Mattel Defendants otherwise deny the allegations in Paragraph 431.

432.   The Mattel Defendants deny the allegations in Paragraph 432 of the Amended Complaint.

433.   The Mattel Defendants deny the allegations in the first and fifth sentences of Paragraph 433.  To the extent that Plaintiffs' remaining allegations in Paragraph 433 of the Amended Complaint purport to reference, quote, or summarize Mattel's 8-K filed with the SEC on October 29, 2019, the Restatement Mattel filed with the SEC on November 12, 2019, or the transcript of Mattel's November 15, 2019 investor call, the Mattel Defendants state that those SEC filings and transcript speak for themselves, deny that they support Plaintiffs' claims, and deny the allegations concerning statements in Mattel's 8-K, Restatement, and transcript to the extent they misquote, mischaracterize, or are inconsistent with those documents.  The Mattel Defendants otherwise deny the allegations in Paragraph 433 of the Amended Complaint.

434.   The Mattel Defendants state that Paragraph 434 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 434 of the Amended Complaint.

435.   The Mattel Defendants deny the allegations in Paragraph 435 of the Amended Complaint.

436.   The Mattel Defendants admit that on October 29, 2019 Mattel filed a Form 8-K with SEC.  The Mattel Defendants state that the Form 8-K speaks for itself, deny that it supports Plaintiffs' claims, and deny Plaintiffs' allegations to the extent they misquote, mischaracterize, or are inconsistent with the Form 8-K.  The

Mattel Defendants otherwise deny the allegations in Paragraph 436 of the Amended Complaint.

437.   The Mattel Defendants admit that Mattel's stock price was $13.43 at the close of trading on August 8, 2019, and $11.31 per share at the close of trading on August 9, 2019 on a trading volume of 15.25 million shares traded on August 9, 2019.   The Mattel Defendants deny the remaining allegations in Paragraph 437 of the Amended Complaint, including as to any allegations regarding causation of any stock price movement.

438.   The Mattel Defendants deny the allegations in Paragraph 438 of the Amended Complaint.

439.   The Mattel Defendants deny the allegations in Paragraph 439 of the Amended Complaint.

440.   The Mattel Defendants state that Paragraph 440 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 440 of the Amended Complaint.

441.   The Mattel Defendants state that Paragraph 441 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 441 of the Amended Complaint.

442.   The Mattel Defendants state that Paragraph 442 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 442 of the Amended Complaint.

443.   The Mattel Defendants state that Paragraph 443 and subparts (a)-(h) thereto of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel

Defendants deny the allegations in Paragraph 443 and subparts (a)-(h) thereto of the Amended Complaint.

444. The Mattel Defendants state that Paragraph 444 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 444 of the Amended Complaint.

445. The Mattel Defendants admit that Plaintiffs purport to bring this action as a class action, that Plaintiffs define the putative class as stated in Paragraph 445 of the Amended Complaint, and that Plaintiffs purports to exclude certain categories of individuals from the putative class as stated in Paragraph 445. The Mattel Defendants deny that this action has any merit and deny that a class may be certified properly in this action.

446. The Mattel Defendants state that the first sentence of Paragraph 446 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in the first sentence of Paragraph 446 of the Amended Complaint. The Mattel Defendants admit that Mattel common shares were traded on the NASDAQ throughout the Class Period, and that as of February 2018, Mattel had approximately 344 million shares of common stock issued and outstanding. The Mattel Defendants are without sufficient knowledge or information to admit or deny the additional allegations in Paragraph 446 and on that basis deny those allegations.

447. The Mattel Defendants state that Paragraph 447 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 447 of the Amended Complaint.

448. The Mattel Defendants state that Paragraph 448 of the Amended Complaint and subparts (a)-(d) thereto consist of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel

Defendants deny the allegations in Paragraph 448 and subparts (a)-(d) thereto of the Amended Complaint.

449.   The Mattel Defendants state that Paragraph 449 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 449 of the Amended Complaint.

450.   The Mattel Defendants state that Paragraph 450 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny that this action has any merit as a class action or otherwise, and deny that a class may be properly certified in this action.

451.   The Mattel Defendants state that no response is required to Paragraph 451.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 451 of the Amended Complaint.

452.   The Mattel Defendants state that Paragraph 452 and subparts (i)-(iii) thereto of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 452 and subparts (i)-(iii) thereto of the Amended Complaint.

453.   The Mattel Defendants state that Paragraph 453 and subparts (i)-(iii) thereto of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 453 and subparts (i)-(iii) thereto of the Amended Complaint.

454.   The Mattel Defendants state that Paragraph 454 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 454 of the Amended Complaint.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

455. The Mattel Defendants state that Paragraph 455 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 455 of the Amended Complaint.

456. The Mattel Defendants state that Paragraph 456 and subparts (a)-(d) thereto of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 456 and subparts (a)-(d) thereto of the Amended Complaint.

457. The Mattel Defendants state that Paragraph 457 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 457 of the Amended Complaint.

458. The Mattel Defendants state that Paragraph 458 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 458 of the Amended Complaint.

459. The Mattel Defendants state that Paragraph 459 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 459 of the Amended Complaint.

460. The Mattel Defendants state that Paragraph 460 of the Amended Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 460 of the Amended Complaint.

461. The Mattel Defendants state that Paragraph 461 of the Amended Complaint consists of legal conclusions to which no response is required. To the

extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 461 of the Amended Complaint.

462.    The Mattel Defendants state that no response is required to Paragraph 462.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 462 of the Amended Complaint.

463.    The Mattel Defendants state that Paragraph 463 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 463 of the Amended Complaint.

464.    The Mattel Defendants state that Paragraph 464 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 464 of the Amended Complaint.

