# EXHIBIT 4

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
2121 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 819-3470

John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448

*Lead Counsel for Lead Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 19-CV-10860-MCS (PLAx)<br><br>**LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO MATTEL DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION** |

In accordance with Rule 36 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Central District of California, Lead Plaintiffs DeKalb County Employees Retirement Plan and New Orleans Employees' Retirement System (collectively, "Lead Plaintiffs"), by and through their attorneys of record, submit the following responses and objections ("Responses and Objections" or "Responses" and individually, "Response") to the Requests for Admission ("RFA," "Requests," or "Request") of Defendants Mattel Inc., Margaret Georgiadis, Joseph Euteneuer, and Kevin Farr (collectively, "Mattel Defendants"), dated May 21, 2021, as follows.

## PREFATORY STATEMENT

Lead Plaintiffs have not completed their investigation relating to this action, have not completed discovery, and have not completed preparation for trial. Defendants have yet to, or are currently refusing to, produce documents relevant to many of these Requests. These responses are therefore limited to the information known to Lead Plaintiffs at this time and do not constitute a waiver of their right to introduce additional documents, information, facts, or evidence at trial or otherwise. Moreover, by responding to these requests, Lead Plaintiffs do not concede that any request seeks information that is relevant to a claim or defense. Lead Plaintiffs reserve the right to alter or supplement these responses and objections as additional information becomes known to them to the extent permitted by the Federal Rules of Civil Procedure or the local rules of the Central District of California. Lead Plaintiffs also reserve the right to object to further discovery relating to the subject matter of any information provided.

## OBJECTIONS APPLICABLE TO EACH REQUEST FOR ADMISSION

1. Lead Plaintiffs object to the Requests' Definitions to the extent they purport to impose on Lead Plaintiffs duties and obligations in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the local

rules of the Central District of California or individual practices of this Court, or the Court's Orders in this case.

2. Lead Plaintiffs object to the Requests on the grounds and to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection. Lead Plaintiffs intend to and do claim all such privileges and protections.

3. Lead Plaintiffs object to the Requests to the extent that they seek information that is not relevant to the claims or defenses in this case, not proportional to the needs of the case, not reasonably limited in scope, and overbroad, unduly burdensome, or harassing.

4. Lead Plaintiffs object to the Requests to the extent that they are speculative, lack foundation, or improperly assume the existence of hypothetical facts that are incorrect or unknown to the Lead Plaintiffs.

5. Lead Plaintiffs object to the Requests to the extent they are overly broad, vague, uncertain, and ambiguous in that they rely upon undefined terms that do not have an ordinary and common meaning, or uses terms the definitions of which are overly broad, vague, and ambiguous. Lead Plaintiffs respond to each of the individual requests based upon the common usage of the undefined terms used, and for any terms that remain ambiguous, Lead Plaintiffs respond to the extent they understand the individual requests as more fully described therein.

## RESPONSES TO REQUESTS FOR ADMISSION

Without waiving, but instead expressly incorporating the foregoing objections, Lead Plaintiffs respond and object to the individually numbered requests as follows.

## REQUEST FOR ADMISSION NO. 1

Admit that Mattel's closing stock price on October 30, 2019 was approximately 14% higher than Mattel's closing stock price on October 29, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**

Lead Plaintiffs admit that Mattel's publicly reported stock price as of 4 p.m. E.T. on October 29, 2019 was $10.56, and that Mattel's publicly reported stock price as of 4 p.m. E.T. on October 30, 2019 was $12.02.

**REQUEST FOR ADMISSION NO. 2**

Admit that Mattel's Form 8-K filed with the SEC on August 8, 2019 does not disclose the subject matter of the Whistleblower Letter.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Lead Plaintiffs object to RFA No. 2 insofar as it seeks a legally irrelevant admission. Lead Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Lead Plaintiffs respond as follows:

Lead Plaintiffs admit that while the August 8, 2019 Form 8-K did not specify the precise "subject matter of the Whistleblower Letter," it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 3**

Admit that Mattel's Form 8-K filed with the SEC on August 8, 2019 does not reference the Q3 Income Tax Expense Understatement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Lead Plaintiffs object to RFA No. 3 insofar as it seeks a legally irrelevant admission. Lead Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Lead Plaintiffs respond as follows:

