# EXHIBIT A

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
2121 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 819-3470

John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448

*Lead Counsel for Plaintiffs and the Class*

Jacob A. Walker (Bar No. 271217)
jake@blockleviton.com
**BLOCK & LEVITON LLP**
260 Franklin Street Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600

*Additional Counsel for Additional Named Plaintiff Houston Municipal Employees Pension System*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 19-CV-10860-MCS (PLAx)<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT PRICEWATERHOUSECOOPERS' FIRST SET OF REQUESTS FOR ADMISSION** |

In accordance with Rule 36 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Central District of California, Plaintiffs DeKalb County Employees Retirement Plan, New Orleans Employees' Retirement System, and Houston Municipal Employees Pension System (collectively, "Plaintiffs"), by and through their attorneys, submit the following responses and objections ("Responses and Objections" or "Responses" and individually, "Response") to the Requests for Admission ("RFA," "Requests," or "Request") of Defendant PricewaterhouseCoopers LLP, dated May 19, 2021, as follows.

## PREFATORY STATEMENT

Plaintiffs have not completed their investigation relating to this action, have not completed discovery, and have not completed preparation for trial. Defendants have yet to, or are currently refusing to, produce documents relevant to many of these Requests. These responses are therefore limited to the information known to Plaintiffs at this time and do not constitute a waiver of their right to introduce additional documents, information, facts, or evidence at trial or otherwise. Moreover, by responding to these Requests, Plaintiffs do not concede that any Request seeks information that is relevant to a claim or defense. Plaintiffs reserve the right to alter or to supplement these responses and objections as additional information becomes known to them to the extent permitted by the Federal Rules of Civil Procedure or the Local Civil Rules. Plaintiffs also reserve the right to object to further discovery relating to the subject matter of any information provided.

## OBJECTIONS APPLICABLE TO EACH REQUEST FOR ADMISSION

1. Plaintiffs object to the Requests' Definitions to the extent they purport to impose on Plaintiffs duties and obligations in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the local rules of the Central District of California or individual practices of this Court, or the Court's Orders in this case.

2.    Plaintiffs object to the Requests on the grounds and to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection. Plaintiffs intend to and do claim all such privileges and protections.

3.    Plaintiffs object to the Requests to the extent that they seek information that is not relevant to the claims or defenses in this case, not proportional to the needs of the case, not reasonably limited in scope, and overbroad, unduly burdensome, or harassing.

4.    Plaintiffs object to the Requests to the extent that they are speculative, lack foundation, or improperly assume the existence of hypothetical facts that are incorrect or unknown to the Plaintiffs.

5.    Plaintiffs object to the Requests to the extent they are overly broad, vague, uncertain, and ambiguous in that they rely upon undefined terms that do not have an ordinary and common meaning or use terms the definitions of which are overly broad, vague, and ambiguous. Plaintiffs respond to each of the individual Requests based upon the common usage of the undefined terms used, and for any terms that remain ambiguous, Plaintiffs respond to the extent they understand the individual requests as more fully described therein.

## RESPONSES TO REQUESTS FOR ADMISSION

Without waiving, but instead expressly incorporating the foregoing objections, Plaintiffs respond and object to the individually numbered requests as follows.

## REQUEST FOR ADMISSION NO. 1

Admit that Mattel's August 8, 2019 Form 8-K did not disclose the subject matter of the Whistleblower Letter.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1

Plaintiffs object to RFA No. 1 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form

8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that while the August 8, 2019 Form 8-K did not specify the precise "subject matter of the Whistleblower Letter," it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 2**

Admit that Mattel's August 8, 2019 Form 8-K did not mention any of the following: (i) PwC; (ii) the 2017 Audit Opinion; (iii) the 2018 Audit Opinion; (iv) Mattel's internal control over financial reporting; (v) Mattel's financial statements; (vi) accounting; or (vii) auditing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Plaintiffs object to RFA No. 2 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that while the August 8, 2019 Form 8-K did not contain the precise terms listed in (i) to (vii) of RFA No. 2, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about the items listed in (i) to (vii) of RFA No. 2 and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 3**

Admit that Mattel's August 8, 2019 Form 8-K did not mention PwC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Plaintiffs object to RFA No. 3 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that while the August 8, 2019 Form 8-K did not specifically mention PwC by name, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about PwC and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 4**

Admit that Mattel's August 8, 2019 Form 8-K did not mention the 2017 Audit Opinion.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Plaintiffs object to RFA No. 4 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that while the August 8, 2019 Form 8-K did not specifically mention the 2017 Audit Opinion, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about the 2017 Audit Opinion and the fraud at issue in this case.

