# Exhibit 3

1  Jenny Pelaez (Bar No. 326765)
   jenny.pelaez@wilmerhale.com
2  Joshua Vittor (Bar No. 326221)
   joshua.vittor@wilmerhale.com
3  WILMER CUTLER PICKERING
   HALE AND DORR LLP
4  350 South Grand Avenue, Suite 2400
   Los Angeles, CA 90071
5  Telephone: +1 213 443 5300
   Facsimile: +1 213 443 5400
6
7  Timothy J. Perla (*pro hac vice*)
   timothy.perla@wilmerhale.com
8  WILMER CUTLER PICKERING
   HALE AND DORR LLP
   60 State Street
9  Boston, Massachusetts 02109
   Telephone: +1 617 526-6000
10 Facsimile: +1 617 526-5000

   Matthew T. Martens (*pro hac vice*)
   matthew.martens@wilmerhale.com
   WILMER CUTLER PICKERING
   HALE AND DORR LLP
   1875 Pennsylvania Avenue NW
   Washington, DC 20006
   Telephone: +1 202 663-6921
   Facsimile: +1 202 663-6363

11 *Attorneys for Defendant*
   PRICEWATERHOUSECOOPERS LLP
12

13          **UNITED STATES DISTRICT COURT**

14          **CENTRAL DISTRICT OF CALIFORNIA**

15          **WESTERN DIVISION**

16

17 | In re Mattel, Inc. Securities Litigation | Case No. 2:19-cv-10860-MCS-PLAx

18 | | **DEFENDANT**
19 | | **PRICEWATERHOUSECOOPERS**
   | | **LLP'S RESPONSES AND**
   | | **OBJECTIONS TO PLAINTIFFS'**
20 | | **FIRST REQUEST FOR THE**
   | | **PRODUCTION OF DOCUMENTS**
21
22 | | Judge: Mark C. Scarsi

23

24

25

26

27

28

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California, Defendant PricewaterhouseCoopers LLP ("PwC"), by and through its undersigned counsel, hereby serves its responses and objections to Plaintiffs' First Request for the Production of Documents (the "Requests," and each, a "Request") served on February 12, 2021, as follows.  PwC does not agree to undertake any response or production other than in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Central District of California, and any other applicable rule or case law, and does not waive any objections, including to admissibility, relevance, burden, or otherwise.

PwC's investigation into Plaintiffs' allegations is ongoing.  As such, these responses are limited to the information reasonably known to PwC at this time and does not constitute a waiver of its right to introduce additional documents, facts, or evidence at trial or otherwise.  A response stating that documents will or may be produced should not be construed as a representation that the request has a proper factual basis, that such documents exist, or that responsive non-privileged documents are within the PwC's possession, custody, or control.  PwC reserves the right to alter or supplement these responses and objections pursuant to the Federal Rules of Civil Procedure or the Local Civil Rules as additional information becomes known to PwC. PwC also reserves the right to object to further discovery relating to the subject matter of any information provided.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     PwC objects to the definition of "ASC" to the extent it incorporates Plaintiffs' characterizations as set forth in Plaintiffs' Amended Class Action Complaint (ECF No. 34) (the "Complaint") and incorporates by reference PwC's responses as set forth in PwC's Answer to the Complaint (ECF No. 83) (PwC's "Answer").

2.      PwC objects to the definition of "Audit Committee" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it incorporates the definitions of "Board" and "Mattel" as defined in Paragraphs 4 and 7 of the Definitions section of the Requests.  PwC will construe the term "Audit Committee" to mean Mattel's (as construed *infra* at paragraph 6) Audit Committee from August 2, 2017 to August 9, 2019 (the putative "Class Period").  If Plaintiffs wish to include other persons, Plaintiffs should so specify, and PwC will meet and confer in good faith.

3.      PwC objects to the definition of "Board" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes "present and former directors" and incorporates the definition of "Mattel" as defined in Paragraph 7 of the Definitions section of the Requests.  PwC will construe the term "Board" to refer to Mattel's (as construed *infra* at paragraph 6) Board of Directors during the putative Class Period.

4.      PwC objects to the definition of "Bond Offering" to the extent it incorporates Plaintiffs' characterizations as set forth in the Complaint and incorporates by reference PwC's responses in PwC's Answer to the Complaint.

5.      PwC objects to the definition of "Communications" to the extent it exceeds the scope of Federal Rule of Civil Procedure 34.

6.      PwC objects to the definition of "Company" or "Mattel" to the extent it requires PwC to be aware of all persons or entities affiliated with Mattel.  PwC further objects to the definition of "Company" or "Mattel" as vague, ambiguous to the extent it includes the terms "divisions," "affiliates," "predecessors," and "successors," which are undefined, and not reasonably calculated to lead to the discovery of admissible evidence.  PwC further objects to the definition of "Company" or "Mattel" as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes "all" "present and former divisions, subsidiaries, affiliates, predecessors, successors, present and former

2

PwC's Responses & Objections To Plaintiffs' First Set Of RFPs

officers, directors, and employees."  PwC will interpret the Company or Mattel to mean Mattel, Inc., its directors, and its officers under Section 16 of the Securities Exchange Act of 1934, acting in their capacities as directors and officers for Mattel during the putative Class Period.  If Plaintiffs wish to include other persons, Plaintiffs should so specify, and PwC will meet and confer in good faith.

7.     PwC objects to the definition of "concerning" or "relating to" (and similar terms) to the extent that, in light of the definition of these terms, the Requests are overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seek documents that are neither relevant to the claims nor defenses of any party nor proportional to the needs of the case.

8.     PwC objects to the definitions of "Defendants," "You," and "Your" to the extent that they purport to include parties whose actions and/or knowledge are not properly attributable to PwC, in whole or in part, and/or to whom PwC does not control, including defendant Joshua Abrahams.  For purposes of responding to the Requests, PwC interprets the terms as covering only PwC.  Where these terms are used, PwC will provide only such information and documents in its possession, custody, or control (if any) that can be reasonably identified as responsive to each Request for Production.

9.     PwC objects to the definition of "Document" or "Documents" to the extent it exceeds the scope of Federal Rule of Civil Procedure 34.  PwC further objects to the definition of "Document" or "Documents" as overbroad and unduly burdensome to the extent it includes "Communications and auditor Work Papers." PwC further objects to the definition of "Document" or "Documents" to the extent it exceeds the scope of Federal Rule of Civil Procedure 34 by defining "a draft or non-identical copy [as] a separate Document."

10.    PwC objects to the definition of "Electronically stored information" or "ESI" as vague, ambiguous, overbroad, and unduly burdensome to the extent it exceeds the scope of Federal Rule of Civil Procedure 34(a)(1)(A).  PwC will construe

1   the terms "Electronically stored information" or "ESI" consistent with how those
2   terms are defined in the Federal Rules of Civil Procedure.  PwC further objects to the
3   definition of "Electronically stored information" or "ESI" as overbroad and unduly
4   burdensome because it includes "[i]nformation or data that is generated, received,
5   processed, and recorded by computers or other electronic devices, including
6   Metadata"; "[i]nternal or external websites"; "[o]utput from the use of any software
7   program, including but not limited to, any word-processing Documents, spreadsheets,
8   database files, charts, graphs, outlines, electronic mail, AOL or Bloomberg Instant
9   Messenger (or similar program), bulletin-boards programs, operating systems, source
10  codes, PDF files, batch files, ASCII files, and all miscellaneous media on which they
11  reside and regardless of whether said electronic data exists in an active file, deleted
12  file, or file fragment"; and "[a]ll items stored on Electronic Media," without
13  limitation.

14      11.   PwC objects to the definition of "Financial Statements" as vague,
15  ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to
16  the discovery of admissible evidence to the extent it includes "unaudited," "interim,"
17  "pro forma," "partial," "all drafts," "all other statements," and "work papers."  PwC
18  further objects to the definition of "Financial Statements" to the extent it incorporates
19  the terms "notes," "applicable entity [] or individual," "financial condition,"
20  "accountants," "research notes," "memoranda," and "work papers" as vague,
21  ambiguous, imprecisely defined, and not reasonably calculated to lead to the
22  discovery of admissible evidence.  PwC further objects to the definition of "Financial
23  Statements" to the extent the term "unaudited" incorporates actions taken by entities
24  and individuals outside of PwC's control, including Mattel.

25      12.   PwC objects to the definition of "GAAP" to the extent it incorporates
26  Plaintiffs' characterizations as set forth in the Complaint and incorporates by
27  reference PwC's responses as set forth in PwC's Answer to the Complaint.

28

13.     PwC objects to the definition of "Government" or "Governmental" as vague, ambiguous, overbroad, unduly burdensome, and not reasonably likely to lead to admissible evidence to the extent it includes "any" "local, state or federal governmental or administrative entity, whether domestic or foreign."

14.     PwC objects to the definition of "HiT IP" as overbroad and unduly burdensome to the extent it includes "intellectual property assets related to Mattel's 2011 acquisition of HIT Entertainment Ltd.," without limitation.  Such definition is overbroad and would lead to unduly burdensome requests for information and documents not within PwC's possession, custody, or control.  PwC further objects to the definition of "HiT IP" to the extent it incorporates Plaintiffs' characterizations as set forth in the Complaint and incorporates by reference PwC's responses as set forth in PwC's Answer to the Complaint.

15.     PwC objects to the definition of "Internal Controls" to the extent the terms "internal control," "financial reporting," and "disclosure controls" are vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  PwC further objects to the definition of Internal Controls because "internal control over financial reporting" and "disclosure controls" are distinct concepts and cannot be conflated in a single definition.  For purposes of these Responses, PwC will construe the term "Internal Controls" to mean internal controls over financial reporting.

16.     PwC objects to the definition of "Metadata" as vague, ambiguous, overbroad, and unduly burdensome to the extent it exceeds the scope of Federal Rules of Civil Procedure 26 and 34.

17.     PwC objects to the definition of "Restatement" to the extent it incorporates Plaintiffs' characterizations as set forth in the Complaint and incorporates by reference PwC's responses as set forth in PwC's Answer to the Complaint.

18.     PwC objects to the definition of "Whistleblower," "Whistleblower Letter," and "Whistleblower Investigation" to the extent it incorporates Plaintiffs' characterizations as set forth in the Complaint and incorporates by reference PwC's responses as set forth in PwC's Answer to the Complaint.

19.     PwC objects to the definition of "Work Papers" as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes "all Documents" "concerning the procedures applied, work performed, evidence obtained, and conclusions reached in an Engagement by any auditor, practitioner, consultant, or any other person working on [PwC's] behalf." Such definition is overbroad and would lead to unduly burdensome requests for information and documents not within PwC's possession, custody, or control. PwC further objects to the definition of "Work Papers" as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it incorporates the terms "procedures," "evidence," "auditor," "practitioner," "consultant," "audit," "review," "attestation," "test," "audit programs," "analyses," "memoranda," "letters of confirmation and representations," "abstracts of company documents," "schedules," "commentaries," "tapes," "films," and "media" as vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to the definition to the extent it is inconsistent with the definition set forth in the PCAOB Auditing Standards 1215, paragraph 2.

