Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
2121 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 819-3470

John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448

*Lead Counsel for Lead Plaintiffs and the Class*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 2:19-cv-10860-MCS (PLAx) |
| | **SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM PRICEWATERHOUSECOOPERS LLP** |
| | Date: August 11, 2021<br>Time: 10:00 a.m.<br>Ctrm: 780, 7th Floor |
| | Discovery Cutoff: December 3, 2021<br>Pretrial Conf.: Not Set<br>Trial Date: Not Set |
| | The Honorable Paul L. Abrams |
| | **DISCOVERY MATTER** |
| | **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

1    Plaintiffs submit this supplemental memorandum of law in support of their

2  Motion to Compel Discovery from Defendant PricewaterhouseCoopers ("PwC").

3  **I.      The Appropriate Search Period: The Class Period and 3 Months Before**

4    PwC should be required to search for and produce responsive documents dated

5  (i) during the three-month period leading up to the Class Period; and (ii) between March

6  2018 and August 2019, which is during the heart of the Class Period.  PwC's purported

7  reasons for refusing to search these critical periods fail for multiple reasons.

8    ***First***, PwC's position lacks legal support.  PwC cites no decision—and Plaintiffs

9  are unaware of any—permitting a defendant in a securities class action to exclude from

10  its searches the period immediately before and during the Class Period.  Every case

11  PwC cites on the subject in the Joint Stipulation Regarding Plaintiff's Motion to

12  Compel Discovery from PricewaterhouseCoopers LLP ("Joint Stipulation" or "JS")

13  (ECF No. 96-1), required the defendants to conduct their searches for documents dated

14  before, throughout, and after the class period.  *See* JS at 15-20.  Here, PwC refuses to

15  search for communications during the modest, three months leading up to the Class

16  Period, <u>and</u> refuses to search for communications during the period that comprises <u>70%</u>

17  <u>of the Class Period</u> and when <u>60% of the misstatements</u> at issue were made.

18    Not surprisingly, courts routinely require defendants to search for responsive

19  documents dated during the months (and even years) preceding the class period.  *See*

20  JS at 9 (citing, among others, *In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3791716,

21  at *4 (C.D. Cal. Mar. 12, 2012) (collecting cases).  Likewise, courts consistently require

22  defendants to search the entirety of the class period and reject attempts—such as PwC's

23  here—to "carve out" portions of the class period from its document searches.  *See id.*

24  at 12 (citing, among others, *Karinski v. Stamps.com, Inc.*, 2020 WL 5084093, at *2

25  (C.D. Cal. July 21, 2020) ("Defendants' arguments for their timeframe limitations—

26  including a carve out for the middle of the class period—are unpersuasive.")).

27    ***Second***, PwC's position is belied by the facts.  The requested documents are

28  central to Plaintiffs' claims and the asserted defenses.  PwC was Mattel's auditor and

PLAINTIFFS' SUPPLEMENTAL MEMO ISO MOTION
TO COMPEL
CASE NO. 19-cv-10860-MCS (PLAx)

1  tax consultant before and throughout the entire Class Period and is a primary defendant

2  in this case.  PwC had non-stop internal discussions about Mattel and communicated

3  with Mattel throughout the Class Period, including about Mattel's internal controls and

4  tax accounting. ████████████████████████████████████████████████████

5  ██████████████████████████████████████████████████████████████████████

6  ████████████████████████████████  *See* JS, Ex. 5.  ████████████████████

7  ██████████████████████████████████████████████████████████████████████

8  ███████████████████████████████████████████████████████  *Id*. Recognizing

9  the validity of the whistleblower's concerns, Mattel restated its financials; PwC

10  expelled Abrahams from Mattel's audit team; and the DoJ and the SEC commenced

11  investigations, which remain ongoing, into PwC's misconduct.

12       PwC attempts to minimize its involvement and avoid searching for

13  communications from over half the Class Period by making the irrelevant statement

14  that it only published to investors its audit opinions for Mattel's annual SEC filings.  In

15  making this assertion, PwC ignores that its role was not limited to year-end audit

16  opinions.  To the contrary, PwC was deeply involved in all of the misstatements at

17  issue in the case, conducting reviews and providing advice about Mattel throughout the

18  entire Class Period (not just at the end of the year).  Among others, PwC conducted

19  "quarterly reviews" during <u>every</u> quarter for <u>all</u> of Mattel's financial statements at issue

20  in this case.  Its year-end audit opinions published to investors encompassed <u>all</u> of these

21  reviews.  PwC was also in constant dialogue about (and with) Mattel during every

22  quarter about its reviews and a host of other matters central to this case. Precisely

23  because the relationship was so extensive, PwC was found to have violated the SEC's

24  auditor-client independence rules, and its lead audit partner was terminated.

