Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Richard D. Gluck (Bar No. 151675)
rich.gluck@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
2121 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 819-3470

John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Nicholas R. Gersh (*pro hac vice*)
nicholas.gersh@blbglaw.com
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Lead Counsel for Lead Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 19-CV-10860-MCS (PLAx)<br><br>**PLAINTIFFS' OPPOSITION TO MATTEL DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY** |

Recognizing that their class certification opposition failed to prove a complete lack of price impact, and eager to deprive Plaintiffs of the last word on Plaintiffs' motion, the Mattel Defendants seek permission to file a sur-reply that rehashes their flawed arguments about disaggregation and their mischaracterizations of *Goldman Sachs Group, Inc. v. Arkansas Teacher Retirement System*, 141 S. Ct. 1951 (2021). That they used the inappropriate vehicle of an *ex parte* application to present their request further shows their desperation. As a court in the Northern District of California held under similar circumstances, there is no good cause for a sur-reply where "Defendants bore the burden to show that the alleged misrepresentations did not in some way [impact the stock price] and failed to do so." *SEB Inv. Mgmt. AB v. Symantec Corp.*, 335 F.R.D. 276, 287 (N.D. Cal. 2020). The Court here likewise should deny Defendants' request for the several reasons discussed below.

## I. DEFENDANTS' PROPOSED SUR-REPLY AND SUR-REPLY EXPERT REPORT REPACKAGE ARGUMENTS RAISED IN THEIR OPPOSITION IN AN ATTEMPT TO STEAL THE LAST WORD ON PLAINTIFFS' MOTION

Reflecting the principle that the moving party should have the last say, neither the Federal Rules nor the Local Rules provide for sur-replies. "Courts generally view motions for leave to file a sur-reply with disfavor." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). That is because such requests are often "'a strategic effort by the nonmov[ing party] to have the last word on a matter.'" *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 690 n.4 (S.D. Tex. 2006). That is precisely the situation here.

In their opposition, Defendants attempted—but failed—to prove a complete lack of price impact. Defendants now seek a judicial mulligan to repackage their arguments in another five-page brief and 17-page expert report. But there is nothing in their proposed sur-reply and sur-reply expert report that was not addressed (or could not have been addressed) in their opposition brief and expert

report. For example, Defendants and their expert once again argue that there is no reliable way to disaggregate the impact on Mattel's stock price of the October 29, 2019 announcements of a huge earnings beat and the results of the Audit Committee's investigation, which Mattel intentionally bundled together. *See* Proposed Sur-Reply (ECF No. 131-1) at 2-3. Defendants previously made this same assertion in Dr. Heaton's opposition expert report. *See* Expert Report of J.B. Heaton (ECF No. 93-2) at ¶85.

Further, as Plaintiffs explained in response, that assertion is not true. As Dr. Kothari explained in addressing this argument, there are well-established econometric tools that one can use to isolate the effect of earnings news on a firm's stock price. *See* Reply Report of Professor S.P. Kothari (ECF No. 120-2) at ¶68. More fundamentally, even if Heaton's disaggregation argument were true, and it is not, the inability to disaggregate would doom Defendants' opposition. As Plaintiffs explained, it is Defendants' burden to disaggregate the impact of the confounding news, and their failure to do so means they have not met their burden to prove an absence of price impact. *See* Plaintiffs' Reply Br. (ECF No. 120) at 7-8.

As another example, Defendants' proposed sur-reply repeats the same mischaracterization of *Goldman* in arguing that the August 8, 2019 disclosure about the Whistleblower letter cannot support price impact because it did not "match" the alleged misrepresentations. *Compare* Opp. Br. (ECF No. 93) at 20 *with* Proposed Sur-Reply (ECF No. 131-1) at 1-2. As Plaintiffs explained, nothing in *Goldman* requires a particular type of corrective disclosure, and nothing in *Goldman* authorizes ignoring the August 9 stock price decline. *See* Plaintiffs' Reply Br. (ECF No. 120) at 1, 5-6. Defendants again effectively argue for a rule— one that is plainly inconsistent with clear precedent in the Ninth Circuit and many others—requiring that the corrective disclosure be a mirror image of the misrepresentations. *Goldman* neither overruled any of the myriad cases holding that such a mirror-image disclosure is not required, nor purported to require such

disclosures in the future.

The above are but a couple of examples of Defendants' efforts in their proposed sur-reply to rehash or expound on arguments raised in their opposition. The balance of their sur-reply similarly attempts to rework points previously addressed in their opposition, including on the subjects of analyst commentary and the purported failure of the misstatements to affect expected future cash flows.

Defendants nonetheless argue that they should be permitted to file a sur-reply by accusing Plaintiffs of "sandbagging." *See* Application (ECF No. 131) at 1. That is nonsense. This accusation completely mischaracterizes the burden shifting framework and order of proof applicable to class certification motions. Plaintiffs are not required to prove price impact at all, and certainly are not required to put forward price impact evidence in their opening papers (or at any particular time). At all times, it is Defendants' burden to prove a total lack of price impact.

