Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Richard D. Gluck (Bar No. 151675)
rich.gluck@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
2121 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 819-3470

John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Nicholas R. Gersh (*pro hac vice*)
nicholas.gersh@blbglaw.com
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Lead Counsel for Lead Plaintiffs and
the Class*

Jacob A. Walker (Bar No. 271217)
jake@blockleviton.com
**BLOCK & LEVITON LLP**
260 Franklin Street Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600

*Additional Counsel for Additional
Named Plaintiff Houston Municipal
Employees Pension System*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 2:19-cv-10860-MCS (PLAx) <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' SURREPLY IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION** <br><br> Judge: Hon. Mark C. Scarsi <br> Hearing: Under Submission |

Defendants' "sur-reply" repeats arguments from their opposition and fails to satisfy their heavy burden to prove a complete absence of price impact.

First, Defendants repeat their incorrect contention that *Goldman Sachs Group., Inc. v. Arkansas Teacher Retirement System*, 141 S. Ct. 1951 (2021), requires a corrective disclosure that mirrors the alleged misrepresentation. But *Goldman* did not even address what sort of corrective disclosure may show price impact, let alone overturn the long-standing rule that a "corrective disclosure need not be a 'mirror image' disclosure." *City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1046 (N.D. Cal. 2018). Nor did *Goldman* overturn the equally established rules that a corrective disclosure can take any form, and that a "causal connection" between the fraud and the loss is all that is required to show loss causation. *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018). As the Ninth Circuit has held, the "[r]evelation of fraud in the marketplace is simply one of the 'infinite variety' of causation theories a plaintiff might allege," and "[d]isclosure of the fraud is not a sine qua non of loss causation, which may be shown even where the alleged fraud is not necessarily revealed prior to the economic loss." *Id.* at 753-54.

Here, it is beyond dispute that: (1) Mattel's stock price plummeted by nearly 15% on August 9, 2019, after it was revealed that Mattel had received a whistleblower letter; and (2) the whistleblower letter concerned the misrepresentations at issue in this case. The Court has already held that the August 8 announcement about the whistleblower letter is a corrective disclosure (*see* ECF No. 74 at 26-27), and nothing in *Goldman* requires reconsideration of that holding.

Second, contrary to Defendants' contentions (ECF No. 134 at 2), there is nothing "unreliable" about Dr. Kothari's event study or disaggregation analysis. Dr. Kothari is a Professor of Accounting and Finance at the Massachusetts Institute of Technology and the former Chief Economist of the U.S. Securities and Exchange Commission. *See* ECF No. 90-2 at ¶¶1-2. He conclusively demonstrated that

PLAINTIFFS' RESP. TO DEFS.' SURREPLY IN OPP. TO MOTION FOR CLASS CERTIFICATION CASE NO. 19-cv-10860-MCS (PLAx)

Mattel's stock price declined by a statistically significant amount following the August 8, 2019 disclosure. *Id.* at ¶86. Dr. Kothari further showed with empirical evidence that the later, October 30, 2019 increase in Mattel's stock price was largely driven by Mattel's announcement of news entirely unrelated to this action—specifically, Mattel's announcement of an "earnings smasher" with "third-quarter results that breezed past Wall Street analysts' estimates" by 52%. ECF No. 127-2 at ¶¶30-34. Conducting a standard analysis, Dr. Kothari disaggregated the abnormal return on October 30, 2019 into the portion attributable to the positive earnings news and the portion attributable to the alleged misrepresentations. Dr. Kothari found that, at most, 34% of the increase in Mattel's stock price on October 30 was attributable to the announcement of the Audit Committee's findings, leaving at least $0.95 of price impact even under Defendants' theory. *Id.* at ¶73. The net price change of August 9, 2019 and October 30, 2019, net of the confounding earnings news, was statistically significant to the 99% confidence level. *See* Reply Report at ¶¶68-74. These methodologies and resulting statistically significant calculations confirm the reliability of Dr. Kothari's event study.

While Defendants and their expert regurgitate their argument that disaggregation analyses are inherently "unreliable," the law is to the contrary. *See* ECF No. 127 at 7-8. Courts consistently—and as recently as last week—"reject[ ] the suggestion that an event study is incapable of disaggregating the effects of confounding information." *In re Allergan PLC Secs. Litig.*, 2021 WL 4077942, at *15 (S.D.N.Y. Sept. 8, 2021). While disaggregation analyses might be "complex" (as Mattel and its expert assert), they are not "impossible." To the contrary, they are routinely done in securities actions and well-accepted by courts across the country. ECF No. 127 at 7-8. Tellingly, in all their papers, Defendants nowhere cite a single case that has found a disaggregation analysis to be "unreliable."

