1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MATTEL, INC. SECURITIES LITIGATION | Case No. 2:19-cv-10860-MCS-PLA<br><br>**ORDER RE: MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (ECF NO. 143)** |

Lead Plaintiffs DeKalb County Employees Retirement System and New Orleans Employees' Retirement System (together, "Lead Plaintiffs") move for preliminary approval of a class action settlement. (Mot., ECF No. 143.) The motion is unopposed. (*See* Reply, ECF No. 144.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## I.     BACKGROUND

This is a securities class action stemming from a purported "cover-up of known, material misstatements in Mattel's financial results and known, severe weaknesses in its internal controls." (Am. Compl. ¶ 1, ECF No. 34; *see* MTD Order 2–8, ECF No. 74 (providing a detailed summary of the allegations and claims).) The Court appointed DeKalb and New Orleans as Lead Plaintiffs, approved their selection of Bernstein

1

Litowitz Berger & Grossmann LLP as Lead Counsel, and consolidated related actions. (*See* Order Appointing Lead Pls., ECF No. 27.) The Court certified a class defined as "[a]ll persons and entities who purchased or otherwise acquired the common stock of Mattel, Inc. from August 2, 2017 to August 8, 2019, inclusive, and who were damaged thereby" (the "Class"), and a subclass defined as "[a]ll persons and entities who purchased or otherwise acquired the common stock of Mattel, Inc. from February 27, 2018 to August 8, 2019, inclusive, and who were damaged thereby" (the "PwC Subclass"), with appropriate exclusions. The Court appointed Lead Plaintiffs as Class Representatives and Bernstein as Class Counsel. (Class Cert. Order 15, ECF No. 137.)

The parties reached an agreement on a classwide settlement. In exchange for a release of the class members' claims, Mattel agreed to pay $98 million into an interest-bearing escrow account, from which proceeds will be distributed to class members who submit valid claim forms. (*See* Mot. Ex. 1 ("Stip."), ECF No. 143-1.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." "[S]trong judicial policy . . . favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *Pilkington v. Cardinal Health, Inc. (In re Syncor ERISA Litig.)*, 516 F.3d 1095, 1100 (9th Cir. 2008). Review of the settlement is "extremely limited," and courts should examine "the settlement taken as a whole, rather than the individual component parts, . . . for overall fairness." *Hanlon*, 150 F.3d at 1026.

At the preliminary approval stage, courts in this circuit consider whether the settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential

2

treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016) (internal quotation marks omitted). Further, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B).

## III.   DISCUSSION

### A.   Serious, Informed, Non-Collusive Negotiations

As demonstrated by the length of the court docket, Class Counsel invested significant time and resources investigating and litigating the case on behalf of Lead Plaintiffs and the class. The litigation involved significant discovery—including the production of hundreds of thousands of documents, dozens of subpoenas, and several depositions with over a dozen more planned—and motion practice—including a motion to dismiss and motion for class certification. (*See* Stip., Recital §§ A–S (recounting litigation history).) The parties reached the settlement after two full-day mediation sessions with a retired judge who has significant experience mediating complex securities litigation. (*Id.* §§ L, T; *see* Mot. 12.) Based on these facts, the Court finds that "the procedure for reaching this settlement was fair and reasonable and that the settlement was the product of arms-length negotiations." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007); *see also* Fed. R. Civ. P. 23(e)(A)–(B) advisory committee's note to 2018 amendment ("[T]he involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests."); *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW, 2021 U.S. Dist. LEXIS 34126, at *6 (C.D. Cal. Feb. 18, 2021) ("[T]he fact that the settlement was negotiated at arm's length and reached after discovery renders the agreement presumptively fair.").

### B.   No Obvious Deficiencies and No Preferential Treatment

The proposed settlement has no obvious deficiencies and does not give preferential treatment to certain class members over others. The proposed settlement

provides an equitable method for calculating each class member's recovery. The proposed Plan of Allocation provides a formula developed by Class Counsel and Lead Plaintiffs' damages expert for distribution of settlement funds to class members demonstrating a loss on their transactions in Mattel common stock related to the alleged fraud. Members of the PWC Subclass will be eligible for an additional distribution from a segregated portion of the settlement fund. (Mot. 17–18; Stip. Ex. A-1, app. A.)

Although Class Counsel has not yet provided information substantiating its contemplated motion for fees and costs, the parties' agreement provides that Class Counsel's request for fees will not exceed 25% of the settlement fund and that its request for costs will not exceed $1.5 million. (Mot. 18–19; *see* Stip. Ex. A-1 § 5.) Given the limited information presented here, Class Counsel's anticipated request for fees and costs appears reasonable. *See Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . .").

