# Exhibit 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 2:19-cv-10860-MCS (PLAx) |
| | **DECLARATION OF JESSE EVANS, JR., DIRECTOR OF THE NEW ORLEANS EMPLOYEES' RETIREMENT SYSTEM, IN SUPPORT OF: (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| | Judge:      Hon. Mark C. Scarsi |
| | Courtroom: 7C, 7th Floor |
| | Date:       May 2, 2022 |
| | Time:       9:00 a.m. |

I, Jesse Evans, Jr., hereby declare under penalty of perjury as follows:

1.      I am the Director of the New Orleans Employees' Retirement System ("New Orleans"), one of the Court-appointed Lead Plaintiffs in the above-captioned securities class action (the "Action").[1]   I submit this declaration in support of: (a) Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (b) Lead Counsel's motion for attorneys' fees and Litigation Expenses, which includes New Orleans's request to recover the reasonable costs and expenses incurred in connection with its representation of the Class in this litigation.

2.      I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").  I have knowledge of the matters set forth in this Declaration based on my personal knowledge and discussions with other New Orleans employees who have been involved in monitoring and overseeing the prosecution of the Action and the negotiations leading to the Settlement, and I could and would testify competently to these matters.

## I.      NEW ORLEANS'S OVERSIGHT OF THE LITIGATION

3.      New Orleans is a defined benefit pension fund founded in 1947 and headquartered in New Orleans, Louisiana with approximately $375 million in assets under management.  New Orleans serves the officers and employees of the City of New Orleans and the parochial and judicial officers and employees of Orleans Parish.  New Orleans purchased Mattel common stock during the Class Period and suffered losses when Mattel's stock price declined following the disclosure alleged in the Complaint.

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set out in the Stipulation and Agreement of Settlement dated November 23, 2021 (ECF No. 143-1).

-1-          DECLARATION OF JESSE EVANS, JR.
Case No. 2:19-cv-10860-MCS (PLAx)

4.      On February 24, 2020, the Court issued an Order appointing New Orleans as one of the Lead Plaintiffs in the Action pursuant to the PSLRA, and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G" or "Lead Counsel") as Lead Counsel for the class.

5.      New Orleans, through my active involvement, has closely supervised and monitored the Action and was actively involved in all material aspects of the prosecution and resolution of the Action.  Throughout the course of this Action, I (a) regularly communicated with Lead Counsel BLB&G by email and telephone calls regarding the posture and progress of the case; (b) reviewed all significant pleadings and briefs filed in the Action; (c) searched for and produced documents in response to Defendants' discovery requests; (d) consulted with BLB&G concerning the settlement negotiations as they progressed; and (e) evaluated and approved the proposed Settlement.  In addition, I spent a significant amount of time preparing for my deposition and having my deposition taken by Defendants on July 7, 2021.  I also attended both full-day mediation sessions, which were held by remote videoconference, on June 24, 2021 and October 25, 2021.

## II.    NEW ORLEANS STRONGLY ENDORSES APPROVAL OF THE SETTLEMENT

6.      Based on its involvement throughout the prosecution and resolution of the claims asserted in the Action, New Orleans believes that the proposed Settlement is fair, reasonable, and adequate to the Class.  New Orleans believes that the Settlement provides an excellent recovery for the Class, in light of the substantial risks of continuing to prosecute the claims in this case and in recovering a judgment larger than the proposed Settlement.  Therefore, New Orleans strongly endorses approval of the Settlement by the Court.

DECLARATION OF JESSE EVANS, JR.
Case No. 2:19-cv-10860-MCS (PLAx)

## III. NEW ORLEANS SUPPORTS LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

7. New Orleans believes that the request for an award of attorneys' fees in the amount of 25% of the Settlement Fund net of Litigation Expenses is fair and reasonable. New Orleans takes seriously its role as a Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Class and reasonably compensate Lead Counsel for the work involved and the substantial risks counsel undertook. The fee requested is consistent with a retention agreement that New Orleans entered into with BLB&G at the outset of the Action. Following the agreement to settle the Action, New Orleans again reviewed the proposed fee and believes it is fair and reasonable in light of the work performed by Lead Counsel, the risks of the litigation, and the substantial recovery obtained for the Class.

8. New Orleans further believes that Lead Counsel's Litigation Expenses are reasonable and represent costs and expenses necessary for the institution, prosecution, and resolution of the claims in the Actions. Based on the foregoing, and consistent with its obligation to the Class to obtain the best result at the most efficient cost, New Orleans fully supports Lead Counsel's motion for attorneys' fees and Litigation Expenses.

9. New Orleans understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA. For this reason, in connection with Lead Counsel's request for Litigation Expenses, New Orleans seeks reimbursement for the costs and expenses that New Orleans incurred directly relating to its representation of the Class.

10. New Orleans seeks reimbursement in the amount of $3,100.00 for the 62 hours I devoted to this Action at a rate of $50 per hour. The hours I spent included time spent communicating with BLB&G, reviewing significant court

filings, responding to discovery requests, preparing for and sitting for my deposition, and participating in the settlement negotiations and the mediation process. The time that I devoted to the representation of the Class in this Action was time that I would otherwise have spent on other work for New Orleans and, thus, represented a cost to New Orleans.

## IV.  CONCLUSION

11.  In conclusion, New Orleans was closely involved throughout the prosecution and settlement of the claims in this Action, strongly endorses the Settlement as fair, reasonable, and adequate, and believes that the Settlement represents a significant recovery for the Class. New Orleans further supports Lead Counsel's motion for attorneys' fees and Litigation Expenses and believes that it represents fair and reasonable compensation for counsel in light of the recovery obtained for the Class, the substantial work conducted, and the litigation risks. And finally, New Orleans requests reimbursement for certain of its expenses under the PSLRA as set forth above. Accordingly, New Orleans respectfully requests that the Court approve: (a) Lead Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation; and (b) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief, and that I have authority to execute this Declaration on behalf of New Orleans.

Executed this 25th of March, 2022.

_____
Jesse Evans, Jr.
Director
*New Orleans Employees' Retirement System*

#3088482

-4-                                    DECLARATION OF JESSE EVANS, JR.
                                       Case No. 2:19-cv-10860-MCS (PLAx)