# Exhibit 8

Jeffrey J. Angelovich (admitted *Pro Hac Vice*)
Bradley E. Beckworth (admitted *Pro Hac Vice*)
Susan Whatley (admitted *Pro Hac Vice*)
NIX, PATTERSON & ROACH, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
Telephone:  903-645-7333
Facsimile:  903-645-4415
JAngelovich@nixlawfirm.com
BBeckworth@nixlawfirm.com
SusanWhatley@nixlawfirm.com

Laurence D. King (State Bar No. 206423)
Linda M. Fong (State Bar No. 124232)
KAPLAN FOX & KILSHEIMER LLP
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Telephone:  415-772-4700
Facsimile:   415-772-4707
LKing@KaplanFox.com
LFong@KaplanFox.com

Liaison Counsel

Sean Rommel (admitted *Pro Hac Vice*)
PATTON ROBERTS, PLLC
Century Bank Plaza
2900 St. Michael Drive, Suite 400
Texarkana, TX 75505-6128
Telephone:  903-334-7000
Facsimile:  903-330-7007
srommel@pattonroberts.com

Sean M. Handler (admitted *Pro Hac Vice*)
John A. Kehoe
SCHIFFRIN BARROWAY TOPAZ &
KESSLER LLP
280 King of Prussia Rd.
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 620-677-7056
shandler@sbtklaw.com
jkehoe@sbtklaw.com

Co-Lead Counsel

Additional Counsel for Erie

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **In re: BROCADE SECURITIES LITIGATION** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Consolidated Case No.:  3:05-CV-02042-CRB **FINAL ORDER AND JUDGMENT** |

1

No. 3:05-CV-02042-CRB

Case 3:05-cv-02042-CRB Document 496-1 Filed 01/26/09 Page 2 of 15

WHEREAS, a consolidated class action is pending in this Court captioned: *In re: Brocade Securities Litigation*, Consolidated Case No. 3:05-CV-02042-CRB (the "Action");

WHEREAS, the Court previously certified the Class (as defined herein) in this Action by Order dated October 12, 2007, over the opposition of defendants Brocade Communications Systems, Inc. ("Brocade" or the "Company") and Gregory Reyes, Antonio Canova, Larry Sonsini, Seth Neiman, and Neal Dempsey (collectively, "Individual Defendants");

WHEREAS, on November 18, 2008, the Court preliminarily certified the same Class for purposes of effectuating the settlement among Lead Plaintiff and Class Representative, Arkansas Public Employees Retirement System ("APERS"), and Class Representative, Erie County Public Employees Retirement System ("ERIE") (together, "Class Representatives"), and KPMG LLP ("KPMG" and, collectively with Brocade and the Individual Defendants, "Defendants");

WHEREAS, pursuant to Federal Rule of Civil Procedure 23(e), this matter came before the Court for hearing pursuant to the Preliminary Approval of Settlement Agreement Order dated November 18, 2008 (the "Notice Order"), on the application of the parties for approval of a proposed settlement of the Action (the "Settlement") set forth in the following stipulations: (i) a Modified Stipulation and Agreement of Settlement dated January 14, 2009 entered into among Class Representatives, on behalf of themselves and the Class, Brocade and the Individual Defendants (the "Brocade Stipulation"), and (ii) a Stipulation and Agreement of Settlement dated October 23, 2008 entered into among Class Representatives, on behalf of themselves and the Class, and KPMG (the "KPMG Stipulation," and together with the Brocade Stipulation, the "Stipulations");

WHEREAS, due and adequate notice has been given to the Class as required in the Notice Order; and

WHEREAS, the Court has considered all papers filed and proceedings had herein and otherwise is fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

No. 3:05-CV-02042-CRB

1. This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulations and all terms used herein shall have the same meanings as set forth in the Stipulations unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of the Action, and over all parties to the Action (the "Parties"), including all members of the Class.

3. The Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Fairness Hearing (the "Notice") has been given to the Class, pursuant to and in the manner directed by the Notice Order, proof of the mailing of the Notice and publication of the Publication Notice was filed with the Court by Plaintiffs' Counsel, and full opportunity to be heard has been offered to all Parties, the Class, and persons and entities in interest. The form and manner of Notice and Publication Notice are hereby determined to have: (a) constituted the best practicable notice, (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Stipulations, including the effect of the releases provided for therein, of their right to object to the proposed Settlement, of their right to exclude themselves from the Class, and of their right to appear at the Fairness Hearing, (c) constituted reasonable, due, adequate and sufficient notice to all persons or entities entitled to receive notice, and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), 15 U.S.C. § 78u-4(a)(7), the Rules of the Court and all other applicable laws. It is further determined that all members of the Class are bound by the Judgment herein.

