# Exhibit 9

Case 2:19-cv-10860-MCS-PLA   Document 149-11   Filed 03/28/22   Page 2 of 5   Page ID #:8859
Case 1:16-cv-01031-TSE-MSN   Document 462   Filed 06/07/19   Page 1 of 4 PageID# 4082
ID #:4082



FILED
IN OPEN COURT

JUN - 7 2019

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF VIRGINIA

### (Alexandria Division)

| | |
|---|---|
| STEVEN KNURR, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ORBITAL ATK, INC., et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:16-cv-01031-TSE-MSN<br><br><u>CLASS ACTION</u> |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)

This matter having come before the Court on June 7, 2019, on the motion of Lead Counsel for an award of attorneys' fees and expenses (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Settlement Agreement dated January 30, 2019 (the "Stipulation"), and all capitalized terms used herein, but not defined, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

- 1 -

3.     Notice of Lead Counsel's Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     The Court hereby awards Lead Counsel attorneys' fees of 28% of the Settlement Amount, plus expenses in the amount of $1,119,680.08, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable.

5.     The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Lead Counsel immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and, in particular, ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

6.     In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)     through the efforts of Lead Counsel, the Settlement has created a fund of $108 million in cash, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b)     more than 117,000 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount up to 28% of the Settlement Amount and for expenses in an amount not to exceed $1.3 million, plus interest on both amounts;

-2-

4843-8201-5640.v1

(c)     Lead Counsel has pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)     Lead Counsel has expended substantial time and effort pursuing the Action on behalf of the Class;

(e)     Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f)     the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)     had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)     Lead Counsel has devoted over 29,000 hours, with a lodestar value of approximately $16.7 million to achieve the Settlement;

(i)     public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation;

(j)     the requested attorneys' fees and litigation expenses have been reviewed and approved by Lead Plaintiff and Named Plaintiff, sophisticated institutional investors who were involved with and oversaw the Action; and

(k)     the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Eastern District of Virginia and the Fourth Circuit.

7.     Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.     Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $4,351.00 and $9,397.26 to Lead Plaintiff Construction Laborers Pension Trust of Greater St. Louis and Named Plaintiff Wayne

- 3 -

4843-8201-5640.v1

County Employees' Retirement System, respectively, for reasonable costs and expenses directly relating to their representation of the class.

9. The Court has considered the objection to the fee award filed by Class Member New York State Common Retirement Fund and finds it to be procedurally invalid and substantively without merit. The objection is overruled in its entirety.

DATED: _____6/7/19_____

_____/s/_____
THE HONORABLE T.S. ELLIS, III
UNITED STATES District Judge

4843-8201-5640.v1