# Exhibit 11



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | : : : : | MASTER FILE NO.: 08 CIV. 11117 (TPG) |
| This Document Relates To: | : : | |
| Securities Actions State Law Actions | : : : | 08 CIV. 11212 (TPG) 08 CIV. 11183 (TPG) |

**[~~PROPOSED~~] ORDER AND FINAL JUDGMENT GRANTING PLAINTIFFS' STATE AND SECURITIES LAW SETTLEMENT CLASS COUNSELS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO STATE LAW AND SECURITIES PLAINTIFFS**

This matter came before the Court for a hearing which was held on June 1 and August 8, 2011 ("Final Fairness Hearing"), pursuant to the Order of this Court entered on April 5, 2011, on the application of Plaintiffs' State and Securities Law Settlement Class Plaintiffs' for: (i) an award of attorneys' fees; (ii) reimbursement of expenses to Plaintiffs' State and Securities Law Settlement Class Counsel; (iii) reimbursement to Lead Plaintiffs in the Securities Action for their costs and expenses incurred as a result of the representation of the Settlement Class; and (iv) awards to State Law Representatives for their reasonable time, effort, and expense incurred in representing the Settlement Class.

The Court, having considered all matters submitted to it at the Final Fairness Hearing and otherwise, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

EC.45341.8

1.     Unless otherwise defined herein, all capitalized terms used herein have the meanings as set forth and defined in the Stipulation.

2.     Plaintiffs' State and Securities Law Settlement Class Counsel are hereby awarded: (i) attorneys' fees in the amount of 30% of their portion of the Gross Settlement Fund (consisting of 91.8% of the Initial Settlement Amount and any amounts subsequently deposited into the Gross Settlement Fund pursuant to the terms of the Settlement);[1] (ii) reimbursement of $432,611.69 in total out-of-pocket costs and expenses that were reasonably and necessarily incurred in prosecuting the State Law and Securities Actions and obtaining this Settlement; (iii) reimbursement of $20,000 of costs and expenses incurred by Lead Plaintiffs in the Securities Actions pursuant to the PSLRA, § 15 U.S.C. 78u-4(a)(4), in their representation of the Settlement Class; and (iv) an award of $10,000 to each of the State Law Representatives for their representation of the Settlement Class. The award of attorneys' fees shall be allocated by State and Securities Law Settlement Class Counsel in a manner that State and Securities Law Settlement Class Counsel believe fairly compensates counsel for their respective contributions in the prosecution of the State Law Actions and the Securities Actions.

3.     Plaintiffs' State and Securities Law Settlement Class Counsel will make a further application for an award of attorneys' fees related to the Fund Distribution Account at the time of their motion for approval of the Fund Distribution Account Plan of Distribution.

/

---

[1] Pursuant to the Stipulation, Plaintiffs' State and Securities Law Settlement Class Counsel are to be allocated ninety-one and eight tenths of a percent (91.8%) of any attorneys' fees awarded by the Court from the Gross Settlement Fund. Plaintiffs' Insurance Settlement Class Counsel are to be allocated 8.2% of any attorneys' fees awarded by the Court from the Gross Settlement Fund.

2

EC.45341.8

4.      In making this award of attorneys' fees and reimbursement of expenses to be paid
from the Gross Settlement Fund and the Fund Distribution Account, the Court has considered
and found that:

(a)      the Settlement Fund is initially funded by a payment of $100 million
(which may be increased by as much as 50% of any recovery in the $200 million insurance
coverage litigation by Setting Defendants against their fidelity bond carriers, any recovery from
the prosecution of the Assigned Claims and any remaining assets in Tremont Holdings, Inc. and
its subsidiaries, following the winding down of the Tremont and Rye Funds) (all to be paid to
State Law and Securities Members that submit acceptable Proofs of Claim and Release forms
pursuant to the Settlement Fund Plan of Allocation).  The Fund Distribution Account is to be
funded with the net proceeds from the Madoff Trustee litigation against Tremont, the prosecution
of the funds' claims in the consolidated SIPC and BLMIS proceedings, the net investments of the
excluded Individual Defendants and their spouses who were investors in the funds (and is to be
paid out pursuant to the Fund Distribution Account Plan of Allocation and the interests of
fairness and equity) and all management and other fees waived by the Settling Defendants;

