Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
2121 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 819-3470

John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Lead Counsel for Lead Plaintiffs and the Class*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 2:19-cv-10860-MCS (PLAx) |
| | **REPLY MEMORANDUM IN FURTHER SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| | Judge: Hon. Mark C. Scarsi |
| | Courtroom: 7C, 7th Floor |
| | Date: May 2, 2022 |
| | Time: 9:00 a.m. |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

I.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES ........................................................................................... 2

    A.  The Court-Approved Notice Program ....................................................... 2

    B.  The Reaction of the Class Supports Approval of the Settlement and Plan of Allocation ............................................................. 4

    C.  The Reaction of the Class Supports Approval of the Fee and Expense Request ................................................................................ 5

II.   MR. HAYES'S OBJECTION SHOULD BE REJECTED ............................ 5

    A.  Mr. Hayes's Objection to the Plan of Allocation Should be Rejected ..................................................................................................... 6

    B.  Mr. Hayes's Objection to the Motion for Attorney's Fees Should be Rejected ................................................................................... 9

    C.  Mr. Hayes Is Not a Typical *Pro Se* Litigant, But a Serial Objector .................................................................................................... 9

CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

CASES                                                                                    PAGE(S)

*Asghari v. Volkswagen Grp.*,
   2015 WL 12732462 (C.D. Cal. May 29, 2015).......................................................9

*In re Bank of Am. Corp. Sec. Litig.*,
   2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010).........................................................8

*In re Bank of Am. Corp. Sec. Litig.*,
   2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011)......................................................8

*Boyd v. NovaStar Fin., Inc.*,
   2007 WL 2026130 (W.D. Mo. July 9, 2007)........................................................8

*In re Extreme Networks, Inc. Sec. Litig.*,
   2019 WL 3290770 (N.D. Cal. July 22, 2019).......................................................4

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   2013 WL 4399215 (S.D.N.Y. Aug. 13, 2013) .......................................................8

*Hayes v. Genesis Health Ventures, Inc.*,
   362 B.R. 657 (D. Del. 2007) ...............................................................................10

*Hayes v. Harmony Gold Mining Co.*,
   509 F. App'x 21 (2d Cir. 2013).........................................................................10

*Hayes v. Harmony Gold Mining Co.*,
   No. 13-635, Order (2d Cir. Dec. 16, 2013), ECF No. 141..................................10

*Hefler v. Wells Fargo & Co.*,
   2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ..................................................4, 5

*In re Initial Pub. Offering Sec. Litig.*,
   728 F. Supp. 2d 289 (S.D.N.Y. 2010).................................................................10

*Kim v. Tinder, Inc.*,
   2022 WL 1051851 (C.D. Cal. Mar. 4, 2022) ........................................................4

*In re Lidoderm Antitrust Litig.*,
   2018 WL 4620695 (N.D. Cal. Sept. 20, 2018) .....................................................9

REPLY MEMORANDUM
CASE NO. 2:19-cv-10860-MCS (PLAx)

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ...............................................................................4

*In re New Oriental Educ. & Tech. Grp. Sec. Litig.*,
   293 F.R.D. 483 (S.D.N.Y. 2013) ...............................................................................8

*Nguyen v. Radient Pharms. Corp.*,
   2014 WL 1802293 (C.D. Cal. May 6, 2014) .........................................................6

*In re Nuvelo, Inc. Sec. Litig.*,
   2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011)...............................................5

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005)........................................................................................5

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009)......................................................................................4

*Waldbuesser v. Northrop Grumman Corp.*,
   2017 WL 9614818 (C.D. Cal. Oct. 24, 2017).........................................................5

*Wong v. Accretive Health, Inc.*,
   773 F.3d 859 (7th Cir. 2014).....................................................................................10

