# Exhibit 2

S.D.N.Y.-N.Y.C.
08-cv-3653
Jones, J.

# United States Court of Appeals
FOR THE
## SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand thirteen.

Present:
> Robert A. Katzmann,
> > *Chief Judge,*
> Dennis Jacobs,
> Rosemary S. Pooler,
> > *Circuit Judges.*

_____

James J. Hayes, individually,
on behalf of all others similarly situated,

> *Plaintiff-Appellant*,

v.                                                                              13-635

Certified Class,

> *Plaintiff-Appellee*,

v.

Harmony Gold Mining Company Limited,

> *Defendant-Appellee*,

Bernard Swanepol, Nomfundo Qangule,

> *Defendants.*

_____

In July 2013, this Court granted the Appellees' construed motions for summary affirmance, denied the Appellees' motions for monetary sanctions, and warned Appellant that "the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers regarding appeals of class action securities fraud claims in the Harmony Gold litigation will result in the imposition of sanctions, which may include a leave-to-file sanction requiring Appellant to obtain permission from this Court prior to filing any further submissions in this Court." U.S.C.A. dkt. no. 13-635, doc. 107 (Motion Order).  Thereafter, Hayes moved for panel rehearing, and the Appellees moved again for monetary sanctions pursuant to Federal Rule of Appellate Procedure 38 and for the imposition of a leave-to-file sanction.

By order entered on October 16, 2013, Appellant was ordered to show cause, within 28 days of the entry of the order, why a leave-to-file sanction and a monetary sanction should not be imposed.  The Court deferred decision on the motions for sanctions pending Appellant's response.  *See id.*, doc. 136 (Motion Order).  Thereafter, Appellant filed an untimely response.

We find that the imposition of a leave-to-file sanction is appropriate, in light of Appellant's litigation history.  This Court's procedure for imposing leave-to-file sanctions generally involves three stages: (1) the court notifies the litigant that the filing of future frivolous appeals, motions, or other papers might result in sanctions, *see Sassower v. Sansverie*, 885 F.2d 9, 10 (2d Cir. 1989); (2) if the litigant continues to file frivolous appeals, motions, or other papers, the court orders the litigant to show cause why a leave-to-file sanction order should not issue, *see In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); and (3) if the litigant fails to show why sanctions are not appropriate, the court issues a sanctions order, *see Bd. of Managers for 2900 Ocean Ave. Condo. v. Bronkovi*, 83 F.3d 44, 45 (2d Cir. 1996) (*per curiam*).

Upon due consideration, it is hereby ORDERED that the motions are DENIED with respect to the request for monetary sanctions and GRANTED with respect to the request for the imposition of a leave-to-file sanction.  Furthermore, the Clerk of the Court is ORDERED to refuse to accept for filing any further papers from the Appellant regarding appeals of class action securities fraud claims in the Harmony Gold litigation unless he first obtains leave of the Court to file such papers.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

SAO-NS

2