# Exhibit 3

Case 2:19-cv-10860-MCS-PLA     Document 153-3     Filed 04/25/22     Page 2 of 7   Page ID #:4150

Markets

# 'Vexatious' Geologist Makes Class-Action Fights His Business

David Glovin
November 10, 2011 4:46 PM

James J. Hayes agreed to use $300,000 he was paid in a lawsuit settlement in 2008 to start a foundation to create "a more harmonious working relationship between shareholders and their advocates."

It hasn't worked out that way, according to subsequent legal opponents. Hayes is using the money to finance objections to settlements in class-action lawsuits involving companies whose shares he owns. Because a class action can't be settled without a judge's approval, his aim is to block a deal that he says isn't fair until lawyers change the accord's terms -- and pay him a fee.

"It's a vehicle I'm using in objecting," Hayes, 66, said in an interview about his foundation. "You can call it a business."

Hayes, a former geologist who never attended law school, won the $300,000 payment to his Foundation for Efficient Markets in March 2008 after objecting to a $3.2 billion settlement of a fraud suit against Tyco International Ltd.

Since then, he's pressed challenges to accords valued at more than $700 million in five other cases, delaying payouts to investors for as long as a year.

Hayes appeared today in federal court in Manhattan to oppose the settlement in a suit against Harmony Gold Mining Co. The company, based in Randfontein, South Africa, was accused of understating costs in public filings, to investors' detriment.

## IPO Case

Case 2:19-cv-10860-MCS-PLA    Document 153-3    Filed 04/25/22    Page 3 of 7    Page ID #:4151

In another pending case, Hayes objects to a $586 million accord in a suit in which dozens of underwriters including Credit Suisse Group AG were accused of rigging initial public offerings of technology companies in the 1990s.

Hayes rejected an offer of $300,000 to drop his objection, according to a person familiar with the case. Hayes declined to comment on the figure. He said he would accept $300,000 if the plaintiffs' lawyers changed the deal terms.

Plaintiffs' lawyers in the IPO case, in court papers seeking dismissal of Hayes's claims, called him "an unceasingly litigious, obdurately vexatious man with little regard for the merit of his arguments, his chances of success, or the inconvenience, expense and disruption he foists" upon others.

U.S. District Judge Shira Scheindlin, presiding over the case in New York, called Hayes a "serial objector."

Such objectors, who are usually lawyers representing clients, routinely appear in group lawsuits brought seeking to block a deal they say isn't fair.

## Changes, Delays

Sometimes their complaints spur changes, especially if they can argue that too much of the recovery is earmarked for lawyers' fees, said Edward Brunet, a professor at Lewis &

Case 2:19-cv-10860-MCS-PLA     Document 153-3     Filed 04/25/22     Page 4 of 7    Page ID #:4152

Clark Law School in Portland, Oregon. At other times, objectors achieve only delays, he said.

"They are very unpopular," Brunet said. "But it's a profitable business because there are these side deals."

Hayes said in interviews by phone and at a restaurant in Arlington, Virginia, that he isn't just after payments like the one he got in the Tyco case. Hayes said he's long been an advocate for shareholder rights.

"I like to do well by doing good," he said. "I really want what everyone else says they want -- fairness in class actions."

Since the mid-1980s, he has been filing suits, objecting to settlements and organizing investors to oppose what he called undervalued takeovers.

## Sued by SEC

The Securities and Exchange Commission sued Hayes and a partner in 1984 for misleading investors whom they urged to reject an acquisition. Hayes settled without admitting or denying wrongdoing.

In the Tyco suit, over claims the company defrauded investors, Hayes objected to the settlement calling it inadequate and unfair.

He dropped his objection after lawyers paid $300,000 to his new foundation and $80,000 to him and his lawyer, according to court papers. In the Tyco settlement, Hayes said his foundation had tax-exempt status. Hayes said in an interview that the foundation wasn't tax exempt.

Hayes attributes his success in the Tyco case to the specter of a lengthy appeal delaying settlement payments including $464 million in attorneys' fees.

