# Exhibit 4

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 19-CV-10860-MCS (PLAx)<br><br>**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, a securities class action is pending in this Court entitled *In re Mattel, Inc. Securities Litigation*, Case No. 19-cv-10860-MCS (PLA) (the "Action");

WHEREAS, on October 6, 2021, the Court issued an Order certifying a class consisting of all persons and entities who purchased or otherwise acquired the common stock of Mattel from August 2, 2017 to August 8, 2019, inclusive, and who were damaged thereby (the "Class"). The Court also certified a subclass (the "PwC Subclass") consisting of all persons and entities who purchased or otherwise acquired the common stock of Mattel from February 27, 2018 to August 8, 2019, inclusive, and who were damaged thereby;[1]

WHEREAS, (a) DeKalb County Employees Retirement System and New Orleans Employees' Retirement System (together, "Lead Plaintiffs"), on behalf of themselves and the Class; and (b) Defendants Mattel, Inc. ("Mattel" or the "Company"), Margaret H. Georgiadis, Joseph J. Euteneuer, and Kevin Farr (collectively, with Mattel, the "Mattel Defendants"), PricewaterhouseCoopers LLP ("PwC"), and Joshua Abrahams (collectively with the Mattel Defendants and PwC, "Defendants") have entered into a Stipulation and Agreement of Settlement dated November 23, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

---

[1] Excluded from the Class and PwC Subclass are Defendants Mattel, Inc., Margaret H. Georgiadis, Joseph J. Euteneuer, Kevin Farr, PricewaterhouseCoopers LLP, and Joshua Abrahams; the officers, directors, and affiliates of Defendants; members of Defendants' Immediate Families and their legal representatives, heirs, successors or assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class and PwC Subclass are the persons or entities listed on Exhibit 1 hereto, who or which are excluded pursuant to request.

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated January 18, 2022 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on May 2, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on

2

November 24, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on March 28, 2022.

3. **<u>Notice</u>** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules. The Court further finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

4. **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all

[PROPOSED] JUDGMENT APPROVING
CLASS ACTION SETTLEMENT
Case No. 19-CV-10860-MCS (PLAx)

respects, fair, reasonable and adequate to the Class and PwC Subclass. Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Class and PwC Subclass; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

7. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

[PROPOSED] JUDGMENT APPROVING
CLASS ACTION SETTLEMENT
Case No. 19-CV-10860-MCS (PLAx)

(a)    Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b)    Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

8.    Notwithstanding paragraphs 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

[PROPOSED] JUDGMENT APPROVING
CLASS ACTION SETTLEMENT
Case No. 19-CV-10860-MCS (PLAx)

9. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet and the Stipulation, or the approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was, could have been, or could in the future be asserted or the deficiency of any defense that has been, could have been, or could in the future be asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their

[PROPOSED] JUDGMENT APPROVING
CLASS ACTION SETTLEMENT
Case No. 19-CV-10860-MCS (PLAx)

claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, arbitration, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

11.     **Bar Order** – The Court hereby enters a bar order consistent with the full extent of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(f)(7)(A), barring all future claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Lead Plaintiffs or Class Members) among and against Lead Plaintiffs, any and all Class Members, and the Defendants' Releasees arising out of the Action and Released Claims ("Bar Order"), provided, however, that the Bar Order shall not preclude either (i) Defendants' Releasees from seeking to enforce any rights they may have under any

[PROPOSED] JUDGMENT APPROVING
CLASS ACTION SETTLEMENT
Case No. 19-CV-10860-MCS (PLAx)

applicable insurance policies, or (ii) any right of indemnification or contribution that the Individual Defendants may have under contract or otherwise.

12.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including enforcement of the permanent injunctions included therein; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no

[PROPOSED] JUDGMENT APPROVING
CLASS ACTION SETTLEMENT
Case No. 19-CV-10860-MCS (PLAx)

further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on October 28, 2021, as provided in the Stipulation.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Mark C. Scarsi
United States District Judge

9

[PROPOSED] JUDGMENT APPROVING
CLASS ACTION SETTLEMENT
Case No. 19-CV-10860-MCS (PLAx)

**Exhibit 1**

1.    Carollee E. Brue
      Brodheadsville, PA

2.    Barbara Buchanan
      Etowah, NC

3.    Emily M. Clayton, Trustee
      Bosque Farms, NM

4.    Bruce A. Dauzat
      Leesville, LA

5.    Roger D. Deminna
      Salem, OR

6.    Cynthia A. Hach
      Mazomanie, WI

7.    Steven J. Hermsen
      Hudson, WI

8.    James J. Loftus & Maryann Loftus Trust 10/23/2015
      Loftus Living Trust
      Bowie, MD

9.    Julio A. Lopez
      Pembroke Pines, FL

10.   Estate of Linda Susan Luckjohn
      by Larry L. Luckjohn
      Jackson, WI

11.   Charles L. Kersey
      Las Vegas, NV

12.   Joshua S. Mayer
      Colorado Springs, CO