# Exhibit 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 2:19-cv-10860-MCS (PLAx) |
| | **[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| | Judge:         Hon. Mark C. Scarsi |
| | Courtroom:  7C, 7th Floor |
| | Date:          May 2, 2022 |
| | Time:          9:00 a.m. |

This matter came on for hearing on May 2, 2022 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 23, 2021 (ECF No. 143-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3. Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund, net of Litigation Expenses, or $24,213,013 (plus interest on that amount at the same rate as earned by the Settlement Fund), as well as $1,139,330.73 in payment of Plaintiffs' Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

[PROPOSED] ORDER AWARDING
ATTORNEYS' FEES AND
LITIGATION EXPENSES
Case No. 2:19-cv-10860-MCS (PLAx)

4.    In making this award of attorneys' fees and payment of expenses from the Settlement Fund, the Court has considered and found that:

(a)    The Settlement has created a fund of $98,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)    The requested fee has been reviewed and approved as reasonable by Lead Plaintiffs, which are sophisticated institutional investors that actively supervised the Action;

(c)    Copies of the Notice were mailed to over 194,000 potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for Litigation Expenses in an amount not to exceed $1,500,000;

(d)    One objection to the motion for attorneys' fees was received from objector James J. Hayes, and the Court hereby overrules the objection;

(e)    Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(f)    The Action raised a number of complex issues;

(g)    Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

(h)    Plaintiffs' Counsel devoted over 18,600 hours, with a lodestar value of approximately $9 million, to achieve the Settlement; and

(h)    The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

2

[PROPOSED] ORDER AWARDING
ATTORNEYS' FEES AND
LITIGATION EXPENSES
Case No. 2:19-cv-10860-MCS (PLAx)

5.      Lead Plaintiff DeKalb County Employees Retirement System is hereby awarded $5,515.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

6.      Lead Plaintiff New Orleans Employees' Retirement System is hereby awarded $3,100.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9.      Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed

SO ORDERED this _____ day of _____, 2022.


_____
The Honorable Mark C. Scarsi
United States District Judge

[PROPOSED] ORDER AWARDING
ATTORNEYS' FEES AND
LITIGATION EXPENSES
Case No. 2:19-cv-10860-MCS (PLAx)