# Exhibit A

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
2121 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 819-3470

John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Lead Counsel for Lead Plaintiffs and the Class*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| *In re Mattel, Inc. Securities Litigation* | Case No. 2:19-cv-10860-MCS (PLAx) <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY** |

In light of the Court's questions and comments at yesterday's final approval hearing, Lead Counsel respectfully submits this Notice of Supplemental Authority to: (1) alert the Court to a recent fee decision in the Northern District of California, and (2) provide supporting authority and documents referenced at the hearing.

Attached as **Exhibit 1** is *Maldonado v. Apple, Inc.*, No. 3:16-cv-04067-WHO, slip op. (N.D. Cal. Apr. 29, 2022), ECF No. 340, a class action fee decision entered by Judge Orrick of the Northern District of California on Friday.  The decision awards a fee equal to approximately 28% of a $95 million class action settlement, representing a 3.5 multiplier of counsel's lodestar.  *Id*. at 2.  Attached as **Exhibit 2** is an excerpt from counsel's fee brief in *Maldonado* that sets out the settlement amount and counsel's lodestar.

This award comports with the approach set forth in our fee brief (ECF No.148 at 5-7, 13-15), where we cited established Ninth Circuit precedent holding that: (1) the fee analysis in common fund cases centers on the percentage of recovery method; (2) 25% is the "benchmark" for a fee award in securities class actions and other common fund cases (*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)); (3) the 25% "benchmark is 'presumptively reasonable,' and it should only be adjusted upward or downward for 'unusual circumstances'" (*In re Snap Inc. Sec. Litig.*, 2021 WL 667590, at *3 (C.D. Cal. Feb. 18, 2021)); and (4) the lodestar cross-check provides that multipliers within the range of 1 to 4 are typically awarded in securities litigation and other common fund cases (*see Vizcaino*, 290 F.3d at 1051 & n.6).

We respectfully submit that, under these principles, Lead Counsel's fee request should be granted because: (1) Lead Counsel achieved a recovery that materially surpasses the typical recovery in a securities class action (*see* ECF No. 149, at ¶¶79-80; ECF No. 147, at 9-11); (2) it is requesting only the benchmark fee; and (3) the requested multiplier of nearly 2.7 is almost exactly in the middle of the accepted range of 1 to 4, and is not in the high band of the range.

NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 19-cv-10860-MCS (PLAx)

The decisions cited in our papers reflect the important policy reasons for why Ninth Circuit law focuses primarily on the percentage method (and not the lodestar method) and uses 25% as an established benchmark, which we respectfully ask the Court to consider. *See Vizcaino*, 290 F.3d at 1050 (when the lodestar cross-check is applied, "the primary basis of the fee award remains the percentage method"). The percentage approach provides consistency and helps align the lawyers' interest with the class to produce an excellent result in an efficient manner—which is what Lead Counsel respectfully submits that it did here. *See Vinh Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) ("There are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market [and] aligning the lawyers' interests with achieving the highest award for the class members"). Focusing on lodestar can potentially create an unintended incentive for counsel to litigate less efficiently.

Finally, we attach certain documents referenced at the hearing for the Court's convenience. As the Court will recall, we stated that in *In re Brocade Sec. Litig.*, No. 05-cv-2042-CRB, slip op. (N.D. Cal. Jan. 26, 2009), ECF No. 496-1, the court awarded 25% of a $160 million settlement representing a 3.5 multiplier. We also stated that in *In re Int'l Rectifier Corp. Sec. Litig.*, No. 07-cv-02544-JFW, slip op. (C.D. Cal. Feb. 8, 2010), ECF No. 316, the court awarded 25% of a $90 million settlement, representing a 2.4 multiplier. The fee multipliers stated for these two cases are based on counsel's motion papers in those cases. Relevant excerpts are attached as **Exhibits 3 and 4**.

Separately, during our discussion of hourly rates at the hearing, we referenced bankruptcy fee applications submitted by the law firms that represented Defendants in this Action. We have attached excerpts of three such recent fee applications. Attached as **Exhibit 5** is an excerpt from a fee application of Munger, Tolles & Olson LLP, counsel for the Mattel Defendants, which shows its 2020 rates ranged from $920 to $1,500 for partners, $890 to $950 for of counsel; $490 to $860 for

associates, $405 to $490 for staff attorneys, and $345 to $395 for paralegals, and that they had an overall blended rate for all timekeepers in 2019-2020 of $727, as compared to $486 for Plaintiffs' Counsel in this case. *See In re PG&E Corp.*, No. 19-30088 (DM), Final Fee Application (Bankr. N.D. Cal. Aug. 31, 2020), ECF No. 8943, at Exs. C & D.

Attached as **Exhibit 6** is an excerpt from a fee application of WilmerHale, PwC's counsel in this Action, that shows 2021 rates ranging from $1,025 to $1,550 for partners, $825 to $1,040 for counsel, and $555 to $965 for associates, with an overall blended hourly rate of $703. *See In re Purdue Pharma L.P.*, No. 19-23649 (RDD), Final Fee Application (Bankr. S.D.N.Y. May 11, 2021), ECF No. 2843. Attached as **Exhibit 7** is an excerpt from a fee application of Paul Hastings, Defendant Abraham's counsel in this Action, that shows 2021 rates ranging from $1,400 to $1,600 for partners, $920 to $1,350 for of counsel, $765 to $1,035 for associates, and $495 for paralegals, with an overall blended hourly rate of $1,175. *See In re Cred Inc.*, No. 20-12836 (JTD), Sixth Monthly Fee Application (Bankr. D. Del. May 14, 2021), ECF No. 779. We respectfully submit that these rates support the reasonableness of Plaintiffs' Counsel's hourly rates.[1]

Dated: May 3, 2022                    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton (admitted *pro hac vice*)
johnr@blbglaw.com
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400

[1] We further submit that the summer associate time included in the lodestar for additional Plaintiff's Counsel Block & Leviton, LLP, which was less than $11,000 in total, would have no meaningful impact on the overall lodestar and multiplier in this case.

Facsimile: (212) 554-1444

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Richard D. Gluck (Bar No. 151675)
rich.gluck@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Lead Counsel for Lead Plaintiffs and the Class*

NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 19-cv-10860-MCS (PLAx)