# Exhibit 4

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS   (Bar No. 178428)
(blairn@blbglaw.com)
NIKI L. MENDOZA (Bar No. 214646)
(nikim@blbglaw.com)
BENJAMIN GALDSTON   (Bar No. 211114)
(beng@blbglaw.com)
JON F. WORM   (Bar No. 248260)
(jonw@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

BERMAN DeVALERIO
JOSEPH J. TABACCO, JR. (Bar No. 75484)
(jtabacco@bermandevalerio.com)
NICOLE LAVALLEE (Bar No. 165755)
(nlavallee@bermandevalerio.com)
KRISTIN J. MOODY (Bar No. 206326)
(kmoody@bermandevalio.com)
JULIE J. BAI (Bar No. 227047)
(jbai@bermandevalerio.com)
One California Street, Suite 900
San Francisco, CA 94111
Tel:   (415) 433-3200
Fax:   (415) 433-6382

*Attorneys for Co-Lead Plaintiffs General Retirement*
*System of the City of Detroit and Massachusetts*
*Laborers' Pension Fund*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTERNATIONAL RECTIFIER CORPORATION SECURITIES LITIGATION | Case No. CV 07-02544-JFW (VBKx)<br><br>MEMORANDUM OF LAW IN SUPPORT OF LEAD COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES<br><br>Date: February 8, 2010<br>Time: 1:30 p.m.<br>Courtroom: 16 |

## I.    INTRODUCTION

Lead Counsel succeeded in reaching a Settlement with Defendants in this securities fraud class action for $90 million in cash.[1]  The substantial monetary recovery obtained for the Class was achieved only after over two years of hard-found litigation and just six months prior to trial, through the skill, work, tenacity, and effective advocacy of plaintiffs' Lead Counsel.  As detailed in the accompanying Joint Declaration of Lead Counsel,[2] Lead Counsel's efforts included:  (i) conducting an extensive pre-filing investigation; (ii) locating and interviewing numerous former IRF employees and additional witnesses; (iii) completing an extensive review and analysis of IRF's Securities and Exchange Commission ("SEC") filings and other documents related to the alleged false and misleading statements as alleged in the Complaint, including analyst reports and press releases; (iv) preparing and filing the detailed amended consolidated complaint and the Second Amended Complaint; (v) opposing Defendants' successive motions to dismiss; (vi) retaining and consulting with experts; (vii) reviewing and analyzing over 2.6 million pages of documents produced by

---

[1] Defendants include International Rectifier Corporation ("IRF" or the "Company"), Alexander Lidow ("Alex Lidow"), Eric Lidow, and Michael P. McGee ("McGee").  Pursuant to the Court's Order Preliminarily Approving Settlement And Providing For Notice filed September 25, 2009 ("Preliminary Approval Order"), the Class is defined as follows:  all persons or entities who purchased or acquired the publicly traded securities of IRF from July 31, 2003 through February 11, 2008, inclusive, and who suffered damages as a result. Defendants and certain other individuals, as well as those who opt out of the Settlement, are excluded from the Class.  All terms not otherwise defined herein shall have the meaning given them in the Stipulation of Settlement ("Stipulation") dated September 22, 2009, and previously filed with the Court (Docket No. 290-1).

[2] "Joint Declaration" or "Joint Decl." refers to the Joint Declaration of Blair A. Nicholas and Nicole Lavallee In Support Of Motion For Final Approval Of Settlement And Plan Of Allocation, And Motion For An Award Of Attorneys' Fees And Reimbursement Of Expenses, submitted herewith.

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES
Case No. CV 07-02544-JFW (VBKx)

Defendants and third parties; (viii) briefing class certification and participating in depositions related thereto; (ix) preparing for numerous merits and expert depositions; and (x) preparing for and participating in an in-person mediation session and subsequent settlement discussions before an experienced mediator. *See* Joint Decl. ¶¶27-84; *see also* Declaration Of Layn R. Phillips ("Phillips Decl."), attached as Exhibit ("Ex.") B to the Joint Decl.

Lead Counsel undertook the prosecution of this action on an entirely contingent basis. As compensation for the efforts expended to achieve the recovery for the Class, Lead Counsel is applying for fees constituting 25% of the Settlement Fund, and for reimbursement of $680,339.03 in out-of-pocket expenses. The percentage fee requested was agreed to and approved by Lead Plaintiffs, both sophisticated institutional investor with experience in prosecuting securities class actions under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Joint Declaration Of Walter Stampor And Barry C. McAnarney In Support Of Class Action Settlement ("Lead Plaintiffs Decl."), ¶¶15-18, attached as Ex. A to the Joint Decl.

Furthermore, the requested fee percentage is equal to the 25% benchmark established by the Ninth Circuit. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002) (citing *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268 (9th Cir. 1989)). In addition, a lodestar cross-check affirms the reasonableness of the requested fee award. Lead Counsel devoted substantial resources to prosecuting this action for years, spending over 25,846.30 hours for a total lodestar of $9,502,492.25. *See* Joint Decl. Exs. E and F.

The reaction from Class Members further supports Lead Counsel's request for attorneys' fees and expenses. Beginning on October 9, 2009, the Court-approved Class Notice was sent to over 208,000 Class Members and informed them of Lead Counsel's proposed fee application. *See* Declaration Of Jennifer M.

Here, Lead Counsel's lodestar is $9,502,492.25. *See* Joint Decl. ¶107. Thus, Lead Counsel's request for an award of $22.5 million, amounts to a multiplier of less than 2.4. Courts have routinely held that much larger positive multipliers are fair and reasonable. *See, e.g., Vizcaino,* 290 F.3d 1043 (affirming fee award equaling 28% of the settlement fund, resulting in a 3.65 multiplier); *see also supra note* 10. Further, Lead Counsel's lodestar does not account for the additional time that will be required of Lead Counsel to participate in the final approval process and to oversee the claims administration process and the distribution of the net settlement funds to eligible claimants.

## IV. LEAD COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED FOR THE CLASS

Lead Counsel also requests that the Court grant its application for $680,339.03 to reimburse costs in connection with the prosecution of this litigation.[11] The appropriate analysis to apply in deciding whether expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *See,*

---

*Del Global Technologies Corp.,* 186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002) (awarding fee equal to a 33 1/3% of the common fund, equaling a 4.65 multiplier, which was "well within the range awarded by courts in this Circuit and courts throughout the country"); *In re Interpublic Sec. Litig.*, 2004 WL 2397190, at *12 (S.D.N.Y. Oct. 26, 2004) (approving fee representing multiplier of 3.96 times lodestar and noting that "[I]n recent years multipliers of between 3 and 4.5 have been common in federal securities cases.") (quoting *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 399 (S.D.N.Y. 1999)) (27.5% fee of $116.6 million settlement fund, equaling a 2.5 multiplier)); *In re WorldCom Inc. Sec. Litig.*, 388 F. Supp. 2d 319 (S.D.N.Y. 2005 (approving fee award equaling 4.0 multiplier); *In re Bisys Sec. Litig.,* 2007 WL 2049726 (S.D.N.Y. July 16, 2007) (approving fee award of 30%, equaling 2.99 multiplier).

[11] *See* Joint Decl. ¶111. For a summary of all requested expenses, see Ex. 2 to the Nicholas Decl.

MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES
Case No. CV 07-02544-JFW (VBKx)