UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:19-cv-10860-MCS-PLA | Date June 13, 2022 |
| Title *In re Mattel Inc. Sec. Litig.* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION FOR RECONSIDERATION (ECF NO. 162)

Objector James J. Hayes moves for reconsideration of the Court's order approving the plan of allocation relating to the settlement of this securities class action. (Mot., ECF No. 162.)

The Court denies the motion for failure to comply with the Court's rules governing motion practice. *E.g.*, C.D. Cal. Rs. 6-1, 7-3 to -5, 7-20. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

The Court also denies the motion on the merits. Mr. Hayes brings the motion under Rule 59(e) of the Federal Rules of Civil Procedure. (Mot. 1.)[1] "There are four

---

[1] Mr. Hayes challenges the Court's order approving the plan of allocation (Order, ECF No. 160), which is not squarely incorporated into the final judgment, (*see* Judgment § 13, ECF No. 161 ("Separate orders shall be entered regarding approval of a plan of allocation . . . .")). Consequently, the motion is better treated as a motion brought under Local Rule 7-18. Under this lens, the motion fails on two separate

grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks and emphasis omitted). Hayes advances no valid basis upon which a Rule 59(e) motion may be granted. Although Mr. Hayes contends the Court erred by "not considering alternative allocation plans," (Mot. 2), he offers no authority that this amounted to legal error. When evaluating a proposed allocation plan, a court need only determine that the plan is fair, reasonable, and adequate. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1284–85 (9th Cir. 1992). The Court did so in its order approving the settlement and overruling Mr. Hayes's objection to the proposed allocation plan. (Order 3–5, ECF No. 160.)

To the extent Mr. Hayes uses his motion to respond to arguments presented in Plaintiffs' settlement approval reply brief, the motion effectively amounts to an unauthorized and untimely surreply. *See* C.D. Cal. R. 7-10.

The motion is denied.

**IT IS SO ORDERED.**

---

grounds: it is untimely, *see* CD. Cal. R. 7-18 (requiring motion for reconsideration to be filed within 14 days of the order to be reconsidered), and Mr. Hayes offers no valid ground for reconsideration, *see id.* (authorizing reconsideration for three discrete reasons).