CLERK, U.S. DISTRICT COURT

1/17/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ *CWLO* _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

In re: *Mattel Inc Securities Litigation*

Case No. 2:19-cv-10860-MCS

**MOTION TO SUSPEND CLASS COUNSEL AND TO CONSIDER THE OBJECTOR'S ALLOCATION AND DISTRIBUTION PLAN**

---

James J. Hayes, the Objector to the $98 million Settlement and Appellant to the Court's approval of the Lead Plaintiffs' Plan of Allocation and the attorney fee award, moves the Court to suspend Class Counsel for conflicted representation of the Lead Plaintiffs and the Class and to confirm a class/subclass on the allocation and distribution of the Net Settlement Fund starting proximate to **July 26, 2019,** after Mattel released Q2 2019 earnings (See Exhibit 10, infra. at p.3).  The Court, however, approved the Lead Plaintiffs' Counsel's certification motion for a Class of purchasers of Mattel stock from **August 2, 2017**, through **August 8, 2019,** whose stock was damaged by Mattel's false or misleading statements and omissions on August 8, 2019. However, the Lead Plaintiffs' allocation plan relies on Class Counsel's conflicted representation for establishing the beginning date of the Class Period, the PwC Subclass, and providing allocations from the Net Settlement Fund to Class Members who retained their stock. Class Counsel also failed to represent Class Members in a near-perfect fraud-on-the-market action most

1

proximate to Mattel's disclosure of a whistleblower investigation that caused the significant price break and Recognized Loss of $1.95 per share in trading on August 9, 2019. Consequently, the Objector filed a transformative allocation and distribution plan in this Court on December 15, 2022, that starts the class/subclass period on June 21, 2019, for allocating the Settlement Fund for damaged stock due to the misleading statements on the whistleblower rather than August 2, 2017, the date proposed by the conflicted Class Counsel and their conflicted Lead Plaintiff clients. The Objector's allocation plan eliminates the distributions to the conflicted Lead Plaintiffs and similarly situated Class Members whose stock purchases preceded June 21, 2019, the start of a class/subclass period for allocating the Net Settlement Fund and to Class Members who sold their Class Period purchases after the depletion of the Net Settlement Fund.

Based on the trading data, the Objector believes the Net Settlement Fund is insufficient to pay 39 % of the high merit fraud-on-the-market claims proximate to the end of the Class Period, much less the low and no merit claims Class Counsel has filed on behalf of the conflicted Lead Plaintiffs, which now constitute a fraud on the Court and the Class as Class Counsel reported on December 21, 2022, that the Claims Administrator completed processing the claims received and found more than 20,000 claims eligible for payment. Therefore, appropriately, the Court must prevent fraud by approving the Objector's motion to suspend Class Counsel and his allocation and distribution plan after testing efficiency based on the approved claims rather than uncertain estimates based on the trading data.

To test whether Mattel's stock reacted significantly to unexpected corporate events, the Lead Plaintiffs' expert estimates the following model using 509 trading observations from August 2, 2017 – August 9, 2019, as shown in the exhibit below:

**Exhibit 10: Regression Results of the Market Reaction to Mattel Inc.'s Unexpected Events**

| Date | News | ABRET | t-statistic | Two-sided pvalue | 5% Significance |
|------|------|-------|-------------|------------------|-----------------|
| October 27, 2017 | Negative News | -0.0906 | -6.01** | <0.0001 | ✓ |
| February 2, 2018 | Negative News | 0.0719 | 2.26** | 0.0259 | ✓ |
| April 27, 2018 | Mixed News | 0.0019 | 0.06 | 0.9517 | |
| July 26, 2018 | Negative News | -0.0226 | -0.96 | 0.3374 | |
| October 26, 2018 | Negative News | -0.0102 | -0.67 | 0.5036 | |
| February 8, 2019 | Positive News | 0.2412 | 13.86** | <0.0001 | ✓ |
| April 26, 2019 | Positive News | -0.0293 | -1.10 | 0.2722 | |
| July 26, 2019 | Positive News | 0.1256 | 4.82** | <0.0001 | ✓ |
| August 9, 2019 | Negative News | -0.1454 | -7.34** | <0.0001 | ✓ |

