UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:19-cv-10860-MCS-PLA** | Date | January 25, 2023 |
| Title | *In re Mattel Inc. Sec. Litig.* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION TO SUSPEND CLASS COUNSEL AND TO CONSIDER THE OBJECTOR'S ALLOCATION AND DISTRIBUTION PLAN (ECF NO. 174)**

Objector James J. Hayes moves "to suspend Class Counsel for conflicted representation of the Lead Plaintiffs and the Class and to confirm a class/subclass on the allocation and distribution of the Net Settlement Fund." (Mot., ECF No. 174.) This motion follows Objector's prior motion to approve his allocation plan, (Prior Mot., ECF No. 172), which the Court struck for various violations of court rules, (Order to Strike, ECF No. 173).

The Court denies the motion on the same grounds it struck the prior motion: Objector did not submit a proposed order, did not set the motion for hearing, did not present a complete title page, and did not submit a statement of compliance with the prefiling conference requirement. C.D. Cal. Rs. 6-1, 7-3, 7-20, 11-3.8. The Court further denies the motion for failure to affix Objector's hand-signed signature. Fed. R. Civ. P. 11(a); C.D. Cal. R. 5-4.3.4(a)(3).

The Court also denies the motion on the basis that the relief sought exceeds the limited jurisdiction that the Court retains over this matter. Objector appealed this Court's order and judgment approving a class action settlement. (*See* Notice of

Appeal, ECF No. 164.) This deprived the Court of jurisdiction over this case. *United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Accordingly, the Court lacks jurisdiction to suspend class counsel or approve his proposed allocation and distribution plan.

However, the Ninth Circuit Court of Appeals suggested that Objector seek an indicative ruling from this Court as to his proposed plan. (Order 1–2, ECF No. 171 (citing Fed. R. App. P. 12.1(b)).) To the extent Objector seeks such an indicative ruling, the Court denies the motion as procedurally defective. Objector did not bring his motion under the auspices of Federal Rule of Civil Procedure 60(b), and the Court declines to consider the motion as a cognizable predicate to an indicative ruling under Federal Rule of Civil Procedure 62.1(a) given the other procedural issues identified above. *See* Fed. R. Civ. P. 62.1 advisory committee's note to 2009 adoption (observing that the rule "adopts . . . the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal"); *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015) ("[Rule 62.1] only applies when a 'timely motion' (typically a Rule 60(b) motion) has been made for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal. . . . [P]rocedurally there is no basis for an independent, free-standing Rule 62.1 motion, asking the district court, in the abstract as it were, to advise the court of appeals what it would do if the court of appeals were to remand the case."); *but see Index Newspapers LLC v. City of Portland*, No. 3:20-cv-1035-SI, 2022 U.S. Dist. LEXIS 3889, at \*4–6 (D. Or. Jan. 7, 2022) (identifying split in authority on whether a party seeking an indicative ruling must file an accompanying predicate motion).

**IT IS SO ORDERED.**