465.    The Mattel Defendants state that Paragraph 465 of the Amended Complaint consists primarily of legal conclusions to which no response is required. To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 465 of the Amended Complaint.

466.    The Mattel Defendants state that Paragraph 466 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 466 of the Amended Complaint.

467.    The Mattel Defendants state that Paragraph 467 of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 467 of the Amended Complaint.

468.    The Mattel Defendants state that no response is required to Paragraph 468.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 468 of the Amended Complaint.

469.   The allegations in Paragraph 469 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 469 of the Amended Complaint.

470.   The allegations in Paragraph 470 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 470 of the Amended Complaint.

471.   The allegations in Paragraph 471 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 471 of the Amended Complaint.

472.   The allegations in Paragraph 472 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 472 of the Amended Complaint.

473.   The allegations in Paragraph 473 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 473 of the Amended Complaint.

474.   The allegations in Paragraph 474 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 474 of the Amended Complaint.

475.   The allegations in Paragraph 475 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 475 of the Amended Complaint.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

476.   The allegations in Paragraph 476 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 476 of the Amended Complaint.

477.   The Mattel Defendants state that no response is necessary to Paragraph 477.  To the extent a response is deemed required, the Mattel Defendants deny the allegations in Paragraph 477 of the Amended Complaint.

478.   The allegations in Paragraph 478 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 478 of the Amended Complaint.

479.   The allegations in Paragraph 479 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 479 of the Amended Complaint.

480.   The allegations in Paragraph 480 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 480 of the Amended Complaint.

481.   The allegations in Paragraph 481 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 481 of the Amended Complaint.

482.   The allegations in Paragraph 482 are not directed at the Mattel Defendants and therefore no response is necessary.  To the extent a response is necessary, the Mattel Defendants deny the allegations in Paragraph 482 of the Amended Complaint.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

## AFFIRMATIVE DEFENSES

Without in any way assuming the burden of proof or any other evidentiary burden with respect to any issue as to which applicable law places the burden upon Plaintiffs, and based on the facts known by the Mattel Defendants as of the date of this Answer, the Mattel Defendants assert the following separate and independent affirmative defenses.

### First Affirmative Defense

The Amended Complaint fails to allege facts sufficient to state a claim for relief.

### Second Affirmative Defense

The Amended Complaint fails to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Third Affirmative Defense

The Amended Complaint fails to comply with the pleading requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 78u-5.

### Fourth Affirmative Defense

The individual Mattel Defendants alleged to be control persons under Section 20(a) of the Securities Exchange Act of 1934 acted in good faith and did not directly or indirectly induce the acts constituting the alleged violations and causes of action.

### Fifth Affirmative Defense

The Mattel Defendants are not liable because Plaintiffs' losses, if any, resulted from the acts or omissions of third parties over whom the Mattel Defendants had no control. The acts of such third parties constitute intervening or superseding causes of the losses, if any, suffered by Plaintiffs, thereby barring such claims for loss or requiring reduction in the amount of damages to the degree to which they were the result of such intervening or superseding causes.

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

## Sixth Affirmative Defense

Any damage, loss, or liability sustained by Plaintiffs must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than the Mattel Defendants under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including under the proportionate liability provisions of Section 21(D)(f)(2)(B) and 21D(f)(3) of the Securities Exchange Act of 1934.

## Seventh Affirmative Defense

Plaintiffs' alleged damages are too speculative to be recoverable at law.

## Eighth Affirmative Defense

In purchasing or otherwise acquiring Mattel stock, Plaintiffs did not rely on the purported misstatements or omissions alleged.

## Ninth Affirmative Defense

The alleged misstatements or omissions were not material to the decision by Plaintiffs to purchase Mattel stock.

## Tenth Affirmative Defense

Plaintiffs' claims are barred because the complained-of acts or omissions by the Mattel Defendants did not cause the damage, loss, or injury allegedly sustained by Plaintiffs.

## Eleventh Affirmative Defense

Plaintiffs' claims are barred because the complained-of acts or omissions by the Mattel Defendants did not directly or proximately cause the damage, loss, or injury allegedly sustained by Plaintiffs.

## Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged misrepresentations or omissions did not affect the market price of Mattel securities.

## Thirteenth Affirmative Defense

Plaintiffs' claims are barred against the Mattel Defendants because the Mattel

Defendants justifiably relied on information provided to them by others, including professionals outside Mattel.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred against the Mattel Defendants because at all relevant times, the Mattel Defendants acted in good faith on the advice of accountants, auditors, and/or outside consultants upon whom the Mattel Defendants were entitled to rely.

### Fifteenth Affirmative Defense

The Mattel Defendants hereby adopt and incorporate by reference any and all other defenses asserted, or to be asserted, by any other defendant to the extent the Mattel Defendants may share in, or be entitled to assert, such defense.

### Sixteenth Affirmative Defense

The Mattel Defendants assert and reserve all rights with respect to all other responses and affirmative defenses that may be revealed during the course of discovery.

### PRAYER FOR RELIEF

WHEREFORE, the Mattel Defendants pray that this Court:

1.    Dismiss with prejudice all claims asserted against them;

2.    Award the costs of defending this action, including such reasonable attorneys' fees, costs, and disbursements as may by authorized by applicable law; and

3.    Grant such other and further relief as this Court may deem just and proper.

The Mattel Defendants demand a trial by jury.

Dated:  March 11, 2021                    Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

-95-

MATTEL DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT

By: _____/s/ John W. Spiegel_____
                JOHN W. SPIEGEL

Attorneys for MATTEL, INC.,
MARGARET H. GEORGIADIS,
JOSEPH J. EUTENEUER,
and KEVIN FARR

-96-