Lead Plaintiffs admit that while the August 8, 2019 Form 8-K did not specifically mention the Q3 Income Tax Expense Understatement, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about the Q3 Income Tax Expense Understatement and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 4**

Admit that Mattel's Form 8-K filed with the SEC on August 8, 2019 does not reference Mattel's internal control over financial reporting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Lead Plaintiffs object to RFA No. 4 insofar as it seeks a legally irrelevant admission. Lead Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Lead Plaintiffs respond as follows:

Lead Plaintiffs admit that while the August 8, 2019 Form 8-K did not specifically mention Mattel's internal control over financial reporting, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about Mattel's internal control over financial reporting and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 5**

Admit that Mattel's Form 8-K filed with the SEC on August 8, 2019 does not reference Mattel's Form 10-Q filed with the SEC on October 26, 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Lead Plaintiffs object to RFA No. 5 insofar as it seeks a legally irrelevant admission. Lead Plaintiffs further object to this Request on the grounds that Mattel's

Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Lead Plaintiffs respond as follows:

Lead Plaintiffs admit that while the August 8, 2019 Form 8-K did not specifically mention Mattel's Form 10-Q filed with the SEC on October 26, 2017, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about the material misstatements in Mattel's Form 10-Q filed with the SEC on October 26, 2017 and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 6**

Admit that Mattel's Form 8-K filed with the SEC on August 8, 2019 does not reference Mattel's Form 10-K filed with the SEC on February 27, 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Lead Plaintiffs object to RFA No. 6 insofar as it seeks a legally irrelevant admission. Lead Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Lead Plaintiffs respond as follows:

Lead Plaintiffs admit that while the August 8, 2019 Form 8-K did not mention Mattel's Form 10-K filed with the SEC on February 27, 2018, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about material misstatements in Mattel's Form 10-K filed with the SEC on February 27, 2018 and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 7**

Admit that Exhibit 99.2 to Mattel's Form 8-K filed with the SEC on October 29, 2019 states that "[Mattel's] investigation determined that income tax expense was understated by $109 million in the third quarter of 2017, and overstated by $109 million in the fourth quarter of 2017, with no impact for the full year. The errors were non-cash, did not affect operating income or EBITDA, and had no impact on Mattel's full year financial results for 2017 or subsequent periods."

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Lead Plaintiffs object to RFA No. 7 insofar as it seeks a legally irrelevant admission. Lead Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Lead Plaintiffs respond as follows:

Lead Plaintiffs admit that Exhibit 99.2 contains the statement quoted in RFA No. 7, as well as other statements, including (among other things) the Audit Committee's "Key Findings" concerning Mattel's "Failure to Properly Assess and Disclose the Known Errors to the then-CEO and Audit Committee" and Mattel's "Material Weaknesses."

**REQUEST FOR ADMISSION NO. 8**

Admit that the Q3 Income Tax Expense Understatement had no impact on Mattel's gross profit, operating income, earnings per share, adjusted earnings per share, EBITDA, Adjusted EBITDA, or cash flows for the year ended December 31, 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Lead Plaintiffs object to RFA No. 8 insofar as it seeks a legally irrelevant admission. Subject to, and without waiving this objection, Lead Plaintiffs respond as follows:

Lead Plaintiffs admit that, after Mattel and PwC discovered the misstatement of third quarter 2017 results, they buried it, in violation of accounting principles

generally accepted in the United States ("U.S. GAAP"), by misstating fourth quarter 2017 results in the same amount and in the opposite direction, thus seemingly leaving the year-end financial statements, including the aforementioned financial metrics, unaffected, with the exception of the quarterly financial information contained in Note 16 to such statements. Further, the errors impacted all of Mattel's financial results as of and for the year ending December 31, 2017, including because Mattel admitted in the 2019 Restatement that the Company suffered from two "material weaknesses in its internal control over financial reporting at the time of the preparation of its financial statements" as of and for the year ending December 31, 2017, one of which was still not remediated as of December 31, 2018, and that, by definition "[a] material weakness is a deficiency, or a combination of deficiencies, in internal control over financial reporting, such that there is a reasonable possibility that a material misstatement of the company's annual or interim financial statements will not be prevented or detected on a timely basis."