PLAINTIFFS' RESPS. AND OBJS. TO DEF.
PRICEWATERHOUSECOOPERS LLP'S FIRST SET
OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 5**

Admit that Mattel's August 8, 2019 Form 8-K did not mention the 2018 Audit Opinion.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Plaintiffs object to RFA No. 5 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that while the August 8, 2019 Form 8-K did not specifically mention the 2018 Audit Opinion, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about the 2018 Audit Opinion and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 6**

Admit that Mattel's August 8, 2019 Form 8-K did not mention Mattel's internal control over financial reporting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Plaintiffs object to RFA No. 6 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that while the August 8, 2019 Form 8-K did not specifically mention Mattel's internal control over financial reporting, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation

corroborated the Whistleblower's serious allegations, including about Mattel's internal control over financial reporting and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 7**

Admit that Mattel's August 8, 2019 Form 8-K did not mention Mattel's financial statements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Plaintiffs object to RFA No. 7 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that while the August 8, 2019 Form 8-K did not specifically mention Mattel's financial statements, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about Mattel's financial statements and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 8**

Admit that Mattel's August 8, 2019 Form 8-K did not mention accounting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Plaintiffs object to RFA No. 8 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that while the August 8, 2019 Form 8-K did not specifically mention accounting, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally

investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about accounting and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 9**

Admit that Mattel's August 8, 2019 Form 8-K did not mention auditing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Plaintiffs object to RFA No. 9 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that while the August 8, 2019 Form 8-K did not specifically mention auditing, it did disclose that Mattel had been made aware of a Whistleblower Letter that contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations. That investigation corroborated the Whistleblower's serious allegations, including about auditing and the fraud at issue in this case.

**REQUEST FOR ADMISSION NO. 10**

Admit that no Analyst Report published prior to October 29, 2019 reported that the subject matter of the Whistleblower Letter involved any of the following: (i) PwC; (ii) the 2017 Audit Opinion; (iii) the 2018 Audit Opinion; (iv) Mattel's internal control over financial reporting; (v) Mattel's financial statements; (vi) accounting; or (vii) auditing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

Plaintiffs object to RFA No. 10 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that the Analyst Reports speak for themselves and are the best evidence of their contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as it uses the phrase "Analyst Report," which is not limited to a set of analyst reports, but rather includes all "reports"—whether publicly-available or privately prepared—by

numerous entities. Plaintiffs do not have access to all "reports issued by any of Barclays, Jefferies, JPMorgan, UBS Equities, or Wells Fargo Securities, LLC," and Defendants have not produced the reports they received from these entities.

Subject to, and without waiving these objections, Plaintiffs respond that, after making a reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 11**

Admit that no Analyst Report published prior to October 29, 2019 reported that the subject matter of the Whistleblower Letter involved PwC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

Plaintiffs object to RFA No. 11 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that the Analyst Reports speak for themselves and are the best evidence of their contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as it uses the phrase "Analyst Report," which is not limited to a set of analyst reports, but rather includes all "reports"—whether publicly-available or privately prepared—by numerous entities. Plaintiffs do not have access to all "reports issued by any of Barclays, Jefferies, JPMorgan, UBS Equities, or Wells Fargo Securities, LLC," and Defendants have not produced the reports they received from these entities.

Subject to, and without waiving these objections, Plaintiffs respond that, after making a reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 12**

Admit that no Analyst Report published prior to October 29, 2019 reported that the subject matter of the Whistleblower Letter involved the 2017 Audit Opinion.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

Plaintiffs object to RFA No. 12 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that the Analyst

PLAINTIFFS' RESPS. AND OBJS. TO DEF.
PRICEWATERHOUSECOOPERS LLP'S FIRST SET
OF REQUESTS FOR ADMISSION

Reports speak for themselves and are the best evidence of their contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as it uses the phrase "Analyst Report," which is not limited to a set of analyst reports, but rather includes all "reports"—whether publicly-available or privately prepared—by numerous entities. Plaintiffs do not have access to all "reports issued by any of Barclays, Jefferies, JPMorgan, UBS Equities, or Wells Fargo Securities, LLC," and Defendants have not produced the reports they received from these entities.

Subject to, and without waiving these objections, Plaintiffs respond that, after making a reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 13**

Admit that no Analyst Report published prior to October 29, 2019 reported that the subject matter of the Whistleblower Letter involved the 2018 Audit Opinion.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

Plaintiffs object to RFA No. 13 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that the Analyst Reports speak for themselves and are the best evidence of their contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as it uses the phrase "Analyst Report," which is not limited to a set of analyst reports, but rather includes all "reports"—whether publicly-available or privately prepared—by numerous entities. Plaintiffs do not have access to all "reports issued by any of Barclays, Jefferies, JPMorgan, UBS Equities, or Wells Fargo Securities, LLC," and Defendants have not produced the reports they received from these entities.