20.     PwC objects to Instruction No. 2 as overbroad and unduly burdensome to the extent it purports to bring within PwC's possession, custody, or control documents not within its possession, custody, or control as courts have construed those terms in Federal Rules of Civil Procedure 34(a)(1), including to the extent it calls for PwC to produce documents possessed by "representatives," "affiliates," investigators," or "maintained by Mattel." PwC further objects to Instruction No. 2 to the extent it imposes on it the burden of ascertaining information and collecting

documents that are not within its possession, custody, or control as courts have construed those terms in Federal Rules of Civil Procedure 34(a)(1).  PwC further objects to Instruction No. 2 to the extent it includes "attorneys" and "investigators," potentially implicating the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege.

21.    PwC objects to Instructions Nos. 3, 4, and 5 to the extent they exceed the scope of Federal Rule of Civil Procedure 34.  PwC's documents will be produced in accordance with the Federal Rules of Civil Procedure.

22.    PwC objects to Instruction No. 6 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it imposes an obligation not provided for in Federal Rule of Civil Procedure 34 by instructing PwC to search for and identify every responsive document or communication "no longer in existence or in [PwC's] possession, custody, or control" and explain in detail what happened to such documents.  PwC will not do so in response to these Requests.

23.    PwC objects to Instructions Nos. 7 and 8 to the extent they impose an obligation that exceeds the scope of Federal Rule of Civil Procedure 34.  PwC's documents will be produced in accordance with the Federal Rules of Civil Procedure.

24.    PwC objects to Instructions Nos. 9 and 10 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they impose an obligation that exceeds the scope of Federal Rule of Civil Procedure 34.  PwC will construe the terms "all," "any," "each," "and," and "or" in accordance with the Federal Rules of Civil Procedure.

25.    PwC objects to Instruction No. 11 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it imposes an obligation that exceeds the scope of Federal Rule of Civil Procedure 34.  PwC will interpret Requests including singular or plural forms of words in accordance with the Federal Rules of Civil Procedure.

26.     PwC objects to Instructions Nos. 13 and 14 to the extent they call for PwC to provide information on a privilege log or otherwise that exceeds PwC's obligations under the Federal Rules of Civil Procedure.  PwC will produce any nonprivileged, responsive documents, to the extent any are kept within the ordinary course of business and are located through a reasonably diligent search, by the close of fact discovery, or another reasonable time agreed to by the parties.

27.     PwC objects to Instruction No. 15 as overbroad and unduly burdensome to the extent it imposes on PwC an obligation to supplement its response to any Request within five business days or in a manner that exceeds Defendants' obligations under Federal Rule of Civil Procedure 26(e).  PwC will supplement its responses as required by Federal Rule of Civil Procedure 26(e).

28.     PwC objects to the Relevant Time Period as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it starts seven months before the start of the putative Class Period and twelve months before the date of the first PwC audit report that the Complaint alleges is false and/or misleading, and extends more than twenty-four months after the initial class action complaint was filed.  PwC further objects to the Relevant Time Period as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for documents "dated, prepared or received before or after" the Relevant Time Period and undated documents.  Such requirements would render the time period limitation meaningless and therefore unduly burdensome.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

All Documents concerning the subpoena Mattel received from the SEC as described at ¶197 of the Complaint, including, but not limited to:

    a.  Documents produced by You to the SEC;

    b.  Documents received by You from the SEC;

    c.  Communications concerning the subpoena or its subject matter, including with the SEC;

    d.  Documents concerning any results or findings of the SEC's investigation; and

    e.  Transcripts and notes of all depositions and interviews taken in connection with the subpoena.

For the avoidance of doubt, to the extent You have received a subpoena related to the same or similar subject matter, this request applies to such subpoena as well.

**RESPONSE TO REQUEST NO. 1:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "subject matter," "results," "findings," "investigation," "transcripts," "notes," "interviews," and "similar" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, without limitation, including documents and communications not relevant to this litigation.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties, or to the extent it seeks documents "concerning the subpoena Mattel received from the SEC." PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.  For the purpose of responding to this Request, PwC will interpret this Request as seeking only documents related to any subpoenas that PwC, rather than Mattel, received from the U.S. Securities and Exchange Commission (the "SEC").

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine,

9

or any other privilege or protection to the extent it requests "Communications concerning the subpoena or its subject matter," "Documents concerning any results or findings of the SEC's investigation," and "transcripts and notes of all depositions and interviews taken in connection with the subpoena." For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

PwC further objects to this Request to the extent it calls for documents beyond those already produced in related regulatory inquiries, as such a Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Except as otherwise expressly called out herein, PwC reasonably believes that all relevant and responsive documents within PwC's possession, custody, or control already have been collected, reviewed, and produced to the SEC. Therefore, producing anything beyond those prior productions is overbroad and unduly burdensome. Plaintiffs should review PwC's SEC productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's nonprivileged document productions to the SEC in *In the Matter of Mattel, Inc., LA-5075* (hereinafter "PwC's SEC Productions").

**REQUEST NO. 2:**

All Documents concerning the subpoena Mattel received from the United States Attorney's Office for the Southern District of New York as described at ¶198 of the Complaint, including, but not limited to:

      a. Documents produced by You to the SDNY;

      b. Documents received by You from the SDNY;

      c. Communications concerning the subpoena or its subject matter, including with the SDNY;

Case No. 2:19-cv-10860-MCS-PLAx          PwC's Responses & Objections To Plaintiffs' First Set Of RFPs

d.  Documents concerning any results or findings of the SDNY's investigation; and

e.  Transcripts and notes of all depositions and interviews taken in connection with the subpoena.

For the avoidance of doubt, to the extent You have received an SDNY subpoena related to the same or similar subject matter, this request applies to such subpoena as well.

**RESPONSE TO REQUEST NO. 2:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "results," "findings," "investigation," "transcripts," "notes," and "interviews" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.  PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, without limitation, including documents and communications not relevant to this litigation.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties, to the extent it seeks documents "concerning the subpoena Mattel received from the United States Attorney's Office for the Southern District of New York."  PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.  For the purpose of responding to this Request, PwC will interpret this Request as seeking only documents concerning any subpoenas that PwC, rather than Mattel, received from the SDNY.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine,

or any other privilege or protection to the extent it requests "Communications concerning the subpoena or its subject matter," "Documents concerning any results or findings of the SDNY's investigation," and "[t]ranscripts and notes of all depositions and interviews taken in connection with the subpoena." For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

Subject to and without waiving the foregoing objections, PwC states that it will not be producing documents in response to this Request; as PwC did not receive any subpoenas from the SDNY related to the subject matter of this action, there are no responsive documents to produce.

**REQUEST NO. 3:**

To the extent not captured by the foregoing two document requests, all Documents concerning any subpoena, investigation, or inquiry by a Governmental body, whether formal or informal, relating to PwC's audits of Mattel, Mattel's Internal Controls, Financial Statements, or tax accounting, including, but not limited to:

    a.  Documents produced by You to the relevant Governmental body;

    b.  Documents received by You from the relevant Governmental body;

    c.  Communications concerning the request or its subject matter, including with the Governmental body;

    d.  Documents concerning any results or findings of such investigation; and

    e.  Transcripts and notes of all depositions and interviews taken in connection with such proceeding(s).

**RESPONSE TO REQUEST NO. 3:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Internal Controls," "Financial Statements," Government," "Governmental

12

body," "investigation," "inquiry," "formal," "informal," "results," "findings," "transcripts," "notes," and "interviews" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. For purposes of responding to this Request, PwC interprets the term "Financial Statements" to include only Mattel's annual financial statements audited by PwC. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, without limitation, including documents and communications not relevant to this litigation.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control. For the purpose of responding to this Request, PwC will interpret this Request as seeking only documents related to any subpoenas that PwC received from government regulators. PwC further objects to this Request to the extent it is duplicative of Requests Nos. 1, 2, and 4.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection, including confidential and nonpublic materials related to any PCAOB demands that are protected from disclosure and subject to a statutory privilege under the Sarbanes-Oxley Act, 15 U.S.C. §7215(b)(5) (2012). For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

Subject to and without waiving the foregoing objections, PwC states that it will not be producing documents in response to this Request; as PwC did not receive any subpoenas, investigations, or inquiries by a Governmental body described in this

Request related to the subject matter of this action that is not captured by other Document Requests, there are no responsive documents to produce.

**REQUEST NO. 4:**

All Documents concerning any subpoena, investigation or inquiry by the PCAOB, whether formal or informal, relating to PwC's audits of Mattel, Mattel's Internal Controls, Financial Statements, or tax accounting, including, but not limited to:

      a. Documents produced by You to the PCAOB;

      b. Documents received by You from the PCAOB;

      c. Communications concerning the request or its subject matter, including with the PCAOB;

      d. Documents concerning any results or findings of such investigation; and

      e. Transcripts and notes of all depositions and interviews taken in connection with such proceeding(s).

**RESPONSE TO REQUEST NO. 4:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Internal Controls, "Financial Statements," "investigation," "inquiry," "formal," "informal," "request," "results," "findings," "transcripts," "notes," "interviews," and "proceeding(s)" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. For purposes of responding to this Request, PwC interprets the term "Financial Statements" to include only Mattel' s annual financial statements audited by PwC. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, without limitation, including documents and communications not relevant to this litigation.  For the purpose of responding to this Request, PwC will interpret this Request as seeking only

1   documents related to any Accounting Board Demands that PwC received from the
2   PCAOB.

3       PwC further objects to this Request to the extent it seeks documents outside
4   PwC's possession, custody, or control, including documents within the possession of
5   third parties, to the extent it seeks documents "concerning any subpoena,
6   investigation or inquiry by the PCAOB."  PwC does not agree to undertake a search
7   for documents or communications outside its possession, custody, or control.

8       PwC further objects to this Request to the extent it seeks documents protected
9   from disclosure by the attorney-client privilege, the attorney work product doctrine,
10  or any other privilege or protection, including confidential and nonpublic materials
11  related to any PCAOB demands that are protected from disclosure and subject to a
12  statutory privilege under the Sarbanes-Oxley Act, 15 U.S.C. §7215(b)(5) (2012).

13      Subject to and without waiving the foregoing objections, PwC states that it will
14  not be producing documents in response to this Request.

15  **REQUEST NO. 5:**

16      All Documents concerning the Whistleblower Letter, including, but not limited
17  to:

18          a.  The Whistleblower Letter;
19          b.  Communications concerning the Whistleblower Letter or its assertions,
20              including Communications with Mattel, analysts, investors or any other
21              third parties;
22          c.  Documents concerning any consideration of whether to disclose the
23              Whistleblower Letter or make any disclosure of its contents in
24              connection with Mattel's August 8, 2019 Form 8-K or at any other time;
25          d.  Documents and Communications concerning how to respond to the
26              Whistleblower Letter.

27

28

Case No. 2:19-cv-10860-MCS-PLAx          PwC's Responses & Objections To
                                          Plaintiffs' First Set Of RFPs

**RESPONSE TO REQUEST NO. 5:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "assertions," "analysts," "investors," and "third parties" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as vague, ambiguous, and misleading insofar as PwC does not audit Mattel's disclosures. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, without limitation, including documents and communications not relevant to this litigation.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control. PwC further objects to this Request to the extent it seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after

1  so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,

2  or control are lacking, PwC will agree to meet and confer in good faith.