25       PwC also attempts to avoid conducting the necessary search of its Class Period

26  documents by belatedly agreeing to produce its final "workpapers" for its quarterly

27  reviews.  But that limited search is insufficient for many reasons.  Most notably, the

28  final "workpapers" are devoid of any PwC internal emails, external emails, texts,

PLAINTIFFS' SUPPLEMENTAL MEMO ISO MOTION
TO COMPEL
CASE NO. 19-cv-10860-MCS (PLAx)

1 | handwritten notes, or drafts.  These omitted documents are central to this case, ████

2 | ████████████████████████████████████████████████████████████

3 | ████████████████████████████████████████████████████████████

4 | ████████        *See* JS, Ex. 5.  Mattel admitted as much in its Restatement, which

5 | acknowledged that "[w]e failed to properly … communicate known financial statement

6 | errors and internal control deficiencies in a timely manner to those parties responsible

7 | for taking corrective action."  *See* ECF No. 41-8 at 58-59.  Given the lengths and

8 | inventive steps that PwC and Mattel took to effectuate their cover-up of the

9 | misstatements, one would fully expect them to be careful and clever enough not to

10 | include evidence of that cover-up in the final "workpapers."

11 |     ***Third***, recognizing that its position fails under the law and the facts, PwC's

12 | counsel submitted a declaration ████████████████████████

13 | ████████ *See* ECF No. 100.  ████████████████████

14 | ████████████████████████████████████████████████████████████

15 | ████████████████████████████████████████████████████████████

16 | ████████████████        *Id.*  But the Local Rules specifically contemplate—and, in fact,

17 | require—parties to submit all declarations and exhibits in support of their positions

18 | <u>with</u> the joint stipulation.  *See* L.R. 37-2.1 ("Exhibits to the stipulation may include

19 | declarations prepared in conformity with L.R. 7-7."); *see also* L.R. 37-2.2 (moving

20 | party to submit its "portion of the stipulation, together with all declarations and exhibits

21 | to be offered in support of the moving party's position"); *Fed. Deposit Ins. Corp. v.*

22 | *Appleton*, 2012 WL 12887400, at *5 (C.D. Cal. Aug. 27, 2012) ("[T]he Rule does not

23 | contemplate the submission of new *evidence* after the filing of the Joint Stipulation.").

24 | ████████████████████████████████

25 | ████████████████████████████████████  ECF No. 100.  The whistleblower

26 | letter is corroborated by, among other things: (i) Brett Whitaker, a senior Mattel tax

27 | executive during the Class Period, whose account is detailed in the Complaint sustained

28 | by Judge Scarsi; (ii) Mattel's restatement correcting misstatements detailed in the

1   whistleblower letter; (iii) Mattel's admission of a "material weakness in internal control

2   over financial reporting"; (iv) Mattel's admission that its auditor acted "in violation of

3   the SEC's auditor independence rules"; and (v) the removal of Abrahams.  If anything,

4   PwC's counsel's claims ███████████████████████ only highlights the

5   need for the discovery requested in this Motion, which will further demonstrate the

6   accuracy of the whistleblower letter and may shed light on the whistleblower's identity.

7       ***Finally***, PwC's repeated claims of "burden" are also unsubstantiated and

8   baseless.  As this Court and countless others have explained, "[f]or a burdensomeness

9   argument to be sufficiently specific to prevail, it must be based on affidavits or other

10  evidence showing the exact nature of the burden."  *Henderlong v. S. Cal. Reg'l Rail

11  Auth.*, 2015 WL 12806588, at *2 (C.D. Cal. Apr. 3, 2015).  "[O]bjections that certain

12  requests are burdensome and overly broad with respect to time and scope, unsupported

13  by any detailed information whatsoever regarding the estimated time and expense

14  required to respond, are insufficient."  *Taylor v. Shippers Transp. Express, Inc.*, 2013