Under Supreme Court law, in their opening papers, Plaintiffs were required to show that they are entitled to *Basic v. Levinson*'s presumption of reliance by proving that the market for Mattel securities was efficient throughout the Class Period—which Plaintiffs did. *See Haliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 276-79 (2014) (*Halliburton II*).

The burden then shifted to Defendants to rebut that presumption by proving a complete lack of price impact in their opposition. Defendants attempted to do that through Dr. Heaton's opposition report and their opposition brief. After Defendants put forward their evidence on this issue, Plaintiffs responded to it in their reply, explaining the errors in Defendants' legal arguments and refuting their expert's flawed analyses.

This is not "sandbagging"—it is the normal sequence of proof under the Supreme Court's class certification burden-shifting framework. Indeed, this is the way that price impact challenges have routinely played out since the Supreme Court's decision in *Halliburton II* established that defendants opposing class

PLAINTIFFS' OPPOSITION TO *EX PARTE*
APPLICATION FOR SUR-REPLY
CASE NO. 19-CV-10860-MCS (PLAx)

certification have an opportunity to challenge price impact and bear the burden on the issue. Significantly, while *Halliburton II* afforded defendants the opportunity to challenge price impact, it did not bestow on defendants special briefing privileges to do so. And nothing in *Goldman* suggests otherwise. Thus, for Defendants to suggest that Plaintiffs somehow improperly "sandbagged" them on price impact is disingenuous at best. Plaintiffs cannot respond to Defendants' price impact arguments before they are made.

Defendants also argue that they should be allowed to file a sur-reply because Plaintiffs were allowed to file a sur-reply in connection with Defendants' motions to dismiss. *See* Application (ECF No. 131) at 2. But that was a very different situation. In that instance, Plaintiffs were granted leave to file a sur-reply to address the impact of a new Ninth Circuit decision issued <u>after</u> Plaintiffs filed their opposition to the motions to dismiss. Here, by contrast, *Goldman* was issued <u>before</u>—and discussed extensively throughout—Defendants' opposition.

## II. DEFENDANTS HAVE NOT SHOWN ANY JUSTIFICATION FOR THE *EX PARTE* RELIEF THEY SEEK

Defendants chose to present their request for leave to file a sur-reply via *ex parte* application, rather than by noticed motion. Doing so forced Plaintiffs to file this response within 24 hours.[1] Yet Defendants fail to demonstrate any urgency required to support their "*ex parte*" relief. "*Ex parte* applications are 'rarely justified.'" *Zulmai Nazarzai v. Cnty. of Orange*, 2019 WL 12379551, at *1 (C.D. Cal. Apr. 3, 2019) (*citing Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)). The "parties seeking ex parte relief 'must show why [they] should be allowed to go to the head of the line in front of all other litigants and receive special treatment.'" *Id*. Defendants nowhere even try to make

---

[1] When defense counsel informed Plaintiffs' counsel that they intended to seek leave to file a sur-reply, they never stated that they intended to do so on an *ex parte* basis.

PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION FOR SUR-REPLY CASE NO. 19-CV-10860-MCS (PLAx)

such a showing in their application or its accompanying declaration. There is no crisis or emergency warranting the Court to stop everything and resolve their application. On this basis alone, Defendants' *ex parte* application should be denied. *See Grey Fox, LLC v. Plains All Am. Pipeline, L.P.*, 2020 WL 9938186, at \*2 (C.D. Cal. May 14, 2020) ("*Ex parte* relief is improper here for one simple reason: Plaintiffs fail to cite *Mission Power*, let alone explain whether their application merits relief under it.").

## III.    CONCLUSION

The Court should deny Defendants' *ex parte* application for leave to file a sur-reply. If, however, the Court is inclined to allow the sur-reply, and believes it would benefit from a succinct response from Plaintiffs and their expert explaining the many flaws in the arguments proffered by Defendants and their expert, Plaintiffs would be pleased to submit such a response by September 13, 2021.

Dated:  September 3, 2021                Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**

/s/ *John Rizio-Hamilton*
John Rizio-Hamilton (admitted *pro hac vice*)
johnr@blbglaw.com
Nicholas R. Gersh  (admitted *pro hac vice*)
nicholas.gersh@blbglaw.com
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Richard D. Gluck (Bar No. 151675)
rich.gluck@blbglaw.com
Lauren M. Cruz (Bar No. 299964)

lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Lead Counsel for Lead Plaintiffs and the Class*

PLAINTIFFS' OPPOSITION TO *EX PARTE*
APPLICATION FOR SUR-REPLY
CASE NO. 19-CV-10860-MCS (PLAx)