Dr. Heaton's assertion (ECF No. 134-01 ¶¶16-19) that there is something improper about a single-firm event study is meritless. Single-firm event studies are

PLAINTIFFS' RESP. TO DEFS.' SURREPLY IN
OPP. TO MOTION FOR CLASS CERTIFICATION
CASE NO. 19-cv-10860-MCS (PLAx)

the norm in securities litigation—a fact Dr. Heaton has acknowledged. In his academic work, Dr. Heaton has recognized that "single-firm event studies" are the "mainstay of modern securities fraud litigation" and, "[w]ith few exceptions, securities litigation event studies are single-firm event studies." Alon Brav & J.B. Heaton, EVENT STUDIES IN SECURITIES LITIGATION: LOW POWER, CONFOUNDING EFFECTS, AND BIAS, 93 Wash. U. L. Rev. 583 (2015). Defendants do not cite to a single decision holding that this "mainstay of modern securities litigation" must be disregarded. That is because such analyses are reliable, and courts have "not distinguished" between "multi-firm and single firm event studies." *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 85 n.100 (S.D.N.Y. 2015). In fact, those courts that have addressed the two types of studies have recognized that single-firm event studies reduce the "chances of [plaintiff] finding statistically significant results"—and thus they are more conservative than multi-firm event studies. *Id.*

Defendants' attack on Dr. Kothari's disaggregation analysis fails for an entirely separate reason. It is Defendants' burden to prove an "absence of price impact." *See* ECF 127 at 4. Accordingly, it is Defendants' burden to disaggregate the effects of any "bundled disclosures," such as Mattel's October 29 disclosure, to prove an absence of price impact. *Id.* at 7-8. Defendants failed to do that here. They did not even try. They cannot satisfy their burden without even trying and then claim, with zero support, that the task is "impossible." *See id.*

Third, Defendants contend that they did not intend to manipulate the timing of their October 29 disclosure to coincide with Mattel's announcement of positive earnings news. But Defendants offer no other explanation for why they issued a press release announcing the Audit Committee's findings within one minute of their issuance of another press release announcing the Company's blockbuster third-quarter 2019 results. ECF No. 127-5. Mattel's tactic here is part and parcel of a disturbing trend recognized by the SEC. On September 3, 2021, SEC Commissioner

- 3 -                    PLAINTIFFS' RESP. TO DEFS.' SURREPLY IN
                        OPP. TO MOTION FOR CLASS CERTIFICATION
                        CASE NO. 19-cv-10860-MCS (PLAx)

Crenshaw issued a Statement Regarding Information Bundling that expressed "concern[] about corporate issuers benefitting from information bundling" and condemned the growing trend of "[c]orporate defendants strategically releas[ing] bad news in ways that dampen or obscure the market's reaction." *See* https://www.sec.gov/news/public-statement/crewnshaw-information-bundling-2021-09-03. The securities laws do not—and cannot—allow a company to avoid liability simply by "bundling" their disclosures in this manner.

Fourth, Defendants are wrong that subjective market reaction somehow proves a complete absence of price impact. Dr. Kothari demonstrated that analysts and investors were understandably troubled by Defendants' misrepresentations and continued to raise concerns and ask pointed questions even after the October 29 disclosure of the Audit Committee findings. ECF No. 127-2 ¶¶49-54, 180; ECF No. 127-13.

Finally, Defendants miss the mark in arguing that Dr. Kothari's opinions concerning the impact of the misstatements on investors' expectations of future cash flows is "theoretical." Dr. Kothari demonstrated through empirical evidence that the misrepresentations and omissions did in fact impact Mattel's stock price. Next, relying on accounting literature, academic research, and Mattel's own analysis setting forth the basis for its valuation allowance, Dr. Kothari further demonstrated that these types of misrepresentations and omissions would be expected to have price impact, because they do affect investors' expectations for future cash flows. ECF No. 127-2 ¶¶133-85.

Dated: September 15, 2021          Respectfully submitted,

                                  **BERNSTEIN LITOWITZ BERGER
                                    & GROSSMANN LLP**

                                  /s/ *John Rizio-Hamilton*
                                  John Rizio-Hamilton (admitted *pro hac vice*)

PLAINTIFFS' RESP. TO DEFS.' SURREPLY IN OPP. TO MOTION FOR CLASS CERTIFICATION CASE NO. 19-cv-10860-MCS (PLAx)

johnr@blbglaw.com
Nicholas R. Gersh  (admitted *pro hac vice*)
nicholas.gersh@blbglaw.com
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Richard D. Gluck (Bar No. 151675)
rich.gluck@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Lead Counsel for Lead Plaintiffs and the Class*

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street
Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
jake@blockleviton.com

*Additional Counsel for Additional Named Plaintiff Houston Municipal Employees Pension System*

PLAINTIFFS' RESP. TO DEFS.' SURREPLY IN
OPP. TO MOTION FOR CLASS CERTIFICATION
CASE NO. 19-cv-10860-MCS (PLAx)