The parties have identified a Supplemental Agreement giving Defendants the unilateral right to terminate the settlement should certain conditions be met. (Stip. § 35.) *See* Fed. R. Civ. P. 23(e)(3) (requiring parties to "identify[] any agreement made in connection with the proposal"). "This type of agreement is a standard provision in securities class actions and has no negative impact on the fairness of the Settlement." *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-CM-SDA, 2020 U.S. Dist. LEXIS 128998, at *39 (S.D.N.Y. July 21, 2020); *accord Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 U.S. Dist. LEXIS 213045, at *22 (N.D. Cal. Dec. 18, 2018) ("The existence of a termination option triggered by the number of class members who opt out of the Settlement does not by itself render the Settlement unfair."). The existence of the Supplemental Agreement does not substantially impact the Court's evaluation of the fairness of the settlement. Nonetheless, the Court directs the parties to submit the Supplemental Agreement to the Court for in camera review before final approval.

///

4

1    **C.    Range of Possible Approval**

2        To determine whether a settlement falls within the range of possible approval,

3    courts focus on "substantive fairness and adequacy," including "plaintiffs' expected

4    recovery balanced against the value of the settlement offer." *In re Tableware Antitrust*

5    *Litig.*, 484 F. Supp. 2d at 1080. "[A] proposed settlement may be acceptable even

6    though it amounts only to a fraction of the potential recovery that might be available to

7    class members at trial." *Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 171

8    (N.D. Cal. 2019) (internal quotation marks omitted).

9        The Court finds persuasive Lead Plaintiffs' assessment of the case, the risks of

10   further litigation, and the potential exposure to Defendants. (Mot. 14–17.) The gross

11   settlement amount of $98 million is approximately 17.8% of Lead Plaintiff's calculation

12   of Defendants' maximum potential exposure. (*See* Mot. 22, 25.) This figure is within a

13   reasonable range of settlement recovery approved in similar securities class actions.

14   *E.g.*, *In re Snap Inc.*, 2021 U.S. Dist. LEXIS 34126, at *6 (approving settlement amount

15   representing "approximately 7.8% of the class's maximum potential aggregate

16   damages"); *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2019 U.S.

17   Dist. LEXIS 121886, at *27 (N.D. Cal. July 22, 2019) (approving gross settlement

18   amount representing "a recovery of between 5% and 9.5% of non-disaggregated

19   damages and between 19% to 54% if disaggregated arguments are credited"); *In re*

20   *Biolase, Inc. Sec. Litig.*, No. SACV 13-1300-JLS (FFMx), 2015 WL 12720318, at *4

21   (C.D. Cal. Oct. 13, 2015) (approving gross settlement amount representing

22   "approximately 8% of the maximum recoverable damages").

23       For the purpose of preliminary approval, the Court finds that the settlement falls

24   within the range of possible approval.

25   **D.    Adequate Notice**

26       For a Rule 23(b)(3) class, "the court must direct to class members the best notice

27   that is practicable under the circumstances, including individual notice to all members

28   who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The

yardstick against which we measure the sufficiency of notices in class action proceedings is one of reasonableness." *Low v. Trump Univ., LLC*, 881 F.3d 1111, 1117 (9th Cir. 2018) (quoting *In re Bank of Am. Corp.*, 772 F.3d 125, 132 (2d Cir. 2014)). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal quotation marks omitted). Notice "does not require detailed analysis of the statutes or causes of action forming the basis for the plaintiff class's claims, and it does not require an estimate of the potential value of those claims." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012).

The parties agreed upon a notice that provides information about the nature of the action and the claims asserted, the terms and provisions of the settlement, the distribution of relief, and the release of claims. The notice also explains class members' options to remain in the class, object to the settlement, or opt out of the settlement. (Stip. Ex. A-1.) The settlement contemplates appointment of a third-party claims administrator, JND Legal Administration, which will send notice by first-class mail to all class members who can be identified with reasonable effort. Additionally, a summary notice will be published in *The Wall Street Journal* and transmitted over *PR Newswire*, and the notice and claim form will be available on Class Counsel's website and on www.MattelSecuritiesLitigation.com. (Stip. §§ 17–20 & Exs. A-1 to -2.)

Courts have approved comparable notice procedures in securities class action settlements. *E.g.*, *In re Regulus Therapeutics Inc. Sec. Litig.*, Nos. 3:17-cv-182-BTM-RBB, 3:17-cv-267-BTM-RBB, 2020 U.S. Dist. LEXIS 202787, at *11–12 (S.D. Cal. Oct. 29, 2020); *In re Banc of Cal. Sec. Litig.*, No. SACV 17-00118 AG (DFMx), 2019 U.S. Dist. LEXIS 209386, at *8–10 (C.D. Cal. Dec. 4, 2019). The Court finds that the proposed notice procedure provides all the information required by Rule 23(c)(2)(B), constitutes the best practicable notice to class members, and comports with the requirements of due process.

**E.    Conclusion**

The Court concludes that the proposed settlement as a whole appears fair and reasonable, notwithstanding the reservations identified above.

**IV.    CONCLUSION**

The Court grants the motion and orders as follows:

1.    **<u>Preliminary Approval of the Settlement</u>**. The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, in accordance with Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class and the PwC Subclass, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.    **<u>Settlement Hearing</u>**. The Court will hold a settlement hearing ("Settlement Hearing") on May 2, 2022, at 9:00 a.m. in Courtroom 7C of the First Street Courthouse, 350 W. First Street, Los Angeles, California, 90012, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and the PwC Subclass, and should be finally approved by the Court; (b) to determine whether a Judgment that shall, among other things, provide for the dismissal of the Action with prejudice, should be entered; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.    The Court may vacate the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Class and may approve the proposed Settlement with such modifications as the parties may agree to, if

1    appropriate, without further notice to the Class.