4. In connection with the certification of the Class, the Court has already determined that each element Federal Rule of Civil Procedure 23(a) and 23(b)(3) was satisfied as to Class Representatives' claims against Brocade and the Individual Defendants and incorporates that prior order as if set forth fully herein. Additionally, for purposes of effectuating the Settlement, each of the provisions of Fed. R. Civ. P. 23 has been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3) as to Class Representatives' claims against

No. 3:05-CV-02042-CRB

Case 2:19-cv-10860-MCS-PLA Document 149-1 Filed 03/28/22 Page 5 of 16 Page
Case 3:05-cv-02042-CRB Document 496-1 Filed 07/26/09 Page 4 of 15
ID #:4069

KPMG. Specifically, this Court finds that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) Class Representatives and their counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common to members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy considering: (i) the interests of the Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the litigation of the claims asserted in this Action, and (iv) the difficulties likely to be encountered in the management of this Action as a class action.

5. Accordingly, the Action is hereby certified as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) for purposes of effectuating the Settlement with KPMG on behalf of the same Class previously certified in this Action, which consists of: all persons and entities who purchased or otherwise acquired Brocade common stock between May 18, 2000 and May 15, 2005, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are: (a) Defendants; (b) all officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries, or affiliates at all relevant times; (c) members of the immediate family of any of the foregoing excluded parties; (d) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded parties; and (e) any entity in which any of the foregoing excluded parties has or had a controlling interest at all relevant times. Also excluded from the Class are any putative members of the Class who excluded themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice, as listed on Exhibit 1 annexed hereto.

6. The Settlement, and all transactions preparatory or incident thereto, is found to be fair, reasonable, adequate, and in the best interests of the Class, and is hereby approved. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in

4

No. 3:05-CV-02042-CRB

accordance with the Stipulations, and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

7. The Action and all claims included therein, as well as all of the Settled Claims (defined in the Stipulations and in Paragraph 8(c) below) are dismissed with prejudice as to Class Representatives and all other members of the Class, and as against each and all of the Released Parties (defined in the Stipulations and in Paragraph 8(a) below). The Parties are to bear their own costs, except as otherwise provided in the Stipulations.

8. As used in this Judgment, the terms "Released Parties," "Related Parties," "Settled Claims," "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings set forth below:

(a) "Released Parties" means Defendants and, as applicable, each of their Related Parties as defined below.

(b) "Related Parties" means each of Defendants' past or present directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any member of an Individual Defendant's immediate family.

(c) "Settled Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent,

5

No. 3:05-CV-02042-CRB

Case 2:19-cv-10860-MCS-PLA Document 149-10 Filed 03/28/22 Page 7 of 16 Page
Case 3:05-cv-02042-CRB Document 496-1 Filed 7/26/09 Page 6 of 15
ID #:4071

accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (defined herein) that: (i) have been asserted in this Action by Class Representatives on behalf of the Class and its Class Members against any of the Released Parties, or (ii) have been or could have been asserted in any forum by Class Representatives, Class Members or any of them against any of the Released Parties, which arise out of, relate to or are based upon the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Complaint and/or the Amended Complaint. Settled Claims shall also include any claims, debts, demands, controversies, obligations, losses, rights or causes of action that Class Representatives, Class Members or any of them may have against the Released Parties or any of them which involve or relate in any way to the defense of the Action or the Settlement of the Action. Notwithstanding the foregoing, Settled Claims shall not include: (i) any claims to enforce the Settlement, including, without limitation, any of the terms of the Stipulations, the Notice Order, this Judgment or any other orders issued by the Court in connection with the Settlement; (ii) any claims asserted by Persons who exclude themselves from the Class by timely requesting exclusion in accordance with the requirements set forth in the Notice; (iii) any claims, rights or causes of action that have been or could have been asserted in the Derivative Actions and/or the Company Action (as defined in the Brocade Stipulation); or (iv) any and all claims that have been asserted under the Securities Act of 1933 and the Securities Exchange Act of 1934, or any other laws, for the allegedly wrongful conduct complained of in *In re Brocade Communications Systems, Inc. Initial Public Offering Securities Litigation,* 01 CV 6613 (SAS)(BSJ), as coordinated for pretrial purposes in *In re Initial Public Offering Securities Litigation,* Master File No. 21 MC 92 (SAS), pending in the United States District Court for the Southern District of New York.

(d) "Settled Defendants' Claims" means and includes any and all claims, debts, demands, controversies, obligations, losses, costs, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special,

6

No. 3:05-CV-02042-CRB

incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Released Parties against any of the Class Representatives, Plaintiffs' Counsel, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action. Notwithstanding the foregoing, Settled Defendants' Claims shall not include any claims to enforce the Settlement, including, without limitation, any of the terms of the Stipulations, the Notice Order, this Judgment or any other orders issued by the Court in connection with the Settlement .

(e)     "Unknown Claims" means any and all claims that any Class Representative or Class Member does not know or suspect to exist and any and all claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of, as applicable, the Released Parties, Class Representatives, and Class Members, or might have affected his, her or its decision to object or not to object to this Settlement. The Class Representatives, Class Members, Defendants and each of them have acknowledged and agreed that he, she or it may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims and/or the Settled Defendants' Claims. Nevertheless, with respect to any and all Settled Claims and Settled Defendants' Claims, the Parties to the Stipulations have stipulated and agreed that, upon the Effective Date, they shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights and benefits of California Civil Code § 1542 and all provisions rights and benefits conferred by any law of any state or

7

territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. California Civil Code § 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties to the Stipulations have expressly acknowledged and agreed, and the Class Members shall be deemed to have, and by operation of the Judgment shall have acknowledged and agreed, that the waiver and release of Unknown Claims constituting Settled Claims and/or Settled Defendants' Claims was separately bargained for and a material element of the Settlement.

9. (a) In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Settled Claim (i) by any person against Brocade or the Individual Defendants, and (ii) by Brocade or the Individual Defendants against any person, other than claims for contribution that Brocade and/or the Special Litigation Committee (as defined in the Brocade Stipulation) have asserted or may assert against the Individual Defendants, the Related Parties or any of them, are hereby permanently barred and discharged. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Settled Claim (i) by any person against KPMG, and (ii) by KPMG against any person, other than a person whose liability has been extinguished by the KPMG Settlement, are hereby permanently barred and discharged. This paragraph 9(a) shall be referred to herein as the "Bar Order."

(b) Notwithstanding the Bar Order or any other provision or paragraph in this Judgment or 15 U.S.C. § 78u-4(f)(7)(A) to the contrary, the Individual Defendants have acknowledged and agreed, and the Court finds, that the Individual Defendants are "person[s] whose liability has been extinguished" by the Brocade Stipulation within the meaning of 15 U.S.C. § 78u-4(f)(7)(A)(ii). Further, the Court finds that the Individual Defendants have knowingly and expressly waived the right to assert the Bar Order or 15 U.S.C. § 78u-4(f)(7)(A) as a defense to any claims for contribution that Brocade and/or the Special Litigation Committee have asserted

8

No. 3:05-CV-02042-CRB

Case 2:19-cv-10860-MCS-PLA    Document 149-10   Filed 03/28/22    Page 10 of 16
Case 3:05-cv-02042-CRB    Document 496-1   Filed 01/26/09   Page 9 of 15
Page ID #:4074

or may assert against them in connection with the defense and Settlement of the Action or any related litigation arising from the transactions and occurrences that form the basis of the Action; provided, however, that the Individual Defendants and their Related Parties, and each of them, shall retain the right to defend against any such claims for contribution on other grounds, including, without limitation: (i) that he or she is not at fault for the conduct giving rise to the Settlement; (ii) that his or her proportional fault is less than asserted by Brocade and/or the Special Litigation Committee; (iii) that Brocade is legally and/or contractually obligated to indemnify him or her for some or all of the Settlement Amount and/or that he or she is not required to reimburse or repay Brocade for that indemnified amount; and (iv) that the Settlement Amount is greater than warranted under all of the circumstances. Further, Brocade and the Special Litigation Committee have agreed that they will not argue or otherwise assert in any forum or proceeding that (i) by entering into the Brocade Stipulation the Individual Defendants acquiesced in the Settlement Amount or waived in any way their arguments challenging the Settlement Amount as excessive, and (ii) the Bar Order in any way affects or impairs the existing rights of the Individual Defendants to obtain indemnification and advancement of fees incurred in connection with Settled Claims or any other claim asserted against them.  The Individual Defendants have agreed that they will not argue or otherwise assert in any forum or proceeding that, by entering into the Brocade Stipulation, Brocade or the Special Litigation Committee in any way compromised or otherwise affected its/their right to seek to limit or extinguish any purported obligation to indemnify or advance fees to the Individual Defendants and their Related Parties or to seek to recover any of the fees or expenses that Brocade has advanced or may advance on behalf of or for the benefit of the Individual Defendants and/or their Related Parties.

10.    Upon the Effective Date, Class Representatives and all Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, successors and assigns: (a) shall have fully, finally and forever released, relinquished and discharged each and every one of the Settled Claims against the Released Parties, whether or not any such Class Member

9

Case 2:19-cv-10860-MCS-PLA Document 149-10 Filed 03/28/22 Page 11 of 16
Case 3:05-cv-02042-CRB Document 496-1 Filed 01/26/09 Page 10 of 15
Page ID #:4075

or Class Representative executes or delivers a Proof of Claim and Release form ("Proof of Claim"); and (b) shall be deemed to have covenanted not to sue on, and shall forever be barred from suing on, instituting, prosecuting, continuing, maintaining or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Claim against any of the Released Parties.

11.     Upon the Effective Date, each of the Defendants, on behalf of themselves and their Related Parties: (a) shall have fully, finally and forever released, relinquished and discharged each and every one of the Settled Defendants' Claims; and (b) shall be deemed to have covenanted not to sue on, and shall forever be barred from suing on, instituting, prosecuting, continuing, maintaining or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Defendants' Claim against Class Representatives, Class Members and their respective counsel, or any of them.

12.     Notwithstanding ¶¶ 9-11 herein, nothing in this Judgment shall bar any action or claim by any of the Parties or the Released Parties to enforce or effectuate the terms of the Stipulations or this Judgment.

13.     This Judgment and the Stipulations, including any provisions contained in the Stipulations, any negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto:

(a)     shall not be offered or received against any Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Parties with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Released Party;

(b)     shall not be offered or received against any Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to

10

No. 3:05-CV-02042-CRB

Case 2:19-cv-10860-MCS-PLA   Document 149-10   Filed 03/28/22   Page 12 of 16
Case3:05-cv-02042-CRB   Document496-1   Filed01/26/09   Page 11 of 15
Page ID #:4076

any statement or written document approved or made by any Released Party;

(c)     shall not be offered or received against any Released Party as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulations; provided, however, that the Released Parties may offer or refer to the Stipulations to effectuate the terms of the Stipulations, including the releases and other liability protection granted them hereunder, and may file the Stipulations and/or this Judgment in any action that may be brought against them (other than one that has been or may be brought by Brocade and/or the Special Litigation Committee) in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     shall not be construed against any Released Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Action would not have exceeded the Settlement Amount.

14.     The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulations.

15.     The Court finds that all Parties and their counsel have complied with each requirement of the PSLRA and Rules 11 and 37 of the Federal Rules of Civil Procedure as to all proceedings herein and that Class Representatives and Plaintiffs' Counsel at all times acted in the best interests of the Class and had a good faith basis to bring, maintain and prosecute this Action as

11

No. 3:05-CV-02042-CRB

Case 2:19-cv-10860-MCS-PLA Document 149-10 Filed 03/28/22 Page 13 of 16
Case 3:05-cv-02042-CRB Document 496-1 Filed 01/26/09 Page 12 of 15
Page ID #:4077

to each Defendant in accordance with the PSLRA and Federal Rule of Civil Procedure 11.

16. Only those Class Members who submit valid and timely Proofs of Claim shall be entitled to receive a distribution from the Net Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Settled Claims against the Released Parties. All Class Members shall be bound by all of the terms of the Stipulations and this Judgment, including the releases set forth herein, whether or not they submit a valid and timely Proof of Claim, and shall be barred from bringing any action against any of the Released Parties concerning the Settled Claims.

17. No Class Member shall have any claim against Plaintiffs' Counsel, the Claims Administrator, or other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court.

18. No Class Member shall have any claim against the Defendants, Defendants' counsel, or any of the Released Parties with respect to: (a) any act, omission or determination of Plaintiffs' Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Gross Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of claims asserted against the Gross Settlement Fund and/or the Net Settlement Fund; (e) the administration of the Escrow Account; (f) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund and/or the Net Settlement Fund; or (g) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

19. Any order approving or modifying the Plan of Allocation set forth in the Notice, or the application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses or any request of Class Representatives for reimbursement of reasonable costs and expenses shall not disturb or affect the Finality of this Judgment, the Stipulations or the Settlement contained

12

No. 3:05-CV-02042-CRB

Case 2:19-cv-10860-MCS-PLA Document 149-10 Filed 03/28/22 Page 14 of 16
Case3:05-cv-02042-CRB Document496-1 Filed 01/26/09 Page 13 of 15
Page ID #:4078

therein.

20.     Plaintiffs' Counsel are hereby awarded a total of $986,039 in reimbursement of expenses, plus accrued interest.  After deducting such expenses from the Gross Settlement Fund, Plaintiffs' Counsel also are hereby awarded attorneys' fees in the amount of 25% of the Gross Settlement Fund (net of any reimbursed expenses), plus accrued interest, which sum the Court finds to be fair and reasonable.  The foregoing awards of fees and expenses shall be paid to Plaintiffs' Counsel from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulations, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund.  The appointment and distribution among Plaintiffs' Counsel of any award of attorneys' fees shall be within Plaintiffs' Counsel's sole discretion.

21.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)     the Settlement has created a fund of $160,098,500 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement;

(b)     Over 500,000 copies of the Notice were disseminated to putative Class Members stating that Plaintiffs' Counsel were moving for attorneys' fees not to exceed 25% of the Gross Settlement Fund and reimbursement of expenses from the Gross Settlement Fund in a total amount not to exceed $1.2 million, and no objections were filed by any Class Member against the terms of the proposed Settlement or the ceiling on the fees and expenses contained in the Notice;

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement in good faith and with skill, perseverance and diligent advocacy;

(d)     The Action involves complex factual and legal issues and was actively prosecuted for over three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

13

No. 3:05-CV-02042-CRB

Case 2:19-cv-10860-MCS-PLA   Document 149-10   Filed 03/28/22   Page 15 of 16
Case 3:05-cv-02042-CRB   Document 496-1   Filed 01/26/09   Page 14 of 15
Page ID #:4079

(e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class Representatives and the Class may have recovered less or nothing from the Defendants;

(f)     Plaintiffs' Counsel have advanced in excess of the requested $986,039 in costs and expenses to fund the litigation of this Action; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are fair and reasonable under all of the circumstances and consistent with awards in similar cases.

22.     No Class Member filed an objection to the terms of the settlement or the fee application. Two objections were filed by former defendants who are not Class Members. Those objections have been withdrawn and are no longer before the Court. All other objections, if any, are hereby denied.

23.     Without affecting the Finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class, and the Released Parties for purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Stipulations, the Plan of Allocation, and this Judgment; (b) hearing and determining any application by Plaintiffs' Counsel for an award of attorneys' fees, costs, and expenses and/or reimbursement to the Class Representatives, if such determinations were not made at the Fairness Hearing; and (c) supervising the distribution of the Gross Settlement Fund and/or the Net Settlement Fund.

24.     In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Stipulations for any reason whatsoever, or in the event that the Gross Settlement Fund, or any portion thereof, is returned to Brocade or KPMG, then this Judgment shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Stipulations and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulations.

14

No. 3:05-CV-02042-CRB

Case 2:19-cv-10860-MCS-PLA    Document 149-10    Filed 03/28/22    Page 16 of 16
Case3.05-cv-02042-CRB    Document 496-1    Filed 01/26/09    Page 15 of 15
Page ID #:4080

25.     In the event that, prior to the Effective Date, Class Representatives or Brocade institutes any legal action against the other to enforce any provision of the Brocade Stipulation or this Judgment or to declare rights or obligations thereunder, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs incurred in connection with any such action. Neither KPMG nor the Individual Defendants shall have any obligation under this paragraph.

26.     There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED January 26, 2009.

_____

**THE HONORABLE CHARLES R. BREYER**
**UNITED STATES DISTRICT JUDGE**

15

No. 3:05-CV-02042-CRB