(b)      copies of the State Law and Securities Notice, Supplemental Notice and
related materials were disseminated to potential State Law and Securities Subclass Members
(approximately 4,800 copies were mailed or otherwise distributed by the Notice and Claims
Administrator); published in various public sources; and made available at the offices of
Settlement Class Counsel (and on their web sites), the offices of the Notice and Claims
Administrator (and on the website set up by the Notice and Claims Administrator for this
purpose) – all indicating that Plaintiffs' State and Securities Law Settlement Class Counsel were

3

moving for attorneys' fees in the amount of up to 30% of their portion of the Gross Settlement Fund and 3% of the Fund Distribution Account, plus interest, and for reimbursement of expenses estimated at $500,000;

(c)    Plaintiffs' State and Securities Law Settlement Class Counsel have conducted the litigation of the State Law Actions and the Securities Actions and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)    Plaintiffs' State and Securities Law Settlement Class Counsel have worked cooperatively with the Defendants' Counsel in connection with a settlement with the Madoff Trustee that preserves a recognized claim of almost $3 billion thereby assuring a significant benefit will flow from the Trustee proceedings into the Fund Distribution Account for the benefit of investors;

(e)    the State Law and Securities Actions involve numerous complex factual and legal issues and were actively litigated for more than two years and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

(f)    had Plaintiffs' State and Securities Law Settlement Class Counsel not achieved the Settlement, a significant risk would remain that State Law and Securities Plaintiffs and the State Law and Securities Subclasses may have recovered less or nothing from Settling Defendants;

(g)    Plaintiffs' State and Securities Law Settlement Class Counsel have devoted collectively over 28,885 hours, with a lodestar value of $15,702,921.50 in connection with these matters; and

4

EC.45341.8

(h)     the amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund and Fund Distribution Account are fair, reasonable and appropriate and consistent with the awards in similar cases.

5.      The Court hereby awards Lead Plaintiffs in the Securities Actions a total of $20,000 in reimbursement for their costs and expenses incurred as a result of the representation of the Settlement Class.

6.      The Court hereby awards $10,000 to each of the State Law Representatives as compensation for their reasonable time, effort, and expense incurred in representing the Settlement Class.

7.      The Court finds that no just reason exists for delay in entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the Stipulation.  Accordingly, the Clerk is hereby directed to enter this Judgment forthwith pursuant to Rule 54(b).

8.      The moving and reply papers reflect a variety of factors that support entry of a final judgment pursuant to 54(b).  The Court is entering a separate final judgment regarding the Stipulation, which approves the Settlement and concludes further litigation on the merits of the claims addressed therein, barring a reversal on appeal.  The request for fees addressed in this Judgment is not part of the merits of the actions to which the fees pertain.

9.      The Settlement provides that: (i) any appeal pertaining solely to a fee application shall not delay or preclude the Judgment from becoming final; (ii) the procedures for, and the allowance or disallowance by the Court of, the fee application are not part of the Settlement, and are to be considered separately from the Court's consideration of the fairness, reasonableness and

5

EC.45341.8

adequacy of the Settlement; and (iii) any order or proceeding relating to any appeal from the fee application shall not operate to terminate or cancel the Stipulation, or affect the finality of the Judgment or delay the Settlement of the Actions. In addition, the Court finds that an appeal of this Judgment should not operate to delay distribution of monies to interested investors pursuant to the Stipulation and/or Plans of Allocation, given that any such delay could cause further hardship to investors.

10. In light of all the relevant circumstances, and in light of the factors appearing from the moving and reply papers, the Court expressly finds and determines that no just reason exists for delay in entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the Stipulation and separately with respect to this Judgment. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith pursuant to Rule 54(b).

11. The Court also finds and declares, in accordance with the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), that: (i) the notice and hearing regarding Plaintiffs' State and Securities Law Counsels' "Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Awards to State Law and Securities Plaintiffs" were fair, adequate, reasonable, and consistent with this Court's prior Notice Order; (ii) the attorneys' fees, expense reimbursements, and Plaintiff awards are fair, adequate and reasonable; and (iii) Settlement Class Counsel may allocate such fees, reimbursements, and awards according to the terms of this Order and the Stipulation.

EC.45341.8

12.     The Court has considered the Objections made by various objectors and, to the extent not withdrawn, finds them to lack standing, be deficient and otherwise without merit and hereby determines that they are overruled.

SIGNED this 19th day of August, 2011

Honorable Thomas P. Griesa
UNITED STATES DISTRICT JUDGE

EC.45341.8