*In re WorldCom, Inc. Sec. Litig.*,
   2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004).......................................................8

iii

Lead Plaintiffs DeKalb County Employees Retirement System and New Orleans Employees' Retirement System ("Lead Plaintiffs") and Lead Counsel respectfully submit this memorandum of law in further support of (i) Lead Plaintiffs' motion for final approval of the Settlement and approval of the proposed Plan of Allocation (ECF No. 147); and (ii) Lead Counsel's motion for attorneys' fees and Litigation Expenses (ECF No. 148) (together, the "Motions").[1]

## PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $98,000,000. As detailed in Lead Plaintiffs' opening papers (ECF Nos. 147-49), the Settlement is the product of hard-fought litigation, extensive discovery, and arm's-length settlement negotiations that involved a mediation process overseen by a former federal judge. The Settlement represents an excellent result for the Class in comparison to the recovery that could reasonably be expected to be obtained through trial, the substantial challenges that Lead Plaintiffs would have faced in proving liability and establishing loss causation and damages, and the costs and delays of continued litigation.

The deadline for objecting or requesting exclusion from the Class has passed. The reaction of the Class confirms that the proposed Settlement is an outstanding result for Class Members. Following an extensive Court-approved notice program— including the mailing of more than 194,000 copies of the Notice to potential Class Members and nominees—only one objection has been received.

That objection is addressed only to the proposed Plan of Allocation and the fee motion, not to the approval of the Settlement itself. As discussed below, the objection is without merit. In addition, only 12 requests for exclusion from the Class have been received. The requests for exclusion collectively represent less than

[1] Unless otherwise noted, capitalized terms have the meaning set forth in the Stipulation and Agreement of Settlement (ECF No. 143-1).

0.00002% of the estimated number of damaged Mattel shares purchased during the Class Period—a tiny percentage of the Class.  Notably, although institutional investors held the vast majority of the Mattel common stock outstanding during the Class Period, no institutional investor has requested exclusion or submitted an objection.  The absence of any objection or request for exclusion by these sophisticated class members is additional evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and the fee and expense request.

## I.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A.    The Court-Approved Notice Program

Pursuant to the Court's Preliminarily Approval Order (ECF No. 146), the Claims Administrator, JND Legal Administration ("JND"), conducted a robust notice program under Lead Counsel's supervision. The notice program included mailing over 194,000 Notice Packets to potential Class Members and nominees, publishing the Summary Notice in *The Wall Street Journal* and over the *PR Newswire*, and establishing a website, www.MattelSecuritiesLitigation.com, which provides copies of the Notice, Claim Form, and other information and documents.

The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $1,500,000.  *See* Notice ¶¶ 5, 60.  The Notice also advised Class Members of their right to request exclusion from the Class or to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses by the deadline of April 11, 2022.  *See* Notice at p. 3.

JND began mailing the Notice and Claim Form (together, the "Notice Packet") to potential Class Members on February 4, 2022.  *See* Segura Decl. (ECF No. 149-3), at ¶¶ 3-6.  As of April 22, 2022, JND had mailed a total of 194,424 Notice Packets

to potential Class Members and nominees.  *See* Supplemental Declaration of Luiggy Segura ("Supp. Segura Decl.") (Ex. 1), at ¶ 2.[2]  On March 28, 2022, two weeks prior to the objection deadline, Lead Plaintiffs and Lead Counsel filed their opening papers in support of the instant Motions.  These papers were immediately available on the public docket (ECF Nos. 147-49) and were made available on the settlement website and Lead Counsel's website the following day.  *See* Supp. Segura Decl. ¶ 3.

Following this extensive notice program, just one Class Member has submitted an objection (ECF No. 151), which is discussed in Part II below.  In addition, only twelve requests for exclusion have been received, all submitted by individual investors or individual or family trusts.  Of the twelve requests for exclusion received, two state that no shares of Mattel common stock were purchased during the Class Period (and thus the persons requesting exclusion were not members of the Class); five did not provide any information about the Mattel shares purchased during the Class Period (so it is not possible to tell if these individuals were Class Members or not); and another three requests indicated that the shares were sold before the August 8, 2019 corrective disclosure (and thus, these individuals are not Class Members because they were not "damaged" by the alleged misconduct).  The final two requests for exclusion indicate the persons requesting exclusion collectively held a total of 52.61 shares of Mattel but did not provide details on the timing of those purchases.[3]  Assuming that all of those shares were purchased during the Class Period and held until after the corrective disclosure, these opt-outs would nonetheless represent less than 0.00002% of the total number of allegedly damaged Mattel shares.

---

[2]  References to "Ex. __" in this memorandum refer to exhibits to the Supplemental Declaration of John Rizio-Hamilton, filed herewith.

[3]  Although certain of the requests for exclusion did not provide all of the information about the requestors' transactions in Mattel common stock required by the Notice and Preliminary Approval Order, Lead Plaintiffs respectfully request that the Court approve all of the requests for exclusion, despite any such deficiencies.

**B.    The Reaction of the Class Supports Approval of the Settlement and Plan of Allocation**

The Class's reaction to the proposed Settlement has been extremely favorable. The fact that only one objection was received after mailing of the Notice to over 194,000 potential Class Members supports approval of the Settlement. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (affirming as "a favorable reaction to the settlement" the submission of 54 objections relative to 376,301 notices); *Kim v. Tinder, Inc.*, 2022 WL 1051851, at *11 (C.D. Cal. Mar. 4, 2022) (where there were two objections and 979 opt-outs following notice to 240,000 class members, the Court found that "[t]he extremely low number of Class Members either opting out or objecting to the Amended Settlement, indicates significant overall support for the Amended Settlement and strongly supports final approval"); *see also Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (the "absence of a large number of objections" raises a "strong presumption" that the settlement terms are "favorable to the class members").

Moreover, institutional investors held the vast majority of outstanding shares of Mattel common stock during the Class Period.  Many of these institutions have substantial financial interests in this Action, have legal departments to review the proposed Settlement, and have objected to settlements in other cases.  The absence of *any* objections or requests for exclusion from these sophisticated investors with ample means and incentive to object to the Settlement provides further evidence of the Settlement's fairness.  *See, e.g., In re Extreme Networks, Inc. Sec. Litig.,* 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *9 (N.D. Cal. Dec. 18, 2018) ("[T]hat not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness.").

### C.   The Reaction of the Class Supports Approval of the Fee and Expense Request

The reaction of the Class should also be considered with respect to Lead Counsel's motion for attorneys' fees and Litigation Expenses.  The receipt of just one objection to the fee motion—which , as discussed below, is meritless—supports a finding that the requested fees and expenses are fair and reasonable.  *See, e.g., Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at *5 (C.D. Cal. Oct. 24, 2017) (finding that receipt of two objections to the fee, after mailing 210,000 notices, was "remarkably small given the wide dissemination of notice," and justified a fee award of one-third of settlement fund); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011) (finding one objection to the fee request to be "a strong positive response from the class, supporting an upward adjustment of the benchmark" fee award).

Additionally, "[a]s with the Settlement itself, the lack of objections from institutional investors who presumably had the means, the motive, and the sophistication to raise objections weighs in favor of approval" of the requested attorneys' fees.  *Wells Fargo*, 2018 WL 6619983, at *15; *see also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of request).

## II.   MR. HAYES'S OBJECTION SHOULD BE REJECTED

The sole objection received was submitted by James J. Hayes.  *See* ECF No. 151 ("Objection").  In the Objection, Mr. Hayes raises no objection to approval of the Settlement itself.  He argues that the Plan of Allocation is unfair because it provides compensation to Class Members who purchased Mattel shares prior to 2019 and does not provide any compensation to traders in Mattel options.  Objection at 1-2.  Mr. Hayes also contends that the attorneys' fees requested by Lead Counsel are

excessive.  *Id*. at 2.  As discussed below, Mr. Hayes's Objection is without merit and should be rejected.

### A.    Mr. Hayes's Objection to the Plan of Allocation Should be Rejected

Mr. Hayes argues that the proposed Plan of Allocation is not fair or reasonable because—in his view—it should have: (a) precluded any recovery for Class Members who purchased Mattel common stock before 2019; (b) provided the greatest level of recovery for Class Members who purchased immediately before the corrective disclosure on August 8, 2019; and (c) provided compensation to purchasers of Mattel call options and sellers of Mattel put options.  Objection at 1-2.

This objection is without merit.  A plan of allocation "need only have a reasonable, rational basis."  *Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014).  The Plan of Allocation proposed by Lead Plaintiffs has a rational basis because it tracks the allegations made in the Complaint, the scope of the certified Class, and Lead Plaintiffs' damages expert's analysis as to loss causation and damages.[4]  The Plan is based on Lead Plaintiffs' claims that: (a) beginning on August 2, 2017, Defendants made material misstatements and omissions concerning Mattel's internal controls and financial statements; (b) these misstatements and omissions caused the price of Mattel common stock to be inflated during the entire Class Period; and (c) the inflation continued until Mattel's disclosure, after the close of trading on August 8, 2019, that it had received a whistleblower letter, which caused Mattel's stock price to decline.  Consistent with those claims, all claimants who purchased during the Class Period, and held their shares until after the corrective disclosure, are eligible to recover under the Plan.

In contrast, Mr. Hayes's alternative Plan of Allocation is not consistent with

---

[4] The proposed Plan of Allocation is set out in Appendix A to the Notice (ECF No. 149-3, at pp. 23-27).

the claims alleged in the Action or the certified Class. His alternative Plan would deny any recovery for investors who purchased Mattel common stock from August 2, 2017 through the end of 2018 (*i.e.*, for more than two-thirds of the Class Period), even if those investors held their shares through August 8, 2019 and were damaged by the alleged corrective disclosure. This would be improper. Investors who purchased their Mattel shares after Defendants' alleged misstatements at the start of the Class Period and who continued to hold those shares until after the corrective disclosure were harmed in the same way as investors who purchased closer to the corrective disclosure date. There is no reason why investors who purchased their shares earlier in the Class Period should be denied recovery. And there is no reason why investors who purchased closer to the corrective disclosure date should be entitled to a greater recovery than investors who purchased their shares sooner after the alleged misstatements and omissions had entered the market. Mr. Hayes does not offer an explanation—nor is there one—for why the price of Mattel's stock did not become artificially inflated until 2019, given that the tax accounting error and concealment of that error occurred in 2017 and remained uncorrected until the end of the Class Period. (We note that Mr. Hayes's sole purchase of Mattel common stock during the Class Period occurred in February 2019 (ECF No. 151, at 1, 4), which may account for his preference that only 2019 purchasers benefit from the Settlement.)

Mr. Hayes's argument that Plan of Allocation is unfair because it does not provide any compensation for holders of options on Mattel stock is similarly without merit. The Class certified by the Court includes only purchasers or acquirors of Mattel common stock—it does not include traders in options or any other securities. ECF No. 137, at 15. Thus, as is appropriate, the Settlement benefits only Class Members, and the Plan of Allocation allocates compensation to Class Members based on their purchases or acquisitions of Mattel common stock, not any other securities. *See* Notice ¶ 58; Plan ¶¶ 8, 17.

REPLY MEMORANDUM
CASE NO. 2:19-cv-10860-MCS (PLAx)

It is well established that the lead plaintiffs in a securities class action have the sole authority to determine what claims to assert on behalf of the Class, and that this authority includes the discretion to assert claims on behalf of certain securities and not others. *See, e.g., In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 486-88 (S.D.N.Y. 2013) (optionholder could not require lead plaintiff to assert claims on behalf of options); *In re Bank of Am. Corp. Sec. Litig.*, 2011 WL 4538428, at *2 (S.D.N.Y. Sept. 29, 2011) (holding that lead plaintiffs had discretion to bring claims only on behalf of common stockholders, and not optionholders, and stating that a lead plaintiff has "the authority and discretion to determine which claims to pursue"); *In re WorldCom, Inc. Sec. Litig.*, 2004 WL 2591402, at *10, 15 (S.D.N.Y. Nov. 12, 2004) (rejecting an objection to a settlement which "request[ed] that the definition of the Class be expanded to include sellers of default swaps").[5]

Moreover, consistent with the definition of the Class, the "Released Plaintiffs' Claims" under the Settlement are limited to claims "that relate to the purchase or acquisition of Mattel common stock during the Class Period." Stipulation ¶ 1(qq). Thus, Mr. Hayes is free to bring his own action asserting claims on other securities if he wishes to do so. *See, e.g., Bank of America*, 2010 WL 1438980, at *2-3 (purchasers of options could not require lead plaintiffs to expand the class, but were "free to pursue their claims as individual cases"); *Boyd v. NovaStar Fin., Inc.*, 2007 WL 2026130, at *3 & n.2 (W.D. Mo. July 9, 2007) (noting that class action seeking recovery for purchasers of common stock had excluded purchasers of options, but that purchasers of options could file their own lawsuits). Such options traders

---

[5] *See generally In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 2013 WL 4399215, at *3 (S.D.N.Y. Aug. 13, 2013) (courts "have consistently held that a lead plaintiff has the sole authority to determine what claims to pursue on behalf of the class"); *In re Bank of Am. Corp. Sec. Litig.*, 2010 WL 1438980, at *1-2 (S.D.N.Y. Apr. 9, 2010) ("in a securities class action, a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class").

therefore suffer no prejudice, and have no basis to object to the Settlement or Plan of Allocation.

### B. Mr. Hayes's Objection to the Motion for Attorney's Fees Should be Rejected

Mr. Hayes also objects to Lead Counsel's motion for attorneys' fees. Objection at 2. However, other than a generalized objection that the requested fee is "excessive under the circumstances," *id.*, Mr. Hayes does not articulate any specific factual reasons why the fee is excessive or cite any authority supporting his objection. Such generalized objections are rejected. *See Asghari v. Volkswagen Grp.*, 2015 WL 12732462, at *29-30 (C.D. Cal. May 29, 2015) (rejecting objections to fees that "do not articulate why the requested fees are excessive or unreasonable"); *In re Lidoderm Antitrust Litig.*, 2018 WL 4620695, at *5 (N.D. Cal. Sept. 20, 2018) (rejecting as "conclusory" an objection that contended that class counsel's requested fees were too high, but did "not cite any record evidence or legal authority").

Instead, Mr. Hayes's objection to the fee request reiterates his previously discussed objections to the Plan of Allocation. Mr. Hayes contends that the fee is excessive because he believes that Lead Counsel erred in arguing that the Class Period should begin on August 2, 2017 (rather than in 2019) and in not including optionholders in the class. Objection at 2. As discussed above, these arguments are without merit, and provide no basis for concluding that the fee requested is excessive.

On the contrary, as discussed in detail in Lead Counsel's initial papers, the requested fee of 25% of the Settlement Fund is consistent with the benchmark fee award in this Circuit, and fair and reasonable under all the circumstances.

### C. Mr. Hayes Is Not a Typical *Pro Se* Litigant, But a Serial Objector

While Mr. Hayes is not an attorney, he should not be afforded the leeway typically afforded to *pro se* litigants because he has a substantial track record in bringing objections to class action settlements—including, unfortunately, many frivolous objections. Mr. Hayes has been sanctioned for doing so. *See Hayes v.*

*Harmony Gold Mining Co.*, No. 13-635, Order at 2 (2d Cir. Dec. 16, 2013) (imposing "leave-to-file" sanction on Hayes for "continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers") (Ex. 2); *Hayes v. Genesis Health Ventures, Inc.*, 362 B.R. 657, 662 (D. Del. 2007) (affirming sanctions imposed on Hayes, noting that he presented the "quintessential case for the application of sanctions" due to his "bad faith" and "unreasonable and vexatious litigation").[6]

Because of his substantial history in bringing similar objections, Mr. Hayes need not be afforded the leniency that would normally be afforded a *pro se* litigant. *See, e.g., Wong v. Accretive Health, Inc.*, 773 F.3d 859, 861 n.1 (7th Cir. 2014) ("Despite Hayes's *pro se* status, he is an experienced litigator."); *Hayes v. Harmony Gold Mining Co.*, 509 F. App'x 21, 23 n.1 (2d Cir. 2013) (declining to consider waived argument despite customary solicitude offered to *pro se* litigants because Hayes is "a frequent class action objector and appellant").

## CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the motion for attorneys' fees and expenses. Copies of the proposed (i) Judgment Approving Class Action Settlement; (ii) Order Approving Plan of Allocation of Net Settlement Fund; and (iii) Order Awarding Attorneys' Fees and Litigation Expenses are attached to the Supplemental Rizio-Hamilton Declaration as Exhibits 4, 5, and 6, respectively.

---

[6] Mr. Hayes has sought to profit from his class-action objections and appeals by seeking payments from class counsel in exchange for agreeing to withdraw his objections or appeals. *See In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 294 (S.D.N.Y. 2010) (finding Hayes to be a "serial objector" who had withdrawn an objection to a class settlement in exchange for payment to himself and a related organization). Mr. Hayes has been quoted as saying, "'Even a frivolous appeal will prevent' an immediate payout. . . . 'So they're usually willing to settle for some payment.'" David Golvin, *'Vexatious' Geologist Makes Class-Action Fights His Business*, Bloomberg, Nov. 10, 2011, at 4 (Ex. 3).

REPLY MEMORANDUM
CASE NO. 2:19-cv-10860-MCS (PLAx)

Dated:  April 25, 2022                    Respectfully submitted,

                                          **BERNSTEIN LITOWITZ BERGER**
                                          **  & GROSSMANN LLP**

                                          */s/ John Rizio-Hamilton*
                                          John Rizio-Hamilton (admitted *pro hac vice*)
                                          johnr@blbglaw.com
                                          1251 Avenue of the Americas
                                          New York, New York 10020
                                          Telephone: (212) 554-1400
                                          Facsimile: (212) 554-1444

                                          Jonathan D. Uslaner (Bar No. 256898)
                                          jonathanu@blbglaw.com
                                          Richard D. Gluck (Bar No. 151675)
                                          rich.gluck@blbglaw.com
                                          Lauren M. Cruz (Bar No. 299964)
                                          lauren.cruz@blbglaw.com
                                          2121 Avenue of the Stars, Suite 2575
                                          Los Angeles, CA 90067
                                          Telephone: (310) 819-3470

                                          *Lead Counsel for Lead Plaintiffs and the Class*

                                          Jacob A. Walker (SBN 271217)
                                          **BLOCK & LEVITON LLP**
                                          260 Franklin Street
                                          Suite 1860
                                          Boston, MA 02110
                                          Telephone: (617) 398-5600
                                          Facsimile: (617) 507-6020
                                          jake@blockleviton.com

                                          *Additional Counsel for Additional Named*
                                          *Plaintiff Houston Municipal Employees*
                                          *Pension System*

REPLY MEMORANDUM
CASE NO. 2:19-cv-10860-MCS (PLAx)

## CERTIFICATE OF SERVICE

I certify that, on April 25, 2022, I caused the foregoing Reply Memorandum in Further Support of (I) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and (II) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses to be served on all counsel of record via the ECF filing system and on the following individual by FedEx overnight delivery service:

James J. Hayes
4024 Estabrook Drive
Annandale, VA 22003

Date:  April 25, 2022

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton

REPLY MEMORANDUM
CASE NO. 2:19-cv-10860-MCS (PLAx)