He's using a similar strategy in the IPO case, in which he was among six objector groups. Others settled, he said. They received a total of $1.7 million, according to the person familiar with the case who didn't want to be identified because the payments weren't public.

## Two-Year Delay

"I've already delayed -- I won't say 'I' -- it's already been delayed for two years," Hayes said.

If successful in the appeals court, Hayes's objection may scuttle the entire IPO settlement, he said. He believes the agreement provides money to undeserving investors while shortchanging those who were truly harmed.

"Even a frivolous appeal will prevent" an immediate payout, he said. "So they're usually willing to settle for some payment."

Jay Eisenhofer, a plaintiffs' lawyer in the Tyco case, didn't return calls about the payment to Hayes's foundation. Victoria Harmon, a spokeswoman for Zurich-based Credit Suisse, declined to comment on Hayes's role in the IPO case.

Howard Sirota, one of the lead plaintiffs' lawyers in the IPO case, filed in 2001, said investors "have been delayed an additional two years by a sometimes extortionate objector."

## Eager for Fees

Plaintiffs' lawyers, Hayes said, are so eager to settle and collect their fees that they'll reach deals that don't benefit investors.

Hayes hasn't won any of his other challenges, though not for a lack of trying. When he's not playing bridge, the Kansas-born self-taught litigator spends his days at the

Case 2:19-cv-10860-MCS-PLA    Document 153-3    Filed 04/25/22    Page 6 of 7   Page ID #:4154

George Mason Law School library in Arlington, Virginia, near his home, researching arguments for legal briefs.

"This has completely absorbed my life," Hayes, hearty and slightly stooped, said of his of vocation. "I'll think of issues that nobody else sees."

Hayes today asked U.S. District Judge Barbara Jones in New York to schedule a hearing at which he could question an expert the plaintiffs used to help arrive at the Harmony settlement figure, $9 million.

Hayes argued the money represents 10 percent of investors' losses and should be closer to $30 million. Harmony's lawyers said it's about 16 percent and represents a "concrete benefit" for investors.

## Settlement Approved

The judge rejected Hayes's request and approved the accord.

"Even 10 percent is an excellent return," she said.

U.S. Judge Judith Wizmur in 2006 fined Hayes $20,000 for "unreasonable and vexatious" litigation when he challenged the bankruptcy settlement of a Genesis Health Ventures Inc. case in Delaware.

Hayes hired an art student to draw cartoons he submitted to the judge with what he called ideas for "a viable alternative," according to court records. One drawing depicted the judge handing out what the artist called "Judge Judy dollars."

"Mr. Hayes has turned the system inside and out," Wizmur said in court. He keeps "coming back to the same issue," the judge said, "the same party, the same issue, the same response."

Hayes said the sanction reflects the judiciary's bias against laymen who act as lawyers. As to his persistence, he said he's just as zealous as someone with a law license.

## Private Investigator

What upsets him, he said, is a private investigator who he said was set upon him by the plaintiffs' lawyers in the IPO case.

The investigator asked Hayes's bridge partner of 30 years where he could find Hayes's next of kin in case "something happened" to him, Hayes wrote in a Nov. 3 court filing in which he alleged "threats and intimidation."

Sirota, the plaintiffs' lawyer who hired the investigator, said it was "perfectly reasonable" to probe Hayes's foundation, and that he wasn't threatened.

The IPO lawyers, Sirota said, simply want Hayes "to take the money and go away -- essentially what he did in Tyco."

The Tyco case is In Re Tyco Securities Litigation, 1:02-md-01335, U.S. District Court, District of New Hampshire (Concord). The IPO case is In Re Initial Public Offering Securities Litigation, 1:21-mc-00092, U.S. District Court, Southern District of New York (Manhattan).

*(Updates with today's hearing in sixth, 30th paragraphs.)*

Terms of Service

Trademarks Privacy Policy

©2018 Bloomberg L.P. All Rights Reserved

Careers Made in NYC Advertise Ad Choices    Contact Us Help