Case 2:19-cv-10860-MCS-PLA   Document 90-2   Filed 04/30/21   Page 3 of 10

## I. Class Counsel's Conflicted Representation of the Conflicted Lead Plaintiffs

On December 24, 2019, the *Houston Municipal Employees Pension System* filed a class action complaint in the Court with a start date of **October 25, 2017**, followed on January 31, 2020, by a complaint filed by the *New Orleans Employees Retirement System* with a start date of **August 2, 2017**. Affidavits filed with the complaints showed the New Orleans plaintiff with a significantly greater financial interest in a class starting on **October 25, 2017**, than Houston. Moreover,

3

the **October 25, 2017** start date is dispositive of a scheme fraud action based on the high increase in trading volume and stock price following Mattel's Q3 2017 earnings report as identified by the Lead Plaintiffs' expert (*Id.,* supra p. 3) which the whistleblower alleged understated income tax expense by $109 million. Houston alleged that:

> Mattel misled investors concerning its financial condition and the effectiveness of its internal control over financial reporting, including by understating its income tax expense by $109 million in the third quarter of 2017 and then by working with its auditor, PwC, to manipulate the Company's accounting to conceal this misstatement and avoid restating the Company's financial results.
>
> As one whistleblower recently revealed, the Company's senior accounting executives internally determined to conceal the errors in the Company's financial statements because, by taking this approach, "at worst, we might get a slap on the wrist from the Securities and Exchange Commission but disclosing the truth and revealing a material weakness in internal controls would have been a "kiss of death."
>
> COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS Case No. 2:20-cv-01056 at p.1-2.

The Houston complaint perfectly describes the scheme fraud allegations against the Mattel Defendants for a class beginning on October 25, 2017. Consequently, the New Orleans' Counsel has no basis for enlarging the Class but acted solely to increase New Orleans' stake in the expanded Class by 60,277 shares. Then New Orleans counsel continued its client search adding Dekalb with 353,009 shares in the extended Class Period, further demonstrating the Lead Counsel's motive to promote the Lead Plaintiffs' financial interest even though stock purchased in the expanded Class Period suffered no damage. Moreover, the Lead

4

Plaintiffs' expert lists no unexpected events in the extended Class Period that could justify August 2, 2017, as a start date.

Then after the Court approved the Settlement, the conflicted Lead Plaintiffs' Counsel filed some $806 thousand in fraudulent Recognized Loss claims, a small fraction of the no merit claims in the expanded Class, the total amount unknown until the Claims Administrator identifies and reports on these fraudulent claims still promoted by the conflicted Class Counsel.

On April 20, 2020, Judge Andre' Birotte ordered the Houston case consolidated with the New Orleans case and appointed DeKalb and New Orleans as Lead Plaintiffs for a Class starting on **August 2, 2017**. However, neither action included a fraud-on-the-market case on behalf of Class Members purchasing Mattel stock **proximate to July 26, 2019,** the release date of Mattel's Q2 2019 earnings report, an event the Lead Plaintiffs' expert identified as providing unexpected positive news on quarterly earnings and sales that caused the efficient pricing of Mattel stock at $14.17 an increase of $1.66 in the following day's trading. The Lead Plaintiffs' expert calculated that the unexpected good news boosted Mattel's stock price by 12.56% relative to comparable companies (See Exhibit 10, p.3 *infra*.) Nevertheless, on April 30, 2021, the conflicted Lead Plaintiff's Counsel moved for class certification on behalf of the conflicted Lead Plaintiffs, the Class, and named plaintiff Houston for the expanded Class beginning on August 2, 2017. Accordingly, this Court certified the conflicted Lead Plaintiffs' August 2, 2017, Class rather than a class proximate to the July 26, 2019, earnings release.

For its part, Class Counsel continued its conflicted representation during settlement negotiations, which added $12 million for a PwC Subclass beginning on February 27, 2018. The subclass relied on the same artificial inflation allegations as the Class. Thus, the subclass had no basis and served no purpose other than providing the conflicted Lead Plaintiffs and others purchasing stock after February 27, 2018, an extra pro rata share of the Net Settlement Fund.

This Court preliminary approved the Settlement.on January18, 2022. Then, after the Objector raised conflict of interest issues, Class Counsel remained silent on its concurrent representation of New Orleans, who sold their Class Period purchases on August 23, 2019, for a Recognized Loss, and DeKalb, who retained their Class Period purchases on November 6, 2019, with a Recognized Loss based on an assumed sale price provided in the 90-Day Look-Back Table.

Of most importance, conflicted Class Counsel overlooked the high-merit fraud-on-the-market action proximate to July 26, 2019, with a Recognized Loss substantially more than the Net Settlement Fund. Following Mattel's release of its Q2 2019 earnings report and telephone conference with securities analysts after the market close on July 25, Mattel's stock price increased by $1.66 to $14.17, trading 14.3 million shares, creating the third and most crucial irreconcilable conflict of interest between the Class, and the conflicted Class Counsel and the conflicted Lead Plaintiffs, New Orleans and Dekalb. The Lead Plaintiffs' expert calculates identical p values for the abnormal stock return of +12.56% on July 26 and -14.54% on August 9. Individually, Dr. Kothari explained that a p-value of less than 0.0001

associated with these t-statistics suggests that, based on randomness alone, there is less than one in ten thousand chance of observing a single abnormal stock return of these magnitudes; we can only imagine then the randomness of offsetting abnormal returns fourteen days apart. Consequently, the Objector's lottery distribution plan recognizes the high merit of purchases proximate to the end of the Class Period by paying Recognized Claims by the sale date beginning **on August 9, 2019**, until the Net Settlement Fund depletes. The Objector estimates that this plan is 61% efficient in compensating the Lead Plaintiffs' expert's $1.95 Recognized Loss damage claims for a class/subclass starting on **June 21, 2019.** But Class Counsel continues its conflicted representation thru its silence on the Objector's allocation and distribution plan, which eliminates distribution of the Net Settlement to undamaged stock purchased from August 2, 2017, to October 25, 2017, and for the retained Mattel stock, which is also undamaged,

## II. Lead Plaintiffs' Conflicts with the Class

The Lead Plaintiffs' damage expert calculated damages at **$1.95 per share** based on Mattel's stock price drop on August 9, 2019, following Mattel's false and misleading statements on August 8, 2019, announcing the beginning of its whistleblower investigation. Mattel's stock opened at $11.91 on August 9, or **$1.52 below the August 8 close** showing the transparent connection between Mattel's statement and its stock decline.

Nevertheless, the conflicted Lead Plaintiffs allege that Mattel's August 9, 2019, stock price decline corrected the "artificial inflation" created by Mattel's false and misleading earnings statements for Q3 of 2017, released on October 25, 2017. However, the Lead Plaintiffs' expert presented evidence that the Lead

Plaintiffs' alleged "artificial inflation" had dissipated in stock purchased after February 8, 2019. Indeed, Dr. Kothari recognized the abnormal +13.86% return with a p-value of less than 0.0001 that traders efficiently priced Mattel's stock following earnings reports released on February 8, 2019, which significantly beat the analysts' consensus estimates on earnings and revenues. Regardless, the August 8, 2019 stock decline establishes a conflict between the Lead Plaintiffs, whose last purchase was **December 18, 2018,** and traders purchasing stock proximate to Mattel's Q2 2019 earnings release on July 25, 2019, after which Mattel's stock price **increased by $1.66 to $14.17 on July 26** trading of 14.3 million shares, 1.56 times more than the previous day. Accordingly, the August 9 decline damaged stock purchased proximate to **July 26, 2019**, sold for a loss on August 9, 2019, and the following days because the stock price increase following the Q2 earnings beat is the result of an efficient market which had already removed the "artificial inflation" the Lead Plaintiffs' alleged had persisted since October 25, 2017.

Finally, Lead Plaintiff Dekalb is conflicted with Lead Plaintiff New Orleans and the Class over the issue of retained stock. As a result, lead Plaintiff New Orleans sold their Class Period Purchases establishing a Recognized Loss. At the same time, Dekalb did not, which provided Dekalb the benefit of a Recognized Loss based on Mattel's average closing price on the 90-Day Look Back **on November 6, 2019**, and the opportunity to benefit from the subsequent price increases in Mattel stock. However, the Objector's lottery distribution depletes the Net Settlement Fund long **before November 6, 2019**, the date established for calculating retained

8

stock losses, which total **$1.6 million** for DeKalb and multiple millions more for the Class, which is unknown until the Claims Administrator reports the total amount of fraudulent retained stock claims as provided for in the Objector's allocation plan.

### III. Conclusion & Summary

The Objector respectfully requests the Court grant his motion to suspend the Class Counsel due to the multiple conflicts explained herein and to approve his allocation and distribution plan, which includes testing its efficiency in providing the $1.95 per share damage calculated by the Lead Plaintiffs' expert for an allocation class starting **on June 21, 2019.**, Based on trading data, the Objector estimates this plan is 61% efficient. Suppose this ratio holds above 50% based on the claims filed data. In that case, the Objector believes the proposed lottery distribution will transform the corrupted practice of securities class action litigation by fully compensating 50% of the traders with $1.95 per share damages whose trading before earnings announcements drive market efficiency and long term, will increase National Wealth. However, before calculating the efficiency, the Claims Administrator must recalculate each claimant's Recognised Loss by using the closing stock price of **$11.31** on August 9, 2019, not the average price for each day in the 90-Day Look Back.

The Objector's distribution plan reinforces market efficiency based on active trading by well-informed purchasers of stock in advance of earnings announcements; consequently, these traders are the vanguards of market efficiency. Thus purchasers of Mattel stock before Mattel's Q2 2019 earnings release on **July**

**25, 2019**, profited from their analyses after Mattel's stock **increased by $1.66 to $14.17** on the trading of 14.3 million shares on July 26, 2019. However, this stock was damaged when the stock closed at **$11.31 on August 9, 2019**, following Mattel's announcement of a whistleblower investigation and the termination of a bond offering that had cleared regulatory scrutiny. As a result, the Objector believes purchasers proximate to July 25, 2019, earnings release are the predominant sellers on August 9 and succeeding days. On this basis, the Objector proposes a lottery distribution based on the sale date where the claimants can recover a Recognized Loss of **$1.95 per share** in damages until the Net Settlement Fund is insufficient to pay any more claims.

In conclusion, the Objector respectfully requests the Court to suspend Class Counsel for its conflicted representation and test his allocation and distribution plan as explained herein and in his allocation plan submitted on December 15, 2022.

Date 1/17/2023

Respectfully submitted,

/s/ James J. Hayes

_____

James J. Hayes Objector Pro Se
4024 Estabrook Dr.
Annandale, VA 22003
jjhayes@toast.net
(703) 941-4694

# EXHIBIT B

DeKalb
Loss in Mattel, Inc.
Class Period: 08/02/17 - 08/08/19
CUSIP: 577081102
Retained share price: $10.8527 (08/09/19 - 11/06/19)

| Transaction | Date | Shares | Price | Cost | Transaction | Date | Shares | Price | Proceeds |
|---|---|---|---|---|---|---|---|---|---|
| Purchase | 9/26/2017 | 16,900 | 14.9588 | $252,803.72 | | | | | |
| Purchase | 9/26/2017 | 3,900 | 14.9957 | $58,483.23 | | | | | |
| Purchase | 9/26/2017 | 15,600 | 14.9487 | $233,199.72 | | | | | |
| Purchase | 9/27/2017 | 16,900 | 14.9733 | $253,048.77 | | | | | |
| Purchase | 9/28/2017 | 8,500 | 14.9873 | $127,392.05 | | | | | |
| Purchase | 10/2/2017 | 1,300 | 14.9777 | $19,471.01 | | | | | |
| Purchase | 10/5/2017 | 3,900 | 15.4904 | $60,412.56 | | | | | |
| Purchase | 10/5/2017 | 1,300 | 15.5150 | $20,169.50 | | | | | |
| Purchase | 10/6/2017 | 10,400 | 15.4772 | $160,962.88 | | | | | |
| Purchase | 10/9/2017 | 2,600 | 15.4941 | $40,284.66 | | | | | |
| Purchase | 10/10/2017 | 2,000 | 15.4525 | $30,905.00 | | | | | |
| Purchase | 10/10/2017 | 27,000 | 15.4450 | $417,015.00 | | | | | |
| Purchase | 10/12/2017 | 4,000 | 15.5000 | $62,000.00 | | | | | |

| | | | | |
|---|---|---|---|---|
| Purchase | 10/12/2017 | 1,000 | 15.4921 | $15,492.10 |
| Purchase | 10/17/2017 | 114,400 | 15.5500 | $1,778,920.00 |
| Purchase | 10/23/2017 | 96,414 | 15.4044 | $1,485,199.82 |
| Purchase | 10/23/2017 | 24,295 | 15.3906 | $373,914.63 |
| Purchase | 10/24/2017 | 2,600 | 15.2487 | $39,646.62 |
| Purchase | 10/25/2017 | 2,600 | 15.2400 | $39,624.00 |
| Purchase | 10/25/2017 | 24,700 | 15.2844 | $377,524.68 |
| Purchase | 10/26/2017 | 7,500 | 13.0000 | $97,500.00 |
| Purchase | 10/27/2017 | 38,000 | 12.9360 | $491,568.00 |
| Purchase | 10/27/2017 | 90,000 | 13.3641 | $1,202,769.00 |
| Purchase | 10/27/2017 | 1,000 | 13.1564 | $13,156.40 |
| Purchase | 10/27/2017 | 14,000 | 12.9355 | $181,097.00 |
| Purchase | 10/30/2017 | 1,400 | 13.8968 | $19,455.52 |
| Purchase | 10/31/2017 | 1,520 | 14.1657 | $21,531.86 |
| Purchase | 10/31/2017 | 5,600 | 14.1594 | $79,292.64 |
| Purchase | 10/31/2017 | 2,800 | 14.1338 | $39,574.64 |
| Purchase | 11/8/2017 | 1,500 | 13.1435 | $19,715.25 |
| Purchase | 11/8/2017 | 1,500 | 13.0500 | $19,575.00 |
| Purchase | 9/12/2018 | 900 | 15.9825 | $14,384.25 |
| Purchase | 9/24/2018 | 4,500 | 15.9913 | $71,960.85 |
| Purchase | 9/24/2018 | 12,600 | 15.9655 | $201,165.30 |

| Transaction | Date | Shares | Price | Proceeds |
|---|---|---|---|---|
| Purchase | 9/24/2018 | 6,300 | 15.9731 | $100,630.53 |
| Purchase | 9/25/2018 | 6,300 | 16.0460 | $101,089.80 |
| Purchase | 9/26/2018 | 4,500 | 16.0024 | $72,010.80 |

Page 1 of 2

DeKalb

Loss in Mattel, Inc.
Class Period: 08/02/17 - 08/08/19
CUSIP: 577081102
Retained share price: $10.8527 (08/09/19 - 11/06/19)

| Transaction | Date | Shares | Price | Cost | Transaction | Date | Shares | Price | Proceeds |
|---|---|---|---|---|---|---|---|---|---|
| Purchase | 9/26/2018 | 900 | 16.0150 | $14,413.50 | | | | | |
| Purchase | 9/27/2018 | 6,147 | 15.9875 | $98,275.16 | | | | | |
| Purchase | 10/12/2018 | 11,437 | 14.3090 | $163,652.03 | | | | | |
| Purchase | 10/12/2018 | 994 | 14.3150 | $14,229.11 | | | | | |
| Purchase | 10/12/2018 | 13,998 | 14.2000 | $198,771.60 | | | | | |
| Purchase | 12/17/2018 | 28,000 | 11.1354 | $311,791.20 | | | | | |
| Purchase | 12/17/2018 | 4,000 | 10.9534 | $43,813.60 | Sale | 2/12/2019 | (18,000) | 16.7241 | ($301,033.80) |
| Purchase | 12/18/2018 | 5,000 | 10.9700 | $54,850.00 | Sale | 2/12/2019 | (37,800) | 16.7111 | ($631,679.58) |
| Purchase | 12/18/2018 | 2,076 | 11.0750 | $22,991.70 | Sale | 2/12/2019 | (2,700) | 16.7735 | ($45,288.45) |
| Purchase | 12/18/2018 | 33,000 | 10.9690 | $361,977.00 | | | | | |
| Purchase | 12/18/2018 | 7,000 | 10.9827 | $76,878.90 | Retained | | (634,281) | 10.8527 | ($6,883,660.40) |
| | | 692,781 | | $9,954,590.60 | | | (692,781) | | ($7,861,662.23) |
| | | | | | | | | Loss | ($2,092,928.37) |

New Orleans
Loss in Mattel, Inc.
Class Period: 08/02/17 - 08/08/19
CUSIP: 577081102
Retained share price: $10.8527 (08/09/19 - 11/06/19)

| Transaction | Date | Shares | Price | Cost | Transaction | Date | Shares | Price | Proceeds |
|---|---|---|---|---|---|---|---|---|---|
| Purchase | 9/26/2017 | 5,200 | 14.9588 | $77,785.76 | | | | | |
| Purchase | 9/26/2017 | 1,300 | 14.9487 | $19,433.31 | | | | | |
| Purchase | 9/27/2017 | 2,600 | 14.9733 | $38,930.58 | | | | | |
| Purchase | 9/28/2017 | 1,500 | 14.9873 | $22,480.95 | | | | | |
| Purchase | 10/5/2017 | 1,300 | 15.4904 | $20,137.52 | | | | | |
| Purchase | 10/6/2017 | 1,300 | 15.4772 | $20,120.36 | | | | | |
| Purchase | 10/10/2017 | 5,000 | 15.4450 | $77,225.00 | | | | | |
| Purchase | 10/12/2017 | 1,000 | 15.5000 | $15,500.00 | | | | | |
| Purchase | 10/17/2017 | 19,500 | 15.5500 | $303,225.00 | | | | | |
| Purchase | 10/23/2017 | 17,194 | 15.4044 | $264,863.25 | | | | | |
| Purchase | 10/23/2017 | 4,333 | 15.3906 | $66,687.47 | | | | | |
| Purchase | 10/25/2017 | 5,200 | 15.2844 | $79,478.88 | | | | | |
| Purchase | 10/26/2017 | 1,500 | 13.0000 | $19,500.00 | | | | | |
| Purchase | 10/27/2017 | 3,000 | 12.9355 | $38,806.50 | | | | | |
| Purchase | 10/27/2017 | 1,000 | 13.1564 | $13,156.40 | | | | | |
| Purchase | 10/27/2017 | 13,000 | 13.3641 | $173,733.30 | | | | | |

Case 2:19-cv-10860-MCS-PLA   Document 174   Filed 01/17/23   Page 15 of 16   Page ID #:4325

| Type | Date | Shares | Price | Amount | Type | Date | Shares | Price | Amount |
|---|---|---|---|---|---|---|---|---|---|
| Purchase | 10/27/2017 | 1,000 | 13.5600 | $13,560.00 | | | | | |
| Purchase | 10/27/2017 | 6,000 | 12.9360 | $77,616.00 | | | | | |
| Purchase | 10/31/2017 | 1,400 | 14.1594 | $19,823.16 | | | | | |
| Purchase | 10/31/2017 | 1,067 | 14.1657 | $15,114.80 | | | | | |
| Purchase | 9/24/2018 | 900 | 15.9731 | $14,375.79 | | | | | |
| Purchase | 9/24/2018 | 1,800 | 15.9913 | $28,784.34 | | | | | |
| Purchase | 9/24/2018 | 5,400 | 15.9655 | $86,213.70 | | | | | |
| Purchase | 9/25/2018 | 2,700 | 16.0460 | $43,324.20 | | | | | |
| Purchase | 9/26/2018 | 2,700 | 16.0024 | $43,206.48 | | | | | |
| Purchase | 9/27/2018 | 3,704 | 15.9875 | $59,217.70 | | | | | |
| Purchase | 10/12/2018 | 2,769 | 14.2000 | $39,319.80 | | | | | |
| Purchase | 10/12/2018 | 2,262 | 14.3090 | $32,366.96 | | | | | |
| Purchase | 10/12/2018 | 197 | 14.3150 | $2,820.06 | | | | | |
| Purchase | 12/17/2018 | 5,000 | 11.1354 | $55,677.00 | Sale | 2/12/2019 | (1,800) | 16.7241 | ($30,103.38) |
| Purchase | 12/17/2018 | 1,000 | 10.9534 | $10,953.40 | Sale | 2/12/2019 | (900) | 16.7735 | ($15,096.15) |
| Purchase | 12/18/2018 | 7,000 | 10.9690 | $76,783.00 | Sale | 2/12/2019 | (9,000) | 16.7111 | ($150,399.90) |
| Purchase | 12/18/2018 | 1,000 | 11.0750 | $11,075.00 | | | | | |
| Purchase | 12/18/2018 | 1,346 | 10.9700 | $14,765.62 | Sale* | 8/23/2019 | (119,472) | 10.6964 | ($1,277,915.96) |
| | | 131,172 | | $1,896,061.29 | | | (131,172) | | ($1,473,515.39) |
| | | | | | | | | Loss | ($422,545.90) |

*All shares sold within 90 days after the end of the class period have been calculated at the higher value between the actual sales price and the average closing price from the end of the class period to the date of sale.