**REQUEST FOR ADMISSION NO. 9**

Admit that Mattel's 2019 Restatement revised only quarterly financial results.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Deny.

**REQUEST FOR ADMISSION NO. 10**

Admit that Mattel's August 8, 2019 announcement of the cancellation of a debt offering caused a decrease (without regard for amount) in the market price of Mattel stock.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

Lead Plaintiffs object to RFA No. 10 on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to and without waiving that objection, Lead Plaintiffs deny RFA No. 10 insofar as Defendants' misconduct, as alleged in the Complaint, was the

proximate cause of both the cancellation of the debt offering and the decrease in the market price of Mattel stock.

**REQUEST FOR ADMISSION NO. 11**

Admit that Mattel's August 8, 2019 announcement of the cancellation of a debt offering did not cause a decrease (without regard for amount) in the market price of Mattel stock.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

Lead Plaintiffs object to RFA No. 11 on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to and without waiving that objection, Lead Plaintiffs deny RFA No. 11 insofar as Defendants' misconduct, as alleged in the Complaint, was the proximate cause of both the cancellation of the debt offering and the decrease in the market price of Mattel stock.

**REQUEST FOR ADMISSION NO. 12**

Admit that Whitaker never communicated with Georgiadis regarding the Q3 Income Tax Expense Understatement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

Lead Plaintiffs object to RFA No. 12 insofar as Defendants have withheld and not produced documents necessary to respond to this Request, and Lead Plaintiffs have not had the opportunity to take the depositions of any witnesses in this Action, including Mr. Whitaker and Mr. Georgiadis. Subject to, and without waiving these objections, Lead Plaintiffs respond that, after making a reasonable inquiry, the information Lead Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 13**

Admit that Whitaker never communicated with Farr regarding the Q3 Income Tax Expense Understatement.

8   LEAD PLAINTIFFS' RESPS. AND OBJS. TO MATTEL
DEFS' FIRST SET OF REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

Lead Plaintiffs object to RFA No. 13 insofar as Defendants have withheld and not produced documents necessary to respond to this Request, and Lead Plaintiffs have not had the opportunity to take the depositions of any witnesses in this Action, including Mr. Whitaker and Mr. Farr. Subject to, and without waiving these objections, Lead Plaintiffs respond that, after making a reasonable inquiry, the information Lead Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 14**

Admit that Whitaker never communicated with Euteneuer regarding the Q3 Income Tax Expense Understatement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**

Lead Plaintiffs object to RFA No. 14 insofar as Defendants have withheld and not produced documents necessary to respond to this Request, and Lead Plaintiffs have not had the opportunity to take the depositions of any witnesses in this Action, including Mr. Whitaker and Mr. Euteneuer. Subject to, and without waiving these objections, Lead Plaintiffs respond that, after making a reasonable inquiry, the information Lead Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 15**

Admit that Whitaker never attended any meetings also attended by Euteneuer during which the Q3 Income Tax Expense Understatement was discussed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Lead Plaintiffs object to RFA No. 15 insofar as Defendants have withheld and not produced documents necessary to respond to this Request, and Lead Plaintiffs have not had the opportunity to take the depositions of any witnesses in this Action, including Mr. Whitaker and Mr. Euteneuer. Subject to, and without waiving these objections, Lead Plaintiffs respond that, after making a reasonable inquiry, the

information Lead Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 16**

Admit that during Whitaker's employment at Mattel, he had no responsibility for assessing the success of any brand owned by Mattel, whether Thomas & Friends or any other Mattel intellectual property.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**

Lead Plaintiffs object to RFA No. 16 as vague and ambiguous, including in its use of the phrase "had no responsibility for assessing the success of any brand owned by Mattel," which is not further defined or explained. Mr. Whitaker was the Director of Tax at Mattel. Lead Plaintiffs further object to RFA No. 16 insofar as Defendants have withheld and not produced documents necessary to respond to this Request, and Lead Plaintiffs have not had the opportunity to take the depositions of any witnesses in this this Action, including Mr. Whitaker.

**REQUEST FOR ADMISSION NO. 17**

Admit that Congress passed the Tax Cuts and Jobs Act, a significant legislative amendment to the Internal Revenue Code, during the fourth quarter of 2017, which introduced substantial changes to the Internal Revenue Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**

Lead Plaintiffs object to RFA No. 17 insofar as it seeks a legally irrelevant admission. Lead Plaintiffs further object to this Request on the grounds that the contents of the Internal Revenue Code, and any amendments thereto, speak for themselves and are the best evidence of their contents. Lead Plaintiffs further object to RFA No. 17 as vague and ambiguous, including in its use of the phrases "significant legislative amendment" and "substantial changes," which are not further defined or explained and are vague and ambiguous in this context. Subject to, and without waiving these objections, Lead Plaintiffs respond as follows:

10    LEAD PLAINTIFFS' RESPS. AND OBJS. TO MATTEL
DEFS' FIRST SET OF REQUESTS FOR ADMISSION

**Ex. 4**

Lead Plaintiffs admit that the Tax Cuts and Jobs Act was signed into law on December 22, 2017 and made certain changes to the Internal Revenue Code. Lead Plaintiffs deny that those changes were significant or substantial in connection with this litigation because they did not retroactively or otherwise correct Defendants' financial misstatements, which required a restatement under Generally Accepted Accounting Principles ("GAAP"), nor did those changes render true Defendants' false statements concerning the sufficiency of Mattel's internal control over financial reporting.

**REQUEST FOR ADMISSION NO. 18**

Admit that the Tax Cuts and Jobs Act passed by Congress during the fourth quarter of 2017 affected Mattel's year-end 2017 financial reporting on tax issues.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**

Lead Plaintiffs object to RFA No. 18 insofar as it seeks a legally irrelevant admission. Lead Plaintiffs further object to this Request on the grounds that the contents of the Internal Revenue Code, and any amendments thereto, speak for themselves and are the best evidence of their contents. Lead Plaintiffs further object to RFA No. 18 insofar as Defendants have withheld and not produced documents necessary to respond to this Request, and Lead Plaintiffs have not had the opportunity to take the depositions of any witnesses in this this Action. Lead Plaintiffs further object to RFA No. 18 as vague and ambiguous, including in its use of the phrase "affected Mattel's year-end 2017 financial reporting on tax issues," which is not further defined or explained and is vague and ambiguous in this context. Subject to, and without waiving these objections, Lead Plaintiffs respond as follows:

Lead Plaintiffs admit that the Tax Cuts and Jobs Act was signed into law on December 22, 2017 and made certain changes to the Internal Revenue Code. Lead Plaintiffs deny that those changes affected Mattel's year-end 2017 financial reporting on tax issues in any way meaningful to this Action because they did not retroactively or otherwise correct Defendants' financial misstatements, which

required a restatement under Generally Accepted Accounting Principles ("GAAP"), nor did those changes render true Defendants' false statements concerning the sufficiency of Mattel's internal control over financial reporting.

Dated: June 21, 2021

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

 */s/ John Rizio-Hamilton*
John Rizio-Hamilton (admitted *pro hac vice)*
johnr@blbglaw.com
Matthew Traylor (admitted *pro hac vice)*
matthew.traylor@blbglaw.com
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (370) 819-3480

*Lead Counsel for Lead Plaintiffs and the Class*

**PROOF OF SERVICE**

I, Melody Yaghoubzadeh, hereby certify that on June 21, 2021, I caused a true and correct copy of the foregoing LEAD PLAINTIFFS' RESPONSES AND OBJECTIONS TO MATTEL DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION to be served via electronic mail on counsel of record for Defendants and the other plaintiff in the above-captioned action.

John W. Spiegel
John M. Gildersleeve
Lauren C. Barnett
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
john.spiegel@mto.com
john.gildersleeve@mto.com
lauren.barnett@mto.com

Jenny Pelaez
Joshua Vittor
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
jenny.pelaez@wilmerhale.com
joshua.vittor@wilmerhale.com

Timothy J. Perla
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
timothy.perla@wilmerhale.com

Matthew T. Martens
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue NW
Washington, DC 20006
matthew.martens@wilmerhale.com

Executed on June 18, 2021, at Los Angeles, California.

/s/ *Melody Yaghoubzadeh*
Melody Yaghoubzadeh

13 LEAD PLAINTIFFS' RESPS. AND OBJS. TO MATTEL DEFS' FIRST SET OF REQUESTS FOR ADMISSION