Subject to, and without waiving these objections, Plaintiffs respond that, after making a reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

PLAINTIFFS' RESPS. AND OBJS. TO DEF.
PRICEWATERHOUSECOOPERS LLP'S FIRST SET
OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 14**

Admit that no Analyst Report published prior to October 29, 2019 reported that the subject matter of the Whistleblower Letter involved Mattel's internal control over financial reporting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**

Plaintiffs object to RFA No. 14 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that the Analyst Reports speak for themselves and are the best evidence of their contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as it uses the phrase "Analyst Report," which is not limited to a set of analyst reports, but rather includes all "reports"—whether publicly-available or privately prepared—by numerous entities. Plaintiffs do not have access to all "reports issued by any of Barclays, Jefferies, JPMorgan, UBS Equities, or Wells Fargo Securities, LLC," and Defendants have not produced the reports they received from these entities.

Subject to, and without waiving these objections, Plaintiffs respond that, after making a reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 15**

Admit that no Analyst Report published prior to October 29, 2019 reported that the subject matter of the Whistleblower Letter involved Mattel's financial statements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Plaintiffs object to RFA No. 15 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that the Analyst Reports speak for themselves and are the best evidence of their contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as it uses the phrase "Analyst Report," which is not limited to a set of analyst reports, but rather includes all "reports"—whether publicly-available or privately prepared—by

numerous entities. Plaintiffs do not have access to all "reports issued by any of Barclays, Jefferies, JPMorgan, UBS Equities, or Wells Fargo Securities, LLC," and Defendants have not produced the reports they received from these entities.

Subject to, and without waiving these objections, Plaintiffs respond that, after making a reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 16**

Admit that no Analyst Report published prior to October 29, 2019 reported that the subject matter of the Whistleblower Letter involved accounting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**

Plaintiffs object to RFA No. 16 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that the Analyst Reports speak for themselves and are the best evidence of their contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as it uses the phrase "Analyst Report," which is not limited to a set of analyst reports, but rather includes all "reports"—whether publicly-available or privately prepared—by numerous entities. Plaintiffs do not have access to all "reports issued by any of Barclays, Jefferies, JPMorgan, UBS Equities, or Wells Fargo Securities, LLC," and Defendants have not produced the reports they received from these entities.

Subject to, and without waiving these objections, Plaintiffs respond that, after making a reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 17**

Admit that no Analyst Report published prior to October 29, 2019 reported that the subject matter of the Whistleblower Letter involved auditing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**

Plaintiffs object to RFA No. 17 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that the Analyst

Reports speak for themselves and are the best evidence of their contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as it uses the phrase "Analyst Report," which is not limited to a set of analyst reports, but rather includes all "reports"—whether publicly-available or privately prepared—by numerous entities. Plaintiffs do not have access to all "reports issued by any of Barclays, Jefferies, JPMorgan, UBS Equities, or Wells Fargo Securities, LLC," and Defendants have not produced the reports they received from these entities.

Subject to, and without waiving these objections, Plaintiffs respond that, after making a reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 18**

Admit that the October 29 Form 8-K included material information that had not previously been publicly disclosed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**

Plaintiffs object to RFA No. 18 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as its use of the term "material information" does not specify what information the Request is referring to. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that the October 29 Form 8-K included material information that had not previously been publicly disclosed in the form of the earnings release setting forth Mattel's third quarter 2019 financial results.

**REQUEST FOR ADMISSION NO. 19**

Admit that the October 29 Form 8-K included material information that had not previously been publicly disclosed concerning the subject matter of the Whistleblower Letter.

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**

Plaintiffs object to RFA No. 19 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as its use of the term "material information" does not specify what information the Request is referring to. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that, while Mattel's August 8, 2019 Form 8-K contained material information about the Whistleblower Letter and the investigation, the October 29, 2019 Form 8-K contained additional material details about the subject matter of the Whistleblower Letter not previously disclosed corroborating the Whistleblower's allegations. The October 29 Form 8-K also falsely comforted the market concerning the fraud at issue in this case. Further, the October 29 Form 8-K included additional material information not previously disclosed concerning Mattel's third quarter 2019 financial results.

**REQUEST FOR ADMISSION NO. 20**

Admit that the October 29 Form 8-K included material information that had not previously been publicly disclosed concerning Mattel's internal control over financial reporting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**

Plaintiffs object to RFA No. 20 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as its use of the term "material information concerning Mattel's internal control over financial reporting" does not specify what information the Request is referring to. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiffs admit that, while Mattel's August 8, 2019 Form 8-K contained material information about the Whistleblower Letter and the investigation, the October 29, 2019 Form 8-K contained additional material details concerning Mattel's internal control over financial reporting not previously disclosed corroborating the Whistleblower's allegations. The October 29 Form 8-K also falsely comforted the market concerning the fraud at issue in this case. Further, the October 29 Form 8-K included additional material information not previously disclosed concerning Mattel's third quarter 2019 financial results.

**REQUEST FOR ADMISSION NO. 21**

Admit that the October 29 Form 8-K included material information that had not previously been publicly disclosed concerning the effectiveness of Mattel's internal control over financial reporting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21**

Plaintiffs object to RFA No. 21 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as its use of the term "material information concerning the effectiveness of Mattel's internal control over financial reporting" does not specify what information the Request is referring to. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that, while Mattel's August 8, 2019 Form 8-K contained material information about the Whistleblower Letter and the investigation, the October 29, 2019 Form 8-K contained additional material details concerning the effectiveness of Mattel's internal control over financial reporting not previously disclosed corroborating the Whistleblower's allegations. The October 29 Form 8-K also falsely comforted the market concerning the fraud at issue in this case. Further,

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

the October 29 Form 8-K included additional material information not previously disclosed concerning Mattel's third quarter 2019 financial results.

**REQUEST FOR ADMISSION NO. 22**

Admit that the October 29 Form 8-K included material information that had not previously been publicly disclosed concerning at least one PwC audit opinion.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**

Plaintiffs object to RFA No. 22 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as its use of the term "material information that had not previously been publicly disclosed concerning at least one PwC audit opinion" does not specify what information the Request is referring to. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that, while Mattel's August 8, 2019 Form 8-K contained material information about the Whistleblower Letter and the investigation, the October 29, 2019 Form 8-K contained additional material details concerning at least one PwC audit opinion not previously disclosed corroborating the Whistleblower's allegations. The October 29 Form 8-K also falsely comforted the market concerning the fraud at issue in this case. Further, the October 29 Form 8-K included additional material information not previously disclosed concerning Mattel's third quarter 2019 financial results.

**REQUEST FOR ADMISSION NO. 23**

Admit that the October 29 Form 8-K included material information that had not previously been publicly disclosed that PwC would revise its 2018 Audit Opinion concerning the effectiveness of the internal control over financial reporting as of December 31, 2018.

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**

Plaintiffs object to RFA No. 23 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that, while Mattel's August 8, 2019 Form 8-K contained material information about the Whistleblower Letter and the investigation, the October 29, 2019 Form 8-K contained the additional material detail that had not previously been publicly disclosed that PwC would revise its 2018 Audit Opinion concerning the effectiveness of the internal control over financial reporting as of December 31, 2018. The October 29 Form 8-K also falsely comforted the market concerning the fraud at issue in this case. Further, the October 29 Form 8-K included additional material information not previously disclosed concerning Mattel's third quarter 2019 financial results.

**REQUEST FOR ADMISSION NO. 24**

Admit that the October 29 Form 8-K included material information that had not previously been publicly disclosed concerning Mattel's financial results.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**

Plaintiffs object to RFA No. 24 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as its use of the term "material information that had not previously been publicly disclosed concerning Mattel's financial results" does not specify what information the Request is referring to. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiffs admit that the October 29 Form 8-K included material information that had not previously been publicly disclosed concerning Mattel's third quarter 2019 financial results.

**REQUEST FOR ADMISSION NO. 25**

Admit that the errors that required Mattel's 2019 Restatement had no impact on Mattel's gross profit, operating income, EPS, adjusted EPS, EBITDA, Adjusted EBITDA, or cash flows for the year ended December 31, 2017. (For purposes of this Request, all terms have the same meanings as used in the October 29 Form 8-K).

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**

Plaintiffs object to RFA No. 25 insofar as it seeks a legally irrelevant admission. Subject to, and without waiving this objection, Plaintiffs respond as follows:

Plaintiffs admit that, after Mattel and PwC discovered the misstatement of third quarter 2017 results, they buried it, in violation of accounting principles generally accepted in the United States ("U.S. GAAP"), by misstating fourth quarter 2017 results in the same amount and in the opposite direction, thus seemingly leaving the year-end financial statements, including the aforementioned financial metrics, unaffected, with the exception of the quarterly financial information contained in Note 16 to such statements. Further, the errors impacted all of Mattel's financial results as of and for the year ending December 31, 2017, including because Mattel admitted in the 2019 Restatement that the Company suffered from two "material weaknesses in its internal control over financial reporting at the time of the preparation of its financial statements" as of and for the year ending December 31, 2017, one of which was still not remediated as of December 31, 2018, and that, by definition "[a] material weakness is a deficiency, or a combination of deficiencies, in internal control over financial reporting, such that there is a reasonable possibility that a material misstatement of the company's annual or interim financial statements will not be prevented or detected on a timely basis."

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 26**

Admit that Mattel's 2019 Restatement revised only quarterly financial results.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**

Plaintiffs object to RFA No. 26 insofar as it seeks a legally irrelevant admission. Subject to, and without waiving this objection, Plaintiffs respond as follows: Deny.

**REQUEST FOR ADMISSION NO. 27**

Admit that no PwC audit opinions concerning quarterly financial results were published during the class period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**

Plaintiffs object to RFA No. 27 insofar as it seeks a legally irrelevant admission. Subject to, and without waiving this objection, Plaintiffs respond as follows:

Plaintiffs admit that while PwC did not publish an audit opinion in connection with Mattel's quarterly reports, PwC did review and "sign off" on Mattel's quarterly financial results, including the comments reflected in such quarterly reports regarding Mattel's internal control over financial reporting that incorrectly purported to be effective during the class period. Further, PwC did publish an audit opinion concerning Mattel's annual reports, which included Mattel's materially misstated quarterly financial results.

**REQUEST FOR ADMISSION NO. 28**

Admit that, prior to October 29, 2019, the market price of Mattel stock incorporated all material information concerning the internal control deficiencies asserted in the Amended Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**

Plaintiffs object to RFA No. 28 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as its use of the phrase "material information" does not specify

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

what information the Request is referring to. Plaintiffs additionally object to this Request as vague, ambiguous, and overbroad insofar as its use of the phrase "material information" does not specify whether such information includes both public and non-public information. Plaintiffs additionally object to this Request as nearly limitless in time. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that Mattel's stock traded in an efficient market during the Class Period in accordance with the Expert Report of Professor S.P. Kothari. *See generally*, ECF No. 90-2.

**REQUEST FOR ADMISSION NO. 29**

Admit that, prior to October 29, 2019, the market price of Mattel stock did not incorporate all material information concerning the internal control deficiencies asserted in the Amended Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**

Plaintiffs object to RFA No. 29 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as its use of the phrase "material information" does not specify what information the Request is referring to. Plaintiffs additionally object to this Request as vague, ambiguous, and overbroad insofar as its use of the phrase "material information" does not specify whether such information includes both public and non-public information. Plaintiffs additionally object to this Request as nearly limitless in time. Subject to, and without waiving these objections, Plaintiffs respond as follows:

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiffs admit that Mattel's stock traded in an efficient market during the Class Period in accordance with the Expert Report of Professor S.P. Kothari. *See generally*, ECF No. 90-2.

**REQUEST FOR ADMISSION NO. 30**

Admit that, prior to October 29, 2019, there was no public announcement that PwC would restate its opinion concerning Mattel's internal control over financial reporting as of December 31, 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**

Plaintiffs object to RFA No. 30 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's disclosures speak for themselves and are the best evidence of their contents. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that, while Mattel's August 8, 2019 Form 8-K contained material information about the Whistleblower Letter, which contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations, additional announcements were made on or after October 29, 2019 corroborating the Whistleblower's allegations, including that PwC would restate its opinion concerning Mattel's internal control over financial reporting as of December 31, 2018.

**REQUEST FOR ADMISSION NO. 31**

Admit that, to the extent the market price of Mattel stock was impacted by PwC's restatement of its opinion concerning Mattel's internal control over financial reporting as of December 31, 2018, such impact occurred entirely on or after October 29, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**

Plaintiffs object to RFA No. 31 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the ground and to the extent it

prematurely seeks information that will be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows: Deny.

**REQUEST FOR ADMISSION NO. 32**

Admit that, to the extent the market price of Mattel stock was impacted by PwC's restatement of its opinion concerning Mattel's internal control over financial reporting as of December 31, 2018, such impact occurred at least in part on or after October 29, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**

Plaintiffs object to RFA No. 32 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows: Deny.

**REQUEST FOR ADMISSION NO. 33**

Admit that Mattel's stock traded in an efficient market (as that term is used in Amended Complaint ¶ 443) at all times during the class period specified in the Amended Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33**

Plaintiffs object to RFA No. 33 on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to and without waiving that objection, Plaintiffs admit that Mattel's stock traded in an efficient market during the Class Period in accordance with the Expert Report of Professor S.P. Kothari. *See generally*, ECF No. 90-2.

**REQUEST FOR ADMISSION NO. 34**

Admit that Mattel's stock did not trade in an efficient market (as that term is used in Amended Complaint ¶ 443) at all times during the class period specified in the Amended Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34**

Plaintiffs object to RFA No. 34 on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to and without waiving that objection, Plaintiffs deny this Request on the basis that Mattel's stock traded in an efficient market during the Class Period in accordance with the Expert Report of Professor S.P. Kothari. *See generally*, ECF No. 90-2.

**REQUEST FOR ADMISSION NO. 35**

Admit that Mattel's August 8, 2019 announcement of the cancellation of a debt offering caused a decrease (without regard for amount) in the market price of Mattel stock.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35**

Plaintiffs object to RFA No. 35 on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to and without waiving that objection, Plaintiffs deny this Request insofar as Defendants' misconduct, as alleged in the Complaint, was the proximate cause of both the cancellation of the debt offering and the decrease in the market price of Mattel stock.

**REQUEST FOR ADMISSION NO. 36**

Admit that Mattel's August 8, 2019 announcement of the cancellation of a debt offering did not cause a decrease (without regard for amount) in the market price of Mattel stock.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36**

Plaintiffs object to RFA No. 36 on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to and without waiving that objection, Plaintiffs admit this Request insofar as Defendants' misconduct, as alleged in the Complaint, was the proximate cause of both the cancellation of the debt offering and the decrease in the market price of Mattel stock.

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 37**

Admit that the October 29 Form 8-K contained information correcting a prior misstatement by PwC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37**

Plaintiffs object to RFA No. 37 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as it does not specify what "information" or "misstatement" the Request is referring to. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that, while Mattel's August 8, 2019 Form 8-K contained material information about the Whistleblower Letter, which contained sufficiently serious allegations of a nature that the Company needed to terminate the pending bond offering while it formally investigated the allegations, the October 29, 2019 Form 8-K contained additional details concerning a prior misstatement by PwC.

**REQUEST FOR ADMISSION NO. 38**

Admit that the 2019 Restatement contained information correcting a prior misstatement by PwC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38**

Plaintiffs object to RFA No. 38 insofar as it seeks a legally irrelevant admission. Plaintiffs further object to this Request on the grounds that Mattel's Form 8-K speaks for itself and is the best evidence of its contents. Plaintiffs further object to this Request as vague, ambiguous, and overbroad insofar as it does not specify what "information" or "misstatement" the Request is referring to. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs admit that, while Mattel's August 8, 2019 Form 8-K contained material information about the Whistleblower Letter, which contained sufficiently serious allegations of a nature that the Company needed to terminate the pending

bond offering while it formally investigated the allegations, the Restatement contained additional details concerning a prior misstatement by PwC.

**REQUEST FOR ADMISSION NO. 39**

Admit that the first misstatement that the Amended Complaint alleges was made by PwC was the 2017 Audit Opinion.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39**

Plaintiffs admit that while the first misstatement explicitly made by PwC alleged in the Amended Complaint was the 2017 Audit Opinion, PwC was aware of material weaknesses in Mattel's internal controls much earlier, knew of the falsity of Mattel's third quarter 2017 financial statements, and conspired with Mattel not to disclose that material error.

**REQUEST FOR ADMISSION NO. 40**

Admit that the Amended Complaint does not cite an alleged misstatement by PwC prior to the 2017 Audit Opinion.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40**

Plaintiffs admit that while the first misstatement explicitly made by PwC alleged in the Amended Complaint was the 2017 Audit Opinion, PwC was aware of material weaknesses in Mattel's internal controls much earlier, knew of the falsity of Mattel's third quarter 2017 financial statements, and conspired with Mattel not to disclose that material error.

**REQUEST FOR ADMISSION NO. 41**

Admit that, prior to February 27, 2018, the market price of Mattel stock was not inflated due to any of the alleged misstatements by PwC cited in the Amended Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41**

Plaintiffs admit that prior to February 27, 2018, while the market price of Mattel stock was not inflated due to the alleged misstatements explicitly made by PwC cited in the Amended Complaint, it was inflated by earlier misstatements that

PwC knew to be materially false and misleading, including (1) Mattel's third quarter and fourth quarter 2017 financial results, and (2) statements concerning the lack of a material weakness in Mattel's internal control over financial reporting extending back to the Company's second quarter Form 10-Q filed on August 2, 2017.

**REQUEST FOR ADMISSION NO. 42**

Admit that a person who purchased Mattel stock prior to February 27, 2018 could not have suffered a loss due as to that purchase to any of the alleged misstatements by PwC cited in the Amended Complaint. (For purposes of this request, "suffered a loss" has the same meaning as the term "loss causation" in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005)).

**RESPONSE TO REQUEST FOR ADMISSION NO. 42**

Plaintiffs admit that while a person who purchased Mattel stock prior to February 27, 2018 could not have suffered a loss due as to that purchase to any of the alleged misstatements made explicitly by PwC cited in the Amended Complaint, any such purchasers did suffer a loss due as to that purchase to earlier misstatements that PwC knew to be materially false and misleading, including (1) Mattel's third quarter and fourth quarter 2017 financial results, and (2) statements concerning the lack of a material weakness in Mattel's internal control over financial reporting extending back to the Company's second quarter Form 10-Q filed on August 2, 2017.

**REQUEST FOR ADMISSION NO. 43**

Admit that, "promptly" as used in Amended Complaint ¶ 443(f) means no more than one trading day.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43**

Plaintiffs object to RFA No. 43 as vague, ambiguous, and assumes the existence of hypothetical facts that are incorrect. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will

be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs deny this Request because "promptly," as used in Paragraph 443(f), refers to the market's reaction to statements in an efficient market, and not to any maximum or minimum theoretical number of days after Mattel disseminates public information. As the Supreme Court has explained in rejecting any bright-line rules on this subject, "[t]o recognize the presumption of reliance, the Court explained, was not 'conclusively to adopt any particular theory of how quickly and completely publicly available information is reflected in market price.'" *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 271–72, (2014) (citing *Basic v. Levinson*, 485 U.S. 224, 247 n. 24 (1988)).

**REQUEST FOR ADMISSION NO. 44**

Admit that, "promptly" as used in Amended Complaint ¶ 443(f) means no more than two trading days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44**

Plaintiffs object to RFA No. 44 as vague, ambiguous, and assumes the existence of hypothetical facts that are incorrect. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs deny this Request because "promptly," as used in Paragraph 443(f), refers to the market's reaction to statements in an efficient market, and not to any maximum or minimum theoretical number of days after Mattel disseminates public information. As the Supreme Court has explained in rejecting any bright-line rules on this subject, "[t]o recognize the presumption of reliance, the Court explained, was not 'conclusively to adopt any particular theory of how quickly and completely publicly available information is reflected in market price.'" *Halliburton Co. v.*

*Erica P. John Fund, Inc.*, 573 U.S. 258, 271-72 (2014) (citing *Basic v. Levinson*, 485 U.S. 224, 249 n. 28 (1988)).

**REQUEST FOR ADMISSION NO. 45**

Admit that, "promptly" as used in Amended Complaint ¶ 443(f) means no more than three trading days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45**

Plaintiffs object to RFA No. 45 as vague, ambiguous, and assumes the existence of hypothetical facts that are incorrect. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs deny this Request because "promptly," as used in Paragraph 443(f), refers to the market's reaction to statements in an efficient market, and not to any maximum or minimum theoretical number of days after Mattel disseminates public information. As the Supreme Court has explained in rejecting any bright-line rules on this subject, "[t]o recognize the presumption of reliance, the Court explained, was not 'conclusively to adopt any particular theory of how quickly and completely publicly available information is reflected in market price.'" *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 271-72 (2014) (citing *Basic v. Levinson*, 485 U.S. 224, 249 n. 28 (1988)).

**REQUEST FOR ADMISSION NO. 46**

Admit that, "promptly" as used in Amended Complaint ¶ 443(f) means no more than four trading days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46**

Plaintiffs object to RFA No. 46 as vague, ambiguous, and assumes the existence of hypothetical facts that are incorrect. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will

be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs deny this Request because "promptly," as used in Paragraph 443(f), refers to the market's reaction to statements in an efficient market, and not to any maximum or minimum theoretical number of days after Mattel disseminates public information. As the Supreme Court has explained in rejecting any bright-line rules on this subject, "[t]o recognize the presumption of reliance, the Court explained, was not 'conclusively to adopt any particular theory of how quickly and completely publicly available information is reflected in market price.'" *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 271-72 (2014) (citing *Basic v. Levinson*, 485 U.S. 224, 249 n. 28 (1988)).

**REQUEST FOR ADMISSION NO. 47**

Admit that, "promptly" as used in Amended Complaint ¶ 443(f) means no more than five trading days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47**

Plaintiffs object to RFA No. 47 as vague, ambiguous, and assumes the existence of hypothetical facts that are incorrect. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs deny this Request because "promptly," as used in Paragraph 443(f), refers to the market's reaction to statements in an efficient market, and not to any maximum or minimum theoretical number of days after Mattel disseminates public information. As the Supreme Court has explained in rejecting any bright-line rules on this subject, "[t]o recognize the presumption of reliance, the Court explained, was not 'conclusively to adopt any particular theory of how quickly and completely publicly available information is reflected in market price.'" *Halliburton Co. v.*

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

*Erica P. John Fund, Inc.*, 573 U.S. 258, 271-72 (2014) (citing *Basic v. Levinson*, 485 U.S. 224, 249 n. 28 (1988)).

**REQUEST FOR ADMISSION NO. 48**

Admit that, "promptly" as used in Amended Complaint ¶ 443(f) means no more than six trading days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48**

Plaintiffs object to RFA No. 48 as vague, ambiguous, and assumes the existence of hypothetical facts that are incorrect. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs deny this Request because "promptly," as used in Paragraph 443(f), refers to the market's reaction to statements in an efficient market, and not to any maximum or minimum theoretical number of days after Mattel disseminates public information. As the Supreme Court has explained in rejecting any bright-line rules on this subject, "[t]o recognize the presumption of reliance, the Court explained, was not 'conclusively to adopt any particular theory of how quickly and completely publicly available information is reflected in market price.'" *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 271-72, (2014) (citing *Basic v. Levinson*, 485 U.S. 224, 249 n. 28 (1988)).

**REQUEST FOR ADMISSION NO. 49**

Admit that, "promptly" as used in Amended Complaint ¶ 443(f) means no more than seven trading days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49**

Plaintiffs object to RFA No. 49 as vague, ambiguous, and assumes the existence of hypothetical facts that are incorrect. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will

29    PLAINTIFFS' RESPS. AND OBJS. TO DEF.
PRICEWATERHOUSECOOPERS LLP'S FIRST SET
OF REQUESTS FOR ADMISSION

be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs deny this Request because "promptly," as used in Paragraph 443(f), refers to the market's reaction to statements in an efficient market, and not to any maximum or minimum theoretical number of days after Mattel disseminates public information. As the Supreme Court has explained in rejecting any bright-line rules on this subject, "[t]o recognize the presumption of reliance, the Court explained, was not 'conclusively to adopt any particular theory of how quickly and completely publicly available information is reflected in market price.'" *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 271-72 (2014) (citing *Basic v. Levinson*, 485 U.S. 224, 249 n. 28 (1988)).

**REQUEST FOR ADMISSION NO. 50**

Admit that, "promptly" as used in Amended Complaint ¶ 443(f) can include instances where it took seven trading days or more for the market to react to public information disseminated by Mattel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50**

Plaintiffs object to RFA No. 50 as vague, ambiguous, and assumes the existence of hypothetical facts that are incorrect. Plaintiffs further object to this Request on the ground and to the extent it prematurely seeks information that will be the subject of expert testimony and discovery. Subject to, and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs deny this Request insofar as "promptly," as used in Paragraph 443(f), refers to the market's reaction to statements in an efficient market, and not to any maximum or minimum theoretical number of days after Mattel disseminates public information. As the Supreme Court has explained in rejecting any bright-line rules on this subject, "[t]o recognize the presumption of reliance, the Court explained, was not 'conclusively to adopt any particular theory of how quickly and completely publicly available information is reflected in market price.'" *Halliburton*

PLAINTIFFS' RESPS. AND OBJS. TO DEF. PRICEWATERHOUSECOOPERS LLP'S FIRST SET OF REQUESTS FOR ADMISSION

*Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 271-72 (2014) (citing *Basic v. Levinson*, 485 U.S. 224, 249 n. 28 (1988)).

Dated: June 18, 2021                          Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton (admitted *pro hac vice)*
johnr@blbglaw.com
Matthew Traylor (admitted *pro hac vice)*
matthew.traylor@blbglaw.com
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (370) 819-3480

*Lead Counsel for Plaintiffs and the Class*

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street
Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
jake@blockleviton.com

*Additional Counsel for Additional
Named Plaintiff Houston Municipal
Employees Pension System*

**PROOF OF SERVICE**

I am employed in the State of California. I am over the age of eighteen years, and not a party to the within action; my business address is 2121 Avenue of the Stars, Suite 2575, Los Angeles, CA 90067.

On June 18, 2021, I served true copies Plaintiffs' Responses And Objections To Defendant PricewaterhouseCoopers' First Set of Requests For Admission on the parties in this action as follows:

Jenny Pelaez
Joshua Vittor
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
jenny.pelaez@wilmerhale.com
joshua.vittor@wilmerhale.com

Matthew T. Martens
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue NW
Washington, DC 20006
matthew.martens@wilmerhale.com

Timothy J. Perla
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
timothy.perla@wilmerhale.com

**BY ELECTRONIC SERVICE:** I transmitted a copy of this document to the parties listed above via e-mail.

I declare under penalty of perjury under the laws of the California that the foregoing is true and correct.

Executed on June 18, 2021, at Los Angeles, California.

*/s/ Melody Yaghoubzadeh*
Melody Yaghoubzadeh