3     Subject to and without waiving the foregoing objections, PwC is producing a

4  full copy of PwC's SEC Productions.

5  **REQUEST NO. 6:**

6     Documents concerning the Whistleblower, including, but not limited to:

7        a. Communications with the Whistleblower regarding Mattel's internal

8           controls, Financial Statements (including footnotes thereto), accounting,

9           GAAP, PwC's audits, or any other matter addressed in the

10          Whistleblower Letter;

11       b. Documents concerning the Whistleblower's assertions; and

12       c. Minutes, transcripts and notes from meetings or interviews during which

13          the Whistleblower's assertions were discussed.

14 **RESPONSE TO REQUEST NO. 6:**

15    PwC objects to this Request as overbroad, unduly burdensome, and not

16 reasonably calculated to lead to the discovery of admissible evidence to the extent

17 the terms "Internal Controls," "Financial Statements," "assertions," "minutes,"

18 "transcripts," "notes," "meetings" and "interviews" are vague and ambiguous and

19 would include documents and communications not relevant to the claims or defenses

20 of any party.  PwC further objects to this Request as overbroad, unduly burdensome,

21 and not reasonably calculated to lead to the discovery of admissible evidence to the

22 extent it calls for "any other matter addressed in the Whistleblower Letter," without

23 limitation, including documents and communications not relevant to this litigation.

24 PwC further objects to this Request as vague, ambiguous, and misleading insofar as

25 PwC lacks knowledge of the Whistleblower's identity.

26    PwC further objects to this Request to the extent it seeks documents outside

27 PwC's possession, custody, or control, including documents within the possession of

28

17

1  Mattel and third parties.  PwC does not agree to undertake a search for documents or
2  communications outside its possession, custody, or control.

3      PwC further objects to this Request to the extent it is duplicative of Requests
4  Nos. 5 and 7 as well as seeks materials that are unnecessarily cumulative and
5  obtainable from some other source, such as Mattel, that is more convenient, less
6  burdensome, or less expensive.

7      PwC further objects to this Request to the extent it seeks documents protected
8  from disclosure by the attorney-client privilege, the attorney work product doctrine,
9  or any other privilege or protection.  For purposes of responding to this Request, PwC
10 will interpret this Request as seeking only nonprivileged documents and
11 communications.

12     As set forth in its Response to Request No. 1, PwC further objects to this
13 Request to the extent it calls for materials beyond PwC's SEC Productions as
14 overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery
15 of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after
16 so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,
17 or control are lacking, PwC will agree to meet and confer in good faith.

18     Subject to and without waiving the foregoing objections, PwC is producing a
19 full copy of PwC's SEC Productions.

20 **REQUEST NO. 7:**

21     Documents concerning the Audit Committee investigation into the matters
22 raised in the Whistleblower Letter, including, but not limited to:

23          a.  Documents provided to the Audit Committee by You;

24          b.  Documents received by You from the Audit Committee;

25          c.  Communications with the Audit Committee;

26          d.  Communications concerning the Audit Committee investigation,
27              including Communications with Mattel;

28

e.  Documents concerning remedial measure(s) or disciplinary action(s) arising out of the Audit Committee investigation;

f.  Transcripts and notes of any interviews, whether formal or informal, conducted in connection with the Audit Committee investigation;

g.  Analysis and reports, including draft reports, prepared by O'Melveny & Myers LLP or FTI Consulting in connection with the investigation;

h.  Communications with O'Melveny & Myers LLP or FTI Consulting concerning the Whistleblower Letter or the allegations therein; and

i.  Meeting minutes and notes concerning the Audit Committee investigation.

**RESPONSE TO REQUEST NO. 7:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "investigation," "matters," "remedial measures," "disciplinary action(s)," "formal," "informal," "analysis," "reports," "allegations," "minutes," and "notes," are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for documents concerning any "matter[] raised in the Whistleblower Letter," without limitation, including documents and communications not relevant to this litigation.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.

PwC further objects to this Request to the extent it is duplicative of Requests Nos. 5 and 6, as well as seeks materials that are unnecessarily cumulative and

1   obtainable from some other source, such as Mattel, that is more convenient, less
2   burdensome, or less expensive.

3          PwC further objects to this Request to the extent it seeks documents protected
4   from disclosure by the attorney-client privilege, the attorney work product doctrine,
5   or any other privilege or protection.  For purposes of responding to this Request, PwC
6   will interpret this Request as seeking only nonprivileged documents and
7   communications.

8          As set forth in its Response to Request No. 1, PwC further objects to this
9   Request to the extent it calls for materials beyond PwC's SEC Productions as
10  overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery
11  of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after
12  so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,
13  or control are lacking, PwC will agree to meet and confer in good faith.

14         Subject to and without waiving the foregoing objections, PwC is producing a
15  full copy of PwC's SEC Productions.

16  **REQUEST NO. 8:**

17         All Documents concerning the results, findings, and conclusions of the Audit
18  Committee investigation, including, but not limited to:

19         a.  The conclusion that Mattel's Financial Statements for the three and nine
20             months ended September 30, 2017 and the three months ended
21             December 31, 2017 "should no longer be relied upon due to material
22             misstatements";

23         b.  The conclusion that "there were material weaknesses in [Mattel's]
24             internal control over financial reporting at the time of the preparation of
25             its Financial Statements for the quarters ending September 30, 2017, and
26             December 31, 2017," that "continued to be ineffective as of December
27             31, 2018";

28

c.  The conclusion that "Mattel's disclosure controls and procedures were not effective as of December 31, 2018";

d.  The conclusion the accounting error associated with Mattel's tax valuation allowance "was not properly assessed nor were findings and conclusions documented"; and that "lapses in judgment by management contributed to these failures";

e.  The determination that "the investigation did not find that management engaged in fraud," including all Documents supporting or undermining such determination;

f.  The conclusion that PwC was in violation of the SEC's auditor independence rules;

g.  The finding concerning "failures to properly consider and disclose such errors to [the CEO] and the Audit Committee"; and

h.  The finding that "management's reliance on the accounting advice sought and received on the error from the lead audit engagement partner of Mattel's outside auditor . . . contributed to these failures."

**RESPONSE TO REQUEST NO. 8:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "the Audit Committee investigation," "Financial Statements," "results," "findings," "conclusions," and "SEC's auditor independence rules" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.  PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, including documents and communications not relevant to this litigation.

Case No. 2:19-cv-10860-MCS-PLAx                    PwC's Responses & Objections To
                                                   Plaintiffs' First Set Of RFPs

PwC further objects to this Request to the extent it misquotes, misstates, excerpts, or takes out of context the "conclusions" or "finding[s]" of "the Audit Committee investigation."

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control. PwC further objects to this Request to the extent it seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 9:**

All Documents concerning the Restatement, including, but not limited to:

    a.  All Documents, including Work Papers, on which the Restatement was based;

    b.  Communications concerning the Restatement;

    c.  Meeting minutes and notes from meetings during which the need for a restatement or the Restatement was discussed;

    d.  All Documents, including Work Papers, concerning the basis for determining that Mattel's third and fourth quarter 2017 Financial Statements were materially misstated;

    e.  All Documents, including Work Papers, concerning Internal Control deficiencies that existed in 2017, including material weaknesses in Internal Controls;

    f.  All Documents concerning any withdrawal, qualification or alteration of any previously-issued opinions by PwC as to Mattel's Financial Statements or the effectiveness of its Internal Controls;

    g.  All Documents concerning PwC's determination included in Mattel's restated 2018 Form 10-K that Mattel "did not maintain, in all material respects, effective internal control over financial reporting as of December 31, 2018, based on criteria established in Internal Control-Integrated Framework (2013) issued by the COSO because a material weakness in internal control over financial reporting existed as of that date as the Company did not properly design and operate effective monitoring control activities to properly assess and communicate known financial statement errors and internal control deficiencies in a timely manner to those parties responsible for taking corrective action, including the chief executive officer and the board of directors, as appropriate."

    h.  Documents concerning anticipated or actual market or investor reaction to the Restatement.

**RESPONSE TO REQUEST NO. 9:**

    PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent

23

the terms "Work Papers," "Internal Controls," "Financial Statements," "Restatement," "meeting," "minutes," "restatement," "materially misstated," "deficiencies," "withdrawal," "qualification," "alteration," "determination," and "anticipated or actual market or investor reaction" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. For purposes of responding to this Request, PwC interprets the term "Financial Statements" as used in section (f) of this Request to include only Mattel's annual financial statements audited by PwC. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, without limitation, including documents and communications not relevant to this litigation.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control. PwC further objects to this Request to the extent it seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after

so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 10:**

Documents concerning the HiT IP, including, but not limited to:

    a.  All Documents, including Work Papers, concerning the classification of the HiT IP as either a finite lived asset or an indefinite lived asset;

    b.  All Documents, including Work Papers, concerning the reclassification of the HiT IP, including as described at ¶¶141-48 of the Complaint;

    c.  All Communications with Mattel concerning the reclassification of the HiT IP;

    d.  The document referred to at ¶118 of the Complaint;

    e.  The spreadsheet referred to at ¶145 of the Complaint;

    f.  All Documents concerning the SEC's anticipated response to a reclassification of the HiT IP;

    g.  Meeting minutes and notes from meetings during which the classification of the HiT IP was discussed;

    h.  Communications concerning the reclassification of the HiT IP;

    i.  Documents concerning the valuation allowance related to the HiT IP or its classification;

    j.  Documents concerning amortization of the HiT IP; and

    k.  Documents concerning Mattel's tax accounting for the HiT IP.

**RESPONSE TO REQUEST NO. 10:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "classification," "reclassification," and "response," are vague and ambiguous and would include documents and communications not relevant to the

1  claims or defenses of any party.  PwC further objects to this Request as overbroad,

2  unduly burdensome, and not reasonably calculated to lead to the discovery of

3  admissible evidence to the extent it calls for "all" documents responsive to this

4  Request, without limitation, including documents and communications not relevant

5  to this litigation.

6  　　　　PwC further objects to this Request to the extent it seeks documents outside

7  PwC's possession, custody, or control, including documents within the possession of

8  Mattel and third parties.  PwC does not agree to undertake a search for documents or

9  communications outside its possession, custody, or control.  PwC further objects to

10  this Request to the extent it seeks materials that are unnecessarily cumulative and

11  obtainable from some other source, such as Mattel, that is more convenient, less

12  burdensome, or less expensive.

13  　　　　PwC further objects to this Request to the extent it seeks documents protected

14  from disclosure by the attorney-client privilege, the attorney work product doctrine,

15  or any other privilege or protection.  For purposes of responding to this Request, PwC

16  will interpret this Request as seeking only nonprivileged documents and

17  communications.

18  　　　　PwC further objects to this Request to the extent it incorporates Plaintiffs'

19  characterizations as set forth in Paragraphs 118, and 141-148 of the Complaint and

20  incorporates by reference PwC's responses to Paragraphs 118, and 141-148 of the

21  Complaint, as set forth in PwC's Answer to the Complaint.

22  　　　　As set forth in its Response to Request No. 1, PwC further objects to this

23  Request to the extent it calls for materials beyond PwC's SEC Productions as

24  overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

25  of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after

26  so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,

27  or control are lacking, PwC will agree to meet and confer in good faith.

28

1    Subject to and without waiving the foregoing objections, PwC is producing a

2    full copy of PwC's SEC Productions.

3    **REQUEST NO. 11:**

4    All Documents concerning the determinations described in Mattel's 2017

5    Form 10-K that:

6    in the third quarter of 2017, Mattel performed the annual impairment
     test for its nonamortizable intangible asset as required and determined
7    that the nonamortizable asset was not impaired as the fair value
     exceeded its carrying value. In the fourth quarter of 2017, Mattel
8    determined a triggering event had occurred due to a change in brand
     strategy, which resulted in lower forecasted revenue attributable to the
9    nonamortizable intangible asset. As a result, Mattel performed an
     interim impairment test which determined that the fair value was in
10   excess of its carrying value, with an estimated fair value approximately
     1.05x its carrying value. As such, Mattel determined that the intangible
11   asset should no longer be designated as a nonamortizable intangible
     asset but should be amortized starting in the fourth quarter of 2017.

12

13   This request includes (a) all Documents concerning the tests, analyses,

14   forecasts and determinations described above, including all Documents related to the

15   change in brand strategy referenced above, and (b) all Documents concerning this

16   disclosure itself, including drafts of the disclosure.

17   **RESPONSE TO REQUEST NO. 11:**

18   PwC objects to this Request as overbroad, unduly burdensome, and not

19   reasonably calculated to lead to the discovery of admissible evidence to the extent

20   the terms "determinations," and "drafts" are vague and ambiguous and would include

21   documents and communications not relevant to the claims or defenses of any party.

22   PwC further objects to this Request as overbroad, unduly burdensome, and not

23   reasonably calculated to lead to the discovery of admissible evidence to the extent it

24   calls for "all" documents responsive to this Request, without limitation, including

25   documents and communications not relevant to this litigation.

26   PwC further objects to this Request to the extent it seeks documents outside

27   PwC's possession, custody, or control, including documents within the possession of

28   Mattel and third parties. PwC does not agree to undertake a search for documents or

27

PwC's Responses & Objections To
                                                                    Plaintiffs' First Set Of RFPs

communications outside its possession, custody, or control.  PwC further objects to this Request to the extent it seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

PwC further objects to this Request to the extent it misquotes, misstates, excerpts, or takes out of context the "determinations" "described in Mattel's 2017 Form 10-K."

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 12:**

Documents, including Work Papers, concerning any consideration of whether Mattel was required to restate its Financial Statements for either the third or fourth quarters of 2017, or full year 2017, including, but not limited to:

> a.  All Documents concerning any such consideration, including any determination that a restatement was necessary;

PwC's Responses & Objections To
Plaintiffs' First Set Of RFPs

    b.  All Documents concerning any consideration of whether there was, or any determination that there was, a material weakness(es) in Mattel's Internal Controls;

    c.  All Documents concerning the January 15, 2018 meeting described at ¶127 of the Complaint;

    d.  All Documents concerning the January 16, 2018 meeting described at ¶136 of the Complaint;

    e.  All Documents and Communications concerning whether Mattel could report a "Little r" restatement rather than a "Big R" restatement described at ¶¶132-36 of the Complaint;

    f.  All Documents and Communications concerning Abrahams' direction that Mattel and PwC should find a way to avoid a restatement and reporting a material weakness described at ¶141 of the Complaint;

    g.  All Documents concerning any actual or anticipated market or investor reaction to a restatement;

    h.  All Communications with Georgiadis and Euteneuer concerning any consideration of restating financial results;

    i.  All Documents, including meeting minutes and notes, concerning meetings with Georgiadis and Euteneuer regarding any consideration of issuing a restatement; and

    j.  All Communications with PwC regarding any consideration of issuing a restatement.

**RESPONSE TO REQUEST NO. 12:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Financial Statement," "Internal Controls," "consideration," "restate," "determination," "restatement," "material," "meeting," "direction," "weakness," "Little r," "Big R," "actual or anticipated market or investor reaction," "notes," and

"consideration" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. For purposes of responding to this Request, PwC interprets the term "Financial Statements" to include only Mattel's annual financial statements audited by PwC. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, without limitation, including documents and communications not relevant to this litigation.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control. PwC further objects to this Request to the extent it seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

PwC further objects to this Request to the extent it incorporates Plaintiffs' characterizations as set forth in Paragraphs 127, 132-36, and 141 of the Complaint and incorporates by reference PwC's responses to Paragraphs 127, 132-36, and 141 of the Complaint, as set forth in PwC's Answer to the Complaint.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after

so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 13:**

Documents, including Work Papers, concerning any consideration of whether Mattel should disclose a material weakness(es) in Mattel's Internal Controls, including, but not limited to:

    a. Communications on this subject, including but not limited to Communications with Mattel, Georgiadis, or Euteneuer;

    b. Meeting minutes and notes from meetings, whether formal or informal, during which material weaknesses in Mattel's Internal Controls, or whether to disclose them, were discussed;

    c. Documents regarding any actual or anticipated impact that restating or disclosing a material weakness(es) would have on Mattel; and

    d. Documents concerning any actual or anticipated market or investor reaction to the disclosure of a material weakness(es).

**RESPONSE TO REQUEST NO. 13:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Internal Controls," "consideration," "on this subject," "disclose" "material," "weakness(es)," "meetings," "formal," "informal," "actual or anticipated impact," and "actual or any anticipated market or investor reaction" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as vague, ambiguous, and misleading insofar as PwC does not audit Mattel's disclosures.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of

31

Mattel and third parties.  PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.  PwC further objects to this Request to the extent it seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 14:**

Documents, including Work Papers, concerning Mattel's Internal Controls and related practices, policies, and procedures, including, but not limited to:

    a.  Any analysis, reports or reviews conducted by Mattel's Internal Audit team;

    b.  Any third-party audit, analysis consultation or investigation;

    c.  Any internal control deficiencies and/or material weaknesses, including but not limited to those described at ¶¶56-79 of the Complaint;

    d.  Remedial actions taken concerning Mattel's Internal Controls deficiencies;

e.   Documents concerning Internal Controls related to Mattel's deferred tax assets and deferred tax liabilities; and

f.   Documents concerning Internal Controls related to Mattel's tax valuation allowance.

**RESPONSE TO REQUEST NO. 14:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Internal Controls," "related," "practices," "policies," "procedures," "analysis," "reports," "reviews," "third-party," "consultation," "investigation," "deficiencies," "material," "weakness," and "remedial actions," are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties.  PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.

PwC further objects to this Request to the extent it is duplicative of Request No. 13, as well as seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

PwC further objects to this Request to the extent it incorporates Plaintiffs' characterizations as set forth in Paragraphs 56-79 of the Complaint and incorporates

1  by reference PwC's responses to Paragraphs 56-79 of the Complaint, as set forth in

2  PwC's Answer to the Complaint.

3      As set forth in its Response to Request No. 1, PwC further objects to this

4  Request to the extent it calls for materials beyond PwC's SEC Productions as

5  overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

6  of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after

7  so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,

8  or control are lacking, PwC will agree to meet and confer in good faith.

9      Subject to and without waiving the foregoing objections, PwC is producing a

10  full copy of PwC's SEC Productions.

11  **REQUEST NO. 15:**

12      Documents concerning Mattel's process and practice for determining,

13  calculating, documenting, and confirming its deferred tax asset valuation allowance.

14  **RESPONSE TO REQUEST NO. 15:**

15      PwC objects to this Request as overbroad, unduly burdensome, and not

16  reasonably calculated to lead to the discovery of admissible evidence to the extent

17  the terms "process," "practice," "determining, "calculating," "documentation," and

18  "confirming," are vague and ambiguous and would include documents and

19  communications not relevant to the claims or defenses of any party.

20      PwC further objects to this Request to the extent it seeks documents outside

21  PwC's possession, custody, or control, including documents within the possession of

22  Mattel and third parties.  PwC does not agree to undertake a search for documents or

23  communications outside its possession, custody, or control.  PwC further objects to

24  this Request to the extent it seeks materials that are unnecessarily cumulative and

25  obtainable from some other source, such as Mattel, that is more convenient, less

26  burdensome, or less expensive.

27      PwC further objects to this Request to the extent it seeks documents protected

28  from disclosure by the attorney-client privilege, the attorney work product doctrine.

34

For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 16:**

Documents, including Work Papers, concerning the valuation allowance that Mattel recorded against its Deferred Tax Assets in the third quarter of 2017 as described at ¶¶92-102 of the Complaint, including, but not limited to:

    a.  Documents concerning the impact of the Toys "R" Us bankruptcy on Mattel's decision whether to record a valuation allowance;

    b.  The initial decision not to record a valuation allowance against Mattel's deferred tax assets in the third quarter of 2017, as described at ¶¶80-91 of the Complaint;

    c.  The decision to record a valuation allowance against Mattel's deferred tax assets in the third quarter of 2017, as described at ¶¶92-102 of the Complaint;

    d.  Documents concerning the calculation of the valuation allowance recorded against Mattel's deferred tax assets for the third quarter of 2017;

    e.  Documents concerning the error discovered prior to Mattel publishing its third quarter 2017 Financial Statements as described at ¶¶104-06 of the Complaint;

f.  Documents concerning the revision of the valuation allowance, as described at ¶¶107-14 of the Complaint;

g.  Documents concerning the recalculation of the tax valuation allowance for the third quarter of 2017, including, but not limited to, the spreadsheet described at ¶106-07 of the Complaint;

h.  Documents concerning the discovery of the error in the valuation allowance Mattel recorded in its third quarter 2017 Financial Statements, as described at ¶¶116-22 of the Complaint;

i.  Documents concerning the meeting Whitaker had with Dermott Martin during which the error was discovered, as described at ¶¶116-22 of the Complaint;

j.  Documents concerning the impact that recording a valuation allowance would have on Mattel's financial performance;

k.  Documents concerning the anticipated or actual response to a valuation allowance by analysts, investors, or the media;

l.  Meeting notes and minutes from meetings during which recording a valuation allowance was discussed; and

m. Communications concerning any valuation allowance or consideration of recording a valuation allowance.

**RESPONSE TO REQUEST NO. 16:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms the terms "Financial Statement," "decision," "calculation," "error," "publish," "revision," "recalculation," "financial performance," "anticipated or actual response," "meeting," "notes," "minutes," and "recording" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.

PwC's Responses & Objections To
Plaintiffs' First Set Of RFPs

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control. PwC further objects to this Request to the extent it seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

PwC further objects to this Request to the extent it incorporates Plaintiffs' characterizations as set forth in Paragraphs 80-122 of the Complaint and incorporates by reference PwC's responses to Paragraphs 80-122 of the Complaint, as set forth in PwC's Answer to the Complaint.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 17:**

Documents concerning the new Internal Control(s) that Whitaker was asked to develop concerning Mattel's deferred tax valuation allowance process as described at ¶¶115-16 of the Complaint.

Case No. 2:19-cv-10860-MCS-PLAx          PwC's Responses & Objections To Plaintiffs' First Set Of RFPs

**RESPONSE TO REQUEST NO. 17:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "new," "Internal Controls," "develop," and "process" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control. PwC further objects to this Request to the extent it is duplicative of Requests Nos. 13 and 14, as well as seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

PwC further objects to this Request to the extent it incorporates Plaintiffs' characterizations as set forth in Paragraphs 115-16 of the Complaint and incorporates by reference PwC's responses to Paragraphs 115-16 of the Complaint, as set forth in PwC's Answer to the Complaint

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

1   Subject to and without waiving the foregoing objections, PwC is producing a

2   full copy of PwC's SEC Productions.

3   **REQUEST NO. 18:**

4   Documents concerning any meeting between all or any of Euteneuer,

5   Georgiadis, You, and the Mattel Audit Committee prior to filing Mattel's 2017 Form

6   10-K, as described at ¶¶150-52 of the Complaint.

7   **RESPONSE TO REQUEST NO. 18:**

8   PwC objects to this Request as overbroad, unduly burdensome, and not

9   reasonably calculated to lead to the discovery of admissible evidence to the extent

10  the term "meeting" is vague and ambiguous and would include documents and

11  communications not relevant to the claims or defenses of any party.

12  PwC further objects to this Request to the extent it seeks documents outside

13  PwC's possession, custody, or control, including documents within the possession of

14  Mattel and third parties.  PwC does not agree to undertake a search for documents or

15  communications outside its possession, custody, or control.  PwC further objects to

16  this Request to the extent it seeks materials that are unnecessarily cumulative and

17  obtainable from some other source, such as Mattel, that is more convenient, less

18  burdensome, or less expensive.

19  PwC further objects to this Request to the extent it seeks documents protected

20  from disclosure by the attorney-client privilege, the attorney work product doctrine,

21  or any other privilege or protection.  For purposes of responding to this Request, PwC

22  will interpret this Request as seeking only nonprivileged documents and

23  communications.

24  PwC further objects to this Request to the extent it incorporates Plaintiffs'

25  characterizations as set forth in Paragraphs 150-52 of the Complaint and incorporates

26  by reference PwC's responses to Paragraphs 150-52 of the Complaint, as set forth in

27  PwC's Answer to the Complaint.

28

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 19:**

Documents concerning Mattel's policies, procedures, and processes for reporting errors to the Audit Committee.

**RESPONSE TO REQUEST NO. 19:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "policies," "procedures," "processes," "reporting," and "errors" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel.  PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.  PwC further objects to this Request to the extent it seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC

1    will interpret this Request as seeking only nonprivileged documents and
2    communications.

3         As set forth in its Response to Request No. 1, PwC further objects to this
4    Request to the extent it calls for materials beyond PwC's SEC Productions as
5    overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery
6    of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after
7    so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,
8    or control are lacking, PwC will agree to meet and confer in good faith.

9         Subject to and without waiving the foregoing objections, PwC is producing a
10   full copy of PwC's SEC Productions.

11   **REQUEST NO. 20:**

12        Documents concerning Mattel's Financial Statements for the third or fourth
13   quarter of 2017 including, but not limited to, draft Financial Statements sent to
14   Euteneuer or Georgiadis.

15   **RESPONSE TO REQUEST NO. 20:**

16        PwC objects to this Request as overbroad, unduly burdensome, and not
17   reasonably calculated to lead to the discovery of admissible evidence to the extent
18   the term "Financial Statements" is vague and ambiguous and would include
19   documents and communications not relevant to the claims or defenses of any party.
20   For purposes of responding to this Request, PwC interprets the term "Financial
21   Statements" to include only Mattel's annual financial statements audited by PwC.

22        PwC further objects to this Request to the extent it seeks documents outside
23   PwC's possession, custody, or control, including documents within the possession of
24   Mattel and third parties.  PwC does not agree to undertake a search for documents or
25   communications outside its possession, custody, or control.  PwC further objects to
26   this Request to the extent it seeks materials that are unnecessarily cumulative and
27   obtainable from some other source, such as Mattel, that is more convenient, less
28   burdensome, or less expensive.

Case No. 2:19-cv-10860-MCS-PLAx                    PwC's Responses & Objections To
                                                   Plaintiffs' First Set Of RFPs

1    PwC further objects to this Request to the extent it seeks documents protected

2    from disclosure by the attorney-client privilege, the attorney work product doctrine,

3    or any other privilege or protection.  For purposes of responding to this Request, PwC

4    will interpret this Request as seeking only nonprivileged documents and

5    communications.

6    As set forth in its Response to Request No. 1, PwC further objects to this

7    Request to the extent it calls for materials beyond PwC's SEC Productions as

8    overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

9    of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after

10    so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,

11    or control are lacking, PwC will agree to meet and confer in good faith.

12    Subject to and without waiving the foregoing objections, PwC is producing a

13    full copy of PwC's SEC Productions.

14    **REQUEST NO. 21:**

15    To the extent not produced in response to the foregoing requests, Documents

16    concerning Mattel's accounting for, and disclosure of, its deferred tax assets, deferred

17    tax liabilities, intangible assets, and tax valuation allowance.

18    **RESPONSE TO REQUEST NO. 21:**

19    PwC objects to this Request as overbroad, unduly burdensome, and not

20    reasonably calculated to lead to the discovery of admissible evidence to the extent

21    the terms "accounting for," "disclosure of," and "intangible assets," are vague and

22    ambiguous and would include documents and communications not relevant to the

23    claims or defenses of any party.

24    PwC further objects to this Request to the extent it seeks documents outside

25    PwC's possession, custody, or control, including documents within the possession of

26    Mattel and third parties.  PwC does not agree to undertake a search for documents or

27    communications outside its possession, custody, or control.

28

PwC further objects to this Request to the extent it is duplicative of Requests Nos. 10, 15, and 16, as well as seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 22:**

Documents concerning Mattel's compliance or non-compliance with GAAP provisions ASC 740 and ASC 250 as described in ¶¶247-71 of the Complaint, including any audits or analyses of these issues.

**RESPONSE TO REQUEST NO. 22:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it the terms "compliance, "non-compliance," "audits," and "analyses" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.

1   PwC further objects to this Request to the extent it seeks documents outside
2   PwC's possession, custody, or control, including documents within the possession of
3   Mattel and third parties. PwC does not agree to undertake a search for documents or
4   communications outside its possession, custody, or control.

5   PwC further objects to this Request to the extent it seeks documents protected
6   from disclosure by the attorney-client privilege, the attorney work product doctrine,
7   or any other privilege or protection. For purposes of responding to this Request, PwC
8   will interpret this Request as seeking only nonprivileged documents and
9   communications.

10   PwC further objects to this Request to the extent it incorporates Plaintiffs'
11   characterizations as set forth in Paragraphs 247-71 of the Complaint and incorporates
12   by reference PwC's responses to Paragraphs 247-71 of the Complaint, as set forth in
13   PwC's Answer to the Complaint.

14   As set forth in its Response to Request No. 1, PwC further objects to this
15   Request to the extent it calls for materials beyond PwC's SEC Productions as
16   overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery
17   of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after
18   so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,
19   or control are lacking, PwC will agree to meet and confer in good faith.

20   Subject to and without waiving the foregoing objections, PwC is producing a
21   full copy of PwC's SEC Productions.

22   **REQUEST NO. 23:**

23   Documents concerning all Board meetings during the Relevant Time Period.
24   This Request includes all Board Communications, Board meeting minutes, notes,
25   Board materials and presentations, as well as drafts thereof.

26   **RESPONSE TO REQUEST NO. 23:**

27   PwC objects to this Request as overbroad, unduly burdensome, and not
28   reasonably calculated to lead to the discovery of admissible evidence to the extent it

the terms "Board," "Relevant Time Period," "meetings," "minutes," "notes," "materials," and "presentations" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, without limitation, including documents and communications not relevant to this litigation.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control. PwC further objects to this Request to the extent it seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

PwC's Responses & Objections To Plaintiffs' First Set Of RFPs

**REQUEST NO. 24:**

Documents concerning all Audit Committee meetings during the Relevant Time Period.  This Request includes all Audit Committee Communications, Audit Committee meeting minutes, notes, Committee materials and presentations, as well as drafts thereof.

**RESPONSE TO REQUEST NO. 24:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Relevant Time Period," "meetings," "minutes," "notes," "materials," and "presentations" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.  PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, without limitation, including documents and communications not relevant to this litigation.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties.  PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.  PwC further objects to this Request to the extent it is duplicative of Requests Nos. 7, 8, and 18, as well as seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

PwC's Responses & Objections To Plaintiffs' First Set Of RFPs

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 25:**

Documents, including Work Papers, concerning the impact, whether anticipated or actual, of the Toys "R" Us bankruptcy on Mattel, including its financial performance, assets, liabilities, or accounts receivable.

**RESPONSE TO REQUEST NO. 25:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it the terms "impact," "anticipated," "actual," "bankruptcy," "financial performance," "assets," "liabilities," "accounts receivable," and "Toys 'R' Us," are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and other third parties.  PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.  PwC further objects to this Request to the extent it is duplicative of Request No. 16, as well as seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

1   PwC further objects to this Request to the extent it seeks documents protected

2   from disclosure by the attorney-client privilege, the attorney work product doctrine,

3   or any other privilege or protection.  For purposes of responding to this Request, PwC

4   will interpret this Request as seeking only nonprivileged documents and

5   communications.

6   As set forth in its Response to Request No. 1, PwC further objects to this

7   Request to the extent it calls for materials beyond PwC's SEC Productions as

8   overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

9   of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after

10  so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,

11  or control are lacking, PwC will agree to meet and confer in good faith.

12  Subject to and without waiving the foregoing objections, PwC is producing a

13  full copy of PwC's SEC Productions.

14  **REQUEST NO. 26:**

15  Documents concerning Euteneuer's departure from Mattel as described in

16  ¶179 of the Complaint.

17  **RESPONSE TO REQUEST NO. 26:**

18  PwC objects to this Request as overbroad, unduly burdensome, and not

19  reasonably calculated to lead to the discovery of admissible evidence to the extent

20  the term "departure" is vague and ambiguous and would include documents and

21  communications not relevant to the claims or defenses of any party.

22  PwC further objects to this Request to the extent it seeks documents outside

23  PwC's possession, custody, or control, including documents within the possession of

24  Mattel and third parties.  PwC does not agree to undertake a search for documents or

25  communications outside its possession, custody, or control.  PwC further objects to

26  this Request to the extent it seeks materials that are unnecessarily cumulative and

27  obtainable from some other source, such as Mattel, that is more convenient, less

28  burdensome, or less expensive.

1    PwC further objects to this Request to the extent it seeks documents protected

2    from disclosure by the attorney-client privilege, the attorney work product doctrine,

3    or any other privilege or protection.  For purposes of responding to this Request, PwC

4    will interpret this Request as seeking only nonprivileged documents and

5    communications.

6    PwC further objects to this Request to the extent it incorporates Plaintiffs'

7    characterizations as set forth in Paragraph 179 of the Complaint and incorporates by

8    reference PwC's responses to Paragraph 179 of the Complaint, as set forth in PwC's

9    Answer to the Complaint.

10   As set forth in its Response to Request No. 1, PwC further objects to this

11   Request to the extent it calls for materials beyond PwC's SEC Productions as

12   overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

13   of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after

14   so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,

15   or control are lacking, PwC will agree to meet and confer in good faith.

16   Subject to and without waiving the foregoing objections, PwC is producing a

17   full copy of PwC's SEC Productions.

18   **REQUEST NO. 27:**

19   Documents concerning the removal of Abrahams from the PwC audit team in

20   2019 as described in ¶¶181, 184 of the Complaint, including (i) all reasons for his

21   removal; (ii) whether his removal was voluntary; (iii) Communications concerning

22   his removal, including but not limited to those with investors, analysts, the media or

23   Mattel; (iv) any terms of his removal; (v) any compensation paid, to be paid, foregone

24   or reduced in connection with his removal, and (vi) whether his removal was

25   voluntary.

26   **RESPONSE TO REQUEST NO. 27:**

27   PwC objects to this Request as overbroad, unduly burdensome, and not

28   reasonably calculated to lead to the discovery of admissible evidence to the extent

the terms "removal," "audit team," "investors," "analysts," "media," "compensation," and "voluntary" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of other Defendants and third parties.  PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

PwC further objects to this Request to the extent it incorporates Plaintiffs' characterizations as set forth in Paragraphs 181 and 184 of the Complaint and incorporates by reference PwC's responses to Paragraph 181 and 184 of the Complaint, as set forth in PwC's Answer to the Complaint.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 28:**

Documents concerning Abrahams' compensation, including any relationship between hi[s] compensation (whether cash, incentive compensation, equity or options, bonuses, or otherwise) and PwC's revenues generated from its Mattel

50

account, including Documents and Communications sufficient to show the absence of such a relationship.

**RESPONSE TO REQUEST NO. 28:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "compensation," "relationship," "incentive compensation," "equity or options," and "bonuses" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 29:**

Documents concerning the movement in Mattel's stock price on any of the following dates: August 9, 2019, October 29, 2019, and November 12, 2019, including the cause or causes of that movement.

**RESPONSE TO REQUEST NO. 29:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent

the terms "movement," "stock price," "cause," and "causes" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.  PwC further objects to this Request to the extent it seeks materials that are publicly available, already in Plaintiffs' possession, custody, or control, and/or which are otherwise equally available to all Parties, or cumulative and obtainable from some other source that is more convenient, less burdensome, or less expensive.  PwC further objects to this Request as premature to the extent it calls for documents that will be exchanged in expert discovery pursuant to the Case Management Order endorsed by the Court on March 12, 2021 (ECF No. 85).

PwC further objects to this Request to the extent it seeks documents that are publicly available or seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties.  PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

Subject to and without waiving the foregoing objections, PwC states that it will not be producing documents in response to this Request.

**REQUEST NO. 30:**

Without limit as to time period, Documents concerning Your engagements with Mattel, including, but not limited to:

    a. Documents concerning the total amount of compensation You have earned from engagements with Mattel;

    b. Documents concerning consulting agreements between You and Mattel, including any engagement letters;

1        c. Documents concerning engagement letters for auditing services You

2           performed for Mattel; and

3        d. Documents sufficient to show the amount of compensation Mattel paid

4           You for each audit and consulting engagement.

**RESPONSE TO REQUEST NO. 30:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "engagements," "compensation," "consulting agreements," "engagement letters," "auditing services," and "consulting engagement," are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents without limitation as to time period. PwC further objects to the extent this Request calls for the production of agreements between PwC and Mattel that are not related to the subject matter of this action.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after

so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 31:**

Documents concerning the alleged false and misleading statements in the Complaint, including those described at ¶¶324-433 of the Complaint. This Request includes without limitation any drafts, scripts, and Communications with analysts, investors, the media, or the SEC concerning such statements.

**RESPONSE TO REQUEST NO. 31:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "false," "misleading," "statements," "drafts," "scripts," "analysts," "investors," and "media" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents beyond those described in the Complaint and without limitation as to time period.

PwC further objects to this Request to the extent it seeks documents that are publicly available or seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC

1    will interpret this Request as seeking only nonprivileged documents and
2    communications.

3        PwC further objects to this Request to the extent it incorporates Plaintiffs'
4    characterizations as set forth in Paragraphs 324-433 of the Complaint and
5    incorporates by reference PwC's responses to Paragraph 324-433 of the Complaint,
6    as set forth in PwC's Answer to the Complaint.  PwC further objects to this Request
7    to the extent it requires PwC to identify and draw a legal conclusion as to the allegedly
8    false and misleading statements in the Complaint, without limitation to the
9    paragraphs identified in this Request.

10        As set forth in its Response to Request No. 1, PwC further objects to this
11   Request to the extent it calls for materials beyond PwC's SEC Productions as
12   overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery
13   of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after
14   so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,
15   or control are lacking, PwC will agree to meet and confer in good faith.

16        Subject to and without waiving the foregoing objections, PwC is producing a
17   full copy of PwC's SEC Productions.

18   **REQUEST NO. 32:**

19        Documents, including Work Papers, concerning Mattel's August 8, 2019 Form
20   8-K, including Documents concerning the response thereto by analysts, investors,
21   rating agencies, lenders, and the media.

22   **RESPONSE TO REQUEST NO. 32:**

23        PwC objects to this Request as overbroad, unduly burdensome, and not
24   reasonably calculated to lead to the discovery of admissible evidence to the extent
25   the terms "response," "analysts," "investors," "ratings agencies," "lenders," and
26   "media" are vague and ambiguous and would include documents and
27   communications not relevant to the claims or defenses of any party.  PwC further
28   objects to this Request as overbroad, unduly burdensome, and not reasonably

1   calculated to lead to the discovery of admissible evidence to the extent it seeks
2   documents without limitation as to subject matter.

3        PwC further objects to this Request to the extent it seeks documents that are
4   publicly available or seeks documents outside PwC's possession, custody, or control,
5   including documents within the possession of Mattel and an unspecified number of
6   third parties.   PwC does not agree to undertake a search for documents or
7   communications outside its possession, custody, or control.  PwC further objects to
8   this Request to the extent it is duplicative of Request Nos. 5, 29, and 33, as well as
9   seeks materials that are unnecessarily cumulative and obtainable from some other
10  source, such as Mattel, that is more convenient, less burdensome, or less expensive.

11       PwC further objects to this Request to the extent it seeks documents protected
12  from disclosure by the attorney-client privilege, the attorney work product doctrine,
13  or any other privilege or protection.  For purposes of responding to this Request, PwC
14  will interpret this Request as seeking only nonprivileged documents and
15  communications.

16       As set forth in its Response to Request No. 1, PwC further objects to this
17  Request to the extent it calls for materials beyond PwC's SEC Productions as
18  overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery
19  of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after
20  so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,
21  or control are lacking, PwC will agree to meet and confer in good faith.

22       Subject to and without waiving the foregoing objections, PwC is producing a
23  full copy of PwC's SEC Productions.

24  **REQUEST NO. 33:**

25       Documents, including Work Papers, concerning Mattel's October 29, 2019
26  Form 8-K, including Documents concerning the response thereto by analysts,
27  investors, rating agencies, lenders, and the media.

28

**RESPONSE TO REQUEST NO. 33:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "response," "analysts," "investors," "ratings agencies," "lenders," and "media" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents without limitation as to subject matter.

PwC further objects to this Request to the extent it seeks documents that are publicly available or seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and an unspecified number of third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control. PwC further objects to this Request to the extent it is duplicative of Request Nos. 5, 29 and 32, as well as seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

57

1   Subject to and without waiving the foregoing objections, PwC is producing a

2   full copy of PwC's SEC Productions.

3   **REQUEST NO. 34:**

4   To the extent not produced in response to the foregoing Requests, Documents

5   concerning Communications with analysts, investors, the media, rating agencies or

6   lenders regarding: (i) the Whistleblower or the Whistleblower Letter or its contents;

7   (ii) the Restatement; (iii) the Audit Committee investigation or determinations; (iv)

8   Euteneuer's departure; (v) Mattel's financial results, including but not limited to its

9   financial results for the third quarter of 2017, the fourth quarter of 2017, and the third

10  quarter of 2019; (vi) Mattel's Internal Controls; (vii) the retention of PwC as Mattel's

11  auditor; (viii) the removal of Abrahams from the PwC audit team for Mattel; (ix) the

12  termination of the Bond Offering; and (x) the movements in Mattel's stock price on

13  any of the following days: August 9, 2019, October 29, 2019, and November 12,

14  2019.

15  **RESPONSE TO REQUEST NO. 34:**

16  PwC objects to this Request as overbroad, unduly burdensome, and not

17  reasonably calculated to lead to the discovery of admissible evidence to the extent

18  the terms "analysts," "investors," "media," "ratings agencies," "lending,"

19  "investigation," "determination," "departure," "financial results," "removal,"

20  "termination," "movements," and "stock price" are vague and ambiguous and would

21  include documents and communications not relevant to the claims or defenses of any

22  party.

23  PwC further objects to this Request to the extent it seeks documents that are

24  publicly available or seeks documents outside PwC's possession, custody, or control,

25  including documents within the possession of Mattel and third parties.  PwC does not

26  agree to undertake a search for documents or communications outside its possession,

27  custody, or control, including Mattel and third parties.

28

PwC further objects to this Request to the extent it is duplicative of other Requests as well as seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 35:**

All Documents You have relied on or intend to rely on in this litigation in support of any assertion or defense.

**RESPONSE TO REQUEST NO. 35:**

PwC objects to this Request as premature, as discovery is ongoing. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the phrase "rely on in this litigation" is vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request to the extent it seeks documents that are publicly available or seeks documents outside PwC's possession, custody, or control, including documents

1  within the possession of Mattel and third parties.  PwC does not agree to undertake a
2  search for documents or communications outside its possession, custody, or control,
3  including Mattel and third parties.  PwC further objects to this Request to the extent
4  it seeks documents protected from disclosure by the attorney-client privilege, the
5  attorney work product doctrine, or any other privilege or protection.  For purposes of
6  responding to this Request, PwC will interpret this Request as seeking only
7  nonprivileged documents and communications.

8       Subject to and without waiving the foregoing objections, PwC is producing a
9  full copy of PwC's SEC Productions and agrees to exchange trial exhibits on a
10  mutually agreed schedule.

11  **REQUEST NO. 36:**

12       Your Document retention, preservation, or destruction policies.

13  **RESPONSE TO REQUEST NO. 36:**

14       PwC objects to this Request as overbroad, unduly burdensome, and not
15  reasonably calculated to lead to the discovery of admissible evidence to the extent
16  the terms "retention," "preservation," "destruction," and "policies" are vague and
17  ambiguous and would include documents and communications not relevant to the
18  claims or defenses of any party.  PwC further objects to this Request to the extent it
19  seeks documents protected from disclosure by the attorney-client privilege, the
20  attorney work product doctrine, or any other privilege or protection.  For purposes of
21  responding to this Request, PwC will interpret this Request as seeking only
22  nonprivileged documents and communications.

23       Subject to and without waiving the foregoing objections, PwC will produce its
24  retention policy or policies in effect since this action was filed applicable to
25  responsive and relevant documents.

26
27
28

PwC's Responses & Objections To
Plaintiffs' First Set Of RFPs

**REQUEST NO. 37:**

All insurance policies under which any insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment.

**RESPONSE TO REQUEST NO. 37:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests all insurance policies which may satisfy all or part of any possible judgment, without limitation as to subject matter or as to litigation, which may include documents and communications not relevant to the claims or defenses of any party. For the purpose of responding to this Request, PwC will interpret this Request as seeking copies of the insurance agreements potentially relevant to this action specifically.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

Subject to and without waiving the foregoing objections PwC agrees to provide Plaintiffs with information sufficient to evidence any insurance agreements under which insurers may be liable to satisfy all or part of a judgment against PwC, which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**REQUEST NO. 38:**

Documents concerning Your policies, standards, and procedures for auditing the Financial Statements of publicly traded companies in compliance with PCAOB auditing standards, including AS 1001, AS 1005, AS 1015, AS 1301, AS 1305, AS 3101, AS 2201, AS 2905, and AS 4105.

**RESPONSE TO REQUEST NO. 38:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Financial Statements," "policies," "standards," "procedures," "auditing," "publicly traded companies," and "auditing standards" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.  PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents without limitation as to subject matter or this litigation.

PwC further objects to this Request to the extent it seeks a legal conclusion regarding "compliance with PCAOB auditing standards, including AS 1001, AS 1005, AS 1015, AS 1301, AS 1305, AS 3101, AS 2201, AS 2905, and AS 4105."

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 39:**

Documents concerning Your policies, standards, and procedures for auditing the Financial Statements of publicly traded companies in compliance with PCAOB ethics and independence standards, including PCAOB Rules 3502, 3525, and 3526.

**RESPONSE TO REQUEST NO. 39:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Financial Statements," "policies," "standards," "procedures," "auditing," "publicly traded companies," and "ethics and independence standards" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents without limitation as to subject matter or this litigation.

PwC further objects to this Request to the extent it seeks a legal conclusion regarding "compliance with PCAOB ethics and independence standards, including PCAOB Rules 3502, 3525, and 3526."

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

1   Subject to and without waiving the foregoing objections, PwC is producing a

2   full copy of PwC's SEC Productions.

3   **REQUEST NO. 40:**

4   Documents concerning Your policies, standards, and procedures for auditing

5   the Financial Statements of publicly traded companies in compliance with the criteria

6   established in *Internal Control – Integrated Framework (2013)* issued by the

7   Committee of Sponsoring Organizations of the Treadway.

8   **RESPONSE TO REQUEST NO. 40:**

9   PwC objects to this Request as overbroad, unduly burdensome, and not

10   reasonably calculated to lead to the discovery of admissible evidence to the extent

11   the terms "Financial Statements," "policies," "standards," "procedures," "auditing,"

12   "publicly traded companies," and "ethics and independence standards" are vague and

13   ambiguous and would include documents and communications not relevant to the

14   claims or defenses of any party.  PwC further objects to this Request as overbroad,

15   unduly burdensome, and not reasonably calculated to lead to the discovery of

16   admissible evidence to the extent it seeks documents without limitation as to subject

17   matter or this litigation.

18   PwC further objects to this Request to the extent it seeks a legal conclusion

19   regarding "compliance with the criteria established in *Internal Control – Integrated*

20   *Framework (2013)* issued by the Committee of Sponsoring Organizations of the

21   Treadway."  PwC further objects to this Request to the extent that the "the criteria(s)

22   established in *Internal Control – Integrated Framework (2013)* issued by the

23   Committee of Sponsoring Organizations of the Treadway" is not relevant to the

24   claims or defenses of any party.

25   PwC further objects to this Request to the extent it seeks documents protected

26   from disclosure by the attorney-client privilege, the attorney work product doctrine,

27   or any other privilege or protection.  For purposes of responding to this Request, PwC

28

1  will interpret this Request as seeking only nonprivileged documents and
2  communications.

3      As set forth in its Response to Request No. 1, PwC further objects to this
4  Request to the extent it calls for materials beyond PwC's SEC Productions as
5  overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery
6  of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after
7  so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,
8  or control are lacking, PwC will agree to meet and confer in good faith.

9      Subject to and without waiving the foregoing objections, PwC is producing a
10  full copy of PwC's SEC Productions.

11  **REQUEST NO. 41:**

12      Documents concerning Your policies, standards, and procedures for the
13  calculation of deferred tax assets and for determining when a company must record
14  a valuation allowance against any such deferred tax assets pursuant to ASC 740-10-
15  30-5 and ASC 740-10-30-24, as described at ¶¶84, 255.

16  **RESPONSE TO REQUEST NO. 41:**

17      PwC objects to this Request as overbroad, unduly burdensome, and not
18  reasonably calculated to lead to the discovery of admissible evidence to the extent
19  the terms "policies," "standards," "procedures," "calculation," and "company," are
20  vague and ambiguous and would include documents and communications not
21  relevant to the claims or defenses of any party.  PwC further objects to this Request
22  as overbroad, unduly burdensome, and not reasonably calculated to lead to the
23  discovery of admissible evidence to the extent it seeks documents without limitation
24  as to this litigation.

25      PwC further objects to this Request to the extent it seeks a legal conclusion
26  regarding "determining when a company must record a valuation allowance against
27  any such deferred tax assets pursuant to ASC 740-10-30-5 and ASC 740-10-30-24."

28

PwC further objects to this Request to the extent it incorporates Plaintiffs' characterizations as set forth in Paragraphs 84 and 255 of the Complaint and incorporates by reference PwC's responses to Paragraphs 84 and 255 of the Complaint, as set forth in PwC's Answer to the Complaint.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 42:**

Documents concerning Your policies and procedures related to compliance with ASC 250, including which errors in financial reporting require a "Big R" restatement, require a "Little r" restatement, or no restatement – all as identified at ¶135.

**RESPONSE TO REQUEST NO. 42:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "policies," "standards," "compliance," "errors," "financial reporting," "'Big R' restatement," "'Little r' restatement," and "restatement," are vague and ambiguous and would include documents and communications not relevant to the

claims or defenses of any party.  PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents without limitation as to subject matter or this litigation.

PwC further objects to this Request to the extent it seeks a legal conclusion regarding "compliance with ASC 250."

PwC further objects to this Request to the extent it incorporates Plaintiffs' characterizations as set forth in Paragraph 135 of the Complaint and incorporates by reference PwC's responses to Paragraph 135 of the Complaint, as set forth in PwC's Answer to the Complaint.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 43:**

Documents, including Work Papers, concerning audit(s), interim review(s), or analyses of Mattel's Internal Controls conducted in 2016, 2017, 2018, 2019, or 2020, including:

      a.  The findings and results of such audits or analyses;

b.  Your recommendations, proposals, or advice concerning the subject of any such audits or analyses, whether or not adopted;

c.  Communications concerning such audits or analyses, either internally, with Mattel, or other third parties;

d.  Notes and meeting minutes of meetings during which audits or analyses were discussed; and

e.  Documents concerning any changes You or Mattel did or did not implement as a result of such audits or analyses.

**RESPONSE TO REQUEST NO. 43:**

PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Internal Controls," "audit(s)," "interim review(s)," "analyses," "findings," "results," "recommendations," "proposals," "advice," "adopted," "meeting," "minutes," and "implement," are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.  PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for materials before and after the putative Class Period, and without limitation as to subject matter or this litigation.  This Request is also irrelevant, overbroad and unduly burdensome to the extent it seeks documents for years prior to and following the events alleged in the Complaint as to PwC, and do not concern the audit reports that the Complaint alleges are false and misleading.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties.  PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.  PwC further objects to this Request to the extent it is duplicative of Requests Nos. 45, 47, and 48, as well as

1    seeks materials that are unnecessarily cumulative and obtainable from some other
2    source, such as Mattel, that is more convenient, less burdensome, or less expensive.

3    PwC further objects to this Request to the extent it seeks documents protected
4    from disclosure by the attorney-client privilege, the attorney work product doctrine,
5    or any other privilege or protection.  For purposes of responding to this Request, PwC
6    will interpret this Request as seeking only nonprivileged documents and
7    communications.

8    As set forth in its Response to Request No. 1, PwC further objects to this
9    Request to the extent it calls for materials beyond PwC's SEC Productions as
10    overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery
11    of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after
12    so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,
13    or control are lacking, PwC will agree to meet and confer in good faith.

14    Subject to and without waiving the foregoing objections, PwC is producing a
15    full copy of PwC's SEC Productions.

16    **REQUEST NO. 44:**

17    Documents including Work Papers concerning Your unqualified Audit
18    Reports in Mattel's 2016 Form 10-K, Mattel's 2017 Proxy Statement, Mattel's 2017
19    Form 10-K, Mattel's 2018 Proxy Statement, Mattel's 2018 Form 10-K, and Mattel's
20    2019 Proxy Statement including:

21             a.  Communications, whether internal, with Mattel, or any other third
22                 parties, pursuant to issuing the above Audit Reports in accordance with
23                 AS 3101;
24             b.  Notes and meeting minutes of meetings during which the above Audit
25                 Reports and conclusions were discussed; and
26             c.  Documents concerning PwC's bases for issuing the above Audit
27                 Reports;

28

d. Schedules maintained of any proposed audit adjustments, whether ultimately recorded or not by Mattel;

e. Documents assessing the existence of any material weaknesses in Mattel's Internal Controls in accordance with AS 2201;

f. Documents concerning whether PwC's unqualified audit opinions violated AS 2201 and AS 3103 as identified at ¶296.

**RESPONSE TO REQUEST NO. 44:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Internal Controls," "audit report," "unqualified," "internal," "third parties," "notes," "meeting," "minutes," "schedules," "audit adjustment," "recording," "material," "weakness," and "audit opinion" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for materials before and after the putative Class Period, and without limitation as to subject matter or this litigation, including Mattel's 2016 Form 10-K. PwC further objects to this Request as overbroad, unduly burdensome, and misleading insofar as PwC did not issue audit reports related to Mattel's Proxy Statements. This Request is also irrelevant, overbroad and unduly burdensome to the extent it seeks documents for years prior to and following the events alleged in the Complaint as to PwC, and do not concern the audit reports that the Complaint alleges are false and misleading.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.

PwC's Responses & Objections To Plaintiffs' First Set Of RFPs

1   PwC further objects to this Request to the extent it seeks documents protected

2   from disclosure by the attorney-client privilege, the attorney work product doctrine,

3   or any other privilege or protection.  For purposes of responding to this Request, PwC

4   will interpret this Request as seeking only nonprivileged documents and

5   communications.

6   As set forth in its Response to Request No. 1, PwC further objects to this

7   Request to the extent it calls for materials beyond PwC's SEC Productions as

8   overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

9   of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after

10  so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,

11  or control are lacking, PwC will agree to meet and confer in good faith.

12  Subject to and without waiving the foregoing objections, PwC is producing a

13  full copy of PwC's SEC Productions.

14  **REQUEST NO. 45:**

15  To the extent not produced in response to the above request, Documents,

16  including Work Papers, concerning all audits or interim reviews of Mattel's Financial

17  Statements, results of operations, or consolidated balance sheets conducted in 2016,

18  2017, 2018, 2019, or 2020.

19  **RESPONSE TO REQUEST NO. 45:**

20  PwC objects to this Request as overbroad, unduly burdensome, and not

21  reasonably calculated to lead to the discovery of admissible evidence to the extent

22  the terms "Financial Statements," "audits," "interim reviews," "results of

23  operations," and "consolidated balance sheets" are vague and ambiguous and would

24  include documents and communications not relevant to the claims or defenses of any

25  party.  For purposes of responding to this Request, PwC interprets the term "Financial

26  Statements" to include only Mattel' s annual financial statements audited by PwC.

27  PwC further objects to this Request as overbroad, unduly burdensome, and not

28  reasonably calculated to lead to the discovery of admissible evidence to the extent it

71

calls for documents concerning "all" audits or interim reviews, without limitation as to subject matter or this litigation. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for materials before and after the putative Class Period, and without limitation as to subject matter or this litigation. This Request is also irrelevant, overbroad and unduly burdensome to the extent it seeks documents for years prior to and following the events alleged in the Complaint as to PwC, and does not concern the audit reports that the Complaint alleges are false and misleading.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control. PwC further objects to this Request to the extent it is duplicative of Requests Nos. 43, 45, and 47, as well as seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

1   Subject to and without waiving the foregoing objections, PwC is producing a

2   full copy of PwC's SEC Productions.

3   **REQUEST NO. 46:**

4   Documents concerning any deficiencies in Internal Controls reporting

5   identified at Mattel by Mattel and You during the Relevant Time Period.

6   **RESPONSE TO REQUEST NO. 46:**

7   PwC objects to this Request as overbroad, unduly burdensome, and not

8   reasonably calculated to lead to the discovery of admissible evidence to the extent

9   the terms "Internal Controls," "reporting," and "Relevant Time Period" are vague and

10  ambiguous and would include documents and communications not relevant to the

11  claims or defenses of any party.  PwC further objects to this Request as overbroad,

12  unduly burdensome, and not reasonably calculated to lead to the discovery of

13  admissible evidence to the extent it calls for materials without limitation as to subject

14  matter or this litigation.

15  PwC further objects to this Request to the extent it seeks documents outside

16  PwC's possession, custody, or control, including documents within the possession of

17  Mattel and third parties.  PwC does not agree to undertake a search for documents or

18  communications outside its possession, custody, or control.  PwC further objects to

19  this Request to the extent it is duplicative of Requests Nos. 9 and 14, as well as seeks

20  materials that are unnecessarily cumulative and obtainable from some other source,

21  such as Mattel, that is more convenient, less burdensome, or less expensive.

22  PwC further objects to this Request to the extent it seeks documents protected

23  from disclosure by the attorney-client privilege, the attorney work product doctrine,

24  or any other privilege or protection.  For purposes of responding to this Request, PwC

25  will interpret this Request as seeking only nonprivileged documents and

26  communications.

27  As set forth in its Response to Request No. 1, PwC further objects to this

28  Request to the extent it calls for materials beyond PwC's SEC Productions as

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 47:**

Documents concerning audits, interim reviews, or analyses of Mattel's deferred tax assets and the decision to record or not record a valuation allowance against those assets conducted by You, including:

      a.  The findings and results of such audits or analyses;

      b.  PwC's recommendations, proposals, or advice concerning the subjects of any such audit or analyses, whether or not adopted;

      c.  Communications concerning such audits or analyses;

      d.  Notes and meeting minutes of meeting during which such audits or analyses were discussed; and

      e.  Documents concerning any changes You or Mattel did or did not implement as a result of such audits or analyses.

**RESPONSE TO REQUEST NO. 47:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "audit," "interim review," "analyses," "deferred tax assets," "record," "valuation allowance," "recommendation," "proposal," "advice," "notes," "meeting," "minutes," "implement," and "changes" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for materials without limitation as to subject matter or this litigation.

74

1  PwC further objects to this Request as vague, ambiguous, and misleading insofar as

2  PwC does not decide whether Mattel records a valuation allowance.

3      PwC further objects to this Request to the extent it seeks documents outside

4  PwC's possession, custody, or control, including documents within the possession of

5  Mattel and third parties.  PwC does not agree to undertake a search for documents or

6  communications outside its possession, custody, or control.  PwC further objects to

7  this Request to the extent it is duplicative of Requests Nos. 44, 45, and 48, as well as

8  seeks materials that are unnecessarily cumulative and obtainable from some other

9  source that is more convenient, less burdensome, or less expensive.

10      PwC further objects to this Request to the extent it seeks documents protected

11  from disclosure by the attorney-client privilege, the attorney work product doctrine,

12  or any other privilege or protection.  For purposes of responding to this Request, PwC

13  will interpret this Request as seeking only nonprivileged documents and

14  communications.

15      As set forth in its Response to Request No. 1, PwC further objects to this

16  Request to the extent it calls for materials beyond PwC's SEC Productions as

17  overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

18  of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after

19  so doing, Plaintiffs believe that relevant materials within PwC's possession, custody,

20  or control are lacking, PwC will agree to meet and confer in good faith.

21      Subject to and without waiving the foregoing objections, PwC is producing a

22  full copy of PwC's SEC Productions.

23  **REQUEST NO. 48:**

24      Documents concerning audits, interim reviews, analyses of Mattel's internal

25  controls or formal processes for determining, documenting, and confirming its

26  deferred tax assets, liabilities and tax valuation allowances.

27

28

Case No. 2:19-cv-10860-MCS-PLAx                PwC's Responses & Objections To Plaintiffs' First Set Of RFPs

**RESPONSE TO REQUEST NO. 48:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Internal Controls," "audits," "interim reviews," "analyses," "formal processes," "determining," "documenting," "confirming," "deferred tax assets," "liabilities," and "tax valuation allowances" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.

PwC further objects to this Request to the extent it is duplicative of other Requests, as well as seeks materials that are unnecessarily cumulative and obtainable from some other source, such as Mattel, that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection. For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 49:**

Documents concerning the PCAOB's investigation of PwC over possible violations of PCAOB rules, policies, or standards in its auditing of Mattel during the Relevant Time Period, including:

    a.  All Documents produced by You to the PCAOB;

    b.  All Documents provided to You by the PCAOB;

    c.  Communications concerning such investigation(s) or inquiry(ies), including Communications between You and the Governmental Entity; and

    d.  Transcripts of any depositions and/or interviews taken in connections with such proceeding(s).

**RESPONSE TO REQUEST 49:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "Relevant Time Period," "Governmental," "investigation," "violations," "rules," "policies," "standards," "accounting," "inquiry(ies)," and "interviews" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.  PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "all" documents responsive to this Request, without limitation as to subject matter, including documents and communications not relevant to this litigation.  For the purpose of responding to this Request, PwC will interpret this Request as seeking only documents related to any Accounting Board Demands that PwC received from the PCAOB.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of

third parties. PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection, including confidential and nonpublic materials related to any PCAOB demands that are protected from disclosure and subject to a statutory privilege under the Sarbanes-Oxley Act, 15 U.S.C. §7215(b)(5) (2012).

PwC further objects to this Request to the extent it is duplicative of Request No. 4.

Subject to and without waiving the foregoing objections, PwC states that it will not be producing documents in response to this Request.

**REQUEST NO. 50:**

Documents concerning any PwC internal investigation(s) into PwC's work on behalf of Mattel in 2017, 2018, 2019, or 2020.

**RESPONSE TO REQUEST NO. 50:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the term "internal investigation(s)" is vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party. PwC further objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for materials before and after the putative Class Period, and without limitation as to subject matter or this litigation. This Request is also irrelevant, overbroad and unduly burdensome to the extent it seeks documents for years prior to and following the events alleged in the Complaint as to PwC, and do not concern the audit reports that the Complaint alleges are false and misleading.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine,

or any other privilege or protection.  For purposes of responding to this Request, PwC will interpret this Request as seeking only nonprivileged documents and communications.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

**REQUEST NO. 51:**

To the extent not produced in response to the foregoing requests, Documents concerning Your Audit Opinions concluding that Mattel's disclosure controls and procedures were effective as stated, for example, in ¶359.

**RESPONSE TO REQUEST NO. 51:**

PwC objects to this Request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "audit opinion," "disclosure controls," "procedures," and "effective" are vague and ambiguous and would include documents and communications not relevant to the claims or defenses of any party.

PwC further objects to this Request to the extent it seeks documents outside PwC's possession, custody, or control, including documents within the possession of Mattel and third parties.  PwC does not agree to undertake a search for documents or communications outside its possession, custody, or control.

PwC further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.  For purposes of responding to this Request, PwC

will interpret this Request as seeking only nonprivileged documents and communications. PwC further objects to this Request to the extent it is duplicative of Requests Nos. 31, 43, 44, 45, and 48, as well as seeks materials that are unnecessarily cumulative and obtainable from some other source that is more convenient, less burdensome, or less expensive.

PwC further objects to this Request to the extent it misquotes, misstates, excerpts, or takes out of context the conclusion that "Mattel's disclosure controls and procedures were effective as stated."

PwC further objects to this Request to the extent it incorporates Plaintiffs' characterizations as set forth in Paragraph 359 the Complaint and incorporates by reference PwC's responses to Paragraph 359 of the Complaint, as set forth in PwC's Answer to the Complaint.

As set forth in its Response to Request No. 1, PwC further objects to this Request to the extent it calls for materials beyond PwC's SEC Productions as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should review PwC's SEC Productions and if, after so doing, Plaintiffs believe that relevant materials within PwC's possession, custody, or control are lacking, PwC will agree to meet and confer in good faith.

Subject to and without waiving the foregoing objections, PwC is producing a full copy of PwC's SEC Productions.

Case No. 2:19-cv-10860-MCS-PLAx                PwC's Responses & Objections To
                                               Plaintiffs' First Set Of RFPs

1   Dated: April 14, 2021

2

By: */s/ Timothy J. Perla*

Jenny Pelaez (SBN 326765)
Jenny.Pelaez@wilmerhale.com
Joshua Vittor (SBN 326221)
Joshua.Vittor@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
350 South Grant Ave., Suite 2400
Los Angeles, CA 94304
Telephone: (213) 443-5300
Fax: (213) 443-5400

Timothy J. Perla (*pro hac vice*)
timothy.perla@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Matthew T Martens (*pro hac vice*)
matthew.martens@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

*Counsel for Defendant
PricewaterhouseCoopers LLP*

81

1

**Certificate of Service**

2        I hereby certify that a true and correct copy of the foregoing document has

3   been served via electronic mail on April 14, 2021, on counsel of record for Plaintiffs

4   and other Defendants.  I certify under penalty of perjury under the laws of the United

5   States that foregoing is true and correct.

6

7   Dated: April 14, 2021                    */s/ Timothy J. Perla*
                                              Timothy J. Perla

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:19-cv-10860-MCS-PLAx                    PwC's Responses & Objections To
                                                   Plaintiffs' First Set Of RFPs