15  WL 12114614, at *2 (C.D. Cal. Sept. 11, 2013).

16      Here, PwC provides no declaration, affidavit, or evidence of any "burden"—

17  much less a burden so severe as to warrant blocking critical discovery in a case

18  involving hundreds-of-millions of dollars in shareholder losses.  Indeed, PwC's

19  unsubstantiated cries of "burden" are inherently inconsistent with its claim that the

20  requested searches are unlikely to generate many results.  And any belated attempt by

21  PwC to try to show "burden" now would be futile and improper because, as this Court

22  and others have explained, any evidence purporting to do so must be submitted <u>with</u>

23  the Joint Stipulation.  *Appleton*, 2012 WL 12887400, at *5 ("[T]he Rule does not

24  contemplate the submission of new *evidence* after the filing of the Joint Stipulation.").

25  **II.    PwC's Refusal To Disclose Its Oral Admissions to the Government**

26      PwC acknowledges—as it must—that it made substantive oral presentations to

27  the SEC and DOJ about the very misconduct at issue in this case.  *See* JS at 20-21.

28  PwC further acknowledges—as it again must—that the contents of these presentations

1 are not privileged or otherwise protected. *Id.* Nevertheless, in responding to Plaintiffs'

2 Interrogatory No. 4, PwC refused to disclose to Plaintiffs what it told the Government

3 during its oral presentations. Its refusal is improper.

4       Plaintiffs are entitled to discover whether PwC's oral presentations to the

5 Government included substantive admissions or other statements that undermine

6 Defendants' positions in this case. Plaintiffs likewise are entitled to know what

7 information PwC orally conveyed to determine whether PwC waived privilege. *See In

8 re Banc of Cal. Sec. Litig.,* 2018 WL 2373860, at *1 (C.D. Cal. May 23, 2018) (PwC's

9 counsel waived privilege through its oral presentations to the government). PwC

10 cannot avoid responding to Interrogatory No. 4 by pointing to written documents

11 where, as here, "such answers cannot be derived from [the] written records."

12 *Humphrey v. Landers*, 2007 WL 9747279, at *2 (N.D.N.Y. June 22, 2007) (compelling

13 response to interrogatory "seek[ing] information regarding [] oral statements made by

14 any defendant, agent or employee of any defendant, or any witness").

15       That PwC's in-house and external counsel participated in these oral

16 presentations provides no basis to withhold the requested information. The

17 presentations are not privileged; they are communications with a third party. And PwC

18 cannot effectively transform them into privileged presentations by stating that only in-

19 house and outside counsel attended them for PwC. If the rule permitted such

20 gamesmanship, a defendant could avoid disclosing highly relevant oral admissions

21 merely by having its lawyer serve as its mouthpiece when making them. That is not

22 the law, and PwC tellingly cites no cases standing for that novel proposition.

23       Finally, PwC's suggestion (JS at 21) that Interrogatory No. 4 seeks "'nothing

24 more than second-hand accounts of information [counsel] learned from other sources'"

25 is untrue. Plaintiffs seeks <u>first-hand</u> accounts of admissions by PwC's agents to the

26 Government, and Plaintiffs <u>cannot</u> obtain this information through any other means.

27 The oral presentations are not privileged, and PwC again has not submitted any

28 declaration or other evidence to substantiate its reflexive claims of "burden."

PLAINTIFFS' SUPPLEMENTAL MEMO ISO MOTION
TO COMPEL
CASE NO. 19-cv-10860-MCS (PLAx)

1

Dated: July 28, 2021

Respectfully submitted,

2

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

3

4

 */s/ John Rizio-Hamilton*

John Rizio-Hamilton (admitted *pro hac vice)*
johnr@blbglaw.com

5

Nicholas R. Gersh (admitted *pro hac vice*)
nicholas.gersh@blbglaw.com

6

1251 Avenue of the Americas

7

New York, New York 10020
Telephone: (212) 554-1400

8

Facsimile: (212) 554-1444

9

Jonathan D. Uslaner (Bar No. 256898)

10

jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)

11

lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575

12

Los Angeles, CA 90067
Tel: (370) 819-3480

13

14

*Lead Counsel for Lead Plaintiffs and the Class*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SUPPLEMENTAL MEMO ISO MOTION
TO COMPEL
CASE NO. 19-cv-10860-MCS (PLAx)