2         4.    **Retention of Claims Administrator and Manner of Giving Notice**.

3    Lead Counsel is hereby authorized to retain JND Legal Administration (the
4    "Claims Administrator") to supervise and administer the notice procedure in connection
5    with the proposed Settlement as well as the processing of Claims as more fully set forth
6    below. Notice of the Settlement and the Settlement Hearing shall be given by Lead
7    Counsel as follows:

8         (a)    within five (5) business days of the date of entry of this Order, Mattel shall
9    provide or cause to be provided to the Claims Administrator in electronic format
10   (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a
11   list (consisting of names and addresses) of the holders of Mattel common stock
12   during the Class Period, to the extent reasonably available.

13        (b)    not later than fifteen (15) business days after the date of entry of this Order
14   (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice
15   and the Claim Form, substantially in the forms attached to the Stipulation as
16   Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be mailed by first-
17   class mail, or emailed, to potential Class Members, at the addresses set forth in
18   the records provided or caused to be provided by Mattel, or who otherwise may
19   be identified through further reasonable effort;

20        (c)    contemporaneously with the mailing of the Notice Packet, the Claims
21   Administrator shall cause copies of the Notice and the Claim Form to be posted
22   on a website to be developed for the Settlement,
23   www.MattelSecuritiesLitigation.com, from which copies of the Notice and
24   Claim Form can be downloaded. In addition, Lead Counsel shall post the Notice
25   and Claim Form on its website, www.blbglaw.com;

26        (d)    not later than ten (10) business days after the Notice Date, the Claims
27   Administrator shall cause the Summary Notice, substantially in the form attached
28   to the Stipulation as Exhibit A-3, to be published once in *The Wall Street Journal*

and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.    **Approval of Form and Content of Settlement Notice**.

The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached to the Stipulation as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6.    **Nominee Procedures**.

Brokers and other nominees who purchased or otherwise acquired Mattel common stock during the Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial

owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.   **CAFA Notice**.

As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8.   **Participation in the Settlement**.

Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a

Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.      Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class or PwC Subclass; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

11.    **Exclusion from the Class**.

Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: Mattel Securities Litigation, EXCLUSIONS, c/o JND Legal Administration P.O. Box 91434, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re Mattel, Inc. Securities Litigation*, No. 2:19-cv-10860 (C.D. Cal.)"; (iii) state the number of shares of Mattel common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on August 2, 2017 and (B) purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

12.    A request for exclusion from the Class will exclude potential Class Members from both the Class and the PwC Subclass (if he, she, or it would have otherwise been a member). A Class Member cannot remain in the Class but exclude himself, herself, or itself from the PwC Subclass, nor remain in the PwC Subclass but otherwise be excluded from the Class.

13.    Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement

Fund.

14.     Any Class Member that does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

15.     **Appearance and Objections at Settlement Hearing**.

Any Class Member that does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 16 below, such that it is received no later than twenty-one (21) days before the Settlement Hearing. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

16.     Any Class Member that does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and

served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) days before the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>John Rizio-Hamilton, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020 | Munger Tolles & Olson LLP<br>John W. Spegel, Esq.<br>350 South Grand Avenue, 50th Fl.<br>Los Angeles, CA 90071<br><br>Wilmer Cutler Pickering Hale & Dorr<br>Timothy J. Perla, Esq.<br>60 State Street<br>Boston, MA 02109 |

In addition, any objections must also be emailed to Lead Counsel and Defendants' Counsel at settlements@blbglaw.com, john.spiegel@mto.com, and timothy.perla@wilmerhale.com by no later than twenty-one (21) days before the Settlement Hearing.

17.     Any objections, filings, and other submissions by the objecting Class Member: (a) must identify the case name and docket number, *In re Mattel, Inc. Securities Litigation*, Case No. 2:19-cv-10860-MCS-PLA; (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class or PwC Subclass, or to the entire Class; and (d) must include documents sufficient to prove membership in the Class, including the number of shares of Mattel common stock the objecting Class Member (A) held as of the opening of trading on August 2, 2017 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage

confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

18.     Any Class Member who or which does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19.     **Stay and Temporary Injunction**.

Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

20.     **Administration Fees and Expenses**.

All reasonable costs incurred in identifying Class Members and notifying them of the Action and of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

21.  **Settlement Fund**.

The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.  **Taxes**.

Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.  **Termination of Settlement**.

If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately before the execution of the Term Sheet on October 28, 2021, as provided in the Stipulation.

24.  **Use of This Order**.

Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission

16

by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

///

25.  **Supporting Papers**.

Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing. Lead Counsel also shall submit the Supplemental Agreement to the Court no later than thirty-five (35) calendar days prior to the Settlement Hearing. The Court authorizes the Supplemental Agreement to be presented for review in camera. Reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

**IT IS SO ORDERED.**

Dated: January 18, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE